IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:23-cv-455-S |
| | § | |
| WILLIAM FRANCIS, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT WILLIAM FRANCIS'S MOTION TO
## DISMISS AMENDED COMPLAINT AND BRIEF IN SUPPORT

Cortney C. Thomas
 Texas Bar No. 24075153
 cort@brownfoxlaw.com
Charlene C. Koonce
 Texas Bar No. 11672850
 charlene@brownfoxlaw.com
Andrew C. Debter
 Texas Bar No. 24133954
 andrew@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX 75225
Tel. 214.327.5000
Fax. 214.327.5001

*Attorneys for Defendant William Francis*

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ..................................................................................................... 1

II.  FACTUAL BACKGROUND .................................................................................. 2

III. ARGUMENT & AUTHORITIES ........................................................................... 4

    A.   Legal Standard for Rule 12(B)(6) Motion ............................................. 4

    B.   Each of the Alleged Defamatory Statements are Either True, Not Defamatory,
         Not About Ferrari, or Statements of Opinion ......................................... 5

        1.   The Alleged Statements Related to Ferrari's Felony Status are True..........6

            a.   The Court May Judicially Notice Public Court Records
              Showing Ferrari's Criminal History .................................7

            b.   The Ferrari Criminal Records Negate Falsity Regarding
              Statements that "Ferrari is a Felon"..................................8

            c.   The Ferrari Criminal Records Also Negate Falsity
              Regarding Statements that Ferrari Defrauded a Mineral
              Owner ...............................................................................11

        2.   The Alleged Statements that Ferrari is Phoenix's CEO are Not
         Defamatory ...............................................................................11

        3.   The Alleged Statements that Ferrari was "Blacklisted" and that
         Phoenix was Ferrari's "Scam" Are Unverifiable Statements of
         Opinion ......................................................................................12

        4.   The Alleged Statements That Phoenix is Violating SEC
         Regulations Are Not Defamatory as to Ferrari .........................13

    C.   Ferrari's Conclusory Allegations Regarding Damages Are Insufficient to
         State a Plausible Claim .......................................................................... 14

    D.   Leave To Amend Should Be Denied .................................................... 16

IV.  PRAYER................................................................................................................. 16

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*ABC, Inc. v. Shanks*
  1 S.W.3d 230 Regarding, 235 (Tex. App.—Corpus Christi–Edinburg 1999, pet. denied) ...... 14

*Anderson v. Octapharma Plasma, Inc.*
  No. 19-CV-2311-D, 2020 WL 1083608 (N.D. Tex. Mar. 6, 2020)......................................... 11

*Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*
  29 F.4th 226 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 353 (2022)........................................... 16

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................. 4, 14

*Bar Group, LLC v. Bus. Intelligence Advisors, Inc.*
  215 F. Supp. 3d 524 (S.D. Tex. 2017) ................................................................................. 14

*Basic Capital Mgmt., Inc.*
  976 F.3d at 588 ...................................................................................................................... 5

*Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*
  976 F.3d 585 (5th Cir. 2020) ................................................................................................. 5

*Basic Capital Mgmt., Inc.*, 976 F.3d at 589 .............................................................................. 7

*Bedford v. Spassoff*
  520 S.W.3d 901 (Tex. 2017)................................................................................................. 11

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007).............................................................................................................. 4

*Bentley v. Bunton*
  94 S.W.3d 561 (Tex. 2002)................................................................................................... 12

*BidZirk, LLC v. Smith*
  No. CIV.A. 6:06-109-HMH, 2007 WL 3119445 (D.S.C. Oct. 22, 2007) ............................... 12

*Brady v. Klentzman*
  515 S.W.3d 878 (Tex. 2017)................................................................................................... 9

*Collins v. Morgan Stanley Dean Witter*
  224 F.3d 496 (5th Cir. 2000) ................................................................................................. 5

*Corrosion Prevention Techs, LLC v. Hatle*
  No. 4:20-CV-2201, 2020 WL 6202690 (S.D. Tex. Oct. 22, 2020) ......................................... 15

*Cuvillier v. Taylor*
  503 F.3d 397 (5th Cir. 2007) ................................................................................................. 5

*Dallas Morning News, Inc. v. Tatum*
554 S.W.3d 614 (Tex. 2018)...................................................................... 12

*Dimitri Charalambopoulos, v. Camille Grammer*
2019 WL 2077367 (N.D. Tex. 2019)........................................................... 9

*EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*
467 F.3d 466 (5th Cir. 2006) .................................................................... 5

*F.D.I.C. v. Conner*
20 F.3d 1376 (5th Cir. 1994) ................................................................... 16

*Farach v. Rivero*
305 So. 3d 54 (Fla. Dist. Ct. App. 2019) ................................................. 10

*Funk v. Stryker Corp.*
631 F.3d 777 (5th Cir. 2011) .................................................................... 7

*G.D. v. Kenny*
205 N.J. 275, 300, 15 A.3d 300 (2011) ................................................... 10

*Greenbelt Co-op. Pub. Ass'n v. Bresler*
398 U.S. 6 (1970)................................................................................... 13

*Gregory Duhon, M.D. v. Healthcare Prof'ls' Found. of La., et. al.*
No. CV 20-2022, 2022 WL 298844 (E.D. La. Feb. 1, 2022) ..................... 10

*Hancock v. Variyam*
400 S.W.3d 59 (Tex. 2013)..................................................................... 11

*Harrison v. Aztec Well Servicing Co., Inc.*
No. 1:20-CV-038-H, 2021 WL 6073164 (N.D. Tex. Dec. 23, 2021).............. 9

*Immanuel v. Cable News Network, Inc.*
618 F. Supp. 3d 557 (S.D. Tex. 2022) ................................................. 5, 8

*In re Katrina Canal Breaches Litigation*
495 F.3d 191(5th Cir. 2007) .................................................................... 4

*In re Lipsky*
460 S.W.3d 579 (Tex. 2015)................................................................. 9, 14

*Johnson v. Phillips*
526 S.W.3d 529 (Tex. App.—Houston [1st Dist.] 2017, pet. denied)...................... 12

*King v. Dogan*
31 F.3d 344, 346 (5th Cir. 1994) .............................................................. 1

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*
  594 F.3d 383 (5th Cir. 2010) ............................................................................ 5

*Martin v. Hearst Corp.*
  777 F.3d 546 (2d Cir. 2015) ............................................................................ 10

*Maxim Integrated Products, Inc. v. State Farm Mut. Auto. Ins. Co.*
  No. SA-14-CV-1030-XR, 2015 WL 10990119 (W.D. Tex. Feb. 12, 2015) ........................... 1

*McCabe v. Rattiner*
  814 F.2d 839 (1st Cir. 1987) ............................................................................ 13

*McIlvain v. Jacobs,*
  794 S.W.2d 14 (Tex. 1990) ............................................................................... 9

*Newspapers, Inc. v. Matthews*
  161 Tex. 284 S.W.2d 890 (1960) ......................................................................... 14

*Norris v. Hearst Trust*
  500 F.3d 454 (5th Cir. 2007) ............................................................................ 7

*Nunes v. Rushton*
  299 F. Supp. 3d 1216 (D. Utah 2018) ................................................................... 13

*Parker v. Spotify USA, Inc.*
  569 F. Supp. 3d 519 (W.D. Tex. 2021) .............................................................. 9, 13

*Philadelphia Newspapers, Inc. v. Hepps*
  475 U.S. 767 (1986) ...................................................................................... 9

*Randall's Food Markets, Inc. v. Johnson*
  891 S.W.2d 640 (Tex. 1995) .............................................................................. 9

*River Oaks L-M. Inc. v. Vinton-Duarte*
  469 S.W.3d 213 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ..................................... 9

*Roe v. Patterson*
  No. 4:19-CV-179-SDJ, 2023 WL 2787956, (E.D. Tex. Apr. 4, 2023) ................................... 9

*Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*
  365 F.3d 353, 361 (5th Cir. 2004) ...................................................................... 4

*Spirito v. Peninsula Airport Comm'n*
  350 F. Supp. 3d 471 (E.D. Va. 2018) ................................................................... 10

*Stripling v. Jordan Prod. Co.*
  234 F.3d 863 (5th Cir. 2000) ........................................................................... 16

*Teel v. Deloitte & Touche LLP*
  No. 3:15-CV-2593-G, 2015 WL 9478187 (N.D. Tex. Dec. 29, 2015)..................................... 14

*Tu Nguyen v. Duy Tu Hoang*
  318 F. Supp. 3d 983 (S.D. Tex. 2018) ........................................................................ 9

*Turner v. KTRK Television*,
  38 S.W.3d 103 (Tex. 2000).......................................................................................... 9

*Van Der Linden v. Khan*
  535 S.W.3d 179 (Tex. App.—Fort Worth 2017, pet. denied) ...................................... 9

*Van Duzer v. U.S. Bank Nat. Ass'n*
  995 F. Supp. 2d 673 (S.D. Tex.) .................................................................................. 7

*Walker v. Beaumont Indep. Sch. Dist.*
  938 F.3d 724 (5th Cir. 2019) .......................................................................... 5, 7, 10

*Walker v. U.S. Bank*
  No. 3:21-CV-758-L, 2022 WL 3720138, (N.D. Tex. July 28, 2022, *report and
  recommendation adopted*, No. 3:21-CV-00758-L, 2022 WL 3718511 (N.D. Tex. Aug. 29,
  2022) .......................................................................................................................... 15

*Warren v. Fed. Nat'l Mortgage Ass'n*
  932 F.3d 378 (5th Cir. 2019) ................................................................................. 9, 11

*Weber v. Fernandez*
  No. 02-18-00275-CV, 2019 WL 1395796 (Tex. App.—Fort Worth Mar. 28, 2019, no pet.).. 10

*WFAA-TV, Inc. v. McLemore*,
  978 S.W.2d 568 (Tex. 1998)........................................................................................ 8

*Williams v. Cordillera Commc'ns, Inc.*
  26 F. Supp. 3d 624 (S.D. Tex. 2014) ........................................................................ 10

## Rules

FED. R. CIV. P. 15(a)(2)............................................................................................... 16

Fed. R. Evid. 201(b).................................................................................................... 7

Fed. R. Evid. 201(d).................................................................................................... 7

TEX. CIV. PRAC. & REM. CODE § 73.001 .................................................................. 11

TEX. CIV. PRAC. & REM. CODE § 73.005(a) ................................................................ 9

Pursuant to Rule 12(b)(6), Defendant William Francis ("Francis") moves to dismiss all claims asserted by Adam Ferrari ("Ferrari") in his First Amended Complaint (the "Amended Complaint") Dkt. 7, because the Court can determine that (1) Francis did not publish any false, defamatory, or non-opinion statement about Ferrari, and (2) Ferrari failed to adequately plead damages.

## I.        INTRODUCTION

This lawsuit is the second filed against Mr. Francis for purportedly defamatory statements about Ferrari. Like the first, it should be dismissed.[1]  Here, Francis moved to dismiss Ferrari's Original Complaint, based on the statute of limitations and for failure to state a plausible claim. Dkt. 6.  In response, Ferrari filed an Amended Complaint, seeking to create plausibility with more specific factual content regarding the alleged statements on which his defamation claim is based.[2] In conjunction with judicially noticeable court documents, the Amended Complaint demonstrates that each of the allegedly defamatory statements on which the claim is based are insufficient to support a plausible defamation claim because the statements are either true, not defamatory, or

---

[1] Through Phoenix Capital Group Holdings, LLC, an entity founded and controlled by Ferrari, Ferrari asserted similar claims against Mr. Francis and the entity for which Francis serves as the Managing Partner, Incline Energy Partners, LP.  That case, *Phoenix Capital Group Holdings, LLC v. William Francis and Incline Energy Partners, LP,* is pending in the Dallas Court of Appeals, as Appeal No. 05-22-01260-CV (the "State Court Case").  The case in the trial court is Cause No. DC-22-06350, in the 116th Judicial District Court for Dallas County. As demonstrated by records on file in the State Court Case which this Court may judicially notice as discussed below, Ferrari is, factually, a felon.  Based on that undeniable fact and other issues, the trial court in the State Court case, granted in part, a motion to dismiss the claims asserted there based on the Texas Citizen's Participation Act.  An appeal, seeking dismissal of the case in its entirety, is pending.  Ferrari's Complaint in this case was filed on the same day Phoenix filed its Appellee's brief in the State Court Case.

[2] The Amended Complaint is now the operative pleading and renders the prior motion to dismiss moot.  *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."); *Maxim Integrated Products, Inc. v. State Farm Mut. Auto. Ins. Co.*, No. SA-14-CV-1030-XR, 2015 WL 10990119, at *1 (W.D. Tex. Feb. 12, 2015) ("[A] pending Rule 12(b)(6) becomes moot when a plaintiff files an amended complaint as a matter of course.").

statements of opinion.   Additionally, Ferrari's damages allegations also fail the plausibility standard.   Accordingly, the Amended Complaint should be dismissed entirely.

## II.   <u>FACTUAL BACKGROUND</u>

1.      The Amended Complaint asserts one claim for defamation, libel and slander (collectively "defamation"), and stipulates that the claim is premised on four alleged defamatory publications, "namely Mr. Francis' [sic] publication to FIBT in approximately 2021 or 2022, his February 28, 2022 publication to Dalmore, his October 10, 2022 publication to 4 GRLZ Investments, and his publication to FINRA in mid-2022."  Dkt. 7 ¶ 35.

2.      Ferrari first alleges, "upon information and belief,[3] Mr. Francis sent one of his slanderous packets to First International Bank and Trust ('FIBT') in order to further disparage Mr. Ferrari and damage relations between Mr. Ferrari and potential investors." Dkt. 7 ¶ 25.   The substance of the statements allegedly published by Francis to FIBT are statements that "Mr. Ferrari was a felon, was acting as the CEO of Phoenix, and was defrauding mineral owners and investors."[4] (the "FIBT Statement"). Dkt. 7 ¶ 35.

3.      Next, Ferrari alleges that "upon information and belief and based on Mr. Francis' prior pattern of activity, Mr. Francis published false and disparaging statements about Mr. Ferrari to Dalmore Capital ("Dalmore"), an investment group that Phoenix had engaged with and hired." Dkt. 7 ¶ 26.  Specifically, Ferrari alleges that "Mr. Francis sent a packet of information to Dalmore claiming that Mr. Ferrari was a convicted felon and was the CEO of Phoenix . . . [and] that Phoenix was breaking rules and regulations promulgated by the Securities and Exchange Commission. . .

---

[3] Francis does not admit sending any anonymous package or statement, but for purposes of this Motion only, assumes the truth of the assertion.

[4] The identity of any investors, or what investment, with whom, is not disclosed.

by employing Mr. Ferrari as its CEO because of the false allegation that Mr. Ferrari is a convicted felon." (the "Dalmore Statement") Dkt. 7 ¶ 26.

 4. Third, Ferrari alleges that "Mr. Francis, upon information and belief, sent an anonymous packet containing information and allegations similar to those that Mr. Francis has transmitted to others in the past to 4 GRLZ Investments, LLC ('4 GRLZ Investments'), a Wyoming oil and gas investment company." Dkt. 7 ¶ 28.  Ferrari alleges that Francis sent a letter in that "anonymous packet" signed as "A Concerned Colorado, North Dakota and Wyoming Interest Owner," in which Francis made various allegedly false statements: (1) that "Mr. Ferrari is the CEO and managing partner of Phoenix;" (2) that "'Mr. Ferrari and his groups' had been 'blacklisted' in Colorado and had taken their 'fraudulent business up to Wyoming and North Dakota…in an attempt to continue to defraud mineral owners out of their property and money;'" (3) that "Mr. Ferrari 'discretely organized' Phoenix, and that Phoenix is Mr. Ferrari's 'latest oil and gas scam against interest owners' and other investors." (collectively, the "4 GRLZ Statement").[5]  Dkt. 7 ¶ 29; Dkt. 7-8.

 5. Finally, Ferrari alleges that "on information and belief, Mr. Francis published false information to the Financial Industry Regulatory Authority ('FINRA'), 'a government-authorized non-for-profit organization that oversees U.S. broker-dealers.'" Dkt. 7 ¶ 32.  Specifically, Ferrari alleges Francis informed FINRA that "Ferrari is a convicted felon, acts as the CEO of Phoenix, and actively defrauds mineral owners and industry investors." (the "FINRA statement") Dkt. 7 ¶ 32.

 6. Regarding damages, Ferrari pleads as follows:

---

[5] The allegations regarding the statements made to 4 GRLZ also include discussion of a lawsuit *filed by* a prominent oil and gas company against Phoenix, which Ferrari alleges "is apparently a reference to" the State Court Case.  Dkt. 7 ¶ 29.  But Incline did not file that lawsuit; Phoenix did.  Incline has not asserted any claims against Phoenix—yet.

> Mr. Ferrari has suffered actual damages as a result of Mr. Francis' ruthless business practices, including the defamatory statements published about Mr. Ferrari. Mr. Ferrari's personal and business reputation has been harmed by Mr. Francis' defamatory statements. Furthermore, Mr. Ferrari has suffered mental anguish damages as a result of Mr. Francis' tortious conduct.

Dkt. 7 ¶ 42.

7.     As demonstrated below, each of these alleged statements is either true, not defamatory, not about Ferrari, or is a statement of opinion and therefore not actionable for defamation.  Moreover, Ferrari's damages allegations are insufficient to state a plausible claim.

### III.    ARGUMENT & AUTHORITIES

**A.    Legal Standard for Rule 12(B)(6) Motion**

Surviving a Rule 12(b)(6) motion to dismiss requires a pleading with enough facts to state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The allegations must raise a right to relief above the speculative level.  *Id*. at 555.  In other words, a Plaintiff must allege sufficient factual content to nudge his claim "across the line from conceivable to plausible."  *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009) (quoting *Twombly*, 550 U.S. at 570).

In deciding a motion to dismiss, the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the non-movant.  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).  Ferrari, like all plaintiffs, must provide "more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do."  *Twombly*, 550 U.S. at 556.  Courts do not accept as true conclusory allegations or unwarranted deductions of fact.  *Id*.  Further, while the court must view well-pleaded allegations in the light most favorable to the plaintiff, it must not "strain to find inferences favorable to the plaintiff[]."  *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).  Just as importantly for this case, "'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and

money by the parties and the court." *Immanuel v. Cable News Network, Inc.*, 618 F. Supp. 3d 557 (S.D. Tex. 2022) (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) ).  Finally, although the failure-to-state-a-claim inquiry typically focuses on whether the plaintiff plausibly alleges the elements of a claim, Rule 12(b)(6) dismissal may also "'be appropriate based on a successful affirmative defense, provided that the affirmative defense 'appear[s] on the face of the complaint.'" *Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 588 (5th Cir. 2020) (quoting *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006)) (alteration in original)).

In deciding a motion to dismiss under Rule 12(b)(6), the Court may examine "the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010); *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (matters regarding which court can judicially notice are appropriately considered at 12(b)(6) stage; *Basic Capital Mgmt., Inc.*, 976 F.3d at 588 ("Judicially noticed facts may also be considered in ruling on a motion to dismiss.").  At the 12(b)(6) stage, courts may also consider documents that are "central to the claim," particularly those attached to the complaint. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Further, in considering a 12(b)(6) motion to dismiss a defamation claim, a court can (and should) consider the allegedly defamatory publications. *Immanuel*, 618 F. Supp. 3d at 559–60.

## B.     Each of the Alleged Defamatory Statements are Either True, Not Defamatory, Not About Ferrari, or Statements of Opinion

Each of the four statements on which the defamation claim relies, the FIBT Statement, the Dalmore Statement, the 4 GRLZ Statement, and the FINRA Statement depend on two common

allegedly defamatory components.  First, that Ferrari is a felon, and second, that he served as Phoenix's CEO.  Dkt. 7 ¶¶ 25–26, 28–29, 32, 35.  The first assertion does not support plausibility because as demonstrated by Ferrari's criminal records which the Court may judicially notice, it is true. The second assertion is not defamatory as to Ferrari.  The FIBT Statement, 4 GRLZ Statement, and FINRA Statement include an additional factual predicate, that Ferrari defrauded mineral owners and investors.  Dkt. 7 ¶¶ 25, 28–29, 32, 35.  Ferrari's criminal records also demonstrate that this statement cannot support a defamation claim because it too is true.  The FINRA and Dalmore Statements also include a factual assertion that Ferrari was defamed by assertions that in employing him, Phoenix violated SEC Regulations.  Dkt. 7 ¶¶ 26, 32.  This statement, however, cannot support a plausible defamation claim with respect to Ferrari, because again, it is not defamatory as to Ferrari.  Finally, the 4 GRLZ Statement includes additional but vague allegations that Ferrari was defamed through statements that he was "blacklisted" and "scammed" others through Phoenix.  Dkt. 7 ¶ 28, 29. Those unverifiable opinions also fail to support a plausible defamation claim. Thus, as discussed below, the defamation claim must be dismissed.

### 1. The Alleged Statements Related to Ferrari's Felony Status are True

Although Ferrari alleges that the alleged statements regarding his felony status are false, court records evidencing Ferrari's confession and guilty plea to felony charges demonstrate the contrary.  Francis asks the Court to judicially notice the court records related to criminal proceedings in which Ferrari pleaded guilty to a felony, in *People v. Adam Ferrari*, 19CR782, in the District Court for the City and County of Denver, Colorado (the "Ferrari Criminal Records"). These records demonstrate beyond any doubt that Ferrari is a felon.

## a.   The Court May Judicially Notice Public Court Records Showing Ferrari's Criminal History

Judicial notice may occur "at *any* stage" of a proceeding. Fed. R. Evid. 201(d) (emphasis added).   "Federal Rule of Evidence 201 allows a district court to take judicial notice of a 'fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Basic Capital Mgmt., Inc.*, 976 F.3d at 589 (quoting Fed. R. Evid. 201(b)). Matters of public record fall within the Rule.  *See Walker*, 938 F.3d at 735 (Judicial notice may be taken of matters of public record); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

Matters of "public record" include publicly available documents and transcripts and pleadings filed in state court. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts produced by the FDA, which were matters of public record directly relevant to the issue at hand."); *Van Duzer v. U.S. Bank Nat. Ass'n*, 995 F. Supp. 2d 673, 684 (S.D. Tex.) ("[T]he court may take judicial notice of matters of public record, including pleadings filed in state court.").

Francis requests that the Court judicially notice the Ferrari Criminal Records, which are publicly available in the State Court Case. [6]  Specifically, the Declaration of Marybeth Sobel Schroeder in the State Court Case avers that she obtained numerous documents related to the Ferrari Criminal Records in connection with her representation of Joyce Ramage and Incline

---

[6]   The documents are available in the docket of the State Court Case at: https://courtsportal.dallascounty.org/DALLASPROD/Home/WorkspaceMode?p=0.   For the Court's convenience, true and correct copies of the Schroeder Declaration and the Ferrari Criminal Records attached to it are submitted in an appendix concurrently with this Motion.

Niobrara Partners, LP, parties adverse to companies controlled or affiliated with Ferrari, Ferrari Energy, LLC and Wolfhawk Energy Holdings, LLC (the "Ramage Litigation").   In her Declaration, Schroeder swore that "[t]he charges in that case [the Ferrari Criminal Case] arose out of events similar to those in the [Ramage Litigation], in which Ferrari was charged with falsifying a mineral deed and recording it with the county clerk to obtain royalties owed to the mineral owners on the subject property but held in a suspense account by a third party."   She further averred:

"True and correct copies of documents I obtained from the then publicly available pleadings in the Ferrari Criminal Case are attached as follows:

a. Supporting Affidavit for arrest Warrant, attached as **Exhibit B-2**;
b. Arrest Warrant, attached as **Exhibit B-3**;
c. Mugshot of Adam Ferrari, attached as **Exhibit B-4**;
d. Appearance Bond, attached as **Exhibit B-5**;
e. Minute Orders, dated February 12, 2019, attached as **Exhibit B-6**;
f. Docket Sheet reflecting disposition as of April 8, 2019, attached as **Exhibit B-7**;
g. Findings of Fact as to the Plea(s) of Guilty to Count(s) Count 1, attached as **Exhibit B-8**; and
h. Case History docket sheet, dated July 18, 2019, attached as **Exhibit B-9**."

These publicly available court documents are appropriate for the Court's consideration, and Francis requests that the Court judicially notice them.

### b.   The Ferrari Criminal Records Negate Falsity Regarding Statements that "Ferrari is a Felon"

Generally, pleading a viable defamation claim, whether for slander which is spoken, or libel which is written, requires plausible facts supporting each element of the claim: "'the defendant published a statement; that was defamatory concerning the plaintiff; while acting with either actual malice, if the plaintiff . . . a public figure, or negligence, if the plaintiff was private individual, regarding the truth of the statement.'"   *Immanuel*, 618 F.3d at 559 (quoting *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)). Truth is an affirmative defense to

defamation.[7] TEX. CIV. PRAC. & REM. CODE § 73.005(a). ("The truth of the statement in the publication on which an action for libel is based is a defense to the action."); *see also Warren v. Fed. Nat'l Mortgage Ass'n*, 932 F.3d 378, 383 (5th Cir. 2019) (citing *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995) ("In defamation suits brought by private individuals, truth is an affirmative defense.")).

Substantial truth, or truth in the "gist," defeats falsity.[8]  *Harrison v. Aztec Well Servicing Co., Inc.*, No. 1:20-CV-038-H, 2021 WL 6073164, at *8 (N.D. Tex. Dec. 23, 2021) (citing *Turner v. KTRK Television*, 38 S.W.3d 103, 115 (Tex. 2000)) (substantial truth exists where statement conveys the same "gist" as the literal truth, even if details are inaccurate); *see also McIlvain v. Jacobs*, 794 S.W.2d 14, 15 (Tex. 1990).   Truth in the "gist" exists where the actual statement is no more "damaging to the person affected by it than a literally true statement would have been." *Dimitri Charalambopoulos, v. Camille Grammer*, 2019 WL 2077367 (N.D. Tex. 2019) (Scholer, J.) (Court's Charge to the Jury); *River Oaks L-M. Inc. v. Vinton-Duarte*, 469 S.W.3d 213, 239–40 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see also Parker v. Spotify USA, Inc.*, 569 F. Supp. 3d 519, 529 (W.D. Tex. 2021) (evaluating truth in gist in connection with a 12(b)(6) motion because "the reasonable meaning of allegedly defamatory statements is a question of law").

---

[7] For purposes of this motion only, Francis presumes truth is an affirmative defense.  Notably, however, when a constitutional concern is implicated, such as when the challenged communication involves a matter of public concern, the burden of falsity rests on the plaintiff. *See, e.g.*, *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 777 (1986) (placing burden of proving falsity on plaintiff in case involving private individual and media defendant on matter of public concern); *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015) (burden of falsity is on private plaintiff against non-media defendant regarding matter of public concern); *Roe v. Patterson*, No. 4:19-CV-179-SDJ, 2023 WL 2787956, at *3 (E.D. Tex. Apr. 4, 2023) ("Where the speech challenged as defamatory involves a matter of public concern, the common law presumption of falsity no longer applies, such that the burden is shifted to the plaintiff to show falsity."). The commission of a crime is a matter of public concern. *Tu Nguyen v. Duy Tu Hoang*, 318 F. Supp. 3d 983, 1001 (S.D. Tex. 2018) (citing *Brady v. Klentzman*, 515 S.W.3d 878, 884 (Tex. 2017)).

[8] Truth necessarily also defeats any degree of fault in publishing an otherwise defamatory statement because there can be no knowledge of falsity in the face of truth. *Van Der Linden v. Khan*, 535 S.W.3d 179, 201 (Tex. App.—Fort Worth 2017, pet. denied) (acknowledging "inescapable, logical conclusion" that where publisher of defamatory statement possessed personal knowledge of its truth or falsity, no investigation was necessary to demonstrate fault since the publisher already knew the result such investigation would reveal).

Here, the Ferrari Criminal Records demonstrate Ferrari's guilty plea to Count 1 in the Ferrari Criminal Case, which the docket sheet reflects was a class F3 felony for Theft. App. pp. 21, 28, 36. Thus, because he pleaded guilty to a felony, Ferrari is factually a felon.[9] By virtue of the Court's ability to judicially notice them, the Ferrari Criminal Records demonstrate that Ferrari is factually a felon, and thus also negate statements to that effect as the plausible basis for a defamation claim. *See Walker*, 938 F.3d at 749 (affirming 12(b)(6) dismissal premised on judicially noticed court records that negated the falsity of the alleged defamatory statements); *see also Gregory Duhon, M.D. v. Healthcare Prof'ls' Found. of La., et. al.*, No. CV 20-2022, 2022 WL 298844, at *3 (E.D. La. Feb. 1, 2022) (dismissing defamation claim under Rule 12(b)(6) based on court's consideration of extrinsic documents showing plaintiff's consent to defendant's publication of reports, which defeated plaintiff's allegation that alleged defamatory statements were not privileged); *Spirito v. Peninsula Airport Comm'n*, 350 F. Supp. 3d 471, 488 (E.D. Va. 2018) (dismissing defamation claim based on consideration of extrinsic VDOT Report documents and finding defendant "did not violate the fair report privilege by relying on the representations contained in the VDOT Report, even if that report contained suggestions that were untrue").

---

[9] Ferrari's carefully worded statement that that he "has never been *convicted* of a felony," Dkt. 7, ¶ 25 (emphasis added), has absolutely no bearing on truth (and therefore plausibility) of the statement at issue here because like a conviction, a plea results in a criminal defendant's culpability for a criminal act. *See Williams v. Cordillera Commc'ns, Inc.*, 26 F. Supp. 3d 624, 631 (S.D. Tex. 2014) ("Whether guilt is confessed or guilt is pled, the reputation-damaging fact is being guilty of the crime."); *see also Weber v. Fernandez*, No. 02-18-00275-CV, 2019 WL 1395796, at *11 (Tex. App.—Fort Worth Mar. 28, 2019, no pet.) (mem. op.) (finding substantial truth in statement that plaintiff was a "convicted criminal" although plaintiff pleaded guilty and confessed crime rather than being convicted.") Nor does dismissal of the felony charges based on Ferrari's plea deal change a true statement into a false one. *See Martin v. Hearst Corp.*, 777 F.3d 546, 551 (2d Cir. 2015) ("The [Erasure] statute" by which former arrest records are deemed to have never occurred "creates legal fictions, but it does not and cannot undo historical facts or convert once-true facts into falsehoods."); *Farach v. Rivero*, 305 So. 3d 54, 57 (Fla. Dist. Ct. App. 2019) (stating that a sealing order may permit the subject of the criminal history to lawfully deny the crimes included in the sealed record, but it "does not alter the metaphysical truth of his past, nor does it impose a regime of silence on those who know the truth.") (quoting *G.D. v. Kenny*, 205 N.J. 275, 300, 15 A.3d 300, 314–15 (2011) ("The [expungement] statute does not, however, impose any duty on members of the public who are aware of the conviction to pretend that it does not exist. . . . [T]he statute authorizes certain persons to misrepresent their own past. It does not make that representation true.")).

Accordingly, the Court should dismiss Ferrari's claim to the extent it relies on Ferrari's status as a felon as an untrue statement.[10]

### c.   The Ferrari Criminal Records Also Negate Falsity Regarding Statements that Ferrari Defrauded a Mineral Owner

The Ferrari Criminal Records also reflect that Ferrari pleaded guilty to felony theft committed in connection with forgery and falsifying a mineral owner's signature on a deed.[11]   His efforts to obtain mineral interests through a forged and therefore fraudulent signature negate falsity and therefore also defeat plausibility to the extent the defamation claim relies on statements that Ferrari defrauded mineral owners and investors.   Dkt. 7 ¶ 25.   *See Anderson v. Octapharma Plasma, Inc.*, No. 19-CV-2311-D, 2020 WL 1083608, at *6–7 (N.D. Tex. Mar. 6, 2020) (granting 12(b)(6) dismissal of defamation claim based on truth).

### 2.   The Alleged Statements that Ferrari is Phoenix's CEO are Not Defamatory

In addition to Ferrari's status as a felon, the defamation claim also relies on alleged statements that Ferrari is Phoenix's CEO.   *See* Dkt. 7 ¶¶ 25–26, 29, 32, 36–39.   A defamatory statement is one in which the words tend to damage a person's reputation, exposing him or her to public hatred, contempt, ridicule, or financial injury.   Tex. Civ. Prac. & Rem. Code § 73.001; *Warren v. Fed. Nat'l Mortgage Ass'n*, 932 F.3d 378, 383 (5th Cir. 2019) ("A false statement can be defamatory under Texas law if it injures a person's reputation.") (first citing *Bedford v. Spassoff*, 520 S.W.3d 901, 905 (Tex. 2017); and then citing *Hancock v. Variyam*, 400 S.W.3d 59, 63 (Tex. 2013)).

---

[10] Likewise, no true statement, regardless of how unflattering, could potentially cause Ferrari's damages, if any. Instead, the truth of the statement, that he is factually a felon and defrauded mineral owners, i.e., Ferrari's own conduct, is the legal cause of damages, if any.

[11] *See* App. Pp. 15-19; 21; 31; 26.

On its face, a statement that "Ferrari is Phoenix's CEO," is in no way defamatory with respect to Ferrari.  Leading a company as Chief Executive Officer is a prestigious, lucrative, and desirable role.  Nothing in the Amended Complaint suggests that statements which attribute to Ferrari a C-suite position could damage Ferrari's reputation or otherwise expose him to public hatred, contempt, ridicule, or financial injury.  *See Johnson v. Phillips*, 526 S.W.3d 529, 541 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (concluding that various statements were not capable of defamatory meaning where they "cast the [defendants] in a positive light"); *see also BidZirk, LLC v. Smith*, No. CIV.A. 6:06-109-HMH, 2007 WL 3119445, at *3 (D.S.C. Oct. 22, 2007) (finding that statements that the defendant "seemed like a 'yes man'" and was "possibly tech savvy" were positive statements that were thus "patently not defamatory").  Thus, the Court must dismiss the defamation claim to the extent it rests on alleged statements that Ferrari is Phoenix's CEO.

### 3.    The Alleged Statements that Ferrari was "Blacklisted" and that Phoenix is Ferrari's "Scam" Are Unverifiable Statements of Opinion

Other statements alleged in the Amended Complaint fail to demonstrate a plausible defamation claim, because they are statements of opinion.  "If a statement is not verifiable as false, it is not defamatory."  *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 624 (Tex. 2018). "And even when a statement is verifiable, it cannot give rise to liability if 'the entire context in which it was made' discloses that it was not intended to assert a fact."  *Tatum*, 554 S.W.3d at 624 (quoting *Bentley v. Bunton*, 94 S.W.3d 561, 581 (Tex. 2002)).  "A statement that fails either test— verifiability or context—is called an opinion."  *Tatum*, 554 S.W.3d at 624.

The alleged statements attributed to Francis, that Ferrari was "blacklisted" in Colorado and that Phoenix is Ferrari's "latest oil and gas scam against interest owners" are not verifiable because the vagueness of the terms renders empirical verification impossible.  *See Parker v. Spotify USA,*

*Inc.*, 569 F. Supp. 3d 519, 533 (W.D. Tex. 2021) ("[I]t is impossible to verify whether Plaintiff was in fact an unusual witness. Therefore, the unusual witness statement on its own is a nonactionable opinion."); *see also McCabe v. Rattiner*, 814 F.2d 839, 842–43 (1st Cir. 1987) (holding that a newspaper headline which referred to plaintiff's real estate development as a "scam" was not actionable because the word means different things to different people and "[t]he lack of precision makes the assertion 'X is a scam' incapable of being proven true or false"); *Greenbelt Co-op. Pub. Ass'n v. Bresler*, 398 U.S. 6, 13 (1970) (holding that the word "blackmail" was not actionable in a defamation case against a newspaper because most readers would understand the word as "no more than rhetorical hyperbole" rather than referring to the commission of a criminal offense); *Nunes v. Rushton*, 299 F. Supp. 3d 1216 (D. Utah 2018) (finding that online comments referring to author's online fundraising campaign as "fraud," "hoax," and "scam," and characterizing author's conduct as harassment, were exaggerated statements of opinion and did not constitute defamation).

The Court should dismiss the defamation claim to the extent it depends on unverifiable statements—such as that Ferrari was "blacklisted" or that Phoenix is Ferrari's "latest oil and gas scam against interest owners"—because these statements amount to nonactionable statements of opinion.

### 4. The Alleged Statements That Phoenix is Violating SEC Regulations Are Not Defamatory as to Ferrari

Ferrari pleads he was defamed through an alleged statement that "Phoenix was breaking rules and regulations promulgated by the Securities and Exchange Commission ("SEC") by employing Mr. Ferrari as its CEO." Dkt. 7 ¶ 26. This statement cannot support a plausible defamation claim by Ferrari; it is not even *about* Ferrari. Rather, the statement fundamentally concerns rule breaking by Phoenix rather than Ferrari. Thus, because the alleged statement that

Phoenix was violating SEC rules by employing Ferrari as CEO does not concern Ferrari, the statement cannot plausibly support a defamation claim asserted by Ferrari.  *See Newspapers, Inc. v. Matthews*, 161 Tex. 284, 289, 339 S.W.2d 890, 893 (1960) (affirming instructed verdict dismissing defamation claim based on articles that did not mention the plaintiff, for which the plaintiff therefore could not recover); *see also ABC, Inc. v. Shanks*, 1 S.W.3d 230 Regarding, 235 (Tex. App.—Corpus Christi–Edinburg 1999, pet. denied) (statement in television news broadcast by aviation lawyer that "these red tags represent junk" in reference to various aircraft parts was not defamatory to aircraft maintenance corporation or its former owner where the statement did not concern them); *see also, In re Lipsky*, 460 S.W.3d at 593 (actionable defamation requires a statement concerning the Plaintiff.)   To the extent the defamation claim rests on this alleged statement, the claim lacks plausibility.

**C.      Ferrari's Conclusory Damages Allegations Are Insufficient**

In addition to failing on the elements of defamatory content and the affirmative defense of truth, the defamation claim also lacks plausibility because the damages allegations also fail even under Rule 8's low bar.  A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" and falls short of a claim on which relief can be granted.  *Iqbal*, 556 U.S. at 678; *see also Bar Group, LLC v. Bus. Intelligence Advisors, Inc.*, 215 F. Supp. 3d 524, 535 (S.D. Tex. 2017) ("[C]ourt is not required to credit conclusory allegations even if they are uncontroverted"); *Teel v. Deloitte & Touche LLP*, No. 3:15-CV-2593-G, 2015 WL 9478187, at *6 (N.D. Tex. Dec. 29, 2015) (dismissing business disparagement claim under Rule 12(b)(6) motion where the plaintiff failed to plead "sufficient factual content necessary to meet the *Twombly/Iqbal* standard that she suffered special damages resulting from the alleged statement").

Under Texas law, "the plaintiff must plead and prove damages, unless the defamatory statements are defamatory per se." *In re Lipsky*, 460 S.W.3d at 593.  "Defamation per se refers to

statements that are so obviously harmful that general damages may be presumed." *Id.* at 596 (stating that "[a]ccusing someone of a crime, of having a foul or loathsome disease, or of engaging in serious sexual misconduct are examples of defamation per se"). Defamation per se is unavailable because the only statements alleged that could potentially rise to that level of severity are the true statements that Ferrari is a felon and defrauded mineral owners.

Here, Ferrari's sparse allegations fail to adequately allege that he suffered actual damages. Ferrari alleges—in conclusory fashion—that he "has suffered actual damages as a result of Mr. Francis' ruthless business practices," adding that "Ferrari's personal and business reputation has been harmed by Mr. Francis' defamatory statements" and that "Ferrari suffered mental anguish as a result of Mr. Francis' tortious conduct." Dkt. 7 ¶ 42. Ferrari fails to provide any factual support for these conclusions. *See Corrosion Prevention Techs, LLC v. Hatle*, No. 4:20-CV-2201, 2020 WL 6202690, at *6 (S.D. Tex. Oct. 22, 2020) (dismissing defamation claim because plaintiff failed to adequately plead damages where the allegations did not demonstrate "specific contracts or sales" that were lost as a result of the allegedly defamatory statements). These allegations also fail to connect the alleged damages to any specific alleged statement. *See Walker v. U.S. Bank*, No. 3:21-CV-758-L, 2022 WL 3720138, at *3 (N.D. Tex. July 28, 2022, *report and recommendation adopted*, No. 3:21-CV-00758-L, 2022 WL 3718511 (N.D. Tex. Aug. 29, 2022) ("Merely stating that actual damages occurred due to defamation, without pointing to any statement that [the defendant] made, fails to plead a plausible claim."). Because the damages allegations amount to mere conclusions devoid of facts creating plausability, the Court should also dismiss the defamation claim.

None of the statements on which the defamation claim rests plausibly support the claim, and factual content supporting any damages sustained by Ferrari is also lacking.  The Court should accordingly dismiss the entire Amended Complaint.

### D.      Leave To Amend Should Be Denied

To the extent Ferrari requests leave to amend, the Court should deny the request.  While "[t]he court should freely give leave [to amend] when justice so requires," leave is appropriately denied when amendment would be futile.  *See* FED. R. CIV. P. 15(a)(2); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994).  In determining whether amendment would be futile, the Court considers whether "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).  Amendment would fail to cure the defects identified here because Ferrari cannot change facts fundamental to his claims, such as his felony status and the absence of any disparaging implication arising from a statement that he serves as Phoenix's CEO.  *See Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 353 (2022) (affirming denial of leave to replead following dismissal where fundamental deficiencies that went to the "core of Plaintiffs' claims" rendered them "clearly foreclosed by settled law").  Because amendment would be futile, the Court should deny leave to amend.

## IV.      PRAYER

Francis respectfully requests that the Court dismiss the Amended Complaint with prejudice, and requests such other relief to which he may show himself justly entitled.

Respectfully submitted,

By: _ /s/ Charlene C. Koonce _____
    Cortney C. Thomas
     Texas Bar No. 24075153
     cort@brownfoxlaw.com
    Charlene C. Koonce
     Texas Bar No. 11672850
     charlene@brownfoxlaw.com
    Andrew C. Debter
     Texas Bar No. 24133954
     andrew@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, TX  75225
    Tel. 214.327.5000
    Fax. 214.327.5001

*Attorneys for Defendant William Francis*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary because this document is being filed with the Court's electronic-filing system.

*/s/ Charlene C. Koonce* _____
Charlene C. Koonce