IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:23-cv-455-S |
| | § | |
| WILLIAM FRANCIS, | § | |
| | § | |
| Defendant. | § | |

**APPENDIX IN SUPPORT OF DEFENDANT**
**WILLIAM FRANCIS'S MOTION TO DISMISS AMENDED COMPLAINT**

Respectfully submitted,

By: _/s/ Charlene C. Koonce_
    Cortney C. Thomas
      Texas Bar No. 24075153
      cort@brownfoxlaw.com
    Charlene C. Koonce
      Texas Bar No. 11672850
      charlene@brownfoxlaw.com
    Andrew C. Debter
      Texas Bar No. 24133954
      andrew@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, TX  75225
    Tel. 214.327.5000
    Fax. 214.327.5001

    *Attorneys for Defendant William Francis*

| Exhibit No. | Description | App No. |
|:---:|:---|:---:|
| B | Declaration of MaryBeth Sobel Schroeder | 001-036 |

# EXHIBIT B

CAUSE NO. DC-22-06350

| | | |
|---|---|---|
| PHOENIX CAPITAL GROUP HOLDINGS, LLC, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| WILLIAM FRANCIS and INCLINE ENERGY PARTNERS, L.P., | § § § | |
| Defendants. | § | 116TH JUDICIAL DISTRICT |

## DECLARATION OF MARYBETH SOBEL SCHROEDER

"My name is MaryBeth Sobel Schroeder. I am over the age of 21 years. I have never been convicted of a felony or a crime involving moral turpitude and am otherwise competent to make this Declaration. I have personal knowledge of the facts and statements contained in this Declaration and swear and affirm under penalty of perjury that each of them is true and correct.

I am an attorney licensed to practice law in the state of Colorado and a former partner in Spectrum Legal Group, LLC. I am currently a partner in the law firm of SobelSchroeder, LLC. I previously represented Joyce Ramage in a lawsuit against Ferrari Energy, LLC and Wolfhawk Energy Holdings, LLC (collectively "Defendants"), Case No. 2017-CV-30803, filed in the District Court, Weld County, State of Colorado (the "Lawsuit") and in Colorado Court of Appeals Case No. 2018CA2027 and No. 019CA0064 consolidated (Appeals). In the Lawsuit, Defendants asserted third-party claims against Incline Niobrara Partners, LP, and I also represented Incline Niobrara Partners. The Lawsuit arose out of Defendants having recorded a deed to property owned by Plaintiff, following Defendants' default on a contract for their purchase of the property and with knowledge that Defendants did not own the property as otherwise reflected in the contract and in the deed they recorded. In 2018, the court granted Incline Niobrara Partners, LP's Rule 56

1

Motion for Summary Judgment and was dismissed from the Lawsuit. The remainder of the case was tried to the Court. Judgment was entered in favor of my client and was affirmed on appeal. A true and correct copy of the trial court's Findings, Conclusions, & Judgment is attached as **Exhibit B-1**.

Pursuant to my representation of Ramage and Incline in the Appeals, I obtained numerous documents related to charges filed against Adam D. Ferrari in a criminal proceeding, *People v. Adam Ferrari*, 19CR782, in the District Court for the City and County of Denver, Colorado (the "Ferrari Criminal Case"). The charges in that case arose out of events similar to those in the Lawsuit, in which Ferrari was charged with falsifying a mineral deed and recording it with the county clerk to obtain royalties owed to the mineral owners on the subject property but held in a suspense account by a third party.

True and correct copies of documents I obtained from the then publicly available pleadings in the Ferrari Criminal Case are attached as follows:

a. Supporting Affidavit for arrest Warrant, attached as **Exhibit B-2**;

b. Arrest Warrant, attached as **Exhibit B-3**;

c. Mugshot of Adam Ferrari, attached as **Exhibit B-4**;

d. Appearance Bond, attached as **Exhibit B-5**;

e. Minute Orders, dated February 12, 2019, attached as **Exhibit B-6**;

f. Docket Sheet reflecting disposition as of April 8, 2019, attached as **Exhibit B-7**;

g. Findings of Fact as to the Plea(s) of Guilty to Count(s) Count 1, attached as **Exhibit B-8**; and

h. Case History docket sheet, dated July 18, 2019, attached as **Exhibit B-9**.

In July of 2022, I attempted to obtain additional documents from the Ferrari Criminal Case and discovered that in May of this year, Mr. Ferrari was able to have the case sealed. Documents filed in the Ferrari Criminal Case are no longer publicly available.

My address is 2000 S. Colorado Blvd Tower 1 Suite 2000, Denver, CO 80222, and my birthdate is August 16, 1955.

SobelSchroeder, LLC

_MaryBeth Sobel Schroeder_  7/22/2022

3

# EXHIBIT B-1



DISTRICT COURT, WELD COUNTY, COLORADO
901 9th Avenue, P.O. Box 2038, Greeley, CO 80632
(970) 475-2400

DATE FILED: October 18, 2018 5:29 PM
FILING ID: B88AB7217700788
CASE NUMBER: 2017CV30803

*Plaintiff:*
**Joyce Ramage**

*v.*

*Defendants & Third-Party Plaintiffs:*
**Ferrari Energy, LLC** and **Wolfhawk Energy Holdings, LLC**

*v.*

*Third-Party Defendant:*
**Incline Niobrara Partners, LP**

▲ COURT USE ONLY ▲

Case No.
2017 CV 30803

Division 4

| Findings, Conclusions, & Judgment |
| --- |

The court makes the following findings of fact and conclusions of law based on the testimony and evidence presented at trial. Based on these findings and conclusions, the court enters judgment in favor of Ramage as to her breach of contract and declaratory judgment claims. The court dismisses Ramage's civil theft claim and dismisses all five counterclaims brought by the defendants.

**1. Ramage's Breach of Contract Claim**

*A. Findings of Fact*

I find these facts to be more likely true than not:

The plaintiff, Joyce Ramage, entered into a purchase and sale agreement with Defendant Ferrari Energy, related to mineral interests Ramage owned in Weld County, Colorado. The agreement was drafted by Ferrari. It provided that Ferrari could select the closing date, so long as the closing took place no later than 45 business days after Ferrari received the signed agreement. Per the terms

of the agreement, Ferrari was required to pay Ramage at closing "the full Purchase Price via wire transfer or check, less any credits for amounts previously paid." *Ex. 3.* The agreement is clear as to what would happen if Ferrari failed to close by the 45-day deadline: "Failure to tender full payment to RAMAGE will nullify this transaction." *Id.*

Ramage received the signed agreement on April 28, 2017, which meant that the closing date needed to occur by no later than July 3. It is undisputed that July 3 passed without Ferrari closing the transaction.

To get around this problem, Ferrari invokes language that permitted Ferrari to extend the closing under certain conditions. The agreement provided that, in the event Ferrari discovered a title defect that needed to be cured, "then FERRARI shall have the right to either extend the Closing Date accordingly or terminate [the agreement] in its entirety." *Id.* Ferrari's employee, Sean Goodnight, testified that he informed Ramage over the telephone that the closing would take longer than 45 days because of perceived title problems. But he also testified that he never provided Ramage with a new closing date. He also never informed Ramage that Ferrari was electing to exercise its right under the agreement to extend the original 45-day closing date. Merely mentioning title difficulties did not notify Ramage that Ferrari had elected to extend the closing date.

Ramage testified that she doesn't recall Goodnight mentioning title problems before July 3. Ramage also testified that Goodnight, nor anyone else from Ferrari, told her that Ferrari had elected to extend the closing date. While the note that Goodnight made about his telephone call to Ramage on May 11 mentioned title problems, it makes no mention about extending the closing date. Based on this discrepancy and weighing the other evidence in conjunction

with my assessment of each witness's demeanor and manner while testifying, I find Ramage's testimony to be more credible than Goodnight's as to what happened during this call. So, while it is likely than Goodnight mentioned title problems, I find it more likely that Goodnight did *not* discuss extending the closing.

Ferrari's principal, Adam Ferrari, testified that a new closing date of July 19 was not selected until after July 3. But even after the new closing date of July 19 was selected, no one from Ferrari informed Ramage. Instead, Ferrari attempted to close the transaction by delivering full payment to Ramage via a FedEx package. But Ferrari made no attempt at any time to inform Ramage in writing that it had elected to extend the closing date.

On July 20—before any attempt to deliver Ferrari's FedEx package had occurred—Ramage sent an email to Ferrari's employee, Goodnight, informing him that she considered the agreement to be terminated under its own terms because of Ferrari's failure to close within the initial 45-day period.

### B. Conclusions of Law

The primary goal of contract interpretation is to give effect to the intent of the parties. *Ad Two, Inc. v. City & Cty. of Denver*, 9 P.3d 373, 376 (Colo. 2000). A court determines the parties' intent by looking to the plain and generally accepted meaning of the contractual language. *Copper Mountain, Inc. v. Indus. Sys., Inc.*, 208 P.3d 692, 697 (Colo. 2009). A court should not view clauses or phrases in isolation, but instead interpret the contract in its entirety and attempt to give effect to all provisions so that none will be rendered meaningless. *Id.*

A written contract that is complete and free from ambiguity expresses the intention of the parties and must be enforced according to the plain language in the contract. *Ad Two*, 9 P.3d at 376.

If a party breaches a material term of the contract, it cannot claim the contract's benefit. *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 63 (Colo. 2005). Materiality is a question of fact dependent upon the context of the parties' expectations at the time of contract formation. *Id.* The trier of fact should consider the importance or seriousness of the breach and the likelihood that the injured party will nonetheless receive substantial performance. *Id.* A breach is material if it concerns the "root of the matter or essence of the contract." *Id.* at 64.

The plain language of the agreement at issue here required Ferrari to make full payment to Ramage by July 3. When Ferrari failed to do so, Ferrari materially breached the essence of the contract. The plain language of the agreement explicitly specifies that the transaction was nullified at that point.

While Ferrari had the right to unilaterally extend the closing under certain conditions, nothing in the agreement permitted Ferrari to extend the closing to an indefinite point in time. Nor did anything in the agreement permit Ferrari to exercise this option without first notifying Ramage. The agreement was therefore nullified when Ferrari failed to pay Ramage in full and failed to give proper notice that it was exercising its option to extend the closing date.

Even if Ferrari had orally informed Ramage in explicit terms that it was electing to exercise its right to extend the closing, an oral communication does not suffice. The statute of frauds requires that a contract for the conveyance of an interest in land to be in writing. § 38-10-108, C.R.S. 2018. A contract subject to the statute of frauds may be orally modified by the parties, but only if the oral modification does not relate to a material condition of that contract. *James H. Moore & Associates Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 372 (Colo. App. 1994); *see also Burnford v. Blanning*, 540 P.2d 337, 340 (Colo. 1975) (the general

rule is "that a contract for the sale of land required to be in writing cannot be validly changed or modified as to a material condition (i.e., purchase price), by a subsequent oral agreement, without more, so as to make the original written agreement, as orally modified, an enforceable obligation).

Because the contract at issue here called for the contract to automatically terminate if Ferrari did not perform by the 45-day closing date, both Ferrari's timely performance and a fixed closing date are material terms. In addition to the agreement, Ferrari sent an email to Ramage in which it promised, "You will receive the entire payment within a 45-day grace period." *Ex. 31.* Thus, the context of the parties' expectations at the time the contract was formed shows the importance of this 45-day period, making time of the essence and making the 45-day period a material term. *See Commonwealth Petroleum Co., Inc. v. Billings*, 759 P.2d 736, 738 (Colo. App. 1987) ("consideration of extrinsic circumstances may result in the conclusion that time is of the essence for the performance by one party, but is not essential for the other party's performance"); *see also Deep Nines, Inc. v. McAfee, Inc.*, 246 S.W.3d 842, 846 (Tex. Ct. App. 2008) (to make time a material term in the absence of an express provision to that effect, "there must be something in the nature or purpose of the contract and the circumstances surrounding it making it apparent that the parties intended that time be of the essence").

Because the timing of the closing date was a material term under the circumstances here, Ferrari was required by the statute of frauds to give written notice to Ramage that it had elected to extend the closing date. Further, a "unilateral right to extend the closing date must be interpreted to be a *reasonable* extension." *Chaleunphone v. Slater Rd. Associates*, CV 89-0437207S, 1991 WL 112860, at *1 (Conn. Super. Ct. May 17, 1991), *aff'd*, 602 A.2d 47 (Conn. App. Ct.

1992). Ferrari also did not validly exercise its right to extend because it failed to select a reasonable extension for the closing date *before* the initial closing date had passed.

The court therefore enters judgment in favor of Ramage and against the defendants as to Ramage's breach of contract claim. Ramage does not seek damages related to this claim, so the court does not address this issue.

## 2. Ramage's Declaratory Judgment Claim

When the initial closing date of July 3 passed without Ferrari making full payment, the agreement was nullified under its own terms. Ferrari therefore lost its right to record the mineral interest deed that Ramage had provided at the time she entered into the agreement.

Under C.R.C.P. 57, the court declares the deed recorded by Ferrari with the Weld County Clerk & Recorder on July 19, 2017, at reception no. 4319435, to be null and void.

## 3. Ramage's Civil Theft Claim

After she concluded that the agreement with Ferrari was no longer in effect, Ramage entered into an agreement to sell her mineral interests to the third-party defendant, Incline Niobrara Partners. Ramage signed a mineral deed to Incline on July 21, 2017, and Incline recorded this deed six days later.

Consequently, as of July 21, 2017, Ramage no longer owned the mineral interest. Thus, Ramage had no ownership interest in the minerals she alleges that the defendants stole from her at the time she filed her *Complaint* on September 29, 2017.

"Standing is a threshold issue that must be satisfied … for a court to decide a case on the merits." *Barber v. Ritter*, 196 P.3d 238, 245 (Colo. 2008). To establish standing, a plaintiff must first establish that she suffered an injury-in-fact to a

"'legally protected interest as contemplated by statutory or constitutional provisions.'" *Id.* (quoting *Wimberly v. Ettenberg*, 194 Colo. 163, 168, 570 P.2d 535, 538 (1977)).

A civil theft claim is established upon showing that (1) "the defendant knowingly obtained control over the *owner's property* without authorization" and (2) "did so with the specific intent to permanently deprive *the owner* of the benefit of [the] property." *Itin v. Ungar*, 17 P.3d 129, 134 (Colo. 2000) (emphasis added); *see also* §§ 18-4-401(1) & 18-4-405, C.R.S. 2018. So a plaintiff must have an ownership or property interest in the stolen property to establish an injury-in-fact and thus have standing to sue. *See Huffman v. Westmoreland Coal Co.*, 205 P.3d 501, 509 (Colo. App. 2009).

Because Ramage no longer has an ownership interest in the minerals she alleges that the defendant stole from her, she lacks standing to bring a civil theft claim based on those minerals. Consequently, Ramage's civil theft is dismissed.

### 4. The Defendants' Counterclaims for (1) Breach of Contract, (2) Quiet Title, (3) Declaratory Judgment, (4) Tortious Interference with Contract, and (5) Filing a Spurious Document

Based on the foregoing findings and conclusions, the defendants have failed to prove the necessary elements of their five counterclaims.

Because the agreement between Ramage and Ferrari was nullified after July 3 based on Ferrari's failure to make full payment or extend the closing date, no contract existed for Ramage to breach when she transferred her mineral interests to Incline. For the same reason, Ferrari has no basis upon which to quiet title to those minerals. Because the court has declared Ferrari's mineral deed to be null and void, Ferrari is not entitled to the declaratory judgment it seeks and cannot assert a property interest in the minerals. Consequently, Ferrari has no basis upon which to base its spurious document claim. And

because Ferrari's contract with Ramage was nullified after July 3, no contract existed for Incline to tortiously interfere with when its representatives started communicating with Ramage beginning on July 14, 2017.

The court therefore enters judgment in favor of Ramage and Incline, and against the defendants, as to all five counterclaims.

## 5. Judgment

Accordingly, under C.R.C.P. 58(a), judgment enters in favor the plaintiff, Joyce Ramage, and against the defendants as to the plaintiff's claims for breach of contract and declaratory judgment. Based on Ferrari's breach of contract, the court DECLARES the deed recorded by Ferrari with the Weld County Clerk & Recorder on July 19, 2017, at reception no. 4319435, to be null and void. Ramage may record a copy of this document, or if she prefers, may apply for a separate court order invalidating the deed for recording.

Judgment enters in favor the defendants and against Ramage as to the plaintiff's civil theft claim, which is DISMISSED WITH PREJUDICE.

Judgment enters in favor of Ramage and Incline, and against the defendants, as to all five of the defendants' counterclaims, which are DISMISSED WITH PREJUDICE.

Ramage and Incline are the prevailing parties under C.R.C.P. 54(d) and have 21 days from today to submit a bill of costs under the procedures set forth in C.R.C.P. 121, § 1-22.

*So Ordered:*
October 18, 2018

BY THE COURT:



Todd Taylor
District Court Judge

# EXHIBIT B-2



County Court, City and County of Denver, Colorado
Lindsey-Flanigan Courthouse, Room 160
520 W. Colfax Ave.
Denver, CO 80204

Filed in County Court
City & County of Denver, Colorado

Plaintiff:    The People of the State of Colorado

JAN 2 9 2019

CLERK OF COURT

Defendant:    ADAM FERRARI
(DOB 12/31/1982) W/M, 6'4", 205 lbs, BRO/BRO

▲    COURT USE ONLY    ▲

Case Number: 19CR00 782

Div: Criminal Ctrm 23W

**SUPPORTING AFFIDAVIT FOR ARREST WARRANT**

I, DAVID A DAWSON, of lawful age do swear upon my oath to the facts set forth below and on three continuation pages:

Your affiant, DAVID A DAWSON, an Investigator for the Denver District Attorney's Office, Economic Crime Unit was assigned to investigate allegations of THEFT in violation of 18-4-401(1),(2)(i), C.R.S. (F3), CRIMINAL ATTEMPT TO COMMIT THEFT in violation of 18-4-401(1),(2)(i);18-2-101, C.R.S. (F4), ATTEMPT TO INFLUENCE A PUBLIC SERVANT in violation of 18-8-306, C.R.S. (F4), ATTEMPT TO INFLUENCE A PUBLIC SERVANT in violation of 18-8-306, C.R.S. (F4), ATTEMPT TO INFLUENCE A PUBLIC SERVANT in violation of 18-8-306, C.R.S. (F4), IDENTITY THEFT in violation of 18-5-902(1)(a), C.R.S. (F4), IDENTITY THEFT in violation of 18-5-902(1)(a), C.R.S. (F4), IDENTITY THEFT in violation of 18-5-902(1)(a), C.R.S. (F4), IDENTITY THEFT in violation of 18-5-902(1)(a), C.R.S. (F4), FORGERY in violation of 18-5-102(1)(c), C.R.S. (F5), FORGERY in violation of 18-5-102(1)(c), C.R.S. (F5), FORGERY in violation of 18-5-102(1)(c), C.R.S. (F5), FORGERY in violation of 18-5-102(1)(c), C.R.S. (F5) and THEFT in violation of 18-4-401(1),(2)(g), C.R.S. (F5) by **ADAM FERRARI** against **CINDY LYNN WILSON, THEORA RICE, LOREN R RICE, DALE E RICE, RICE FAMILY TRUST, RAISA ENERGY LLC, JENNIFER DAVIS and WELD COUNTY CLERK AND RECORDER** on DA Case Number 2017ECU00087.

Your affiant, DAVID A. DAWSON, an Investigator for the Denver District Attorney's Office Economic Crime Unit was assigned to investigate allegations of theft, identity theft, attempting to influence a public servant and forgery which occurred between and including Marcy 9, 2016 and October 31, 2016.

On June 13, 2017, Jennifer (Davis) by and through her attorney, Reid A. Page, filed a complaint with the Denver District Attorney's Office reporting that Adam Ferrari and his company Ferrari Energy, LLC had illegally filed a deed of trust on four parcels of land in Weld County, Colorado. As a result of the distribution of the Rice Family Trust, Davis was to receive the mineral and surface rights to the four parcels of land in Weld County, Colorado.

Page 2

Between and including March 9, 2016 and October 31, 2016, Davis on multiple occasions told Ferrari that she had not yet legally obtained the mineral and/or surface rights to the land in Weld County, but knowing she ultimately would receive them agreed to sell the mineral rights to Ferrari when she obtained the legal rights to them. Davis reported that Adam Ferrari had forged two deeds of trust transferring the mineral rights to the four parcels of land from her name to Adam Ferrari's company, Ferrari Energy, LLC and attempted to defraud her and Anadarko Petroleum Corporation out of approximately $305,000.00 that Anadarko Petroleum Corporation (Anadarko) was holding in a suspense account for the Rice Family Trust.

The property relevant to this complaint, is located in Weld County, Colorado, and was described as S/2 of Section 2 Township 1 North, Range 66 West, 6th P.M., resulted from an Execution of the Declaration of Trust of the Rice Family Trust dated October 20, 1997, which listed Theora M. Rice and Dale E. Rice the Trustees.

Following the death of Thoera M. Rice, Jennifer Davis and her uncle, Loren Rice, engaged in a lengthy probate proceeding and dispute relating mineral and surface rights to the parcels of land in Weld County, Colorado. Jennifer Rice was to receive the mineral and surface rights to the four parcels of land but as of March 9, 2016, had not yet received clear and legal ownership of the mineral and surface rights to the land in Weld County, Colorado.

On or about February 27, 2014, Adam (Ferrari), filed Articles of Organization for Ferrari Energy, LLC a Colorado registered company with the Colorado Secretary of State's Office, registration number 20141137180. Ferrari listed the principal office address for Ferrari Energy, LLC as 1600 Glenarm Place, in the City and County of Denver, State of Colorado. On or about December 9, 2016, Vivian Banchongchiith filed a Statement of Correction Correcting the Principal Office Address with the Colorado Secretary of State's Office wherein she listed the principal street address for Ferrari Energy, LLC as 1580 Lincoln Street Suite 1110 in the City and County of Denver, State of Colorado.

On or about February 29, 2016, Ferrari sent Davis an email with three attachments, one of which was an offer letter in the amount of $253,750.00 to purchase the mineral rights for the four parcels of land in Weld County, Colorado, for her and her father Dale E. Rice to sign.

Ferrari also sent two Mineral and Royalty Deeds, One Mineral And Royalty Deed listing Dale E. Rice as Dale E. Rice and Theora M. Rice, Trustees of the Rice Family Trust dated October 20, 1997, as the GRANTOR and Jennifer Davis as the GRANTEE. The second Mineral And Royalty Deed listing Jennifer Davis as the GRANTOR and Ferrari Energy, LLC as the GRANTEE. Ferrari instructed Davis to execute both in front of a notary then scan and email the signed documents back to him.

Jennifer Davis emailed a copy of these two documents to Ferrari with the understanding that he could use them to start working on the sale of the mineral rights from her to Ferrari Energy, LLC, but that he was not authorized to file them with the Weld County, Colorado's Clerk and Recorders Office or to utilize them for any other purpose, until the sale of the mineral rights described therein had been completely and legally executed.

Page 3

On or about March 24, 2016, without the knowledge, authorization or consent of Jennifer Davis, Adam Ferrari caused the two Mineral And Royalty Deeds to be filed with the Weld County, Clerk and Recorders Office in the City of Greeley, County of Weld, State of Colorado. The two deeds were filed electronically with Simpli File E Recordings by, Conners Oil & Gas Company, LLC, located at 1800 Glenarm Place Suite 710, in the City and County of Denver, State of Colorado 80209. This address is the same address as that of Ferrari Energy, LLC.

On or about March 30, 2016, Ferrari, via text message, sent Jennifer Davis a copy of check number 204 drawn on the account of Wolf Resources, LLC at Great Western Bank, dated March 30, 2016, in the amount of $10,000.00 as earnest money for the purchase of the four parcels of land in Weld County, Colorado which Ferrari told her was hers to keep forever. Davis also sent a text message to Ferrari where she stated. "We had our last mediation yesterday we will be preparing deeds for all properties shortly. As soon as I get a sign off from my uncle I can release these deeds."

On or about April 6, 2016, Ferrari sent Jennifer Davis a text message where he stated. "As far as the oil company is concerned your uncle has no claim to the property…Once again whet you are doing in Oregon is for your peace of mind…" Ferrari sent another text telling Davis that he wants to send her a check and Davis responded telling Ferrari "That may not work being so early. We still need to do deeds on the other properties and {my uncle} needs to sign the first right of refusal." (Typed as it appeared in the text messages)

On or about April 19, 2016, Ferrari sent Davis a picture of a check in the amount of $243,000.00. That check, number 214, was dated April 9, 2016 and was drawn on the account of Wolf Resources, LLC at Great Western Bank. Jennifer Davis subsequently received the actual check which was for the mineral rights for the four properties located in Weld County, Colorado, but did not negotiate the check. Ferrari subsequently told Davis that he owns Wolf Resources and he had sent this check by mistake and that he had placed a stop payment on the check.

During the time that Adam Ferrari was in the process of attempting to purchase the mineral rights on the four properties in Weld County, Colorado, for $253,750.00 he was aware that there was approximately $300,000.00 in a suspense account at Kerr-McGee/Anadarko and failed to disclose to Jennifer Davis the existence of the money being held in suspense for the Rice Family Trust.

On or about May 13, 2018, Adam Ferrari sent Jennifer Davis an email in which he (Ferrari) acknowledged that he knew that he needed Jennifer Davis's uncle, Loren Davis, signature on the original deed or right of first refusal, by telling Davis the following. "Just let me know what the status is of your legal negotiations with your uncle so we know when we will be receiving the original deeds and can take the final steps to close this transaction out. We would like to see this happen prior to June 1 if at all possible."

Also on or about May 13, 2016, Adam Ferrari, on behalf of his company, Ferrari Energy, LLC, and without the knowledge, consent or authorization of Jennifer Davis or the Davis Family Trust, sent copies of the two Mineral And Royalty Deeds dated March 22, 2016, to Casey Harless, VP Land for, RAISA Energy, LLC. One of these two deeds was between Jennifer Davis the "GRANTOR and Ferrari Energy, LLC the GRANTEE, transferring the ownership of the mineral

Page 4

rights to the four parcels of land in Weld County, Colorado, from Jennifer Davis to Ferrari Energy, LLC.

On or about May 25, 2016, without legally owning and/or without the consent or authorization of Jennifer Davis or the Rice Family Trust, Adam Ferrari acting as Managing Member for Ferrari Energy, LLC signed and executed a Mineral Deed dated effective February 1, 2016, at 12:00 a.m. Mountain Standard Time, by and between Ferrari Energy, LLC the GRANTOR, to RAISA II, LLC, a Delaware Limited Liability Company, the GRANTEE, granted to RAISA II, LLC an undivided 100% of those certain net mineral acres described in Exhibit A attached (S/2 of Section 2 Township 1 North, Range 66 West, 6th P.M.in the subject interests in and in and to the oil, gas and other minerals in and under and that may be produced from those certain lands described in Exhibit A (The Lands) in Weld County, Colorado for $270,075.45.

On May 27, 2016, RAISA Energy, LLC wire transferred $270,075.45 to Ferrari Energy, LLC's BBVA Compass Bank located at 1401 East 17th Street in the City and County of Denver, State of Colorado. Specifically, to account number ending in 1478, the account of Ferrari Energy, LLC a business located at 1800 Glenarm Place Suite 701, in the City and County of Denver, State of Colorado.

On or about May 25, 2016, Adam Ferrari did not tell, inform and/or convey by any means to Jennifer Davis that he acting as Managing Member of Ferrari Energy, LLC, sold to RAISA II, LLC, the oil, gas and other minerals in and under the ground on the Colorado property she legally owned and had not officially released ownership or control of the original Mineral And Royalty Deeds to Adam Ferrari and/or Ferrari Energy, LLC.

On or about May 31, 2016, at approximately 12:02 P.M., Conners Oil & Gas Company, LLC, at the request of Adam Ferrari and Ferrari Energy, LLC, electronically filed a four-page Mineral Deed with the Weld County, Colorado, Clerk and Recorders Office that was between Ferrari Energy, LLC, the GRANTOR and RAISA II, LLC, GRANTEE involving the oil, gas and other minerals in and under and that may be produced from those certain lands described as S/2 of Section 2 Township 1 North, Range 66 West, 6th P.M. in Weld County, Colorado, Reception Number 4207458. On or about May 31, 2016, Conners Oil & Gas Company LLC was located at 1800 Glenarm Place Suite 701, in Denver, Colorado.

On or about July 14, 2016, Adam Ferrari, in an attempt to fraudulently obtain $300,000.00 that Anadarko Petroleum Corporation was holding in a suspense account for the Rice Family Trust, caused Marilyn W. McWilliams, a Colorado licensed attorney with the Law Firm of Moye White LLP, located at 16 Market Square 6th Floor 1400 16th Street in Denver, Colorado, to convey by email to Anadarko Petroleum Corporation two counterfeit/forged Mineral And Royalty Deeds.

Both of these deeds involved parcels of land described as Township 1 North, Range 66 West 6th P.M. Section 2:S/2 in Weld County, Colorado both with effective dates listed as January 1, 2016. One of the deeds listed Dale E. Rice and Loren R. Rice, as Trustees of the Distribution Trust of the Rice Family Trust dated October 20, 1997, the "GRANTOR," and Dale E. Rice and Loren R. Rice as the "GRANTEE." The other deed, listed the "GRANTOR" as Dale E. Rice and Loren R. Rice as individuals and Ferrari Energy, LLC as the GRANTEE. Both of these Mineral And Royalty Deeds were allegedly notarized by, Christy Lynn Wilson, a notary public in the State of

Page 5

Oregon on July 14, 2016.  Wilson subsequently reviewed two Mineral And Royalty Deeds and said that she had not notarized these two Mineral And Royalty Deeds on July 14, 2016.

After Anadarko and RAISA II discovered that Ferrari had forged mineral deeds in an attempt in Anadarko's case to acquire the $300,000.00 being held in the suspense account and in RAISA II, selling the mineral rights to the land in Weld County he (Ferrari) didn't own, Ferrari demanded Davis return the earnest money.

Davis and her attorney Reid A. Page said that he (Ferrari) would refuse to sign a mineral deed transferring the mineral rights back to Davis unless she first returned the earnest money which he previously told her was hers to keep as his good faith in purchasing the mineral rights.  On October 6, 2016, Ferrari returned the $270,075.45 to RISA II, LLC

Based on the foregoing, your affiant respectfully requests that an At Large Warrant be issued for the arrest of **ADAM FERRARI**, DOB: **12/31/1982** for THEFT in violation of 18-4-401(1),(2)(i), C.R.S. (F3), CRIMINAL ATTEMPT TO COMMIT THEFT in violation of 18-4-401(1),(2)(i);18-2-101, C.R.S. (F4), ATTEMPT TO INFLUENCE A PUBLIC SERVANT in violation of 18-8-306, C.R.S. (F4), ATTEMPT TO INFLUENCE A PUBLIC SERVANT in violation of 18-8-306, C.R.S. (F4), ATTEMPT TO INFLUENCE A PUBLIC SERVANT in violation of 18-8-306, C.R.S. (F4), IDENTITY THEFT in violation of 18-5-902(1)(a), C.R.S. (F4), IDENTITY THEFT in violation of 18-5-902(1)(a), C.R.S. (F4), IDENTITY THEFT in violation of 18-5-902(1)(a), C.R.S. (F4), IDENTITY THEFT in violation of 18-5-902(1)(a), C.R.S. (F4), FORGERY in violation of 18-5-102(1)(c), C.R.S. (F5), FORGERY in violation of 18-5-102(1)(c), C.R.S. (F5), FORGERY in violation of 18-5-102(1)(c), C.R.S. (F5), FORGERY in violation of 18-5-102(1)(c), C.R.S. (F5) and THEFT in violation of 18-4-401(1),(2)(g), C.R.S. (F5).

I affirm this information to be true and correct. _____

AFFIANT

Subscribed and Sworn to before me this ⟨29th⟩ day of ⟨January⟩, 2019, at the City and County of Denver, State of Colorado.

My commission expires: ⟨4-10-22⟩

LISA DURBANO
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20144015593
MY COMMISSION EXPIRES 4/10/2022

NOTARY PUBLIC
201 West Colfax Ave., Dept. 801
Denver, CO 80202

APP019

# EXHIBIT B-3

| County Court, City and County of Denver, Colorado<br>Lindsey-Flanigan Courthouse, Room 160<br>520 W. Colfax Ave.<br>Denver, CO 80204 | Filed in County Court<br>City & County of Denver, Colorado<br><br>JAN 29 2019<br><br>CLERK OF COURT |
|---|---|
| Plaintiff:     The People of the State of Colorado<br><br>Defendant:  **ADAM FERRARI**<br>**(DOB 12/31/1982) W/M, 6'4", 205 lbs, BRO/BRO** | ▲     COURT USE ONLY     ▲ |
| | Case Number: *19cr00782*<br><br>Div: Criminal Ctrm *2300* |

| ARREST WARRANT |
|---|

THE PEOPLE OF THE STATE OF COLORADO

>   TO:     Any Peace Officer authorized by law to execute arrest warrants:

>   WHEREAS, the District Attorney for the Second Judicial District, City and County of Denver, State of Colorado has this day filed a Complaint/Information in this Court charging **ADAM FERRARI** with the crimes of THEFT in violation of 18-4-401(1),(2)(i), C.R.S. (F3), CRIMINAL ATTEMPT TO COMMIT THEFT in violation of 18-4-401(1),(2)(i);18-2-101, C.R.S. (F4), ATTEMPT TO INFLUENCE A PUBLIC SERVANT in violation of 18-8-306, C.R.S. (F4), ATTEMPT TO INFLUENCE A PUBLIC SERVANT in violation of 18-8-306, C.R.S. (F4), ATTEMPT TO INFLUENCE A PUBLIC SERVANT in violation of 18-8-306, C.R.S. (F4), IDENTITY THEFT in violation of 18-5-902(1)(a), C.R.S. (F4), IDENTITY THEFT in violation of 18-5-902(1)(a), C.R.S. (F4), IDENTITY THEFT in violation of 18-5-902(1)(a), C.R.S. (F4), IDENTITY THEFT in violation of 18-5-902(1)(a), C.R.S. (F4), FORGERY in violation of 18-5-102(1)(c), C.R.S. (F5), FORGERY in violation of 18-5-102(1)(c), C.R.S. (F5), FORGERY in violation of 18-5-102(1)(c), C.R.S. (F5), FORGERY in violation of 18-5-102(1)(c), C.R.S. (F5) and THEFT in violation of 18-4-401(1),(2)(g), C.R.S. (F5).

>   AND WHEREAS, the Court has examined the attached affidavit and has satisfied itself that there is probable cause to believe that the above named offenses charged have been committed by the above named person; and

>   WHEREAS, the District Attorney for this Judicial District has requested that an arrest warrant issue for the above named person.

>   THEREFORE, you are hereby commanded to arrest and bring **ADAM FERRARI** without unnecessary delay before the nearest available judge of a county or district court.

Bail fixed at $ *ADVISEMENT*     _____
                                  Signature of Judge

Date *29 JAN 19*     _____
                     *CAMPBELL*
                     Printed Name of Judge

Original Duly Verified
State of Colorado          }   ss
County of _____  }

## RETURN OF WARRANT

I hereby certify that I duly executed this warrant as commanded by arresting:
**ADAM FERRARI**, DOB: 12/31/1982

on _____, 2019.

_____
Arresting Officer

Page 2

# EXHIBIT B-4

# MUGSHOT PROFILE




## Denver County



| | |
|---|---|
| **Photo#:** | 11022515 |
| **DPD#:** | 894977 |
| **Book#:** | 2019-347576 |
| **Book Date:** | 2/7/2019 6:02:46 PM |
| **Last Name:** | FERRARI |
| **First Name:** | ADAM |
| **Middle Name:** | DANIEL |
| **Suffix:** | |
| | |
| **Miscellaneous:** | |
| **DOBMonth:** | 12 |
| **DOB Day:** | 13 |
| **DOB Year:** | 1982 |
| **Birth City:** | |
| **Birth State:** | |
| **Race:** | WHITE |
| **Sex:** | MALE |
| | |
| **NCIC FP Class:** | 11022515 |
| **Hair Color:** | BROWN |
| **Eye Color:** | BROWN |
| **Height:** | 604 |
| **Weight:** | 205 |
| **Glasses:** | NO |
| **Mustache:** | NO |
| **Marks:** | |

# EXHIBIT B-5

GO:                                    AB:                    PRE-TRIAL: ☐

| ARREST # | 2019-347576 |
| BOND # | 546599 |
| DCC CASE # | 19CR00782 |
| DPD # | |
| COUNTY | DENVER |

**IN THE COUNTY COURT IN AND FOR THE**
**CITY AND COUNTY OF DENVER AND THE STATE OF COLORADO**

BOND TYPE

The People of the State of Colorado and of
CITY AND COUNTY OF DENVER, Plaintiff, vs.

PERSONAL RECONGIZANCE

**APPEARANCE BOND**
DATE FILED: February 08, 2019
CASE NUMBER: 2019CR782

| FERRARI | ADAM | | 12/31/1982 |
| Last | First | Middle | DOB |

**We as,** ADAM FERRARI                    **and**   ADAM FERRARI
(Party/Principal)                                    (Surety)

do acknowledge ourselves to owe and be indebted unto the People of the State of
Colorado, in the penal sum of

| PARTY CHARGES | (7 of 14 shown) |
| --- | --- |
| 18-4-401(1),(2)(i) | |
| 18-4-401(1),(2)(i);18-2-101 | |
| 18-8-306 | |
| 18-8-306 | |
| 18-8-306 | |
| 18-5-902(1)(a) | |
| 18-5-902(1)(a) | |

**$10,000.00**   TEN THOUSAND  DOLLARS AND 00 CENTS

to be levied if there is a default in the following action:

The conditions of this obligation are such that the above named party shall appear personally
as ordered at the location indicated below.

Furthermore, the party shall not depart the State without Court approval and shall abide by all orders and judgments of this court; this bond may be
continued from time to time except no bond shall be continued in effect following a plea of guilty or no contest, or following conviction unless the
written consents of the surety(s) is filed of record. (CRS § 16-4-201) The surety will be responsible for the party's appearance until released.  In
addition, if the party is arrested for drug or alcohol related driving and has one or more previous convictions for an offense under CRS § 42-4-1301
or similar out of state charge, the party must abstain from all use of alcohol and the illegal use of drugs.  Such abstinence shall be monitored as
directed by the court at the party's first appearance.  If all conditions are not complied with, the Court has the power to revoke the bond, increase the
bail or change any bond conditions.  If the party does not appear as directed, the bond will be forfeited and an arrest warrant will issue.

Executed, Approved and Dated this   **February 08, 2019**   at   **9:25 AM**   in Denver, Co

Terrie Langham - CLERK of Denver County Court

By: X _N Mattson_

**DEPUTY CLERK/SHERIFF #**

**SIGN HERE IF FUNDS CAN BE REFUNDED TO PARTY**
Note:  Upon signing you are giving up the right to a cash bond refund.  Any assessed
fees/costs will be subtracted from the bond.

X

SIGNATURE OF SURETY IS REQUIRED

X _Adam Ferrari_

**SURETY'S SIGNATURE**

X _Adam Ferrari_

**PARTY'S SIGNATURE**

If this bond is made for another court, either County or Municipal, it is mandatory that the
return date be set a minimum of five weeks in the future.  Should this bond be mistakenly
returnable on a Holiday or weekend, it will automatically be scheduled for the next day of
court business. (C.R.S. 24-11-101)

MANDATORY INFORMATION

Full Name of Party (including Alias)
ADAM FERRARI

Address

City, State and Zip Code

Home Phone No. or No. Where Message May Be Left

Employer's Name

Employer's Address                    Work Phone No.

**PLEASE NOTE - IMPORTANT**
Denver County Court cash bonds will be refunded after a release order is issued by a
judicial officer. All refunds will be mailed by check to the address on file.

**APPEARANCE IS REQUIRED AT:**

DENVER COUNTY COURT
520 W. COLFAX AVE
DENVER, CO 80204

Full Name of Surety
ADAM FERRARI

License No. of Surety

Address

City, State and Zip Code
DENVER, CO

Phone Number

| In Courtroom | On | At |
| --- | --- | --- |
| **4B** | **February 25, 2019** | **9:30 AM** |

Date Printed: 04/08/2019 8:50 AM
Printed By:   JZS

APP026

# EXHIBIT B-6

| Printed: 02/12/19 2:07 PM | **Case Number : 19CR00782** | Page 1 of 2 |
|---|---|---|

## Case Information
DCC Case No: 19CR00782     State Case No:

| Status | Case Type | Vio Date | Date Filed | Trial Ctrm | DV |
|---|---|---|---|---|---|
| OPEN | THEFT | 05/13/2016 | 01/29/2019 | 5D | |

Location: DENVER CO

## Party Information
DCC Case No: 19CR00782     **1 Party**

DEFENDANT

| Last Name | First Name | MI | Suffix | DOB | Party Status |
|---|---|---|---|---|---|
| FERRARI | ADAM | | | 12/31/1982 | BOND |

Address: DENVER, CO                                    Phone:
                                                       Language:

## Violations
DCC Case No: 19CR00782

| | Disposition | CRS | Class | Description | Points |
|---|---|---|---|---|---|
| 1 | | 18-4-401(1),(2)(i) | F3 | THEFT-$100,000-$1,000,000 | 0 |
| 2 | | 18-4-401(1),(2)(i);18-2-101 | F4 | THEFT-$100,000-$1,000,000-ATT | 0 |
| 3 | | 18-8-306 | F4 | PUBLIC SERVANT-ATTEMPT TO INFLUENCE | 0 |
| 4 | | 18-8-306 | F4 | PUBLIC SERVANT-ATTEMPT TO INFLUENCE | 0 |
| 5 | | 18-8-306 | F4 | INV HOLD-PUBLIC SERVANT-ATTEMPT TO INFLUE | 0 |
| 6 | | 18-5-902(1)(a) | F4 | ID THEFT-USES INFO TO OBTAIN | 0 |
| 7 | | 18-5-902(1)(a) | F4 | ID THEFT-USES INFO TO OBTAIN | 0 |
| 8 | | 18-5-902(1)(a) | F4 | ID THEFT-USES INFO TO OBTAIN | 0 |
| 9 | | 18-5-902(1)(a) | F4 | ID THEFT-USES INFO TO OBTAIN | 0 |
| 10 | | 18-5-102(1)(c) | F5 | FORGERY-CHECK/COMMERCIAL INSTRUMENT | 0 |
| 11 | | 18-5-102(1)(c) | F5 | FORGERY-CHECK/COMMERCIAL INSTRUMENT | 0 |
| 12 | | 18-5-102(1)(c) | F5 | FORGERY-CHECK/COMMERCIAL INSTRUMENT | 0 |
| 13 | | 18-5-102(1)(c) | F5 | FORGERY-CHECK/COMMERCIAL INSTRUMENT | 0 |
| 14 | | 18-4-401(1),(2)(g) | F5 | THEFT-$5,000-$20,000 | 0 |

## Bond Information
DCC Case No: 19CR00782

| Bond No | Bond Type | Arrest No | Party |
|---|---|---|---|
| 546599 | PERSONAL REC | 2019-347576 | FERRARI, ADAM |

Surety: ADAM FERRARI                    Power No:

Address:

DENVER, CO

Phone:

Insurance Co:

| | Action Date | Action Code | Amount | Soe Date | Release To |
|---|---|---|---|---|---|
| 1 | 02/08/19 09:24 | POSTED | $0.00 | | |

## Sentence Information
DCC Case No: 19CR00782

| Date/Description | Value | Units | SOE Date | Due Date | Status |
|---|---|---|---|---|---|
| **02/08/2019** | | | | | |
| SHERIFF SPECIAL INSTRUCTIONS | | | | | |

## Action Information
DCC Case No: 19CR00782

| Date | Action | Judicial Officer | Crtrm | Dispo | Amount |
|---|---|---|---|---|---|
| 02/25/19 09:30 | PRELIMINARY / DISPO HEARING | | 4B | | |
| 02/08/19 14:00 | PR BOND AUTHORIZED | | 2300 | | 10,000.00 |
| 02/08/19 14:00 | 2ND ADVISEMENT | Judge C Malone | 2300 | DEFENDANT ADVISED | |
| Minute #1 | JUDGE CMM: [DEFADV], Set PLDSP, PR BOND AUTHORIZED-$10000.00, Def w/Atty | | | | |

Printed: 02/12/19 2:07 PM
**Case Number :  19CR00782**
Page 2 of 2

## Action Information
DCC Case No: 19CR00782

| Date | Action | Judicial Officer | Crtrm | Dispo | Amount |
|------|--------|------------------|-------|-------|--------|
| 02/08/19 14:00 | 2ND ADVISEMENT | Judge C Malone | 2300 | DEFENDANT ADVISED | |
| Minute #2 | Def p i/cw/ private counsel; reading and advisement waived; next court 4B 2/25/19; 10kPR no supervision; waiver of extradiction + signed rule 5 rec'd, DA no objec to travel, travel OK'd. | | | | |
| 02/08/19 08:50 | WAIVER OF EXTRADITION | | 2300 | | |
| 02/08/19 00:00 | DENVER CITY JAIL IN CUSTODY | | | | |
| 02/07/19 10:36 | ENDORSED LIST OF WITNESSES | | 160 | | |
| 01/29/19 11:36 | AT LARGE WARRANT FILED | | | | |
| 01/29/19 11:36 | ICJ FILE SCANNED | | | | |
| 01/29/19 11:35 | CASE ENTERED | | | | |
| 01/29/19 11:20 | NO BOND ALLOWED | | | | |

## Jail Information
DCC Case No: 19CR00782

| Date | Location | Arrest No |
|------|----------|-----------|
| 02/08/2019 | DENVER CITY JAIL IN CUSTODY | |

APP029

# EXHIBIT B-7

4/8/2019                                » SearchDenver County Court

## Search by Case Number

Search cases by case number or AB number.

## Name: FERRARI, ADAM   |   Case Number: 19CR00782

Case has been Bound Over to District Court.

## Case Information

| Status | Case Type | Violation Date | Date Filed | Courtroom |
|---|---|---|---|---|
| BOUND OVER | THEFT | 05/13/2016 | 01/29/2019 11:36 AM | 5D |
| Pay Amount: | $0.00 | | | |
| Location: | DENVER CO | | | |
| AB Number: | | GO Number: | | |

## Party Information

| Party Type | Last Name | First Name | MI | Suffix | DOB | Party Status |
|---|---|---|---|---|---|---|
| DEFENDANT | FERRARI | ADAM | | | 12/31/1982 | |
| Race | Hair | Weight | Height | Eyes | Eyeglasses | |
| | | | | | | |
| | Attorney Number | Attorney Name | | | | |
| | 12462 | Pagliuca, Jeffrey S | | | | |

## Violation Information

| Violations | Description | Points | Disposition | Class Code |
|---|---|---|---|---|
| 18-4-401(1),(2)(i) | THEFT-$100,000-$1,000,000 | 0 | | F3 |
| 18-4-401(1),(2)(i);18-2-101 | THEFT-$100,000-$1,000,000-ATT | 0 | | F4 |
| 18-8-306 | PUBLIC SERVANT-ATTEMPT TO INFLUENCE | 0 | | F4 |
| 18-8-306 | PUBLIC SERVANT-ATTEMPT TO INFLUENCE | 0 | | F4 |
| 18-8-306 | INV HOLD-PUBLIC SERVANT-ATTEMPT TO INFLUENCE | 0 | | F4 |
| 18-5-902(1)(a) | ID THEFT-USES INFO TO OBTAIN | 12 | | F4 |
| 18-5-902(1)(a) | ID THEFT-USES INFO TO OBTAIN | 12 | | F4 |
| 18-5-902(1)(a) | ID THEFT-USES INFO TO OBTAIN | 12 | | F4 |
| 18-5-902(1)(a) | ID THEFT-USES INFO TO OBTAIN | 12 | | F4 |
| 18-5-102(1)(c) | FORGERY-CHECK/COMMERCIAL INSTRUMENT | 0 | | F5 |
| 18-5-102(1)(c) | FORGERY-CHECK/COMMERCIAL INSTRUMENT | 0 | | F5 |
| 18-5-102(1)(c) | FORGERY-CHECK/COMMERCIAL INSTRUMENT | 0 | | F5 |
| 18-5-102(1)(c) | FORGERY-CHECK/COMMERCIAL INSTRUMENT | 0 | | F5 |
| 18-4-401(1),(2)(g) | THEFT-$5,000-$20,000 | 0 | | F5 |

## Bond Information

| Bond Type: | | Bond No: 546599 |
|---|---|---|
| Surety Name: ADAM FERRARI | | Arrest No: |
| Power No: | | Insurance Co: |

| Bond Date | Action Code | Amount | SOE Date | Rel to Party |
|---|---|---|---|---|
| 02/08/2019 9:24 AM | POSTED | $0.00 | | |

## Sentence Information

| Date | Description | Value | Units | Due Date | Status |
|---|---|---|---|---|---|
| 02/08/2019 | SHERIFF SPECIAL INSTRUCTIONS | | | | |

APP031

4/8/2019                                      » SearchDenver County Court

| 1 | COMMENT | 0 |

## Fines and Costs Information

| Description | Imposed | Suspended | CCWP/CTS | Paid | Due |
|---|---|---|---|---|---|
| CERTIFIED COPY | 10.00 | 0.00 | 0.00 | 10.00 | 0.00 |
| JUSTICE CENTER FEE | 5.00 | 0.00 | 0.00 | 5.00 | 0.00 |
| STABILIZATION FEE | 5.00 | 0.00 | 0.00 | 5.00 | 0.00 |
| COPY (SPECIAL) | 5.00 | 0.00 | 0.00 | 11.00 | -6.00 |
| Totals: | $25.00 | $0.00 | $0.00 | $31.00 | $-6.00 |

## Action Information

| Date | Action | Judicial Officer | Crtrm | Dispo | Amount |
|---|---|---|---|---|---|
| 05/30/2019 8:30 AM | ARRAIGNMENT | | 5D | | |
| 04/08/2019 8:30 AM | PRELIMINARY / DISPO HEARING | SIMONET | 4B | BOUND OVER DC - PRELIM. WAIVED | |
| 02/25/2019 9:30 AM | PRELIMINARY / DISPO HEARING | SIMONET | 4B | CONTINUE BY DEFENDANT | |
| 02/13/2019 7:47 AM | ENTRY OF APPEARANCE | | 160 | | |
| 02/08/2019 2:00 PM | 2ND ADVISEMENT | MALONE | 2300 | DEFENDANT ADVISED | |
| 02/08/2019 2:00 PM | PR BOND AUTHORIZED | | 2300 | | |
| 02/08/2019 8:50 AM | WAIVER OF EXTRADITION | | 2300 | | |
| 02/08/2019 12:00 AM | DENVER CITY JAIL IN CUSTODY | | | | |
| 02/07/2019 10:36 AM | ENDORSED LIST OF WITNESSES | | 160 | | |
| 01/29/2019 11:36 AM | AT LARGE WARRANT FILED | | | | |
| 01/29/2019 11:36 AM | ICJ FILE SCANNED | | | | |
| 01/29/2019 11:35 AM | CASE ENTERED | | | | |
| 01/29/2019 11:20 AM | NO BOND ALLOWED | | | | |

APP032

# EXHIBIT B-8

APP033

DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO

CASE NO.  19CR782                        COURTROOM 5D                      DATE FILED: July 18, 2019
                                                                           CASE NUMBER: 2019CR782
_____

FINDINGS OF FACT AS TO THE PLEA(S) OF GUILTY TO COUNT(S)

COUNT 1

_____

THE PEOPLE OF THE STATE OF COLORADO,
v.
ADAM FERRARI, Defendant
_____

THE COURT FINDS, based upon the record of this providency hearing:

1.  That the Defendant has been advised of all rights set forth in Rule 5(a)(2);
2.  That the Defendant fully understands the entire plea disposition;
3.  That the Defendant is competent at this time, and that he fully understands the nature of the charge and the elements of the offense to which he has pleaded guilty and the effect of the guilty plea;
4.  That the Defendant understands his right to a trial by jury and all of his other constitutional rights and privileges associated therewith, and has freely, voluntarily, knowingly and intelligently waived all of those rights and privileges;
5.  That the Defendant understands the possible penalties and the possible places of incarceration and the period of mandatory parole;
6.  That the Defendant understands that the Court will not be bound by any representations made to the Defendant by anyone concerning the penalty to be imposed, except as stated on the record during this providency hearing;
7.  That the Defendant's plea is voluntary on his part, made knowingly and intentionally by him and is not the result of and not motivated by, any threats, coercion or undue influence on the part of anyone;
8.  That the Defendant's plea is not the result of any promise or inducement made to him by anyone, except as previously indicated on the record as part of the plea agreement;
9.  That there is a factual basis for: (1) the charge to which the Defendant has pleaded guilty or, (2) the original charge, and Defendant knowingly waives the factual basis for the charge to which he has pleaded guilty;
10. That the Defendant has been represented at all times by effective and competent counsel; and,
11. That the Defendant by his guilty plea admits the allegations of the charge to which he or she has pleaded guilty.

Dated: 7/18/19

Michael J. Vallejos
District Court Judge

APP034

# EXHIBIT B-9

7/18/2019                                    Colorado Courts E-Filing

## Case History

|  | Filed by People | **Case Number:** 2019CR000782 | | **Division:** 5D |
|---|---|---|---|---|

|  | Filed by Defendant | **Case Type:** Theft | **Judicial Officer:** Michael James Vallejos |
|---|---|---|---|
|  | Filed by Court | **Case Caption:** The People of the State of Colorado v. Ferrari, Adam | **Court Location:** Denver County - District |
|  | Filed by Probation | | |

Show 20 ▼     1 - 14 of 14

| Count | Charge | Class | Date(s) of Offense | Plea | Date of Plea | Disposition | Date of Disposition | Date of Sentence |
|---|---|---|---|---|---|---|---|---|
| 1 | 18-4-401(1),(2)(i) THEFT-$100,000-$1,000,000 | F3 | 05/13/2016 - 10/31/2016 | Plea of Guilty | 07/18/2019 | Dfrd Sentence | 07/18/2019 | 07/18/2019 |
| 2 | 18-4-401(1),(2)(i) THEFT-$100,000-$1,000,000-ATT | F4 | 03/09/2016 - 10/31/2016 | Plea Not Guilty | 06/27/2019 | Dism by DA | 07/18/2019 | |
| 3 | 18-8-306 PUBLIC SERVANT-ATTEMPT TO INFLUENCE | F4 | 03/24/2016 | Plea Not Guilty | 06/27/2019 | Dism by DA | 07/18/2019 | |
| 4 | 18-8-306 PUBLIC SERVANT-ATTEMPT TO INFLUENCE | F4 | 03/24/2016 | Plea Not Guilty | 06/27/2019 | Dism by DA | 07/18/2019 | |
| 5 | 18-8-306 PUBLIC SERVANT-ATTEMPT TO INFLUENCE | F4 | 03/31/2016 | Plea Not Guilty | 06/27/2019 | Dism by DA | 07/18/2019 | |
| 6 | 18-5-902(1)(a) ID THEFT - USES INFO TO OBTAIN | F4 | 03/24/2016 | Plea Not Guilty | 06/27/2019 | Dism by DA | 07/18/2019 | |
| 7 | 18-5-902(1)(a) ID THEFT - USES INFO TO OBTAIN | F4 | 03/24/2016 | Plea Not Guilty | 06/27/2019 | Dism by DA | 07/18/2019 | |
| 8 | 18-5-902(1)(a) ID THEFT - USES INFO TO OBTAIN | F4 | 07/14/2016 | Plea Not Guilty | 06/27/2019 | Dism by DA | 07/18/2019 | |
| 9 | 18-5-902(1)(a) ID THEFT - USES INFO TO OBTAIN | F4 | 07/14/2016 | Plea Not Guilty | 06/27/2019 | Dism by DA | 07/18/2019 | |
| 10 | 18-5-102(1)(c) FORGERY-CHECK/COMMERCIAL INSTRUMENT | F5 | 05/24/2016 - 05/25/2016 | Plea Not Guilty | 06/27/2019 | Dism by DA | 07/18/2019 | |
| 11 | 18-5-102(1)(c) FORGERY-CHECK/COMMERCIAL INSTRUMENT | F5 | 05/25/2016 - 05/31/2016 | Plea Not Guilty | 06/27/2019 | Dism by DA | 07/18/2019 | |
| 12 | 18-5-102(1)(c) FORGERY-CHECK/COMMERCIAL INSTRUMENT | F5 | 07/14/2016 | Plea Not Guilty | 06/27/2019 | Dism by DA | 07/18/2019 | |
| 13 | 18-5-102(1)(c) FORGERY-CHECK/COMMERCIAL INSTRUMENT | F5 | 07/14/2016 | Plea Not Guilty | 06/27/2019 | Dism by DA | 07/18/2019 | |
| 14 | 18-4-401(1),(2)(g) THEFT-$5,000-$20,000 | F5 | 03/06/2016 - 10/31/2016 | Plea Not Guilty | 06/27/2019 | Dism by DA | 07/18/2019 | |

1 - 14 of 14

---

### Sentence

**Case Number:** 2019CR000782     **Division:** 5D
**Count 1:** 18-4-401(1),(2)(i) THEFT-$100,000-$1,000,000     **Judicial Officer:** Michael James Vallejos
**Class:** F3     **Court Location:** Denver County - District
**Disposition:** Dfrd Sentence

| Sentence Date: 07/18/2019 | Sentence Type: Deferred Sentence Granted | Sentence Status: Active |
|---|---|---|
| Victims Assistance Fund  163.00  Dollar Amount | | |
| Victim Compensation Fund  163.00  Dollar Amount | | |
| Genetic Testing Surcharge  2.50  Dollar Amount | | |
| Public Defender Accts Rcvable  25.00  Dollar Amount | No Consecutive / Concurrent sentences. | |
| Request for Time to Pay  25.00  Dollar Amount | No Comments | |
| Restorative Justice Surcharge  10.00  Dollar Amount | | |
| Deferred Sent - Unsupervised  3.00  Year(s) | | |
| Restitution  30000.00  Dollar Amount | | |

Close

APP036