Case 3:23-cv-00455-S   Document 24   Filed 05/30/23   Page 1 of 15   PageID 296

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:23-cv-455-S |
| | § | |
| WILLIAM FRANCIS, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT WILLIAM FRANCIS'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO SEAL AND BRIEF IN SUPPORT**

   Cortney C. Thomas
    Texas Bar No. 24075153
    cort@brownfoxlaw.com
   Charlene C. Koonce
    Texas Bar No. 11672850
    charlene@brownfoxlaw.com
   Andrew C. Debter
    Texas Bar No. 24133954
    andrew@brownfoxlaw.com
   BROWN FOX PLLC
   8111 Preston Road, Suite 300
   Dallas, TX  75225
   Tel. 214.327.5000
   Fax. 214.327.5001

   *Attorneys for Defendant William Francis*

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. FACTUAL BACKGROUND ................................................................................................ 2

III. ARGUMENT & AUTHORITIES ......................................................................................... 3

    A. Legal Standard for Sealing Judicial Records ............................................................ 3

    B. Ferrari Fails to Overcome the Presumption of Access for Judicial Records .......... 4

        1. Neither Ferrari's "Right to Privacy" Nor Cases Interpreting FOIA Satisfy His Burden ......................................................................................... 4

        2. Ferrari Has Provided the Context He Contends is Absent, while Ignoring the Practical Evidentiary Consequences of Sealing His Criminal Records ........................................................................................ 6

    C. The Court Should Not Defer to the Colorado Sealing Order, which has No Bearing on This Proceeding ..................................................................................... 8

IV. CONCLUSION .................................................................................................................... 11

## **TABLE OF AUTHORITIES**

**Cases**

*White v. Thomas*
   660 F.2d 680 (5th Cir. 1981), *cert. denied*, 455 U.S. 1027 (1982) ............................................. 4

*Binh Hoa Le v. Exeter Fin. Corp.*
   990 F.3d 410 (5th Cir. 2021) ................................................................................................ 3, 5, 9

*Romero v. Drummond Co., Inc.*
   480 F.3d 1234 (11th Cir. 2007) .................................................................................................. 7

*Cline v. Rogers*
   87 F.3d 176 (6th Cir. 1996) ..................................................................................................... 4, 5

*Cox Broad. Corp. v. Cohn*
   420 U.S. 469 (1975) ..................................................................................................................... 5

*Cutshall v. Sundquist*
   193 F.3d 466 (6th Cir. 1999) ....................................................................................................... 6

*Federal Savings & Loan Ins. Corp. v. Blai*
   808 F.2d 395 (5th Cir. 1987) ....................................................................................................... 3

*Jaufre ex rel. Jaufre v. Taylor*
   351 F. Supp. 2d 514 (E.D. La. 2005) .......................................................................................... 6

*June Med. Services, L.L.C. v. Phillips*
   22 F.4th 512 (5th Cir. 2022) ..................................................................................... 3, 4, 5, 8, 9, 10

*Leopold v. US*
    964 F.3d 1121 (D.C. Cir. 2020) ................................................................................................. 3

*Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*
   998 F.2d 157 (3d Cir. 1993) ........................................................................................................ 6

*Martin v. Hearst Corp.*,
   777 F.3d 546 (2d Cir. 2015) ...................................................................................................... 10

*Martin v. Hearst Corp.*,
   2013 WL 5310165 (D. Conn. Aug. 5, 2013), *aff'd*, 777 F.3d 546 (2d Cir. 2015) .................... 10

*Paul v. Davis*
   424 U.S. 693 (1976) ..................................................................................................................... 4

*SEC v. Van Waeyenberghe*
   990 F.2d 845 (5th Cir. 1993) ................................................................................................... 3, 9

*U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*
    489 U.S. 749 (1989) ............................................................................................... 5, 6

*Weber v. Fernandez*
    2019 WL 1395796 (Tex. App.—Fort Worth Mar. 28, 2019, no pet.) ........................ 7

*Whalen v. Roe*
    429 U.S. 589 (1977) ..................................................................................................... 4

*Williams v. Cordillera Commc'ns, Inc.*
    26 F. Supp. 3d 624 (S.D. Tex. 2014) .......................................................................... 7

**Other Authorities**

8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus
    *Federal Practice and Procedure* § 2035 (2d ed. 1994) .............................................. 7

Hon. Gregg Costa, *Federal Appellate Judge: Too Many Sealed Documents*
    Nat'l Law J. (Feb. 15, 2016) ....................................................................................... 3

Defendant William Francis ("Francis") files this Response in opposition to Plaintiff Adam Ferrari's ("Ferrari") Motion to Seal and Brief in Support [Dkt. 13] and respectfully shows the Court as follows.

## I.     INTRODUCTION

In seeking to seal criminal records that prove the truth of many of the statements Ferrari contends are defamatory and which Ferrari put in issue by filing this lawsuit, Ferrari fails to overcome the presumption of public access to judicial records, which governs his Motion.

This lawsuit is the second filed against Mr. Francis for purportedly defamatory statements about Ferrari. As in the first case, Francis seeks a swift dismissal.[1]  Francis moved to dismiss Ferrari's Amended Complaint, requesting judicial notice of Ferrari's criminal record documents, which are publicly available in the State Court Case and show the truth of each allegedly defamatory statement regarding Ferrari's status as a felon.  After putting the truth of those statements in issue, Ferrari now seeks to seal his criminal records and conceal them from public view.  In so doing, Ferrari invokes his nebulous constitutional "right to privacy," which does not protect disclosure of criminal records, relying principally on a Freedom of Information Act case that has no application here.  The Motion also ignores that the documents he asks this Court to seal are publicly available elsewhere.  The Court should deny the Motion.

---

[1] Through Phoenix Capital Group Holdings, LLC, an entity founded and controlled by Ferrari, Ferrari asserted similar claims against Mr. Francis and the entity for which Francis serves as the Managing Partner, Incline Energy Partners, LP.  That case, *Phoenix Capital Group Holdings, LLC v. William Francis and Incline Energy Partners, LP*, is pending in the Dallas Court of Appeals, as Appeal No. 05-22-01260-CV (the "State Court Case").  The case in the trial court is Cause No. DC-22-06350, in the 116th Judicial District Court for Dallas County. As demonstrated by records on file in the State Court Case which this Motion seeks to seal, Ferrari is, factually, a felon.  Based on that undeniable fact and other issues, the trial court in the State Court case, granted in part, a motion to dismiss the claims asserted there based on the Texas Citizen's Participation Act.  An appeal, seeking dismissal of the case in its entirety, is pending. Ferrari's Complaint in this case was filed on the same day Phoenix filed its Appellee's brief in the State Court Case.

– 1 –

## II.     FACTUAL BACKGROUND

1. Ferrari filed his Original Complaint on February 28, 2023, asserting a single claim for defamation, libel and slander (collectively "defamation") and alleging that Francis defamed him by stating, among other things, that Ferrari is a felon.  Dkt. 1.

2. After Francis filed a motion to dismiss [Dkt. 6], Ferrari responded by amending his complaint. Dkt. 7.

3. Francis then filed a renewed motion to dismiss [Dkt. 9], attaching for the Court's consideration based on judicial notice, publicly available documents from the State Court Case evidencing Ferrari's plea to a felony.[2]  Dkt. 10.

4. Francis obtained those records prior to the issuance of any sealing order, through discovery undertaken in prior litigation with Ferrari and his company. Dkt. 10 pp. 4-6.

5. Although Ferrari moved to seal the records in the State Court Case, he waited two months after they were filed to do so, and the District Court has not ruled on his motion.

6. Ferrari now moves to seal his criminal records [Dkt. 13], while admitting the fact of their existence as well as the fact of his confession to a felony. *Id.* at p. 2 ("On January 29, 2019, an arrest warrant in case number 19CR00782 was filed in Denver, County, Colorado, seeking the arrest of Mr. Ferrari for various alleged criminal acts. On February 7, 2019, Mr. Ferrari was booked by the Denver Police. On July 26, 219, Mr. Ferrari pled guilty to one count of theft in exchange for the dismissal of several remaining charges.").

---

[2] Although Ferrari moved to seal the records in the State Court Case, he waited more than two months to do so, and the records are pivotal to the claims in the State Case as well, because there, Phoenix contends it was defamed by Francis's assertion that Ferrari, a felon, also serves as Phoenix's CEO.  The state court cannot decide that case without considering Ferrari's criminal records, which demonstrate the truth of the only defamatory component of the statement.

7.  In support of his Motion, Ferrari himself filed an appendix attaching other documents included in his criminal record. Dkt. 14.

### III.  ARGUMENT & AUTHORITIES

**A.  Legal Standard for Sealing Judicial Records**

"Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). "And '[t]he public's right of access to judicial records is a fundamental element of the rule of law.'" *June Med. Services, L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (quoting *Leopold v. United States (In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders)*, 964 F.3d 1121, 1123 (D.C. Cir. 2020)); *see also Binh Hoa Le*, 990 F.3d at 417 (describing the presumption of openness as "Law 101" and tracing it back to Roman law and English common law). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). Under this standard, "the working presumption is that judicial records should not be sealed." *June Med. Services, L.L.C.*, 22 F.4th at 521. Thus, the Fifth Circuit has repeatedly stated its view that it "heavily disfavor[s] sealing information placed in the judicial record." *Id.* at 519-20; *Binh Hoa Le*, 990 F.3d at 418 ("In our view, courts should be ungenerous with their discretion to seal judicial records . . . ."); *Van Waeyenberghe*, 990 F.2d at 848 ("Although the common law right of access to judicial records is not absolute, 'the district court's discretion to seal the record of judicial proceedings is to be exercised charily.'" quoting *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)); *see also* the Hon. Gregg Costa, *Federal Appellate Judge: Too Many Sealed Documents*, Nat'l Law J. (Feb. 15, 2016) ("[The] unjustified sealing of court records happens all too often.").

Moreover, courts have no discretion to seal already publicly available documents. *See June Med. Services, L.L.C.*, 22 F.4th 520. ("In the context of publicly available documents, those *already* belong to the people, and a judge cannot seal public documents merely because a party seeks to add them to the judicial record."). "Publicly available information cannot be sealed." *Id.*

**B.     Ferrari Fails to Overcome the Presumption of Access for Judicial Records**

Ferrari invites the Court to seal records that are already publicly available and relies on his constitutional right to privacy, a case that interprets a FOIA exemption, and practical concerns regarding the public's "misinterpretation" of the records at issue. None of Ferrari's arguments or justifications warrant sealing the documents that he has placed squarely at issue.

**1.     Neither Ferrari's "Right to Privacy" Nor Cases Interpreting FOIA Satisfy His Burden**

Ferrari moves to seal the records regarding his prior criminal history, arguing that his interest in keeping them private outweighs the presumption of public access to judicial records. Dkt. 13 pp. 6–10. Specifically, Ferrari invokes his constitutional "right to privacy" based on "disclosure of personal matters." Dkt. 13 p. 6 (citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)). However, no such constitutional right precludes public access to criminal records. *See Paul v. Davis*, 424 U.S. 693, 713 (1976) (rejecting constitutional right to privacy argument in the context of a disclosure of the plaintiff's criminal history and holding that no constitutional right prevented "disclosure of the fact of his arrest on a shoplifting charge"); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996) ("[T]here is no constitutional right to privacy in one's criminal record."). *Accord White v. Thomas*, 660 F.2d 680, 686 (5th Cir. 1981), *cert. denied*, 455 U.S. 1027 (1982) ("Any rights that might have grown out of an expungement order . . . are not . . . privacy rights entitled to constitutional protection").

Indeed, Ferrari does not offer a single authority in which a court determined that a person's privacy right over their prior criminal history, if such a right exists at all, overcomes the presumption of public access to judicial records. *See June Med. Services, L.L.C.*, 22 F.4th at 521; *see also Binh Hoa Le*, 990 F.3d at 417 (contrasting cases where sealing is warranted, such as where they involve "sensitive information that, if disclosed, could endanger lives or threaten national security" or where there is a need to "protect[] trade secrets or the identities of confidential informants" with "run-of-the-mill cases where the parties simply prefer to keep things under wraps"). Moreover, Ferrari's assertion that his past misdeeds and criminal history are a merely "personal matter,"[3] also fails to provide a compelling reason sufficient to overcome the presumption against sealing. *See Cline*, 87 F.3d at 179 ("[O]ne's criminal history is arguably not a private 'personal matter' at all[.]"); *see also Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 492 (1975) (stating, in the First Amendment "public concern" doctrine context, that "commission of crime, prosecutions resulting from it, and judicial proceedings arising from the prosecutions, however, are without question events of legitimate concern to the public").

Ferrari's reliance on *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749 (1989) does not support *sealing* the criminal records at issue here. Ferrari argues the case demonstrates an "understanding that a person's law enforcement records are sensitive and private to the extent that disclosing would be an invasion of that persons' privacy." Dkt. 13 p. 7. But, as Ferrari concedes, "*Freedom of Press* was in regard to a [Freedom of Information Act (FOIA)] request," in which records the FBI maintains confidentially were sought by a news organization. Dkt. 13 p. 7. The court affirmed rejection of the FOIA request on the grounds that a FOIA exemption evidenced a "congressional intent to protect the privacy of rap-sheet subjects," most

---

[3] Dkt. 13 p. 7.

states' "nondisclosure of compiled computerized information." *Id.* at 765–66. Thus, to the extent *Freedom of Press* discusses a privacy right against disclosure of criminal records, it does so in the context of a computerized collection of such records used by law enforcement agencies, while interpreting a statute and an exemption to that statute, which has no bearing in this case. *Freedom of Press*, 489 U.S. at 771 (quoting 5 U.S.C. § 552(b)(7)(C)). The holding does not reach beyond the FOIA context, and any discussion in *Freedom of Press* of a broader or constitutional right against disclosure of criminal records was mere dicta. *See Cutshall v. Sundquist*, 193 F.3d 466, 481 (6th Cir. 1999) ("Although the Court made references to the possibility of a constitutional right to keep private matters from being publicly disclosed, any reference made to this possible right was mere dicta.").

Ferrari's legal theory for sealing his criminal records rests on a constitutional right that does not exist in this context and a statutory right that does not apply. These arguments accordingly fail to satisfy his burden to overcome the presumption of public access. *See Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 516 (E.D. La. 2005) (citing *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir. 1993)) ("[T]he party seeking to overcome the presumption of access bears the burden of showing that the interest in secrecy outweighs the presumption.").

        **2.    Ferrari Has Provided the Context He Contends is Absent, while Ignoring the Practical Evidentiary Consequences of Sealing His Criminal Records**

Ferrari's practical arguments in support of sealing fare no better. Implicitly acknowledging the truth and authenticity of his criminal records, Ferrari argues that letting them remain on the Court's docket would cause him harm because they "do[] not provide the context needed to understand the full picture." Dkt. 13 p. 7. That concern is unpersuasive because Ferrari has supplemented the record with precisely the documentation that he stated would be necessary to

– 6 –

provide the full context. Dkt. 14-1 (order approving Ferrari's Deferred Judgment and Sentence); Dkt. 14-2 (order granting motion of early termination of deferred sentence); Dkt. 14-3 (order to seal criminal justice records); *see* Motion to Seal, Dkt. 13 p. 7 (stating that the "full picture" context for the criminal records "includes Mr. Ferrari's plea withdrawal, early termination, and charge dismissal").

Ferrari further argues he will be harmed based on the risk that the public will misinterpret the criminal records[4] or generally think less of him. Dkt. 13 pp. 7–8. The generalized risk of reputational harm is insufficient to outweigh the presumption of public access to judicial records especially given that Ferrari put the truth of his criminal history at issue by asserting defamation claims dependent on the truth of his criminal history. Ferrari's criminal history is central to the merits of this case, which cuts against sealing the criminal records. *Cf. Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2035 (2d ed. 1994)) ("Decisions less central to merits resolutions implicate lesser right-to-access considerations.").

Notably, Ferrari has also requested a jury. Should the Court grant Ferrari's request to redact or seal all "references to Mr. Ferrari's sealed criminal records," [Dkt. 13 p. 13] such a ruling could burden and prejudice Francis in future proceedings, including at trial. Indeed, because Ferrari's past criminal records lie at the heart of this dispute and are intertwined with the merits of

---

[4] The public is unlikely to misinterpret the criminal records because they show that Ferrari is factually a felon. Ferrari continues to deny criminal culpability based on his carefully worded and misleading statement that he "was never convicted of any crime." Dkt. 13 p. 8. But the criminal records show—and Ferrari has now admitted—that he "pled guilty to one count of theft," which was a felony charge. Dkt. 13 p. 2. That undisputed fact alone precludes any liability for defamation based on statements about Ferrari's felony status. *See Williams v. Cordillera Commc'ns, Inc.*, 26 F. Supp. 3d 624, 631 (S.D. Tex. 2014) ("Whether guilt is confessed or guilt is pled, the reputation-damaging fact is being guilty of the crime."); *see also Weber v. Fernandez*, No. 02-18-00275-CV, 2019 WL 1395796, at *11 (Tex. App.—Fort Worth Mar. 28, 2019, no pet.) (mem. op.) (finding substantial truth in statement that plaintiff was a "convicted criminal" although plaintiff pleaded guilty and confessed crime rather than being convicted).

– 7 –

his defamation claim, such a ruling would likely necessitate sealing a substantial portion of the docket and create thorny but wholly unnecessary evidentiary issues at trial.

Moreover, Ferrari's own recounting of the factual background substantially and publicly admits the key facts laid out in the criminal record. Dkt. 13 pp. 2–3. For example, Ferrari's Motion lays out the following facts: (1) "[o]n January 29, 2019, an arrest warrant in case number 19CR00782 was filed in Denver, County, Colorado, seeking the arrest of Mr. Ferrari for various alleged criminal acts;" (2) "[o]n February 7, 2019, Mr. Ferrari was booked by the Denver Police;" (3) "[o]n July 26, 2019, Mr. Ferrari pled guilty to one count of theft in exchange for the dismissal of several remaining charges." Dkt. 13 p. 2. This begs the question of how disclosure of Ferrari's criminal records harms his interests since he has now admitted much of the same information publicly.[5]

Ferrari's asserted interest in nondisclosure do not outweigh the presumption of the public's right of access to judicial records, and he has failed to demonstrate entitlement to the sealing order he requests.

**C.    The Court Should Not Defer to the Colorado Sealing Order, which has No Bearing on This Proceeding**

Ferrari also argues that because his criminal records were sealed pursuant to Colorado state law, the Court "should honor the Colorado Sealing Order and order the same records to be sealed here." Dkt. 13 p. 10. Noting that the Colorado state court was a "Court of competent jurisdiction" Ferrari appears to invoke a quasi res judicata or deference argument in favor of sealing. Dkt. 13 pp. 10–11. Ferrari cites no case for this novel idea, and this Court should reject it for at least three reasons.

---

[5] *See June Med. Services, L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022) (holding that "publicly available information cannot be sealed."). Ferrari's criminal records are also publicly available in the State Court Case docket.

First, contrary to Ferrari's assertion, the standards are by no means "substantially similar if not identical."[6] Dkt. 13 p. 11. The federal standard for sealing judicial records—unlike Colorado law for sealing criminal records—includes a "working presumption" of public access, and Fifth Circuit precedent counsels district courts to "heavily disfavor sealing information placed in the judicial record." *June Med. Services, L.L.C.*, 22 F.4th at 519. In other words, the federal standard puts a thumb on the scale in favor of access,[7] which differs substantially from the Colorado standard. Even further, the federal standard for sealing judicial documents (again, unlike Colorado state law regarding sealing criminal records) requires "document-by-document, line-by-line" review and "any sealing . . . must be congruent to the need." *June Med. Services, L.L.C.*, 22 F.4th at 520.

Second, Colorado's sealing of Ferrari's criminal merely removes the "publicly available" barrier; it does not decide the issue for this Court. Ferrari's deference argument suggests that before the Colorado court sealed his criminal records all options were on the table, but now that it has done so, this Court must follow suit and "honor" the Colorado Seal order. In reality, the opposite is true. Before the Colorado court sealed Ferrari's records, they were publicly available, and therefore any seal at that time would have been improper.[8] *See June Med. Services, L.L.C.*, 22 F.4th 520. ("Publicly available information cannot be sealed."). Practically speaking, far from deciding the issue for this Court, Colorado's arguable removal of the "publicly available" barrier

---

[6] Ferrari's basis for this statement appears to be that both standards involve interest "balancing." *See* Dkt. 13 p. 11.

[7] *See Binh Hoa Le*, 990 F.3d at 418 (stating that "courts should be *ungenerous* with their discretion to seal judicial records") (emphasis added); *see also Van Waeyenberghe*, 990 F.2d at 848 (stating that "the district court's discretion to seal the record of judicial proceedings is to be exercised *charily*.") (emphasis added).

[8] Indeed, newspapers published in Colorado reported about Ferrari's indictment and plea deal. *See* APP001-005, Exhibit A, Joe Moylan, *Former oil and gas royalty firm CEO Adam Ferrari pleads guilty to felony theft, receives deferred sentence*, Greeley Tribune, Aug. 8, 2019; APP006-012, Exhibit B, Joe Moylan, *Denver CEO of oil and gas firm accused of defrauding Weld County landowner*, Denver Post, Feb. 19, 2019.

– 9 –

merely returns the analysis to the baseline test that favors access, while "balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* at 521.

Third, the context for this motion differs significantly from the circumstances the Colorado court considered. As already discussed, *see supra* pp. 7–8, Ferrari put his criminal history at issue by asserting defamation claims based on statements about his criminal history. Unlike the Colorado court, this Court must consider the degree to which Ferrari's criminal records overlap with the merits of his defamation claim, as well as the possibility that sealing them could hamstring future proceedings.

Although Ferrari's satisfaction of his plea deal and the subsequent dismissal of the felony charge to which he confessed resulted in a legal fiction that his confession did not occur, neither that plea deal, nor any sealing order change the status of Ferrari's status as a felon for purposes of a defamation claim. *See Martin v. Hearst Corp.*, 777 F.3d 546, 551 (2d Cir. 2015) ("Erasure statute" by which former arrest records are deemed never to have occurred "creates legal fictions, but it does not and cannot undo historical facts or convert once-true facts into falsehoods."). *Martin v. Hearst Corp.*, No. 3:12CV1023 MPS, 2013 WL 5310165, at *3 (D. Conn. Aug. 5, 2013), *aff'd*, 777 F.3d 546 (2d Cir. 2015) ("Erasure statute" by which an arrest and charges were deemed not to have occurred following satisfaction of plea deal and dismissal of charges did not support "history-altering interpretation" as alleged by defamation plaintiff). This analysis, key in this case, was not a factor in the Colorado Court's decision to seal records the import of which Ferrari denies here. Ferrari, not Francis, filed this lawsuit. Ferrari, not Francis, denies the truth of his status as a felon, a fact subject to proof based on records that are currently in the public record based on their inclusion in the State Court docket.

## IV. CONCLUSION

Ferrari has not satisfied the high burden required to seal publicly available documents, or even to justify a seal for "personal" or "private" documents, if his criminal records satisfied that burden. He ignores his role in placing these records squarely in issue, as well as the evidentiary and practical concerns that would arise from an order sealing them. Nor does he justify a sealing order, greatly disfavored in federal law, by relying on the Colorado court's procedure and order, which gave no consideration to the factors at play here. The Court should deny the Motion.

Respectfully submitted,

By: */s/ Andrew C. Debter*
Cortney C. Thomas
 Texas Bar No. 24075153
 cort@brownfoxlaw.com
Charlene C. Koonce
 Texas Bar No. 11672850
 charlene@brownfoxlaw.com
Andrew C. Debter
 Texas Bar No. 24133954
 andrew@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX  75225
Tel. 214.327.5000
Fax. 214.327.5001

*Attorneys for Defendant William Francis*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary because this document is being filed with the Court's electronic-filing system.

*/s/ Charlene C. Koonce*
Charlene C. Koonce