IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:23-cv-455-S |
| | § | |
| WILLIAM FRANCIS, | § | |
| | § | |
| Defendant. | § | |

**WILLIAM FRANCIS'S REPLY IN SUPPORT OF**
**<u>MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

Respectfully submitted,

Cortney C. Thomas
 Texas Bar No. 24075153
 cort@brownfoxlaw.com
Charlene C. Koonce
 Texas Bar No. 11672850
 charlene@brownfoxlaw.com
Andrew C. Debter
 Texas Bar No. 24133954
 andrew@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX  75225
Tel. 214.327.5000
Fax. 214.327.5001

*Attorneys for Defendant William Francis*

Defendant William Francis ("Francis") files this Reply in support of his Motion to Dismiss (Dkt. 9, "the Motion") all claims asserted by Adam Ferrari ("Ferrari").

### SUMMARY

Ferrari contends the Court should not judicially notice his criminal records, complaining the records are "incomplete" while providing documents he contends are missing and directing the Court to additional documents that confirm the authenticity of the records. Because Ferrari's criminal records are publicly available elsewhere and their authenticity is undisputed, the Court should judicially notice them.

Ferrari's criminal records also evidence the same admission in his briefing—that he pleaded guilty to a felony. The mere existence of Ferrari's plea, which is an appropriate subject of judicial notice, establishes the substantial truth of the core fact at issue, which in turn demonstrates that Ferrari's claims lack plausibility. And Ferrari's repeated appeals to "context" fail to cure the defects in other alleged statements underlying his defamation claim, which are either statements of opinion or not defamatory with respect to Ferrari. Finally, damages per se are unavailable and Ferrari's conclusory damages allegations fail the plausibility standard. The Court should dismiss the Amended Complaint.

**A.   Ferrari's Prior Criminal Records Are Appropriate for Judicial Notice**

Ferrari argues that the Court should not take judicial notice of his criminal records, asserting: (1) Francis's request for judicial notice improperly "relies on the contents of these records" rather than their existence; and (2) the criminal records "cannot clear Rule 201's indisputability hurdle." Dkt. 16 ("*Response*"), pp. 8–11. Both arguments fail.

First, Francis need not rely on the truth of specific facts contained within the records as

prohibited by *Lovelace* and *Kaye*.[1] Instead, the *existence* of Ferrari's guilty plea establishes his felony status. For this reason, courts regularly approve judicial notice of plea agreements. *See Scholes v. Lehmann*, 56 F.3d 750, 762 (7th Cir. 1995) (concluding district court properly took notice of a plea agreement); *see also Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (collecting cases); *United States v. Chang*, 633 F. App'x 601, 602 (5th Cir. 2016) ("The documents from Chang's criminal case and immigration proceedings were properly subject to judicial notice."); *Ahmadi v. Jones*, No. 4:14-CV-730-O, 2016 WL 10935636, at *2 (N.D. Tex. Oct. 25, 2016), *aff'd*, 702 F. App'x 233 (5th Cir. 2017) ("This Court takes judicial notice of the records of the Court in [the underlying criminal case].") (citing FED. R. EVID. 201(b)(2) and (c)(1)); *Edelmann v. Keffer*, No. 4:10-CV-561-Y, 2011 WL 3929987, at *1 (N.D. Tex. Sept. 7, 2011), *aff'd*, 481 F. App'x 966 (5th Cir. 2012) (same).

Although Ferrari's arguments against judicial notice focus on the "truth" of facts underlying the charges against him (which are also undeniably evidenced by his criminal records), only the fact that the guilty plea exists, like the existence of the judicially noticed statements in *Lovelace,* have relevance at this juncture. The Court need not judicially notice the facts underlying or the fairness of Ferrari's indictment or guilty plea. The Court need only consider the existence of Ferrari's guilty plea to felony charges, a matter of public record,[2] to conclude that a statement that Ferrari is a felon is true in its gist because, convicted or confessed, Ferrari *is* a felon.[3]

---

[1] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996) (approving judicial notice of the contents of publicly filed documents, and thus the existence of statements or omissions in those documents, to evaluate 12(b)(6) motion challenging plausibility of claims that defendant made misleading statements or omissions); *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 665 (N.D. Tex. 2011) ("The Court agrees that it may take judicial notice of the affidavits in order to determine what statements they contain, and hereby takes such notice."). Ferrari does not request that the Court judicially notice the assertions in the Schroeder Declaration except that it, together with its attachments which are separately subject to judicial notice, are publicly available documents and are authentic.

[2] Ferrari also admitted the fact of his guilty plea in his briefing on the motion to seal. Dkt. 13 p. 2 ("On July 26, 2019, Mr. Ferrari pled guilty to one count of theft in exchange for the dismissal of several remaining charges.").

[3] *See Williams v. Cordillera Commc'ns, Inc.*, 26 F. Supp. 3d 624, 631 (S.D. Tex. 2014) ("Whether guilt is confessed

Judicially noticing the existence of public records, indeed records from another court's docket, for this purpose is appropriate.

Second, Ferrari's criminal records clear the "indisputability hurdle." Ferrari has not disputed the accuracy of the records, nor could he: his motion to seal independently confirms the authenticity of the records.[4] Instead, Ferrari objects the criminal records are not complete, essentially arguing that the existence of additional documents—his discharge following satisfaction of his plea—negates either the existence or truth of the plea. Dkt. 13 p. 11. *Kaye* prohibits use in this manner. The existence of a record evidencing Ferrari's satisfaction of his plea cannot be used to challenge the existence of the plea. Both records are subject to judicial notice, but the latter cannot be judicially noticed to erase, factually, the existence of the former. Finally, by supplementing the records on file in the Related State case, Ferrari has eliminated any "incomplete" objection.[5]

**B.    Resolution Based on Truth, Apparent From Judicially Noticed Documents, Is Appropriate**

In challenging truth as an affirmative defense, Ferrari also asserts the Motion improperly argues the merits of his claims. But evaluating plausibility based on an affirmative defense, including truth, is appropriate where, as here, the face of the complaint may be properly

---

or guilt is pled, the reputation-damaging fact is being guilty of the crime."); *see also Weber v. Fernandez*, No. 02-18-00275-CV, 2019 WL 1395796, at *11 (Tex. App.—Fort Worth Mar. 28, 2019, no pet.) (mem. op.) (finding substantial truth in statement that plaintiff was a "convicted criminal" although plaintiff pleaded guilty and confessed crime rather than being convicted).

[4] The criminal records that Ferrari filed were not "conveniently omitted." They were not in Francis's possession. The existence of the additional records from the same criminal proceeding, however, also demonstrate the authenticity of the records filed by Francis, and thus indisputability. Indeed, if the legitimacy of the records was in question, Ferrari would have moved to strike them pursuant to Rule 12(f).

[5] *See* Dkt. 14-1 (order approving Ferrari's Deferred Judgment and Sentence); Dkt. 14-2 (order granting motion of early termination of deferred sentence); Dkt. 14-3 (order to seal criminal justice records); *see* Motion to Seal, Dkt. 13 p. 7 (stating that the "full picture" context for the criminal records "includes Mr. Ferrari's plea withdrawal, early termination, and charge dismissal").

supplemented by judicially noticed facts. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 749 (5th Cir. 2019) (affirming 12(b)(6) dismissal premised on judicially noticed court records that negated the falsity of the alleged defamatory statements); *see also Gregory Duhon, M.D. v. Healthcare Prof'ls' Found. of La., et. al.*, No. CV 20-2022, 2022 WL 298844, at *3 (E.D. La. Feb. 1, 2022) (dismissing defamation claim under Rule 12(b)(6) based on court's consideration of extrinsic documents showing plaintiff's consent to defendant's publication of reports, which defeated plaintiff's allegation that alleged defamatory statements were not privileged). Ferrari does not address these authorities nor their directive that where publicly available documents subject to judicial notice evidence truth, dismissal at the 12(b)(6) stage is appropriate. Nor does *Encompass*, in which the court declined to consider truth as an affirmative defense, compel a contrary result because the defamation statement there was based on the "alleged false message conveyed by the statements, not on the literal truth of the Defendants' individual statements." *Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 959 (E.D. Tex. 2011). Here, Ferrari's claim rests on the alleged literal falsity of his role as a felon.

**C.     The Alleged Statements Related to Ferrari's Felony Status are True**

Ferrari does not address Francis's arguments that substantial truth, or truth in the "gist," defeats falsity.[6] *See Williams v. Cordillera Commc'ns, Inc.*, 26 F. Supp. 3d 624, 631 (S.D. Tex. 2014) ("Whether guilt is confessed or guilt is pled, the reputation-damaging fact is being guilty of the crime."). Ferrari wholly ignores the authorities that disallow him from changing a true statement into a false one by relying on satisfaction of a plea agreement. *See Martin v. Hearst Corp.*, 777 F.3d 546, 551 (2d Cir. 2015) ("The [Erasure] statute" by which former arrest records are deemed to have never occurred "creates legal fictions, but it does not and cannot undo historical

---

[6] *See* Motion, pp. 8-10.

facts or convert once-true facts into falsehoods."). As demonstrated above, because the Court can and should judicially notice Ferrari's guilty plea to a felony, it must also conclude that Francis has established truth as an affirmative defense to any claim dependent on the purported falsity of Ferrari's status as a felon. *See Anderson v. Octapharma Plasma, Inc.*, No. 19-CV-2311-D, 2020 WL 1083608, at *6–7 (N.D. Tex. Mar. 6, 2020) (granting 12(b)(6) dismissal of defamation claim based on truth).

D. **"Context" Does Not Render the Alleged Statements that Ferrari is Phoenix's CEO Defamatory**

Ferrari erroneously characterizes arguments that statements other than Ferrari's role as a felon are not defamatory, not defamatory as to Ferrari, or not actionable as opinion as affirmative defenses. *Motion* at pp. 11-13; *Response* p. 17. But defamatory meaning is an element of a defamation claim rather than an affirmative defense and presents a question of law appropriately considered at the motion to dismiss stage. *Parker v. Spotify USA, Inc.*, 569 F. Supp. 3d 519, 529 (W.D. Tex. 2021) (defamatory meaning is a question of law); *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015) (statement "defamatory as to the plaintiff" is an element of defamation). Here, the absence of defamatory meaning is apparent from Ferrari's allegations.

Ferrari further argues that the alleged statement "that 'Ferrari is Phoenix's CEO' is defamatory when read in context." *Response* pp. 17–19. Specifically, Ferrari contends that this statement was "made in conjunction with Francis'[s] statements that Ferrari is a felon or has been blacklisted in the industry" and that it "perpetuates" a "false narrative that Ferrari is in charge of some grand conspiracy to defraud and scam mineral owners." *Response* p. 17. These assertions, however, rely on Ferrari's felony status for defamatory import. But for those true statements, nothing negative or damaging to Ferrari's reputation arises from a statement that he is Phoenix's CEO. *See Parker*, 569 F. Supp. 3d at 533 (W.D. Tex. 2021) (reference to plaintiff as "unusual

witness" would not "impeach Plaintiff's honesty, integrity, virtue, or reputation," nor is any defamatory meaning inferable, objectively, from the statement). Dallas Morning News, Inc. v. Tatum, does not hold otherwise. 554 S.W.3d 614 (Tex. 2018). While *Tatum* counsels courts to "construe the publication as a whole in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive it," *id.* at 636, courts are not free to draw defamatory meaning from statements that are substantially true. *Id.* at 640 (concluding, even after the court had already held that the statement that the plaintiff acted deceptively was defamatory, that "to the extent that the column states that the Tatums acted deceptively, it is true").

**E.     The Alleged Statements that Ferrari was "Blacklisted" and that Phoenix is Ferrari's "Scam" Are Unverifiable Statements of Opinion**

Rather than rebutting Francis's arguments that certain statements—for instance that Ferrari was "Blacklisted" and that Phoenix is Ferrari's "Scam"—are not defamatory as a matter of law because they cannot be verified and thus constitute mere statements of opinion,[7] Ferrari contends Francis "argues the merits of the case at the wrong time" and "applies the wrong burden of proof." *Response* p. 18. Instead of addressing defamatory meaning, which is an element of his defamation claim, Ferrari buttresses his misdirection by citing cases about falsity.[8]

Whether a statement is fact or opinion, like defamatory meaning, is a matter of law for the court to decide. *Tatum*, 554 S.W.3d at 639 ("Whether a statement is an opinion is a question of law."). Thus, Francis's opinion versus fact argument rests on the legal sufficiency of the pleadings with respect to an element of Ferrari's claim, an issue the Court can and should determine at the motion to dismiss stage.[9]

---

[7] *Motion* pp. 13–14.

[8] The argument does not concern whether the alleged statements are true or false as such, but whether they are *verifiable* as false, one of the relevant tests for assessing defamatory meaning. *See Tatum*, 554 S.W.3d at 624 ("If a statement is not verifiable as false, it is not defamatory.").

[9] *See Carter v. Burlington N. Santa Fe LLC*, No. 4:15-CV-366-O, 2015 WL 11022766, at *10 (N.D. Tex. Oct. 9, 2015)

– 6 –

Ferrari further argues the statements are more than nonactionable opinions when considered in context. *Response* pp. 18–19. For example, Ferrari asserts a statement that "someone has been blacklisted in a specific jurisdiction to that person's potential investors and business associates would objectively be considered a statement of fact." *Response* p. 18. But the fact that the statement was made to "potential investors and business associates" adds nothing to make the statement either more "objective" or verifiable. Moreover, context does not typically prop up verifiability but instead is an *additional* hurdle that statements must pass even if they are verifiable. *See Tatum*, 554 S.W.3d 614, 624 (Tex. 2018) ("[E]ven when a statement *is* verifiable as false, it does not give rise to liability if the 'entire context in which it was made' discloses that it is merely an opinion masquerading as a fact." (quoting *Bentley*, 94 S.W.3d at 581)).

The Northern District of Texas recently considered a similar issue in *Garcia v. Delta Companies.* No. 3:20-CV-3194-X-BH, 2023 WL 2597896, at *1 (N.D. Tex. Mar. 22, 2023). In *Garcia*, the question was whether an allegedly defamatory statement that the plaintiff was "hard to reach" was a fact or opinion. *Id.* The *Garcia* court concluded that the statement was opinion because "no reasonable interpreter could say that the Delta representative conveyed an actual fact in saying that Garcia was 'hard to reach,'" even though it was possible to examine Delta's communications with Garcia. *Id.* As Judge Starr explained: "What constitutes '***hard*** to reach? Missing three phone calls? Missing four? Five? On top of any objectively verifiable facts—like the number of calls Garcia missed—the speaker must layer his own opinion about the amount of missed phone calls that renders a person 'hard to reach.'" *Id.*

---

(dismissing defamation claim under 12(b)(6) motion and finding that the alleged statement concerning a co-worker's negative performance were opinions and were not defamatory); *Anderson v. Gen. Motors, LLC*, No. 4:17-CV-672-A, 2017 WL 5891804, at *7 (N.D. Tex. Nov. 28, 2017) (same); *Barnett v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, No. 5-22-CV-00818-FB-RBF, 2023 WL 3605323, at *5 (W.D. Tex. May 2, 2023), *report and recommendation adopted sub nom. Barnett v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, No. CV SA-22-CA-818-FB, 2023 WL 3612339 (W.D. Tex. May 23, 2023) (same).

Similarly, here, it is impossible to verify whether Ferrari was in fact blacklisted in Colorado because of the inherent subjectivity as to the requisite scale of group boycott necessary to constitute a "blacklist." Even accepting the possibility of identifying specific oil and gas firms or owners in Colorado that refuse to work with Ferrari, the speaker still must incorporate her own opinion about how many such firms would reach a critical mass so as to render a person "blacklisted." In other words, "Ferrari has been blacklisted in the industry" is a statement of opinion.[10]

### F.  The Alleged Statements That Phoenix is Violating SEC Regulations Are Not Defamatory With Respect to Ferrari

Ferrari argues that "the statement that Phoenix is violating federal regulations by employing Ferrari as its CEO because Ferrari is a felon . . . *is* about Ferrari" because it "concerns Phoenix breaking federal regulations by employing Ferrari, falsely stated to be a convicted felon, as its CEO." *Response,* p. 19. Thus, Ferrari contends that the SEC statement is defamatory concerning himself because it accuses Phoenix of wrongdoing based on Phoenix's association with Ferrari, a felon. Notably, the only defamatory aspect of the statement concerning Ferrari, however, rests on his felony status. *See Response* p. 20 ("Francis'[s] statement literally refers to Mr. Ferrari by name and calls him a felon."). But again, the truth of that part is evident from Ferrari's guilty plea. *See supra*, Part C. The SEC statement does not allege any wrongdoing by Ferrari beyond his felony status. *See In re Lipsky*, 460 S.W.3d at 593 (actionable defamation requires a statement that is "defamatory concerning the plaintiff"). Phoenix's alleged wrongdoing does not injure Ferrari's reputation, nor does Ferrari plead any such contention. Thus, to the extent the defamation claim rests on this alleged statement, the claim lacks plausibility.

---

[10] Nor does vagueness create an ambiguity requiring a jury to decide what the statement means. As the Texas Supreme Court held: "whether 'language is ambiguous' and whether the same language is 'reasonably capable of defamatory meaning' are not technically the same question." Thus, "[i]f the statement is not reasonably capable of a defamatory meaning, the statement is not defamatory as a matter of law and the claim fails." "This remains true even if the statement is otherwise ambiguous." *Tatum*, 554 S.W.3d at 632.

### G.     Ferrari's Conclusory Damages Allegations Are Insufficient

Ferrari argues he has adequately pleaded damages because (1) the damages allegations in the Amended Complaint "pled sufficient facts" to meet federal pleading standards and (2) the alleged statements "imputing criminality onto Ferrari" are defamatory per se and thus damages are presumed. *Response* pp. 20–22. Both arguments are incorrect.

The allegations Ferrari identifies either do not plead what he contends or are conclusory and thus still fail to adequately allege that he suffered actual damages. For example, Ferrari points to an allegation that the statements "damage[d] relations between Mr. Ferrari and potential investors." *Response* p. 21 (quoting Dkt. 7 ("*Am. Comp.*") ¶ 36) (alteration in original)). A closer examination of that allegation reveals that the Amended Complaint does not actually plead that the statements at issue caused any such damage to investor relations but instead alleges "upon information and belief" that such damage was the intended effect. *Am. Comp.* ¶ 36 ("[U]pon information and belief, Mr. Francis sent one of his slanderous packets to FIBT in order to further disparage Mr. Ferrari and damage relations between Mr. Ferrari and potential investors."). Further, this allegation does not provide any factual basis for any relationship between Ferrari, individually, and "investors" or whether and how any such "damaged relations" caused *Ferrari* actual monetary damages.[11]  Ferrari also identifies an allegation that the FINRA statement "has resulted in an unjustified, unnecessary, and unreasonable investigation of Mr. Ferrari and Phoenix by FINRA." *Response* p. 21 (quoting *Am. Comp.* ¶ 39). But this allegation also lacks an assertion that any investigation by FINRA caused Ferrari to suffer actual monetary damages or state how any such investigation harmed Ferrari's reputation. Finally, Ferrari contends that he adequately pleaded

---

[11] Notably, Francis' alleged interference with the FIBT transaction and funding sought by Phoenix was one basis for Phoenix's defamation and tortious interference claims.  *Phoenix Capital Group Holdings, LLC v. Francis,* Case No. 05-22-01260-CV. See *https://courtsportal.dallascounty.org/DALLASPROD/Home/WorkspaceMode?p=0*.

– 9 –

damages based on the allegation that "'Mr. Ferrari has suffered actual damages as a result of Mr. Francis'[s] ruthless business practices,' including that Ferrari's 'personal and business reputation' had been harmed." *Response,* p. 21 (quoting *Am. Comp.* ¶ 42). This allegation, however, is conclusory and lacks any factual support. *See Corrosion Prevention Techs, LLC v. Hatle*, No. 4:20-CV-2201, 2020 WL 6202690, at *6 (S.D. Tex. Oct. 22, 2020) (dismissing defamation claim because plaintiff failed to adequately plead damages where the allegations did not demonstrate "specific contracts or sales" that were lost as a result of the allegedly defamatory statements).

Finally, defamation per se, a claim for which damages are presumed, is unavailable here because the only alleged statements potentially rising to that level of severity are the true statements regarding Ferrari's felony status. *See Fiber Sys. Intern., Inc. v. Roehrs*, 470 F.3d 1150, 1161 (5th Cir. 2006) (imputation of a crime necessary to plead defamation per se "is met by a statement that "unambiguously and *falsely* imputes criminal conduct to" a party.") (emphasis added); *see also Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563, 581 (Tex. App.—Austin 2007, pet. denied) ("*A false statement* will typically be classified as defamatory per se if it . . . charges a person with the commission of a crime.") (emphasis added)) (internal quotations omitted)). Ferrari has not plausibly pleaded damages.

## CONCLUSION

Plaintiff's defamation claim is defectively pleaded or legally defective. Accordingly, Francis respectfully requests that the Court dismiss the Amended Complaint with prejudice,[12] and requests such other relief to which he may show himself justly entitled.

---

[12] The Court should deny Ferrari's request for leave to amend because amendment would be futile. *See* FED. R. CIV. P. 15(a)(2); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994). Amendment would fail to cure the defects identified here because Ferrari cannot change facts fundamental to his claims, such as his felony status and the absence of any disparaging implication arising from a statement that he serves as Phoenix's CEO. *See Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 353 (2022).

Respectfully submitted,

By: */s/ Charlene C. Koonce*
   Cortney C. Thomas
    Texas Bar No. 24075153
    cort@brownfoxlaw.com
   Charlene C. Koonce
    Texas Bar No. 11672850
    charlene@brownfoxlaw.com
   Andrew C. Debter
    Texas Bar No. 24133954
    andrew@brownfoxlaw.com
   BROWN FOX PLLC
   8111 Preston Road, Suite 300
   Dallas, TX  75225
   Tel. 214.327.5000
   Fax. 214.327.5001

*Attorneys for Defendant William Francis*

## CERTIFICATE OF SERVICE

    Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary because this document is being filed with the Court's electronic-filing system.

*/s/ Charlene C. Koonce*
Charlene C. Koonce