# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ADAM FERRARI | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-0455-S |
| | § | |
| WILLIAM FRANCIS | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Adam Ferrari's Motion to Seal ("Motion") [ECF No. 13]. The Court has reviewed and considered the Motion, Defendant William Francis's Response in Opposition to Plaintiff's Motion to Seal [ECF No. 24], and the applicable law. For the following reasons, the Court **DENIES** the Motion.

### I. BACKGROUND

Plaintiff brought this lawsuit because of Defendant's alleged "false and defamatory statements" regarding Plaintiff. Pl.'s First Am. Compl. [ECF No. 7] ¶ 24. Among other things, Plaintiff alleges that Defendant falsely informed various entities that Plaintiff is a convicted felon. *See, e.g., id.* ¶¶ 25-26. Plaintiff brought a cause of action for defamation, libel, and slander. *Id.* ¶¶ 34-42. Defendant moved to dismiss Plaintiff's claims. *See* Def.'s Mot. to Dismiss Am. Compl. [ECF No. 9]. Defendant attached materials from Plaintiff's Colorado criminal record to the Motion to Dismiss as Exhibits B-2 through B-9. *See* App. in Supp. of Def.'s Mot. to Dismiss Am. Compl. [ECF No. 10]. Specifically, Exhibits B-2 through B-9 include arrest warrant-related documents, a mugshot, an appearance bond, minute orders, docket sheets, and findings of fact as to Plaintiff's guilty plea. *Id.* at 3. These documents are currently under seal by order of the Denver District Court. Mot. 1; *see also* App. in Supp. of Pl.'s Mot. to Seal, Ex. C [ECF No. 14-3]. That court sealed Plaintiff's criminal record after Plaintiff completed a term of deferred adjudication. Mot. 1.

Seeking to continue to shield his criminal record from public access, Plaintiff filed the instant Motion, in which he asks the Court to: (1) seal Exhibits B-2 through B-9 to Defendant's Motion to Dismiss and (2) order the parties to file copies of their Motion to Dismiss briefing that redact any references to Plaintiff's criminal record.

## II. LEGAL STANDARD

Pursuant to Local Civil Rule 79.3(b), "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." No statute or rule requires or permits sealing here; therefore, the Court must determine whether sealing is warranted. The Court "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022). In determining whether a document should be sealed, the Court undertakes a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (internal quotation marks and citations omitted). This standard is "arduous," and the balancing test is stricter than it is at the discovery stage. *June Med. Servs.*, 22 F.4th at 521. "[T]he working presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419 (citation omitted).

## III. ANALYSIS

Turning first to the interests favoring non-disclosure, Plaintiff contends that the Constitution "affords an individual a privacy interest in avoiding the disclosure of certain personal matters." Mot. 6 (citation omitted). But the Court finds that Plaintiff's privacy interest is weak for four reasons. First, in support of this argument, Plaintiff cites only a United States Supreme Court case analyzing the privacy language in the Freedom of Information Act's ("FOIA") statutory

2

exemption provisions. *U.S. Dep't of Just. v. Reporters Committee for Freedom of Press*, 489 U.S. 749, 755-56 (1989). This case does not support Plaintiff's argument that he has a constitutional right to privacy with respect to his criminal record. "The question of the statutory meaning of privacy under the FOIA is, of course, not the same as the question whether . . . an individual's interest in privacy is protected by the Constitution." *Id.* at 762 n.13. And the case is distinguishable on the facts. The Supreme Court explicitly distinguished between the stronger privacy interest in "a computerized summary located in a single clearinghouse of information" and the weaker privacy interest in "public records that might be found after a diligent search of courthouse files, county archives, and local police stations." *Id.* at 764, 766. Plaintiff's criminal record is more akin to the latter than the former, and courts have found that individuals lack a constitutional privacy interest in similar circumstances. *See White v. Thomas*, 660 F.2d 680, 686 (5th Cir. 1981) (holding that any rights that "grow[] out of an expungement order . . . are not . . . privacy rights entitled to constitutional protection"); *Nilson v. Layton City*, 45 F.3d 369, 372 (10th Cir. 1995) ("An expungement order does not privatize criminal activity. . . . An expunged arrest and/or conviction is never truly removed from the public record and thus is not entitled to privacy protection.").

Second, Plaintiff has undermined his asserted privacy interest by publicly filing documents related to his criminal record, including a Motion and Stipulation for Unsupervised Deferred Judgment and Sentence that details his agreement to plead guilty to theft. *See* App. in Supp. of Pl.'s Mot. to Seal ("Pl.'s App."), Ex. A [ECF No. 14-1] 2. This disclosure also mitigates Plaintiff's concern that his "criminal record alone does not provide the context needed to understand the full picture." Mot. 7. Moreover, Plaintiff's Motion—which he does not seek to seal—recaps many of the facts reflected in the documents he argues should be sealed. *See, e.g.*, Mot. 2 (providing details regarding Plaintiff's arrest, booking, and guilty plea).

Third, the documents Plaintiff seeks to seal are currently available in the public record in *Phoenix Capital Group Holdings, LLC v. Francis*, No. DC-22-06350 (116th Dist. Ct., Dallas County, Tex.). "Even if these documents are later sealed . . ., the horse is out of the barn." *Lee v. Int'l Bus. Machs. Corp.*, No. 3:20-CV-3684-B, 2022 WL 1635648, at *1 (N.D. Tex. Mar. 9, 2022). "Publicly available information cannot be sealed." *June Med. Servs.*, 22 F.4th at 520.

Fourth, and finally, the fact that a Colorado court sealed the relevant documents does not establish a constitutional right to privacy. Plaintiff's records were sealed pursuant to Colorado Revised Statutes § 24-72-705. *See* Pl.'s App., Ex. C [ECF No. 14-3] 6. Colorado state law does not govern the analysis of whether to seal documents filed in federal court in Texas. Even if state law creates some expectation of privacy, it does not rise to the level of a constitutional right. *See Nunez v. Pachman*, 578 F.3d 228, 231-33 (3d Cir. 2009) (rejecting argument that state law created "a constitutional right of privacy in an expunged criminal record"). And the state court's sealing decision was made without consideration of the countervailing public interests that exist in active civil litigation, as discussed in more detail below. Thus, the Colorado court's decision to seal Plaintiff's criminal records, while lending some support to Plaintiff's assertion of a privacy right, does not establish a weighty constitutional right to privacy.

Weighing against Plaintiff's interest in non-disclosure is the public's right to access these documents. Removing these documents from public view and redacting all references to them in the briefing would undermine the public's ability to know the basis for the Court's decision on Defendant's Motion to Dismiss, as the documents form almost the entirety of Defendant's evidence in support of his Motion to Dismiss and both parties discuss Plaintiff's criminal record extensively in their briefing. *See BG v. Banks*, No. 4:16-CV-64-DMB-JMV, 2016 WL 7480402, at *1 (N.D. Miss. Dec. 29, 2016) ("Where, as here, the documents sought to be sealed are exhibits

to a dispositive motion, the weight afforded to the public's common-law right of access is necessarily greater." (citations omitted)). This interest is further heightened given the nature of this case, in which the fate of Plaintiff's claims hinges to some extent on the truth or falsity of Defendant's statements regarding Plaintiff's conviction of a crime. Whether Defendant's statements are false—a determination that relies at least in part on Plaintiff's criminal records—is directly relevant to the public. *See Warren v. Fed. Nat'l Mortg. Ass'n*, 932 F.3d 378, 384 (5th Cir. 2019) ("Truth is a defense against a charge of defamation . . . .").

In sum, the Court concludes that Plaintiff's privacy interests are insufficient to overcome the public's right to access the documents at issue. Plaintiff is not entitled to have the challenged documents sealed, and the Court will not order redaction of the parties' briefing.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion to Seal [ECF No. 13].

**SO ORDERED.**

SIGNED August 4, 2023.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**