IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:23-cv-455-S |
| | § | |
| WILLIAM FRANCIS, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant William Francis ("Francis") files this answer to Plaintiff Adam Ferrari's ("Ferrari") First Amended Complaint [Doc. 7] and asserts his affirmative defenses.

## PARTIES, JURISDICTION AND VENUE

1. Paragraph 1 contains no allegations against Francis, and therefore, no response is required. To the extent a response is required, Francis lacks sufficient knowledge to admit or deny the allegations in Paragraph 1; therefore, such allegations are denied.

2. Francis admits that he is a citizen of Texas and resides in Dallas County, Texas. Otherwise, Francis denies the allegations in paragraph 2.

3. Francis admits the parties are citizens of different states but denies the amount in controversy exceeds $75,000. To the extent paragraph 3 includes a legal conclusion or opinion, no answer is required.

4. Francis admits the Court has personal jurisdiction over him.

5. Francis admits the factual allegations of paragraph 5 regarding his residency but to the extent paragraph 5 includes a legal conclusion or opinion, no answer is required.

**STATEMENT OF FACTS**

6. Paragraph 6 contains no allegations against Francis, and therefore, no response is required. To the extent a response is required, Francis lacks sufficient knowledge to admit or deny the allegations in Paragraph 6; therefore, such allegations are denied.

7. Francis admits the allegations in paragraph 7, except denies that he is the Chief Executive Officer ("CEO") of Incline Energy Partners, L.P. ("Incline"). Francis is the Managing Partner of Incline.

    **A.    Mr. Francis' Pattern and Practice of Publishing False Statements about Mr. Ferrari.**

8. Francis denies the allegations in paragraph 8.

9. Francis admits that he sent the March 8, 2017, email attached to the Amended Complaint as Exhibit A. Otherwise, Francis denies the allegations in paragraph 9.

10. Francis admits that he sent the December 6, 2017, letter attached to the Amended Complaint as Exhibit B to GTCR. Francis denies that any information included in the letter was false and denies that any other information he has transmitted was false as to Ferrari, Mr. Francis also denies having sent any information to ANB Bank. Mr. Francis also denies the legal conclusion in paragraph 10 that any information he communicated as alleged was defamatory. Mr. Francis lacks sufficient information to admit or deny what Ferrari denies. Francis denies the remaining allegations in paragraph 10.

11. Francis denies that he created the website described in paragraph 11, or otherwise published the various lawsuits on the website. Francis admits he has sent the hyperlink to the referenced website to others. Mr. Francis denies that statements to the effect that Mr. Ferrari is a convicted felon or serves as Phoenix are false. Mr. Francis also denies the legal conclusion in paragraph 11 that any information he communicated was defamatory. Mr. Francis lacks sufficient

knowledge to admit or deny the remaining allegations in paragraph 11; therefore, such allegations are denied.

12.     Francis admits that he sent the November 14, 2018, email attached to the Amended Complaint as Exhibit C.  Francis denies that he created the website referenced in the email and denies attempting to "strongarm" Eagle River with respect to any transaction. Francis denies the remaining allegations in paragraph 12.

13.     Francis admits the Greely Tribune is a Colorado-based newspaper, which published news articles about criminal charges filed against Ferrari and his plea deal. Francis denies the remaining allegations in paragraph 13.

14.     Francis admits that he sent the Greeley Tribune a copy of Ferrari's arrest record and affidavit. Francis denies such information was false or misleading, denies any articles published by the Greely Tribune "smeared" Ferrari or "his company." Francis lacks information regarding what information the Greely Tribune relied on in publishing any statements about Ferrari.  Francis denies the remaining allegations in paragraph 14.

15.     Francis admits that he published the comment attached as Exhibit E on of the 418 "personal websites" used by Mr. Ferrari to conceal or rebut the criminal charges to which he pleaded guilty, but denies the statement was untrue.  Francis also denies engaging in a "smear campaign."  Francis denies the remaining allegations in paragraph 15.

16.     Francis denies the allegations in paragraph 16.

17.     Francis denies the allegations in paragraph 17.

18.     Francis admits that he created the anonymous email account referenced in paragraph 21 but denies transmitting false information about Mr. Ferrari from such email account.

Mr. Francis also denies the legal conclusion in paragraph 18 that any information he communicated as alleged was defamatory. Francis denies the remaining allegations in paragraph 18.

19.     Francis admits that he sent the January 7, 2021, email attached as Exhibit F to the Amended Complaint, but denies the email was false. Francis denies the remaining allegations in paragraph 19.

20.     Francis admits that he sent the January 7, 2021, email discussed in paragraph 20, and admits that the email included a hyperlink to a website detailing certain information about Ferrari, but denies the email included false information. Mr. Francis also denies the legal conclusion in paragraph 20 that any information he communicated as alleged was defamatory. Francis denies the remaining allegations in paragraph 20.

21.     Francis admits that he created the anonymous email account referenced in paragraph 21 and admits that Exhibit 12 to the email was the transcript of a page of a deposition in which Ferrari provided sworn testimony in a previous lawsuit. Francis denies he attempted to hide that he had sent the email, and instead, claimed authorship to anyone who asked. Francis denies the remaining allegations in paragraph 21.

22.     Francis admits that he sent the June 17, 2021, email attached as Exhibit G to the Amended Complaint. As the Dallas Court of Appeals recently held, Francis denies that Taylor "was in the process of closing a real estate transaction with Phoenix but had instead closed the same transaction with Incline weeks earlier." Francis also denies that the email was false or defamatory, since the statements in the email regarding Ferrari's felony status and his role with Phoenix are true in gist. Francis denies the allegations in paragraph 22.

23. As the Dallas Court of Appeals recently held, Francis denies sending the Taylor email to interfere with Phoenix's business and denies that the true statements in the email defamed Ferrari. Francis denies the remaining allegations in paragraph 23.

**B.  Mr. Francis' Most Recent Publications of False Statements about Mr. Ferrari Forming the Basis of this Suit.**

24. Francis denies inflicting damage on Ferrari's business and reputation, denies publishing false statements, or that this lawsuit was necessary. Mr. Francis also denies the legal conclusion in paragraph 24 that any information he communicated as alleged was defamatory.

25. Francis admits that he communicated with First International Bank and Trust ("FIBT") regarding Ferrari, but denies sending a "slanderous packet," denies sending any information to disparage Ferrari or damage relations between Ferrari and investors and denies that any information sent to FIBT was false. Francis denies the remaining allegations in paragraph 25.

26. Francis admits that he communicated with Dalmore Capital ("Dalmore") regarding Ferrari but lacks sufficient information regarding the date of that communication to admit the date on which he communicated. Francis denies any communications with Dalmore included false or disparaging statements about Ferrari. Francis lacks sufficient information to admit or deny whether Phoenix had engaged with and hired Dalmore or whether any information he sent to Dalmore caused it to investigate its relationship with Ferrari or Phoenix and therefore denies this allegation. Francis also denies that anything he communicated to Dalmore, rather than the truth of Ferrari's guilty plea to a felony and Phoenix's failure to disclose Ferrari's role with Phoenix in public filings that were later amended "tarnished Mr. Ferrari's reputation," or put the professional relationship between Ferrari and Dalmore at risk. Francis denies the remaining allegations in paragraph 26.

27. Francis lacks sufficient information to admit or deny allegations in paragraph 27 regarding Ferrari's or Phoenix's knowledge, their conclusions, or their communications with

Dalmore or Etan Butler as described in paragraph 27. Francis denies making false statements to Mr. Butler and denies that he engaged in a pattern or practice of publishing false statements about Ferrari but lacks sufficient information to admit or deny what Ferrari's conclusions were. Mr. Francis also denies the legal conclusion in paragraph 27 that any information he communicated was defamatory. Francis denies the remaining allegations in paragraph 27.

28. Mr. Francis denies sending any packet, anonymous or otherwise, to 4 GRLZ Investments. Francis lacks sufficient information to admit or deny the allegations in paragraph 28 regarding the contents of any such packet of information sent to 4 GRLZ Investments, LLC. Mr. Francis denies the remaining allegations in paragraph 28.

29. Francis lacks sufficient information to admit or deny the allegations regarding the contents of any communication sent to 4 GRLZ Investments, LLC as described in paragraph 29. Mr. Francis denies the remaining allegations in paragraph 29.

30. Francis lacks sufficient information to admit or deny the allegations regarding the contents of any communication sent to 4 GRLZ Investments, LLC as described in paragraph 30. Francis also denies that Ferrari's completion of deferred adjudication with respect to the felony charges he pleaded guilty to renders any statement that he is a felon or even a convicted felon, untrue, "blatantly false," or defamatory. Mr. Francis denies the remaining allegations in paragraph 30.

31. Francis lacks sufficient information to admit or deny the allegations regarding the contents of any communication sent to 4 GRLZ Investments, LLC as described in paragraph 31. Francis denies having sent the letter attached to the Amended Complaint as Exhibit H and denies that the statements about Mr. Ferrari as alleged in paragraph 31 are false, denies any pattern or practice of spreading falsehoods about Ferrari, and denies that any statements made by Francis

tarnished Ferrari's reputation. Mr. Francis also denies the legal conclusion alleged in paragraph 31 that any information communicated by Mr. Francis was defamatory. Mr. Francis denies the remaining allegations in Francis denies the allegations in paragraph 31.

32. Francis admits that FINRA is "a government-authorized non-for-profit [sic] organization that oversees U.S. broker-dealers, but denies having communicated with FINRA regarding Ferrari, as alleged in paragraph 32. Francis also denies that statements about Ferrari as alleged in paragraph 32, regarding Ferrari's status as a felon, as the de facto CEO of Phoenix, and Ferrari having defrauded mineral owners or industry investors are false. Francis denies the remaining allegations in paragraph 32.

33. Francis denies the allegations in paragraph 33.

## CAUSE OF ACTION

## DEFAMATION, LIBEL & SLANDER

34. Paragraph 34 contains no allegations against Francis, and therefore, no response is required.

35. Francis admits Ferrari is professionally engaged in the oil and gas industry and admits Ferrari has acted as a business owner. Francis denies having made false statements about Ferrari and denies having made any statements about Ferrari to 4 GRLZ Investments or FINA. as alleged in paragraph 35. Francis also denies the legal conclusion included in paragraph 35 that Francis defamed Ferrari. Francis denies the remaining allegations in paragraph 35.

36. Francis admits that he sent the referenced packet to FIBT via email, but denies any information sent to FIBT disparaged Ferrari or damaged relations between Ferrari and any potential investors. Francis further denies that statements made to FIBT were false, specifically statements that Ferrari is a felon, and denies that the communication to FIBT stated as a fact rather than an opinion, that Ferrari was or is Phoenix's CEO. Francis also denies the legal conclusion

included in paragraph 36 that any statement made by Francis was defamatory. Francis also denies that statements that Ferrari has defrauded mineral owners and investors are false. Francis denies the remaining allegations in paragraph 36.

37. Francis admits that he sent the referenced email to Dalmore but denies that any information he sent was false or defamatory, denies that he knew or believed any information he sent was false when such statements were made, and incorporates additional denials made in paragraphs 9 through 23 and paragraphs 26 and 27. Francis denies the remaining allegations paragraph 37.

38. Francis denies sending any packet, anonymous or otherwise, to 4 GRLZ Investments, denies having published any falsehoods about Ferrari to anyone, including 4 GRLZ Investments, denies making defamatory statements about Ferrari to anyone, including 4 GRLZ Investments, denies a pattern and practice of defamatory publications regarding Ferrari, and denies having made any statements about Ferrari with malice. Francis also denies the legal conclusion included in paragraph 38 that any statement made by Francis was defamatory. Francis incorporates the specific denials in paragraphs 9 through 23 and 28 through 31. Francis denies the remaining allegations in paragraph 38.

39. Francis denies having communicated with FINRA regarding Ferrari, denies having published any falsehoods about Ferrari to anyone, including FINRA, denies making defamatory statements about Ferrari to anyone, including FINRA, denies any statement that Ferrari is a felon is false, and denies any statement that Ferrari has violated SEC rules or regulations is false. Francis also denies that any governmental scrutiny of Ferrari is unwarranted and denies that any governmental investigation of Ferrari or Phoenix, if one exists, is unjustified, unnecessary or unreasonable. Francis further denies having made any statements about Ferrari with malice and

denies the legal conclusion included in paragraph 39 that any statement made by Francis was defamatory. Francis incorporates the specific denials in paragraph 32. Francis denies the remaining allegations in paragraph 39.

40. Francis denies the allegations in paragraph 40, and also denies the legal conclusion included in paragraph 40 that Francis defamed Ferrari.

41. Francis denies the allegations in paragraph 41.

42. Francis denies the allegations in paragraph 42, and also denies the legal conclusion included in paragraph 42 that any statement made by Francis was defamatory.

## EXEMPLARY DAMAGES

43. Paragraph 43 contains no allegations against Francis, and therefore, no response is required.

44. Francis denies the allegations in paragraph 44.

## JURY DEMAND

45. Paragraph 45 contains no allegations against Francis, and therefore, no response is required.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses:

1. Plaintiff's claims will be barred by res judicata upon entry of a final judgment in *Phoenix Capital Group Holdings, LLC v. William Francis and Incline Energy Partners, LP*, Cause No. DC 06360, pending in the 160th District Court for Dallas County, Texas (the "Texas State Case").

2. Plaintiff's claims are barred by truth or substantial truth.

3. Plaintiff's claims are barred by the doctrine that mere statements of opinion are not actionable.

4. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege and prove all conditions precedent to recovery.

5. Plaintiff's claims are barred by the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, because Defendant's acts and/or omissions were not the cause of Plaintiff's damages, if any. Rather, Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and/or entities, including Plaintiff himself, and the acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.

7. Plaintiff's claims are barred, in whole or in part, by justification or privilege.

8. Plaintiff's claims are barred, in whole or in part, because Defendant's actions were taken in good faith and were legally excused or justified, and Defendant did not act knowingly, intentionally, or maliciously.

9. Plaintiff's claims are barred, in whole or in part, by unclean hands.

10. Plaintiff's claims are barred by the doctrine of immunity.

11. Plaintiff's claims are barred, in whole or in part, because Defendant's acts and/or omissions were not the cause of Plaintiff's damages, if any.

12. Plaintiff's claims are barred, in whole or in part, for their failure to comply with TEXAS CIVIL PRACTICE & REMEDIES CODE § 73.055.

13. Plaintiff's claims for exemplary damages are waived and barred by his failure to comply with TEXAS CIVIL PRACTICE & REMEDIES CODE § 73.055(c).

14. Plaintiff failed to mitigate its damages, if any.

15. Defendant denies liability for punitive, multiple, or exemplary damages. Further, any claim for punitive, multiple, or exemplary damages is subject to the limitations and constraints

of Due Process found in the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 19 of the Texas Constitution.

16. Defendant is not liable for the acts, omissions, or conduct of other persons or entities not authorized to act on his behalf; pleading further, and in the alternative, Defendant is not liable for the acts, omissions, or conduct of any agents who exceeded the scope of their authority.

17. Plaintiff's claims are barred, in whole or in part, by waiver, estoppel in all of its forms, and ratification.

18. Plaintiff's claims are barred, in whole or in part, because any loss or damage, if any, allegedly suffered by Plaintiff were caused, in whole or in part, by his own conduct, acts, and/or omissions.

19. Plaintiff's attorney fees are not recoverable, reasonable, or necessary.

20. Defendant reserves the right to plead such other defenses and/or affirmative defenses which may become apparent and applicable during the pendency of this lawsuit.

## **PRAYER**

Defendant respectfully requests that Plaintiff take nothing by reason of his action against Defendant, and that any and all of Plaintiff's claims against Defendant be dismissed with costs awarded to Defendant. Defendant additionally requests such other and further relief, both general and special and at law or in equity, to which he may be justly entitled under the circumstances.

Respectfully submitted,

By: */s/ Charlene C. Koonce*
    Cortney C. Thomas
     Texas Bar No. 24075153
     cort@brownfoxlaw.com
    Charlene C. Koonce
     Texas Bar No. 11672850
     charlene@brownfoxlaw.com
    Andrew C. Debter
     Texas Bar No. 24133954
     andrew@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, TX  75225
    Tel. 214.327.5000
    Fax. 214.327.5001

*Attorneys for Defendant William Francis*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary because this document is being filed with the Court's electronic-filing system.

*/s/ Charlene C. Koonce*
Charlene C. Koonce