Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2023CH000113
Filed Date: 8/22/2023 1:28 PM
Envelope: 24061201
Clerk: SJA

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT WILL COUNTY, ILLINOIS LAW DIVISION

| | | |
|---|---|---|
| Phoenix Capital Group Holdings, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2023CH000113 |
| | ) | |
| | ) | |
| John Does, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Domains By Proxy, LLC, | ) | |
| First International Bank & Trust, | ) | |
| GoDaddy.com, LLC, Google LLC, | ) | |
| GTCR, LLC, and Reddit, Inc., | ) | |
| | ) | |
| Respondents in Discovery. | ) | |

### SECOND AMENDED VERIFIED COMPLAINT

NOW COME Plaintiff, Phoenix Capital Group Holdings, LLC ("Phoenix Capital" or "Peitioner"), by and through its attorneys, LOFTUS & EISENBERG, LTD. with its Verified Complaint, against Defendants, JOHN DOES, as follows:

### I.    NATURE OF THE ACTION

1.    Phoenix Capital offers its clients direct access to lucrative USA-based oil and gas investments.

2.    A group of individuals and/or entities began a highly targeted, vicious campaign of false, harassing, unfair, misleading and/or disparaging attacks towards Phoenix Capital with the intention of damaging its professional reputation. The attacks include, but are not limited to, publishing false, harassing, unfair, misleading and/or disparaging information about Phoenix Capital to one or more of Phoenix Capital's customers and/or prospective customers.

3.      On information and belief, one or more of these individuals and/or entities have also anonymously transmitted packets of false and defamatory information to Phoenix Capital's business associates and investment companies with whom Phoenix docs business or associates through the mail. Upon information and belief, starting on December 6, 2017, GTCR LLC, an investment company in Illinois, started receiving such packets of false and defamatory information regarding Phoenix Capital. A letter in this packet states that an individual associated with Phoenix Capital engages in "reckless behavior and toxic company culture" had caused his own company to be named as a defendant in six lawsuits.

4.      Phoenix Capital brings this action pursuant to Illinois Supreme Court Rule 224 to identify unidentified John Does so Phoenix Capital may file a lawsuit to recover damages for the anonymous attacks and stop them.

**II.      JURISDICTION**

5.      Pursuant to 735 ILCS 5/2-209, this Court has personal jurisdiction over Defendant because Defendant committed the tortious acts complained of in Will County, Illinois.

6.      Venue in this county is proper pursuant to 735 ILCS 5/2-101, because the acts and omissions complained of occurred in this county.

7.      Illinois Supreme Court Rule 224 states that "an action for discovery shall be initiated by the filing of a verified petition in the circuit court of the county in which the action or proceeding might be brought or in which one or more of the persons or entities from whom discovery is sought resides."

8.      In addition, a petition for discovery before suit to identify a responsible person or entities falls within the exclusive original Jurisdiction of the Twelfth Judicial Circuit of Illinois. See Ill. Sup. Ct. R. 224.

### III.    THE PARTIES

9.    Plaintiff, Phoenix Capital is a Delaware corporation with a principal place of business in Colorado and does business in Illinois.

10.    Phoenix Capital's majority member is Lion of Judah Capital, LLC which is owned by Daniel Ferrari and Charlene Ferrari.

11.    Daniel Ferrari and Charlene Ferrari are domiciled in Will County, Illinois.

12.    Defendants, John Does are individuals or entities who directed defamatory and tortious to this jurisdiction for the purpose of harming Plaintiff who is domiciled in this jurisdiction.

13.    Domains By Proxy, LLC maintains a registered agent at 2150 E. Warner Rd., Tempe, AZ 85284 USA.

14.    First International Bank & Trust ("FIBT") is a national chartered bank based in North Dakota.

15.    GoDaddy.com, LLC maintains a registered agent at 2155 E. GoDaddy Way, Tempe, AZ 85284.

16.    Google LLC maintains a registered agent at Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

17.    GTCR, LLC maintains a registered agent at C T Corporation System, 208 S. LaSalle St, Suite 814, Chicago, IL 60604.

18.    Reddit, Inc. maintains a registered agent at c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA, 95833.

### IV.    FACTS COMMON TO ALL COUNTS

19.    On December 6, 2017, John Does sent a packet of information to GTCR, LLC, an investment company in Chicago, Illinois. A letter in this packet states that an individual associated

with Phoenix Capital engages in "reckless behavior and toxic company culture" had caused his own company to be named as a defendant in six lawsuits.

20.     John Does have sent subsequent packets containing defamatory statements to GTCR, LLC since December 6, 2017.

21.     Other competing businesses in Illinois received similar packets of information from John Does.

22.     Phoenix Capital does not have a CEO.

23.     Phoenix Capital has never had a CEO.

24.     On January 7, 2021, one of the John Does identifying himself as "Concerned Mineral Owner" and using the email address concernedbakkenmineralowner@gmail.com sent an email to ask@hess.com and integrity@hess.com of Hess Corporation (NYSE: HES) alleging that Phoenix Capital had a CEO that was a "**convicted criminal named Adam Ferrari**." (Emphasis in original).

25.     John Does registered websites including lawsuitsoilandgas.com and adamferrarioilandgaslawsuits.com using a pseudonym and the email address deanpowers123@gmail.com for the purpose of attacking Phoenix Capital.

26.     John Does made false statements against Phoenix Capital via Reddit using the pseudonym starsky77:

 



**u/starsky77** replied to your comment in
r/personalfinance ·

u/starsky77 · 1 votes

RUN FROM THIS COMPANY! Adam Ferrari (guy who runs the show) is a
crook and has been to jail…. https://lawsuitsoilandgas.com/former-oil-and-
gas-royalty-firm-ceo-adam-ferrari-pleads-guilty-to-felony-th...

**View Reply**

27.     John Does sent emails containing false statements registered with a pseudonym to potential customers of Plaintiff in this jurisdiction.

28.     Plaintiff has contractual and potential business relationships with thousands of investors.

29.     Plaintiff has contractual and potential business relationships with lenders.

30.     Plaintiff depends on its reputation of honesty and successful investments in order to earn a profit.

31.     John Does knew Plaintiff had potential business relationships and existing contractual relationships and relied on its reputation.

32.     John Does maliciously and intentionally targeted Plaintiff's potential and current sources of revenue for its defamatory attacks.

33.     John Does communicated the defamatory statements about Plaintiff's dishonesty and lack of competence for the purposes of harming Plaintiff.

34.     The anonymous defamatory attacks on Phoenix Capital are ongoing and causing continued harm to their business interests.

35.     Phoenix Capital requires discovery in the form of subpoenas for information and depositions in order to determine who is making the defamatory statements and then bring action to arrest the illegal conduct.

36.     Respondents in Discovery can only identify John Does who operated online behind pseudonyms with an Order from this Court authorizing Petitioner to conduct discovery before suit against Respondents pursuant to Illinois Supreme Court Rule 224 solely for the purpose of ascertaining the whereabouts of John Does who may be responsible in damages to Petitioner.

37.     It is fitting that an attack via pseudonyms is remedied with an action against pseudonyms.

**V.     CLAIMS**

**COUNT I**
**(COMMERCIAL DISPARAGEMENT)**

38.     Phoenix Capital repeats realleges and incorporates by reference the allegations in paragraphs 1 through 38 as though fully set forth herein.

39.     The statements that Phoenix Capital engages in "reckless behavior and toxic company culture" and that it's CEO is a convicted criminal are false.

40.     The statements made by John Does are not subject to innocent construction.

41.     These false statements were communicated by John Does to GTCR, LLC, and to various other Illinois prospective business partners of Phoenix Capital.

42.     The false statements made by John Does are words that disparaged the quality of Phoenix Capital's services – namely that is run by a criminal and is reckless.

43.     At all relevant times, John Does knew, or should have known, that the statements were false and defamatory, and acted with malice in making such statements.

WHEREFORE, Plaintiff, PHOENIX CAPITAL GROUP HOLDINGS, LLC, respectfully requests that this Court enter judgment in its favor and against Defendants, JOHN DOES, for compensatory damages in an amount not currently ascertainable but believed to be in excess of $5,000,000, plus punitive damages in an amount sufficient to punish and deter Defendants from engaging in such misconduct in the future, prejudgment interest, expenses, costs, and for any and all other relief that this Court deems necessary and appropriate under the circumstances.

## <u>COUNT II</u>
### (VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT)

44.     Phoenix Capital repeats realleges and incorporates by reference the allegations in paragraphs 1 through 38 as though fully set forth herein.

45.     The statements and insinuations that Adam Ferrari was the CEO of Phoenix Capital and is a criminal was false.

46.     These false statements were communicated by John Does to various prospective clients of Phoenix Capital within Cook County, Illinois.

47.     At the time that these false statements were communicated, there was in existence a statute titled the Illinois Uniform Deceptive Trade Practices Act ("UDTPA"). 815 ILCS 510 *et seq*.

48.     The statements made by John Does are violative of the UDTPA in that they "disparage the goods, services, or business of another by false or misleading representation of fact." 815 ILCS 510/2(a)(8).

49.     At all relevant times, John Does knew, or should have known, that the statements were false and defamatory, and acted willfully and with malice in making such statements.

50.     The statements made by John Does are not subject to an innocent construction.

WHEREFORE, Plaintiff, PHOENIX CAPITAL GROUP HOLDINGS, LLC, respectfully requests that this Court enter judgment in its favor and against Defendants, JOHN DOES, for compensatory damages in an amount not currently ascertainable but believed to be in excess of $5,000,000, plus punitive damages in an amount sufficient to punish and deter Defendants from engaging in such misconduct in the future, prejudgment interest, expenses, costs, and for any and all other relief that this Court deems necessary and appropriate under the circumstances.

## COUNT III
### (INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)

51.     Phoenix Capital repeats realleges and incorporates by reference the allegations in paragraphs 1 through 38 as though fully set forth herein.

52.     Investors were willing to invest with Plaintiff and John Does intentionally interfered with Plaintiff's relationship with a potential investors.

53.     Lenders were willing to loan capital to Plaintiff and John Does intentionally interfered with Plaintiff's relationship with potential lenders.

54.     John Does intentionally broadcast false and defamatory statements about Phoenix Capital in order to harm its business.

55.     Through the actions described above, John Does wrongfully and directly interfered with Plaintiff's business relationships and activities with lenders and industry regulators.

56.     As a result of John Does' interference with Plaintiff's prospective economic/financial gain and advantage as alleged herein.

WHEREFORE, Plaintiff, PHOENIX CAPITAL GROUP HOLDINGS, LLC, respectfully requests that this Court enter judgment in its favor and against Defendants, JOHN DOES, for compensatory damages in an amount not currently ascertainable but believed to be in excess of $5,000,000, plus punitive damages in an amount sufficient to punish and deter Defendants from engaging in such misconduct in the future, prejudgment interest, expenses, costs, and for any and all other relief that this Court deems necessary and appropriate under the circumstances.

## COUNT IV
### (RESPONDENTS IN DISCOVERY)

57.    Phoenix Capital repeats realleges and incorporates by reference the allegations in paragraphs 1 through 38 as though fully set forth herein.

58.    Upon information and belief, Respondents in Discovery each provided the means by which John Does communicated their attacks on Plaintiff or otherwise have information essential to the determination of who should properly be named as additional defendants in this action.

59.    735 ILCS 5/2-402 provides in pertinent part:

"The plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.

Persons or entities so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action.

A person or entity named a respondent in discovery may upon his or her own motion be made a defendant in the action, in which case the provisions of this Section are no longer applicable to that person."

60.    Plaintiff respectfully requests that the Court order Respondents in Discovery Dalmore Group, LLC, Domains By Proxy, LLC, First International Bank & Trust, GoDaddy.com, LLC, Google LLC, GTCR, LLC, and Reddit, Inc to answer the attached summons for discovery.

WHEREFORE, Phoenix Capital respectfully requests this court to enter an order authorizing Petitioners to conduct discovery before suit against Respondents pursuant to Illinois Supreme Court Rule 224 solely for the purpose of ascertaining the identities and whereabouts of John Does as parties who may be responsible in damages to Phoenix Capital because of their publication of false and disparaging statements about it.

Dated:  August 14, 2023                                   Respectfully Submitted,

*Alexander Loftus*

One of Plaintiff's Attorneys

Alexander Loftus, Esq. (630484)
Ross Good, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark Suite 1600
Chicago, Illinois 60601
p: 312.899.6625
alex@loftusandeisenberg.com
ross@loftusandesienberg.com

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

By: _Daniel Ferrari_, by Charlene Ferrari, POA