Re: conference

Alexander Loftus <alex@loftusandeisenberg.com>
Mon 11/20/2023 5:09 PM
To:Charlene Koonce <charlene@brownfoxlaw.com>
Cc:Cort Thomas <cort@brownfoxlaw.com>;Andrew Debter <andrew@brownfoxlaw.com>;Ross Good <ross@loftusandeisenberg.com>

I'm sorry but that's not a viable basis to stay discovery altogether.

You could move for summary judgment on that issue or judgment on the pleadings if you feel strongly about the legal question.  Simply asking for a stay of discovery because something else may or may not happen later doesn't work.

What's more, you should have moved to dismiss on the basis of a related action pending if that was your position. Finality is not required to make that argument if it were viable.  It appears you're trying to play heads I win, tails you lose, by not making the argument based on the related action in a motion to dismiss and only raising it after the motion failed. Ferrari has an excellent waiver argument on this point.

The Texas state court action, regardless of its preclusive effect, would not be a final judgment disposing of all claims for months or more likely years from now regardless of the timing appeal. The pending appeal is interlocutory and even a mandate on it would not have res judicata effect until all the claims are disposed of.

Hopefully, we can avoid needless motion practice on this or at least expedite addressing the legal question of the effect of the pendency of another action involving these parties rather than just blindly putting the brakes on discovery based on what may or may not occur elsewhere.

I surmise you're in a tough spot with an insurance carrier on this mushrooming litigation. Can you please provide a copy of the declarations page and policies at issue? The failure to provide a copy of the policy and declarations page would expose your insurer(s) to additional liability if not produced now even before a lawsuit is filed. *Cernocky v. Indemnity Ins. Co.*, 69 Ill.App.2d 196, 216 N.E.2d 198 (1966) ("The refusal to inform a claimant of the policy limits deprives the claimant of a basis for evaluating the case, thus hindering settlement."); *see also* **G.A. Stowers Furniture Co. v. American Indem. Co.,** 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved) We request the aforementioned policy information within Seven (7) days. Maybe that will help with what I assume is a challenging position to be in.

Have a nice Thanksgiving,

Alex



Alexander N. Loftus, Esq.
**Loftus & Eisenberg, Ltd.**
161 N. Clark, Suite 1600
Chicago, IL 60601
o: (312) 899-6625
c: (312) 772-5396
alex@loftusandeisenberg.com



This e-mail is the property of Loftus & Eisenberg, Ltd. It is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Distribution or copying of this e-mail, or the information contained herein, by anyone other than Loftus & Eisenberg, Ltd. is prohibited. If you have received this e-mail in error, please immediately notify the sender.
--

**From:** Charlene Koonce <charlene@brownfoxlaw.com>
**Date:** Monday, November 20, 2023 at 4:47 PM
**To:** Alexander Loftus <alex@loftusandeisenberg.com>
**Cc:** Cort Thomas <cort@brownfoxlaw.com>, Andrew Debter <andrew@brownfoxlaw.com>, Ross Good <ross@loftusandeisenberg.com>
**Subject:** RE: conference

We are moving to stay the entire case – not just discovery – because we believe a judgment in the Texas State Case will be preclusive, and the federal court should not assist in a race to res judicata.



**From:** Alexander Loftus <alex@loftusandeisenberg.com>
**Sent:** Monday, November 20, 2023 4:27 PM
**To:** Charlene Koonce <charlene@brownfoxlaw.com>
**Cc:** Cort Thomas <cort@brownfoxlaw.com>; Andrew Debter <andrew@brownfoxlaw.com>; Ross Good <ross@loftusandeisenberg.com>
**Subject:** Re: conference

**[EXTERNAL EMAIL]** Do not open links or attachments if you cannot verify the sender.

Why not just answer the discovery and make those objections?

A stay is complete overkill and makes more work briefing hypothetical discovery issues that have not been fully worked through in the normal process.

The objections discussed are pretty ordinary, we disagree, but it's ordinary stuff, and would be sorted out in the ordinary course without the extreme relief contemplated with a motion to stay.

-Alex

Alexander N. Loftus, Esq.
**Loftus & Eisenberg, Ltd.**
161 N. Clark, Suite 1600
Chicago, IL 60601

o: (312) 899-6625
c: (312) 772-5396
alex@loftusandeisenberg.com



This e-mail is the property of Loftus & Eisenberg, Ltd. It is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Distribution or copying of this e-mail, or the information contained herein, by anyone other than Loftus & Eisenberg, Ltd. is prohibited. If you have received this e-mail in error, please immediately notify the sender.

--

**From:** Charlene Koonce <charlene@brownfoxlaw.com>
**Date:** Monday, November 20, 2023 at 4:21 PM
**To:** Ross Good <ross@loftusandeisenberg.com>
**Cc:** Alexander Loftus <alex@loftusandeisenberg.com>, Cort Thomas <cort@brownfoxlaw.com>, Andrew Debter <andrew@brownfoxlaw.com>
**Subject:** Re: conference

Thanks
Sent from my iPhone.  Please ignore typos and auto-correct errors.

> On Nov 20, 2023, at 4:02 PM, Ross Good <ross@loftusandeisenberg.com> wrote:
>
> **[EXTERNAL EMAIL]** Do not open links or attachments if you cannot verify the sender.
>
> Counsel,
> Plaintiff does not agree to a Stay. Plaintiff does not agree to a Protective Order regarding the scope of discovery.
>
>
> --
>
> Ross M. Good, Esq.
>
> Loftus & Eisenberg, Ltd.
>
> 161 N. Clark, Suite 1600
>
> Chicago, IL 60601
>
> office: (312) 899-6625
>
> direct: (786) 539-3952

ross@loftusandeisenberg.com

<Outlook-t35q0koz.png>

This e-mail is the property of Loftus & Eisenberg, Ltd. It is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Distribution or copying of this e-mail, or the information contained herein, by anyone other than Loftus & Eisenberg, Ltd. is prohibited. If you have received this e-mail in error, please immediately notify the sender.

---

**From:** Charlene Koonce <charlene@brownfoxlaw.com>
**Sent:** Monday, November 20, 2023 3:54 PM
**To:** Ross Good <ross@loftusandeisenberg.com>
**Cc:** Alexander Loftus <alex@loftusandeisenberg.com>; Cort Thomas <cort@brownfoxlaw.com>; Andrew Debter <andrew@brownfoxlaw.com>
**Subject:** conference

Ross and Alex – tomorrow, we will be filing a motion to stay the Texas Federal Case, or in the alternative, motion for protective order seeking to limit the scope of the Findit subpoena, as well as the written discovery served by Ferrari. We think the relevant time period should be limited to within one year of when the lawsuit was filed, and further, that requests for communications or information about statements made by Mr. Francis about anyone other than Ferrari are not relevant.

Please let us know if you agree to the proposed stay or the alternative proposed protective order.

<image001.png>
<image002.png>
<image003.png>
<image004.png>
<image005.png>

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Brown Fox PLLC immediately (by replying to this message or calling 214.327.5000) and immediately destroy all copies of this message and any attachments. Thank you.