# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | |
|---|---|
| Adam Ferrari | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:23-cv-00455-S |
| William Francis | ) |
| _____ | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Phoenix Capital Group Holdings, LLC, by agreement, by and through counsel of record, Ross M. Good, Loftus & Eisenberg, Ltd., 161 N. Clark Suite, 1600, Chicago, IL 60601, ross@loftusandeisenberg.com

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: in Exhibit "A" attached.

| Place: 8111 Preston Road, Suite 300<br>Dallas, TX 75225 | Date and Time:<br>01/19/2024 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/28/2023

| *CLERK OF COURT* | |
| | OR |
| _____ | /s/ Charlene C. Koonce<br>_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
William Francis _____ , who issues or requests this subpoena, are:
Charlene C. Koonce, Brown Fox PLLC, 8111 Preston Road, Suite 300, Dallas, TX 75225; 214-327-5000; charlene@brownfoxlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:23-cv-00455-S

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:23-cv-455-S |
| | § | |
| WILLIAM FRANCIS, | § | |
| | § | |
| Defendant. | § | |

## **EXHIBIT A**

### **DEFINITIONS**

1. "Defendant" or "Francis" means William Francis.

2. "Incline" means Incline Energy Partners, L.P.

3. "Ferrari" means Plaintiff Adam D. Ferrari

4. "Asset" has the broadest possible meaning and encompasses any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all funds, wherever located, whether in the United States or outside the United States.

5. "Complaint" or "Amended Complaint" means your live pleading in this Lawsuit.

6. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including, without limitation, written, oral, or electronic transmissions (including, but not limited to, electronic mail, texts, social media messaging, WhatsApp messaging, Signal Messaging, etc.).

7. "Document(s)" or "Information" means all materials within the scope of the Texas Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information ("ESI"), that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "Document(s)" or "Information"

1

includes but is not limited to emails and other types of messages (including but not limited to text, instant, and direct messages), social media or other online content, data generated and stored by devices connected to the Internet of Things ("IoT"), communications generated and stored in workplace collaboration tools or ephemeral messaging applications, and all associated data and metadata.

8.     The terms "identify" and to give the "identity of," when used in connection with a natural person, shall mean to state:

    a.     his or her full name;

    b.     present or last known residence address;

    c.     present or last known business address;

    d.     present or last known residence phone number;

    e.     present or last known business phone number; and

    f.     his or her occupation, including his or her title or position held, if any.

9.     The terms "identify" and to give the "identity of" shall mean, in connection with an organization or corporation, to state:

    a.     its name;

    b.     its place of incorporation (if a corporation);

    c.     its principal place of business;

    d.     its phone number; and

    e.     any names by which it was formerly known.

10.     The "Lawsuit" means *Adam Ferrari v. William Francis*, No. 3:23-CV-455 in the United States District Court for the Northern District of Texas.

11.     "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

12.     "Phoenix" means Phoenix Capital Group Holdings, LLC.

13.     "Relate," "related," or "relating" means, in addition to their usual and customary meanings, concerning, referring to, reflecting, regarding, pertaining to, addressing, discussing, alluding to, describing, evidencing, constituting, or otherwise having any logical or factual connection with, directly or indirectly, expressly or implicitly, the subject matter of the specific request.

14.     The words "and" and "or" shall be construed disjunctively or conjunctively to bring within the scope of each interrogatory all responses which otherwise might be construed to be outside the scope of an interrogatory.

15.     The word "any" shall be construed to include "all" and vice versa.

16.     The word "each" shall be construed to include "every" and vice versa.

17.     "You" or "Your" means the person or entity to whom these Requests are directed **and includes any entity in which he/she/it holds any ownership interest directly or indirectly, as well as its agents, representatives, or anyone authorized or purportedly authorized to act on their behalf**.  This definition DOES NOT INCLUDE ATTORNEYS.

18.     Any word in the singular form shall also be construed as plural and vice versa.

19.     The masculine form shall also be construed to include the feminine and vice versa.

20.     If You do not have documents that are responsive to a certain Request, indicate this in Your response.

21.     Any capitalized term not specifically defined above shall have the same meaning as in the parties' pleadings and motions.

22.     These definitions and instructions do not limit Your obligations under the Federal Rules of Civil Procedure.

## INSTRUCTIONS

1.     If any document which otherwise falls within the scope of this Request is not produced by you, list the document(s) not produced and, for each such document, state:

- the reasons for withholding each such document;
- the identity of the author(s) or preparer(s) of each such document;
- the identity of the sender(s) of each such document;
- the identity(ies) of the person(s) to whom the original and any copies of each such document were sent;
- a brief description of the nature and subject matter of each such document;
- the date of each such document; and
- the present location of each such document and the name, telephone number, and address of the current custodian.

2.     Produce the documents described below as they are kept in the usual course of business or organized and labeled to correspond with the categories of this Request.

3.     To the extent that any or all computer programs or other documents are available only on disks, drums, central computer memory, or other storage means which can be physically attached to a computer, such computer programs and other documents are required to be produced either in printed or machine-readable form.

4.      Whenever a requested document or group of documents is kept or found in a file, produce the document or documents along with the file in which they are contained.  Whenever a requested document or file or group of documents or files are kept or are found in a file drawer, file box or other place, before the same is produced, attach thereto a copy of the label, number or title of the file drawer, file box or other place from which the document or file was found or removed.

5.      No communication, document or file requested should be altered, changed, or modified in any respect.  No communication, document or file requested should be disposed of or destroyed.  You should take appropriate steps to protect all communications, documents, and files from being misplaced or destroyed pursuant to any record retention or destruction policy or otherwise.

6.      These Requests seek answers current to the date of response, and further shall be deemed to be continuing under the Texas Rules of Civil Procedure so that any additional information relating in any way to these Requests which you acquire or which becomes known to you up to and including the time of trial shall be furnished promptly after such information is acquired or becomes known.

7.      Unless otherwise stated, the time frame for all Requests is two months before the date of your incorporation through the present.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1.      Unredacted and fully executed copies of the Limited Liability Company Agreement of Phoenix Capital Group Holdings, LLC, and all amendments thereto.

2.      All documents evidencing, relating, or referring to the formation and governing documents for (a) Lion of Judah, LLC, (b) Lion of Judah Capital, LLC, and (c) Phoenix. This request includes, but is not limited to, Certificate of Formation, (fully executed copies as well as all amendments) Limited Liability Agreements ((fully executed copies and all amendments thereto), Articles of Organization, Shareholder Agreements, Bylaws, Operating Agreements, and any documents provided to or received from the Secretary of State for each state where the entity is registered to do business. Should there be other entities that are listed or are signatories to those instruments requested above but which are not already listed herein, then all of the same formation and governing documents as it relates to those unnamed entities as well.

3.      All documents evidencing, relating, or referring to the formation and governing documents for any entity other than Lion of Judah, LLC, Lion of Judah Capital, LLC, or Phoenix, which is also a signatory to any of the formation documents for Lion of Judah, LLC, Lion of Judah Capital, LLC or Phoenix.

4.      All organizational meeting minutes, resolutions, minutes of meetings, and written consents for You, in which Adam Ferrari, Lion of Judah Capital, LLC, Lion of Judah, LLC, or any fact made the basis of any lawsuit against Francis or Incline was discussed.

5.      All communications and documents provided to any bank in which You hold or have ever held any account, to open such account.  The relevant date range for this Request is March 1, 2019 to December 31, 2019.

6.      All member, manager, shareholder, profit sharing, or voting agreements, proxies, voting trusts, or other similar agreement which govern or apply to You, Lion of Judah Capital, LLC, and Lion of Judah, LLC including all amendments thereto.

7.      All communications with First International Bank and Trust regarding the Transaction described in ¶ 25 of the Amended Complaint.

8.      All documents that evidence any contractual relationship between You and First International Bank and Trust.

9.      Documents that evidence the identity of any person or entity who paid legal fees related to the creation of your formative and operational documents, including but not limited to your Limited Liability Company Agreement.

10.      Documents that evidence the identity of any person or entity who engaged any lawyer or law firm retained to draft or file your formative or operational documents, including but not limited to your Limited Liability Company Agreement.

11.      All documents, including communications, between You and any other person or entity, that refer or relate to authority (actual, implied, legal, beneficial or contractual) or control exercised by Adam Ferrari with regard to your operation, management, or governance.

12.      All documents, including communications, between You and any person or entity regarding Your compliance with SEC or FINRA regulations in relation to Mr. Ferrari's role, control, ownership, governance, or work with You.

13.      All communications between You and Dalmore Capital regarding the allegations in the Amended Complaint that refer or relate to Dalmore Capital.

14.      All communications between You and 4 GRLZ Investments regarding the allegations in the Amended Complaint that refer or relate to 4 GRLZ Investments.

15.      All documents or information You have provided to FINRA or the SEC in connection with any request, inquiry, or subpoena from either agency, which relates, refers, or discusses Adam Ferrari, his role, title, authority, governance, ownership. or control over You, or Your compliance with SEC regulations in relation to Mr. Ferrari's role, control, authority, governance, ownership, or work with You.

16.      All communications between You and the SEC that relate to Adam Ferrari, his role, title, authority or control over You, or Your compliance with SEC regulations in relation to Mr. Ferrari's role, control, ownership, or work with You.

17.      Documents that identify the **family member** of Your officer who controlled Lion of Judah Capital, LLC as disclosed in Your December 23, 2021 Offering Circular.

18.     Documents that identify **Your officer** whose family member controlled Lion of Judah Capital, LLC as disclosed in Your December 23, 2021 Offering Circular.

19.     All contracts, agreements, or documents signed or approved, directly or indirectly, by Adam Ferrari which were made or created in connection with any employee, contractor, or agent that You hired or contracted.

20.     Any document signed by Adam Ferrari in connection with Your operation, which evidences his control or authority, including but not limited to applications for insurance, applications for credit, letters of engagement for attorneys, etc.

21.     Applications for insurance coverage submitted by You to any insurer that includes any reference to or coverage for Adam Ferrari, as an insured, an employee, an officer, or otherwise.

22.     A copy of all signature cards for any financial account for which You are or were an owner or on which You have signatory authority.  The relevant time period for this Request is March 1, 2019 through the present.

23.     A copy of any documents evidencing, referring or relating to Your offer of employment made to Lindsey Brianne Wilson or Sean Goodnight.

24.     A copy of all documents evidencing, referring, or relating to any application for credit or lending You submitted to any financial institution.

25.     All emails sent to or from af@phxcapitalgroup.com, which relate to the facts made the basis of this lawsuit.

26.     All emails sent from af@phxcapitalgroup.com, which direct, instruct, approve, disapprove, or otherwise provide control or authority over any of Your employees, officers, or agents.

27.     All emails sent to or from any other email address owned, controlled, or maintained by You which Adam Ferrari used, controlled, or had access credentials for.

28.     All documents evidencing, referring, or relating to Your purchase of the URL for any website you own or control.

29.     Documents identifying any employee You have terminated or whose employment with You has ended.

30.     Copies of any common interest, privilege preservation, joint defense or similar agreement between You and Adam Ferrari.

31.     Documents evidencing, referring, or relating to all capital contributions You have received.

32.     Documents identifying each of Your current or past officers.

6

33.     Documents identifying each current or past member of Your Board of Directors, if any.

34.     Documents evidencing, referring, or relating to the manner in which and authority by which Your officers, directors, or managers or managing members were or are selected.

35.     Documents that evidence, refer, or relate to any payment made by You to, or for the benefit of Adam Ferrari.

36.     All documents evidencing, referring, or relating to the office lease or post office box rental related to 855 North Douglas Street, 2nd Floor Box #4, El Segundo, CA 90245.

37.     All documents evidencing, referring, or relating to the office lease or post office box rental related to 2601 Pacific Coast Highway, Floor 2, Hermosa Beach, CA 90254.

38.     All documents evidencing, referring, or relating to the office lease or post office box rental related to P. O. Box 363 El Segundo, California 90245.

39.     Documents that identify the family member of an officer of Phoenix who contributed minerals and royalty interests to Phoenix.

40.     All documents that evidence any relationship, contract, sale, deed, or transaction between You and (a) 4 GRLZ Investments LLC, (b) 4 GRLZ Investment's manager, Kelsey E. Fox, or (c) 4 GRLZ Investments LLC's land brokerage company FX Resources, LLC.

41.     Communications between You and (a) 4 GRLZ Investments, LLC, (b) GRLZ Investment's manager, Kelsey E. Fox, or (c) 4 GRLZ Investments LLC's land brokerage company FX Resources, LLC related to the "packet" of information described in Your Complaint.

42.     Documents that evidence, refer, or relate to any payment made by You to, or for the benefit of Ferrari Energy LLC.

43.     All documents evidencing, referring, or relating to any Drilling Title Opinions, Division Order Title Opinions, Indexes and Mineral Ownership Spreadsheet / Reports, covering the states of North Dakota, Montana, Wyoming and Colorado, which were included in or constituted Lion of Judah Capital, LLC's Intangible Capital Contribution to You.

44.      All communication between You and Anthony Will or Natalie Arch, regarding public comments, articles, posts, or statements about Ferrari, including suppressing, countering, or responding to such comments or statements. The relevant time period for this Request is February 14, 2019 to May 20, 2022.

45.     Any agreement between You and Reputation Resolutions.

46.     All documents evidencing, relating, or referring to the formation and governing documents for any entity other than Lion of Judah, LLC, Lion of Judah Capital, LLC, or Phoenix, which is also a signatory to any of the formation documents for Lion of Judah, LLC, Lion of Judah Capital, LLC or Phoenix.