IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-455 |
| | § | |
| WILLIAM FRANCIS, | § | |
| | § | |
| Defendant. | § | |

**AGREED PROTECTIVE ORDER**

For good cause shown, and pursuant to Federal Rule of Civil Procedure 26(c), the Court grants the parties' joint motion and enters the following Protective Order:

To protect the confidential, private, or sensitive financial information of each party, Adam Ferrari and William Francis (each a "Party" and collectively the "Parties") are ordered to abide by the terms of this Protective Order ("Order") in the above-captioned case ~~and any ancillary proceeding that may arise thereto~~ e (the "Litigation"). It is agreed by the Parties as follows: *[handwritten: KCS]*

    1.    <u>Scope</u>. For the purposes of this Order, "Confidential Information" means information of any type, kind, or character designated as such pursuant to paragraph 2 of this Order by any Party. Confidential Information may be contained in documents produced, testimony provided in depositions, exhibits, written discovery materials, or otherwise. A Party or third-party may designate as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Protective Order only those materials that contain confidential, sensitive, and/or personal information ("Designating Party"). Counsel who endorses this Order does so on behalf of the Party represented, counsel's law firm and/or entity as a whole, including the entity or firm's other attorneys, legal assistants, and non-legal employees.

2.  <u>Designation of Confidential Information</u>.  For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential and (b) the "Confidential Attorney Eyes Only" or "Confidential AEO" designation means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade secret information. Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the Party to whom disclosure is made unless that Party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

2a.  Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

2b.  Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information ("Confidential AEO") by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

2c. It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

2d. Rather than mark the original document, the Designating Party may mark the copy that is exchanged.

2e. The fact that any matter has been designated as Confidential Information shall not create any presumption as to the confidentiality of such matter in the event of a motion challenging the confidentiality designation thereof. The Designating Party shall make a good faith determination that any matter designated as Confidential warrants protection hereunder. Designation of a matter as Confidential Information or Confidential AEO must be narrowly tailored to include only matter for which there is good cause.

2f. Nothing shall be regarded as Confidential Information or Confidential AEO if it is information that is in the public domain at the time of disclosure, as evidenced by a written document.

3. <u>Depositions</u>. A party may designate information disclosed at a deposition as Confidential Information by requesting the court reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have twenty-one (21) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information. If no such designation is made at the deposition or within this twenty-one (21) calendar day period (during which period, the transcript must be treated as

Confidential Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.

4. <u>Challenges to Designations</u>. The Party to whom Confidential Information is produced ("Receiving Party") shall not be obligated to challenge the propriety of a designation as Confidential Information or Confidential AEO at the time such designation is made or received, and a failure to do so shall not preclude a subsequent challenge to such designation. In the event the Receiving Party disagrees at any time with the designation, the Designating Party and Receiving Party shall first try to resolve such dispute in good faith on an informal basis, including production of redacted copies. If the dispute cannot be resolved, then the Receiving Party may file a motion with the Court challenging the designation. If any such motion is filed with the Court, the Designating Party bears the burden of proving that the information in dispute is properly designated as Confidential Information. Until such time as the Court determines whether the information in dispute is properly designated as Confidential Information, the information in dispute shall be treated as Confidential and in accordance with the provisions of this Order.

5. <u>Restrictions on Use and Access of Confidential Information</u>. All Confidential Information produced or provided in the course of this Litigation shall be used solely for this Litigation and any resulting appeals and for no other purposes whatsoever and shall not be disclosed except in accordance with the terms of this Order, or by a valid court order. Confidential

Information shall not be disclosed or made available to any person(s) other than those persons specified herein:

    5a.    "Qualified Persons" who may have access to Confidential Information shall include only the following persons:

        i.    Any Party;

        ii.    Counsel of record for any Party, and the agents for such counsel, including paralegals, associates, and legal assistants to whom disclosure is reasonably necessary for this Action;

        iii.    Experts retained by any Party;

        iv.    The Court presiding over the Litigation and any court personnel and court reporters;

        v.    Deposition and trial witnesses during their testimony in the Litigation and, if the witness is not a Party, their counsel;

        vi.    Deposition and trial witnesses while preparing for their testimony in the Litigation and, if the witness is not a Party, their counsel;

        vii.    Court reporters and their staff;

        viii.    Professional jury or trial consultants, mock jurors, and persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing or retrieving data in any form or medium) and their employees and subcontractors, to whom disclosure is reasonably necessary for this Litigation;

        ix.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

        x.    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions;

        xi.    Any person or entity identified any Certificate of Interested Parties to whom disclosure is reasonably necessary for this Action; and

        xii.    Any other person who is designated a Qualified Person by order of this Court.

5b. Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following Qualified Persons, provided that such persons are informed of the terms of this Protective Order:

    i. Outside counsel for the receiving party;

    ii. Supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services;

    iii. Experts or consultants; and

    iv. Those individuals designated in paragraph 5(c).

Nothing in this paragraph limits use of any Confidential Attorneys Eyes Only during live court proceedings, which instead shall be subject to whatever protections the Court deems appropriate at the time of use.

5c. Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

    i. The information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

    ii. The designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

    iii. counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the court reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

6. <u>Separate Endorsement by Certain Qualified Persons</u>. Counsel of record for each Party shall require any and all Qualified Person(s) described in Paragraph 5 above, except for those identified in subparagraphs (ii), (iv), (vii) and (ix), who are given any access whatsoever to Confidential Information or Confidential Attorney Eyes Only Information to read and endorse Exhibit "A" to the Order prior to providing Confidential Information or Confidential Attorney Eyes Only Information to the Qualified Person(s). Counsel of record for each Party shall retain a set of each and every endorsement by an applicable Qualified Person(s) of the Order to be provided to counsel of record for the Parties on demand before such person is permitted to testify (at deposition or trial), but in any event, no later than at the termination of this Litigation.

7. <u>Copies and Summaries</u>. If any Party makes copies, abstracts, extracts, analyses, summaries, or creates other materials which contain, reflect or disclose the Confidential Information or Confidential Attorney Eyes Only Information, each such copy, abstract, extract, analysis, summary, and/or other material which contains, reflects, or discloses Confidential Information or Confidential Attorney Eyes Only Information shall be handled in accordance with the provisions of this Order. All copies of materials stamped or designated as Confidential Information or Confidential Attorney Eyes Only Information in accordance with paragraph 2 of this Order shall again be stamped with the respective designation if the original stamp was not reproduced in the duplicating process.

7a. This Order does not prevent any Party from filing Confidential Information with the Court. If any Party files Confidential Information with the Court, this Order authorizes the Party to file such materials under seal in accordance with the procedures specified by the local rules of the United States District Court for the Northern District of Texas, Dallas Division.

Alternatively, the Party may file Confidential Information if all such information is redacted from the filed copies, and it may provide un-redacted copies to the Court for in camera review.

8. <u>Disclosure Order</u>. Disclosure beyond the terms of this Order is permitted if the Designating Party consents to disclosure in writing or if the Court orders further disclosure of the Confidential Information.

9. <u>No Waiver of Rights</u>. This Order shall not be deemed a waiver of: (i) any right to object to any discovery requests on any ground; (ii) any right at any proceeding in the Litigation to object to the admission of evidence on any ground; (iii) any right of any Party to use its or his own documents with complete discretion; and/or (iv) any right of any Party to challenge who may be designated as a Qualified Person.

10. <u>Maintenance of Confidential Information</u>. Each person who has access to Confidential Information designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. <u>Disposition of Confidential Information After the Litigation</u>. Within sixty (60) days after the entry of a final judgment in the Litigation, from which no appeal has been or can be taken, or at a time agreed to by all Parties, all documents and all copies of documents marked or otherwise designated Confidential Information which were produced during the course of the Litigation and which are in the possession, custody, or control of any Party other than the producing Party, shall be returned to the producing Party or destroyed, except as this Court otherwise may order. Notwithstanding this provision, counsel that the Parties have specifically retained for this action shall retain an archival copy of all motion and trial papers, including affidavits, and may retain an archival copy of all pleadings, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential

Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

12. <u>Request for Disclosure of Confidential Information in Another Proceeding</u>. If any Party is requested or required in another proceeding (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigative demand, or other process or otherwise in connection with any investigation or the Litigation) to disclose any Confidential Information produced by another Party, pursuant to this Order the Party requested to make such disclosure shall provide notice of such request to the Party who produced the Confidential Information, within 14 days of receipt of any such request or knowledge of any such requirement, unless otherwise provided by law.

13. <u>Remedies</u>. The Court has exclusive jurisdiction over the subject matter of this Order, and any alleged violation of or other dispute concerning this Order may be submitted only to the Court for determination and appropriate action, including contempt proceedings. This Order shall bind the Parties as of the date of execution hereof, and shall additionally constitute an Order of the Court, if and when it is adopted as such.

14. <u>Duration</u>. This Order shall ~~survive the termination~~ *terminate at the conclusion* of the Litigation, ~~except that~~ the parties may seek written permission from one another to dissolve or modify the Order, and either party may seek an order of the Court to dissolve or modify the Order. *[initials]*

15. <u>Third Parties</u>. Third parties producing documents or information pursuant to a Rule 45 subpoena may designate produced documents or information as "Confidential Information" pursuant to the terms of this Order.

16. <u>Inadvertently Produced Privileged Document</u>. Inadvertent production of any Confidential Information that a Party or a non-party later claims should have been withheld on

grounds of privilege, including the work product doctrine, (an "Inadvertently Produced Privileged Document") will not be deemed to waive the privilege or work product protection, subject to the following provisions.

17a. A Party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a Party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the Receiving Parties shall, within ten (10) business days, destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material any information derived solely from the Inadvertently Produced Privileged Document, provided, however, the Receiving Parties may retain one copy of such Inadvertently Produced Privileged Document for the sole purpose of challenging the assertion of privilege by the requesting party, in which case (a) the Receiving Party shall notify the requesting party in writing of its intention to retain a copy for such purpose within ten (10) business days of the receipt of the notice demanding the return of such Inadvertently Produced Privileged Document, and (2) any party may thereafter seek a ruling from the Court with respect to the issue of whether the Inadvertently Produced Privileged Document is indeed privileged, whether by way of motion to compel, motion for protective order, or otherwise. All such motions shall be submitted *in camera*. Absent an order from the Court, no Inadvertently Produced Privileged Document shall be used for any purpose other than for challenging an assertion of privilege in accordance with the terms of this Paragraph.

17b. No Party may assert as a ground for challenging privilege the mere fact of the inadvertent production.

SIGNED January 22, 2024.

                                                              **KAREN GREN SCHOLER**
                                                               **UNITED STATES DISTRICT JUDGE**

**AGREED:**

**BROWN FOX PLLC**

*/s/ Charlene C. Koonce*
Charlene C. Koonce

ATTORNEYS FOR DEFENDANT


LOFTUS & EISENBERG, LTD.

*/s/ Ross Good, Esq.*
Ross Good, Esq.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-455 |
| | § | |
| WILLIAM FRANCIS, | § | |
| | § | |
| Defendant. | § | |

# EXHIBIT A

I, _____, have read and reviewed the Agreed Protective Order entered in the above-captioned case and hereby agree to be bound by any and all terms and conditions thereof.

I declare under the penalty of perjury, pursuant to 28 U.S.C. 1746, that the foregoing is true and correct.

This declaration was executed on this _____ day of _____, 2024.

_____
Name

_____
Printed Name

EXHIBIT A – PAGE 1

## Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-455 |
| WILLIAM FRANCIS, | § § § | |
| Defendant. | § | |

## CONFIDENTIALITY AGREEMENT FOR THIRD PARTY VENDORS

I, on behalf of [Vendor Name] (the "Vendor") hereby affirm that:

Information, including documents and things, designated as "Confidential Information" or "Confidential Attorney Eyes Only Information as defined in the Protective Order in the above captioned action, is being provided to the Vendor pursuant to the terms and restrictions of the Protective Order.

I am an authorized representative of the Vendor.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree on behalf of the Vendor to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

The Vendor agrees not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to the Vendor pursuant to the Protective Order except for purposes of the above captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the

party who designated the information as Confidential Information or by order of the presiding judge.

I understand that the Vendor is to retain all documents or materials designated as or containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner, and that all such documents and materials are to remain in the Vendor's custody until the completion of the Vendor's assigned duties in this matter, whereupon all such documents and materials, including copies thereof, and any writings prepared by the Vendor containing any Confidential Information or Confidential Attorney Eyes Only Information are to be returned to counsel who provided the Vendor with such documents and materials or are to be destroyed.

Date:_____

Vendor Name:_____

Representative Name:_____

Signature:_____