UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Case No. 3:23-cv-00455-S |
| WILLIAM FRANCIS, | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING
DEFENDANT'S SUBPOENA TO FIRST INTERNATIONAL BANK & TRUST
AND BRIEF IN SUPPORT**

John T. Ryan *(pro hac vice)*
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
jake.ryan@lw.com

Andrew R. Gray *(pro hac vice)*
LATHAM &WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
andrew.gray@lw.com

Garrett S. Long *(pro hac vice)*
LATHAM &WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
garrett.long@lw.com

James O. Crewse
Texas Bar No. 24045722
CREWSE LAW FIRM PLLC
5919 Vanderbilt Ave
Dallas, TX 75206
Telephone: (214) 394-2856
jcrewse@crewselawfirm.com

*Attorneys for Plaintiff Adam Ferrari*

## **TABLE OF CONTENTS**

|      |      | Page |
|------|------|------|
| I.   | INTRODUCTION .......................................................................................................1 | |
| II.  | FACTUAL BACKGROUND....................................................................................3 | |
|      | A. Defendant Made Defamatory Statements About Mr. Ferrari to FIBT—a Former and Contemplated Future Source of Financing for Phoenix. ......................3 | |
|      | B. The FAC Identifies Defendant's Communications with FIBT as One Known Example of Defendant's Defamation Campaign Against Mr. Ferrari.................................................................................................................4 | |
|      | C. Defendant Serves FIBT With Grossly Overbroad Subpoena Seeking Large Swaths of Irrelevant Financial Information Untethered to Mr. Ferrari's Defamation Claim. ........................................................................................4 | |
|      | D. Defendant Refuses to Meaningfully Limit the Scope of the Subpoena, Necessitating this Motion. ...........................................................................6 | |
| III. | LEGAL STANDARD................................................................................................6 | |
| IV.  | ARGUMENT.............................................................................................................7 | |
|      | A. The Court Should Forbid Disclosure of Documents Sought by Request Nos. 1-8, Because Those Requests Seek Information Outside the Scope of Permissible Discovery. .................................................................................7 | |
|      | B. A Protective Order Is Needed to Safeguard Sensitive and Irrelevant Information Contained in Any Arguably Relevant Documents Encompassed by Request Nos. 9-11.........................................................................................9 | |
| V.   | CONCLUSION.......................................................................................................10 | |

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Architectural Granite & Marble LLC v. Pental*,
    2022 WL 1090263 (N.D. Tex. Jan. 10, 2022) ............................................................................7

*Burdette v. Panola County*,
    83 F. Supp. 3d 705 (N.D. Miss. 2015) .......................................................................................8

*Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*,
    643 F. Supp. 3d 613 (E.D. La. 2022) ............................................................................2, 6, 7, 9

*EEOC v. Skywest Airlines, Inc.*,
    2024 WL 842119 (N.D. Tex. Jan. 8, 2024) ............................................................................2, 7

*Hahn v. Hunt*,
    2016 WL 1587405 (E.D. La. Apr. 20, 2016) .............................................................................7

*Hirsch v. USHealth Advisors, LLC*,
    2020 WL 1271588 (N.D. Tex. Feb. 14, 2020), *aff'd,* 2020 WL 1271374 (N.D.
    Tex. Mar. 12, 2020) ...................................................................................................................7

*MC Trilogy Tex., LLC v. City of Health*,
    2023 WL 5918925 (N.D. Tex. Sept. 11, 2023) ..........................................................................7

*MetroPCS v. Thomas*,
    327 F.R.D. 600 (N.D. Tex. 2018) ..............................................................................................7

*Samsung Elecs. Am., Inc. v. Chung*,
    321 F.R.D. 250 (N.D. Tex. 2017) ..............................................................................................6

**RULES**

Fed. R. Civ. P. 26 ............................................................................................................................6

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(c)(1), Plaintiff Adam Ferrari ("Mr. Ferrari") moves for a protective order forbidding the disclosure to Defendant William Francis ("Defendant") of certain sensitive financial and competitive information irrelevant to the claims and defenses in this action but nevertheless requested in Defendant's overbroad and improper document subpoena (the "Subpoena") to non-party First International Bank & Trust ("FIBT").

I.     INTRODUCTION

This case arises from Defendant's years' long campaign to defame, disparage, and harm the personal and business reputation and interests of Mr. Ferrari. Defendant spread defamatory misinformation about Mr. Ferrari through public-facing websites, as well as through targeted dissemination to specific individuals, industry groups, and entities with whom Mr. Ferrari interacted. FIBT is one of the specific, targeted entities to which Defendant defamed Mr. Ferrari, as alleged in the First Amended Complaint ("FAC"). *See, e.g.,* Dkt. 7 ¶ 25.

In April 2022, FIBT—a bank from which Phoenix Capital Group ("Phoenix") had previously obtained financing—executed an agreement with Phoenix regarding the contemplated provision of significant financing that would, among other things, allow Phoenix to more effectively compete with Defendant (and his company, Incline). At that time, Mr. Ferrari was under contract with Phoenix as an independent contractor. In May 2022, Defendant made false and defamatory statements about Mr. Ferrari to FIBT, after which FIBT backed out of its financing deal with Phoenix.

Now, in the present action, Defendant is attempting to parlay his own underlying misconduct—i.e., the defamatory statements he made to FIBT—as a pretense to obtain from FIBT a trove of sensitive financial and competitive business information about Phoenix, its employees, Mr. Ferrari, and Mr. Ferrari's family. This is a quintessential fishing expedition, with Defendant not even attempting to tailor the scope of the Subpoena to FIBT's limited relevance to this action. It is telling that the Subpoena does not request *any* documents regarding

Defendant's allegedly defamatory statements to FIBT identified in the FAC. Instead, the Subpoena broadly seeks a wide array of sensitive information with no connection to FIBT's receipt of defamatory information, such as "*all* documents" related to "*any* loan, credit, or financing" FIBT ever provided to Phoenix from "March 1, 2019 to the present."

In short, nearly all of the Subpoena's requests are overbroad, exceed the scope of permissible discovery under FRCP 26, and risk causing significant harm to Mr. Ferrari, Phoenix, and others, without any countervailing benefit to the adjudication of this action, if FIBT were to produce to Defendant the requested information. Consistent with the routine practice of courts throughout the Fifth Circuit, these circumstances warrant the issuance of a protective order forbidding the disclosure of certain information in response to the Subpoena. *See, e.g., Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*, 643 F. Supp. 3d 613, 619 (E.D. La. 2022) (issuing protective order where "subpoena is grossly overbroad, not proportionate to the needs of the case and amounts to an unabashed fishing expedition"); *EEOC v. Skywest Airlines, Inc.*, 2024 WL 842119, at *2 (N.D. Tex. Jan. 8, 2024) (issuing protective order where document requests in subpoenas were "impermissibly overbroad" and "exceed[ed] the scope of permissible discovery under Rule 26(b)(1)").

Accordingly, Mr. Ferrari respectfully requests a protective order, pursuant to FRCP 26(c)(1), that:

- forbids FIBT from producing to Defendant any documents in response to Request Nos. 1-8 in the Subpoena;
- requires that, before producing to Defendant's counsel any documents in response to Request Nos. 9, 10, or 11, FIBT must either (a) redact from any documents that FIBT determines to be within the scope of those requests (the "Responsive Documents") all references to (i) financial or tax data for Mr. Ferrari, Mr. Ferrari's family members, Phoenix, or any of Phoenix's members or employees, (ii) any names of, or financial or tax data for, any of Phoenix's investors, clients, lenders, or customers, or (iii) details of any of Phoenix's business plans; or

2

      (b) provide copies of the Responsive Documents to counsel for Mr. Ferrari to make such redactions; and

- provides that any Responsive Documents produced by FIBT to Defendant's counsel will be treated as "Confidential Attorney Eyes Only" under the Agreed Protective Order (Dkt. 54) for a period of twenty-one (21) days, during which period Mr. Ferrari will notify Defendant in writing which, if any, of the produced documents are to be designated as either "Confidential Information" or "Confidential Attorney Eyes Only."

## II.  FACTUAL BACKGROUND

### A.  Defendant Made Defamatory Statements About Mr. Ferrari to FIBT—a Former and Contemplated Future Source of Financing for Phoenix.

In early 2022, Mr. Ferrari was working as an independent contractor for Phoenix, a company he founded and in which his family had a majority interest.  At that time, Phoenix was looking to obtain financing that would better enable it to compete with Incline and others in the mineral rights acquisition market.  Declaration of Curtis Allen ("Allen Decl.") ¶ 2 (APP0018).  Phoenix had previously obtained financing from FIBT, and was interested in rekindling that relationship.  Id. ¶ 3.  Phoenix and FIBT worked together to develop a mutually agreeable loan structure, and both parties signed an agreement on April 27, 2022, that memorialized the proposed terms and required Phoenix to pay FIBT a non-refundable $50,000 commitment fee.  Id. ¶ 4.  As part of the loan discussions, Phoenix, its members, employees, and affiliated entities and individuals, provided FIBT with a substantial amount of sensitive information—including personal and other non-public financial and tax data, investor information, and other confidential information.  Id. ¶ 5.  Phoenix and/or its members, employees, and affiliated entities and individuals had also previously provided FIBT with similarly sensitive information in connection with its prior financing relationship.  Id. ¶ 6.

Defendant apparently caught wind of Phoenix's imminent funding and, in an effort to sabotage it and avoid increased competition from Phoenix, reached out to FIBT shortly after Phoenix and FIBT executed the April 27 agreement but before Phoenix obtained the proposed financing. *See, e.g.,* FAC ¶ 25. To thwart Phoenix's funding, Defendant made false and defamatory statements about Mr. Ferrari to FIBT, falsely stating that Mr. Ferrari was (1) a convicted felon; (2) the CEO of Phoenix; and (3) defrauding mineral owners and investors. *See id.* ¶¶ 25, 36. Shortly thereafter, FIBT reneged on its financing proposal to Phoenix. Allen Decl. ¶ 7 (APP0018).

### B. The FAC Identifies Defendant's Communications with FIBT as One Known Example of Defendant's Defamation Campaign Against Mr. Ferrari.

Mr. Ferrari filed this defamation action in early 2023, attempting to put an end to Defendant's aggressive and unlawful harassment campaign against Mr. Ferrari. *See generally* FAC. In the FAC, Mr. Ferrari alleges the existence of this campaign and provides some specific, non-exhaustive examples of Defendant's defamatory conduct that were known to Mr. Ferrari at the time of filing, despite Defendant's attempts to hide his conduct by using aliases, anonymous emails and websites, and other strategies. *See id.* ¶¶ 25-32. Defendant's publication of defamatory statements to FIBT was one of several specific examples identified in the FAC. *Id.* ¶ 25.

### C. Defendant Serves FIBT With Grossly Overbroad Subpoena Seeking Large Swaths of Irrelevant Financial Information Untethered to Mr. Ferrari's Defamation Claim.

On April 1, 2024, Defendant served notice of his intent to serve the Subpoena on FIBT. Declaration of Andrew Gray ("Gray Decl.") Ex. 1 (APP0005-15). The Subpoena contains eleven document requests, each of which ask for "All documents" related to broad topics that—with only three arguable exceptions—are not relevant to FIBT's receipt of defamatory materials

4

from Defendant in May 2022.  *Id*.  Specifically, the Subpoena includes the following Requests which are the primary subject of this Motion:[1]

- Request No. 1:  "All documents evidencing any loan, credit, or financing you provided to Phoenix."

- Request No. 2:  "All documents you solicited or received in connection with your consideration of extending any loan, credit, or financing to Phoenix."

- Request No. 3:  "All documents evidencing, referring, or relating to any diligence you conducted with respect to consideration of any loan, credit or financing solicited by or provided to Phoenix."

- Request No. 4:  "All documents evidencing, referring, or relating to any diligence you conducted with respect to consideration of any loan, credit or financing solicited by or provided to any of Phoenix's Affiliates, if Adam Ferrari had any role in soliciting, negotiating, providing any diligence or documents in support of such loan or credit, or guaranteeing such loan or credit."

- Request No. 5:  "All communications with Phoenix regarding its solicitation or application for a loan, credit, or financing."

- Request No. 6:  "All communications with Ferrari, Daniel Ferrari, or Charlene Ferrari regarding the solicitation or application for a loan, credit, or financing if Phoenix, Lion of Judah Capital, LLC or Lion of Judah, LLC was the recipient or entity on whose behalf such loan, credit or financing was solicited."

- Request No. 7:  "All communications between and among your employees, officers, or agents regarding your consideration of any loan, credit or financing solicited by or extended to Phoenix."

- Request No. 8:  "All documents evidencing, referring, or relating to your Customer Information File regarding Phoenix Capital Group Holdings, LLC,

---

[1] Mr. Ferrari is not asking for an order forbidding the production of any documents in response to Request Nos. 9-11, though his requested relief does include safeguards based on the material possibility that documents responsive to those Requests may include sensitive and/or irrelevant information that warrants redactions and/or treatment as "Confidential" or "Confidential AEO" under the Agreed Protective Order (Dkt. 54).  *See infra* IV(B).  Request Nos. 9-10 seek documents relevant to the harm caused by Defendant's publication of defamatory statements to FIBT—i.e., documents evidencing FIBT's "termination of the Loan Facility dated April 27, 2022" (Request No. 9), and documents evidencing "the basis or rationale for [FIBT's] termination of the Loan Facility (Request No. 10).  Request No. 11 seeks copies of any documents that FIBT has produced to Phoenix or Mr. Ferrari "in response to any Subpoena or court order."

Adam Ferrari, Lion of Judah, LLC, Lion of Judah, LLC, or Alpha & Omega Capital, LLC."

*Id*. The Subpoena purports to require FIBT to produce all requested documents on April 22, 2024. *Id*.

### D. Defendant Refuses to Meaningfully Limit the Scope of the Subpoena, Necessitating this Motion.

On April 18, 2024, counsel for Mr. Ferrari spoke with counsel for FIBT regarding whether FIBT intended to object to the Subpoena. Gray Decl. ¶ 4 (APP0003). During the call, FIBT's counsel indicated that FIBT would search for and produce the requested documents unless Defendant agreed to a narrowed scope or Mr. Ferrari filed a motion for a protective order on or before April 22. *Id*. Counsel for Mr. Ferrari told FIBT's counsel that Mr. Ferrari intended to move for a protective order if Defendant was unwilling to sufficiently narrow the Subpoena. *Id*. ¶ 5. FIBT did not produce documents in response to the Subpoena before the filing of this Motion, and its counsel confirmed that FIBT would not produce documents until the Motion has been resolved. *Id*. ¶ 6.

Mr. Ferrari's counsel communicated with Defendant's via voicemail, email, and telephone conference regarding the Subpoena and the relief requested in this Motion. *Id*. ¶¶ 7-9. The Parties were unable to reach agreement, thus requiring Mr. Ferrari to seek a protective order through this Motion. *Id*. ¶ 9.

### III. LEGAL STANDARD

Under FRCP 26(b)(1), matter is discoverable only if it is "both relevant and proportional to the needs of the case – which are related but distinct requirements." *Samsung Elecs. Am., Inc. V. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). "Rule 26(b)(2)(C) mandates that the Court must limit the frequency or extent of discovery" if "the proposed discovery is outside the scope of Rule 26(b)(1)." *Crescent City Remodeling*, 643 F. Supp. 3d at 617. Further, the Court may, in its broad discretion, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FRCP 26(c)(1).

6

The scope of documents or information that can be obtained by subpoena under FRCP 45 is no greater than the scope of discovery permitted under FRCP 26. *MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018). Accordingly, "[b]oth Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery." *Hahn v. Hunt*, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016).

Any party may challenge the scope of a third-party subpoena through a motion for protective order under Rule 26(c). *See, e.g., Hirsch v. USHealth Advisors, LLC*, 2020 WL 1271588, at *3 (N.D. Tex. Feb. 14, 2020), *aff'd,* 2020 WL 1271374 (N.D. Tex. Mar. 12, 2020) ("[A]s parties to this litigation, Defendants have standing under Rule 26(c) to seek a limitation and/or modification of the scope of the subpoena."); *see also Architectural Granite & Marble LLC v. Pental*, 2022 WL 1090263, at *4 n.3 (N.D. Tex. Jan. 10, 2022) (finding party may "raise overbreadth and relevance objections" to subpoena in motion for protective order under FRCP 26(c)).

## IV.   ARGUMENT

### A.   The Court Should Forbid Disclosure of Documents Sought by Request Nos. 1-8, Because Those Requests Seek Information Outside the Scope of Permissible Discovery.

Where a document request in a subpoena is "not confined to [documents] that are related to a claim or defense in th[e] case," it exceeds the scope of permissible discovery under FRCP 26(b)(1) and a protective order is warranted. *EEOC*, 2024 WL 842119, at * 2. Requests are particularly disfavored in the Fifth Circuit when they seek the production of "all" or "any" documents without tailoring the request to the specific documents that are relevant to a claim or defense. *See id*. (collecting cases); *see also Crescent City Remodeling*, 643 F. Supp. 3d at 620 (finding subpoena "exceed[ed] the permissible scope of discovery" because the requests "would likely encompass many communications having absolutely nothing to do with" the issues in the case); *MC Trilogy Tex., LLC v. City of Health,* 2023 WL 5918925, at *8 (N.D. Tex. Sept. 11, 2023) (declining to enforce overbroad document subpoena asking for "all" communications);

7

*Burdette v. Panola County*, 83 F. Supp. 3d 705, 707 (N.D. Miss. 2015) (quashing overbroad subpoena for failure to show relevance of requested documents).

Here, FIBT's relevance to this case is solely as the recipient of defamatory statements from Defendant. *See supra* II(A)-(B). Thus, the only relevant documents FIBT may have in its possession are documents related to those defamatory statements—i.e., the communications between Defendant and FIBT related to Defendant's statements about Mr. Ferrari, internal FIBT communications regarding those statements, and documents demonstrating the harm caused by those statements (e.g., internal FIBT communications, if any, evidencing that Defendant's statements caused FIBT to renege on its proposed loan facility with Phoenix). Request Nos. 1-8 do not seek documents related to the defamatory statements; rather, they instead seek—from eight different angles—a grossly overbroad universe of irrelevant documents comprised of Phoenix's (and others') sensitive financial and competitive information.

Specifically, Request Nos. 1-8 broadly seek "all" documents in FIBT's possession that relate to "*any* loan, credit, or financing" FIBT has provided to Phoenix, including documents related to loan/financing that could predate, or postdate, Defendant's defamatory statements to FIBT by three or more years. Gray Decl. Ex. 1 at APP0014-15; *see also id.* at APP0014, Instruction 10 ("the time frame for all Requests is *March 1, 2019 to the present*") (emphasis added); Allen Decl. ¶¶ 4-7 (APP0018) (relevant timeframe for FIBT interactions with Phoenix and Defendant is *April/May 2022*). These grossly overbroad Requests encompass all loan documents/agreements themselves (No. 1), "all" documents FIBT received from Phoenix in connection with the consideration of "any" loan/financing to Phoenix (No. 2), "all" documents "relating to" any diligence FIBT conducted of Phoenix (No. 3), "all" communications with Phoenix regarding any potential loan/financing from FIBT (No. 5), and "all" internal FIBT communications regarding any potential loan/financing to Phoenix (No. 7). *Id.* And Defendant does not stop there. He also requests "all" those same types of documents related to FIBT's consideration of any loan/financing to "Phoenix's Affiliates"—a wildly broad term defined in the Subpoena to include, among others, "any person or entity" in which Mr. Ferrari has held any

8

direct or indirect ownership interest—as well as other specified entities with no relevance to this case (Nos. 4, 6, 8).

Request Nos. 1-8 encompass documents that have nothing to do with the claims and defenses in this case. That fact alone warrants a protective order forbidding the production of documents in response to the Requests. *See, e.g., Crescent City Remodeling*, 643 F. Supp. 3d at 617, 620. A protective order is further warranted by the fact that the requested documents also include a trove of sensitive information related to Phoenix—one of Defendant's primary competitors—including competitively valuable details regarding Phoenix's finances, investors, assets, customers, and business strategies.

In addition to being irrelevant to the claims or defenses in this case, this information risks subjecting Mr. Ferrari to the very annoyance, embarrassment, oppression, and undue burden that was the impetus for bringing this lawsuit. Indeed, this lawsuit was necessitated by Defendant's relentless harassment of Mr. Ferrari, continuing over a period of years, carried out by sending false and defamatory statements to Mr. Ferrari's business contacts. The very real risk—demonstrated through years of conduct—that Defendant may make improper use the information sought by the Subpoena cannot be ignored. That risk, when weighed against the minimal, if any, potential relevance of a minute portion of the requested information, further warrants the exercise of the Court's discretion under FRCP 26(c)(1) to prevent the production of the documents sought by Request Nos. 1-8 in the Subpoena.

**B. A Protective Order Is Needed to Safeguard Sensitive and Irrelevant Information Contained in Any Arguably Relevant Documents Encompassed by Request Nos. 9-11.**

Mr. Ferrari is not opposed to FIBT's production of documents sought by Request Nos. 9, 10, and 11, but safeguards are necessary to ensure the protection of his and Phoenix's sensitive competitive information that may be contained in such documents.

Request Nos. 9 and 10 seek documents related to FIBT's "termination of the Loan Facility" with Phoenix following Defendant's defamatory communications with FIBT regarding

Mr. Ferrari. *See* Gray Decl. Ex. 1 at APP014-15. Those documents are potentially relevant to showing the impact and harm caused by Defendant's defamatory conduct. It is possible, however, that those documents may also include certain sensitive information regarding Phoenix's business (i.e., details regarding Phoenix's finances, investors, assets, customers, and business strategies) and/or financial/tax data for Mr. Ferrari and other individuals or entities that are *not* relevant to that issue and would be harmful to Phoenix if disclosed to Defendant for the same reasons discussed in the preceding Section. Accordingly, to protect against such harm while also allowing for the production of relevant documents/information, Mr. Ferrari requests that the Court issue a protective order providing as follows.

***First***, before producing to Defendant's counsel any Responsive Documents pursuant to Request Nos. 9, 10, or 11, FIBT must either (a) redact from any Responsive Documents all references to (i) financial or tax data for Mr. Ferrari, Mr. Ferrari's family members, Phoenix, or any of Phoenix's members or employees, (ii) any names of, or financial or tax data for, any of Phoenix's investors, clients, lenders, or customers, or (iii) details of any of Phoenix's business plans; or (b) provide copies of the Responsive Documents to counsel for Mr. Ferrari to make such redactions.

***Second***, any Responsive Documents produced by FIBT to Defendant's counsel pursuant to Request Nos. 9, 10, or 11 will be treated as "Confidential Attorney Eyes Only" under the Agreed Protective Order (Dkt. 54) for a period of twenty-one (21) days, during which period Mr. Ferrari will notify Defendant in writing which, if any, of the produced documents are to be designated as either "Confidential Information" or "Confidential Attorney Eyes Only."

## V.  CONCLUSION

For the foregoing reasons, Mr. Ferrari respectfully requests that the Court issue a protective order pursuant to FRCP 26(c)(1) that (1) forbids FIBT from producing to Defendant any documents in response to Request Nos. 1-8 in the Subpoena; and (2) puts in place safeguards requiring redactions and a provisional "Attorney Eyes Only" period for any documents produced

by FIBT in response to Request Nos. 9-11, as described above and in the [Proposed] Order submitted concurrently herewith.

Dated: April 22, 2024                    Respectfully submitted,

*/s/ John T. Ryan*
John T. Ryan *(pro hac vice)*
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
jake.ryan@lw.com

Andrew R. Gray *(pro hac vice)*
LATHAM &WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
andrew.gray@lw.com

Garrett S. Long *(pro hac vice)*
LATHAM &WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
garrett.long@lw.com

James O. Crewse
Texas Bar No. 24045722
CREWSE LAW FIRM PLLC
5919 Vanderbilt Ave
Dallas, TX 75206
Telephone: (214) 394-2856
jcrewse@crewselawfirm.com

*Attorneys for Plaintiff Adam Ferrari*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(b), I hereby certify that on April 22, 2024, my colleague Josh Ji and I, counsel for Plaintiff, conferred with Cort Thomas and Andrew Debter, counsel for Defendant, regarding the issues presented and relief sought by this Motion.  We were unable to reach an agreement regarding the scope of the subpoena to FIBT, and Defendant's counsel stated that Defendant would oppose this Motion.

*/s/ Andrew R. Gray*
Andrew R. Gray

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing has been served on counsel of record for Defendant via the Court's electronic filing system, on this the 22nd day of April 2024.

*/s/ John T. Ryan*
John T. Ryan