**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ADAM FERRARI, | § | |
| Plaintiff, | § § | |
| v. | § § § § | Case No. 3:23-cv-00455-S |
| WILLIAM FRANCIS, | § § § | |
| Defendant. | § § § | |

**APPENDIX IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR PROTECTIVE ORDER REGARDING**
**DEFENDANT'S SUBPOENA TO FIRST INTERNATIONAL BANK & TRUST**

Plaintiff Adam Ferrari ("Mr. Ferrari") hereby submits the following evidence in support of his Motion for Protective Order Regarding Defendant's Subpoena to First International Bank & Trust:

| Tab | Description | Appendix Page(s) |
|---|---|---|
| A | Declaration of Andrew R. Gray in Support of Plaintiff's Motion for Protective Order Regarding Defendant's Subpoena to First International Bank & Trust | APP0001-APP0004 |
| Exhibit 1 | Plaintiff's Notice of Intent to Serve Subpoena on First International Bank & Trust, dated April 1, 2024 | APP0005-APP0015 |
| B | Declaration of Curtis Allen in Support of Plaintiff's Motion for Protective Order Regarding Defendant's Subpoena to First International Bank & Trust | APP0016-APP0018 |

Dated: April 22, 2024

Respectfully submitted,

*/s/ John T. Ryan*
John T.  Ryan *(pro hac vice)*
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
jake.ryan@lw.com

Andrew R.  Gray (*pro hac vice*)
LATHAM &WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
andrew.gray@lw.com

Garrett S.  Long (*pro hac vice*)
LATHAM &WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
garrett.long@lw.com

James O.  Crewse
Texas Bar No. 24045722
CREWSE LAW FIRM PLLC
5919 Vanderbilt Ave
Dallas, TX 75206
Telephone: (214) 394-2856
jcrewse@crewselawfirm.com

*Attorneys for Plaintiff Adam Ferrari*

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing has been served on counsel of record for

Defendant via the Court's electronic filing system, on this the 22nd day of April 2024.

*/s/ John T. Ryan*
John T. Ryan

# TAB A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ADAM FERRARI, | | Civil Action No.: 3:23-cv-455 |
| | Plaintiff, | |
| v. | | |
| WILLIAM FRANCIS, | | |
| | Defendant. | |

**DECLARATION OF ANDREW R. GRAY IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR PROTECTIVE ORDER REGARDING DEFENDANT'S SUBPOENA TO**
**<u>FIRST INTERNATIONAL BANK & TRUST</u>**

APP0002

I, Andrew R. Gray, declare as follows:

1.      I am an attorney with the law firm of Latham & Watkins LLP, counsel of record for Plaintiff Adam Ferrari in the above-captioned matter.  I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would testify competently thereto.

2.      This declaration is filed in support of Plaintiff's Motion for Protective Order Regarding Defendant's Subpoena to First International Bank & Trust (the "Motion").

3.      Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's Notice of Intent to Serve Subpoena on First International Bank & Trust (the "Notice"), dated April 1, 2024. The Notice attaches a copy of the Subpoena as Exhibit A.

4.      On April 18, 2024, I spoke with counsel First International Bank & Trust ("FIBT"), who indicated that FIBT would search for and produce the documents requested by the Subpoena unless Plaintiff agreed to a narrowed scope or Mr. Ferrari filed a motion for a protective order on or before April 22, 2024.

5.      I communicated to FIBT's counsel that Mr. Ferrari intended to move for a protective order if Defendant was unwilling to sufficiently narrow the Subpoena.

6.      FIBT did not produce documents in response to the Subpoena before the filing of the Motion, and its counsel confirmed that FIBT would not produce documents until the Motion has been resolved.

7.      On April 19, 2024, I called Defendant's counsel to confer regarding the scope of the Subpoena and attempt to negotiate a resolution to Mr. Ferrari's concerns and objections without the need for motion practice.  Defendant's counsel did not answer, so I left a message requesting that she call me to discuss the Subpoena.

8.      On April 19, 2024, I emailed Defendant's counsel regarding the Subpoena, requesting a conference to discuss Mr. Ferrari's objections to its scope and to explore whether the Parties could reach agreement without the need for motion practice.

APP0003

9.      On April 22, 2024, I conferred via telephone with Defendant's counsel regarding the Subpoena and the issues raised in the Motion.  The Parties were unable to reach agreement, and Defendant's counsel indicated that Defendant would oppose the Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 22, 2024.

_____
Andrew R. Gray

3

**APP0004**

# EXHIBIT 1

APP0005

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ADAM FERRARI,                          §
                                       §
        Plaintiff,                     §
                                       §
v.                                     §          CASE NO. 3:23-cv-455-S
                                       §
WILLIAM FRANCIS,                       §
                                       §
        Defendant.                     §

**NOTICE OF INTENT TO SERVE SUBPOENA
ON FIRST INTERNATIONAL BANK & TRUST**

TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure,
Defendant William Francis intends to issue the attached Subpoena to Produce Documents,
Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") to
non-party First International Bank & Trust, commanding it to produce and make available
documents identified in the Subpoena, on April 22, 2024 at the location specified in the Subpoena,
or at a time and place to be mutually agreed upon. A copy of the Subpoena is attached as **Exhibit
A**.

APP0006

Respectfully submitted,

By: _/s/ Charlene C. Koonce_____
   Cortney C. Thomas
    Texas Bar No. 24075153
    cort@brownfoxlaw.com
   Charlene C. Koonce
    Texas Bar No. 11672850
    charlene@brownfoxlaw.com
   Andrew C. Debter
    Texas Bar No. 24133954
    andrew@brownfoxlaw.com
   BROWN FOX PLLC
   8111 Preston Road, Suite 300
   Dallas, TX  75225
   Tel. 214.327.5000
   Fax. 214.327.5001

*Attorneys for Defendant William Francis*

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 1, 2024, a true and correct copy of the foregoing document was served on all counsel of record.

*/s/ Charlene C. Koonce*_____
Charlene C. Koonce

2

APP0007

# EXHIBIT A

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | |
|---|---|
| Adam Ferrari | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:23-CV-455 |
| | ) |
| William Francis | ) |
| _____ | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: First International Bank & Trust, by and through Sean T. Foss, SVP - Senior Corporate Counsel,
3001 25th Street South, Fargo, ND 58103
_____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Vogel Law Firm | Date and Time: |
|---|---|
| 218 NP Avenue | |
| Fargo, ND 58107 | 04/22/2024 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/01/2024
_____

CLERK OF COURT

OR

_____           /s/ Charlene C. Koonce
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* William Francis
_____ , who issues or requests this subpoena, are:

Charlene C. Koonce, Brown Fox PLLC, 8111 Preston Rd., Suite 300, Dallas, Texas 75225, (214) 327-5000

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**APP0009**

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:23-CV-455

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                        _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*

                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

**APP0010**

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

The term "Defendant" or "Francis" means William Francis.

"Adam Ferrari" or "Mr. Ferrari" mean Adam D. Ferrari, whose date of birth is December 31, 1982.

"Affiliate" means any person or entity (a) in which Ferrari holds or has held any ownership interest, directly or indirectly; (b) was created to provide support or assistance to Phoenix in its operations or fundraising; (c) is operated or controlled by Ferrari, Lion of Judah Capital, LLC, Lion of Judah, LLC, Alpha & Omega Capital, LLC, or Phoenix Capital Holdings Group, LLC.

"Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including, without limitation, written, oral, or electronic transmissions (including, but not limited to, electronic mail, texts, social media messaging, WhatsApp messaging, Signal Messaging, etc.).

"Document(s)" or "Information" means all materials within the scope of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information ("ESI"), that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "Document(s)" or "Information" includes but is not limited to emails and other types of messages (including but not limited to text, instant, and direct messages), social media or other online content, data generated and stored by devices connected to the Internet of Things ("IoT"), communications generated and stored in workplace collaboration tools or ephemeral messaging applications, and all associated data and metadata.

The "Lawsuit" means *Adam Ferrari v. William Francis*, Case No. 3:23-cv-00455-S, in the U.S. District Court for the Northern District of Texas, Dallas Division.

"Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

"Phoenix" means Phoenix Capital Group Holdings, LLC.

"Relate," "related," or "relating" means, in addition to their usual and customary meanings, concerning, referring to, reflecting, regarding, pertaining to, addressing, discussing, alluding to, describing, evidencing, constituting, or otherwise having any logical or factual connection with, directly or indirectly, expressly or implicitly, the subject matter of the specific request.

**APP0012**

The words "and" and "or" shall be construed disjunctively or conjunctively to bring within the scope of each interrogatory all responses which otherwise might be construed to be outside the scope of an interrogatory.

The word "any" shall be construed to include "all" and vice versa.

The word "each" shall be construed to include "every" and vice versa.

"You" or "Your" means the person or entity to whom these Requests are directed **and includes any entity in which he/she/it holds any ownership interest directly or indirectly, as well as its agents, representatives, or anyone authorized or purportedly authorized to act on their behalf**.

Any word in the singular form shall also be construed as plural and vice versa.

Any undefined term that you contend is ambiguous or of uncertain meaning shall have the ordinary and customary meaning as provided by dictionaries, including Merriam-Webster or Black's Law Dictionary.

The masculine form shall also be construed to include the feminine and vice versa.

## <u>INSTRUCTIONS</u>

1.      If any document which otherwise falls within the scope of this Request is not produced by you, list the document(s) not produced and, for each such document, state:

- the reasons for withholding each such document;
- the identity of the author(s) or preparer(s) of each such document;
- the identity of the sender(s) of each such document;
- the identity(ies) of the person(s) to whom the original and any copies of each such document were sent;
- a brief description of the nature and subject matter of each such document;
- the date of each such document; and
- the present location of each such document and the name, telephone number, and address of the current custodian.

2.      Produce the documents described below as they are kept in the usual course of business or organized and labeled to correspond with the categories of this Request.

3.      To the extent that any or all computer programs or other documents are available only on disks, drums, central computer memory, or other storage means which can be physically attached to a computer, such computer programs and other documents are required to be produced either in printed or machine-readable form.

4.      Whenever a requested document or group of documents is kept or found in a file, produce the document or documents along with the file in which they are contained.  Whenever a requested document or file or group of documents or files are kept or are found in a file

APP0013

drawer, file box or other place, before the same is produced, attach thereto a copy of the label, number or title of the file drawer, file box or other place from which the document or file was found or removed.

5.       No communication, document or file requested should be altered, changed or modified in any respect.  No communication, document or file requested should be disposed of or destroyed.  You should take appropriate steps to protect all communications, documents and files from being misplaced or destroyed pursuant to any record retention or destruction policy or otherwise.

6.       These Requests seek answers current to the date of response, and further shall be deemed to be continuing under the Federal Rules of Civil Procedure so that any additional information relating in any way to these Requests which you acquire or which becomes known to you up to and including the time of trial shall be furnished promptly after such information is acquired or becomes known.

7.       If documents or information are withheld under a claim of privilege, identify the document or information, its date, author(s), immediate recipient(s), the general subject matter of the document, and the basis upon which the asserted privilege is claimed.

8.       Documents produced pursuant to these requests should be tendered in the manner that they are kept in the usual course of business or should be organized and labeled to correspond with the categories that follow in these requests.

9.       If you do not have documents that are responsive to a certain Request, you are instructed to indicate this is the case in your response.

10.      Unless stated otherwise, the time frame for all Requests is March 1, 2019 to the present.

11.      **These Requests are not intended to seek documents subject to the attorney client privilege. To the extent privileged materials are included within the scope of any Request, please assert such privilege in your Response and produce all non-privileged documents.  Unless otherwise requested, no privilege log is necessary at the time production is made**.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.       All documents evidencing any loan, credit, or financing you provided to Phoenix.

2.       All documents you solicited or received in connection with your consideration of extending any loan, credit, or financing to Phoenix.

3.       All documents evidencing, referring, or relating to any diligence you conducted with respect to consideration of any loan, credit or financing solicited by or provided to Phoenix.

3

**APP0014**

4.     All documents evidencing, referring, or relating to any diligence you conducted with respect to consideration of any loan, credit or financing solicited by or provided to any of Phoenix's Affiliates, if Adam Ferrari had any role in soliciting, negotiating, providing any diligence or documents in support of such loan or credit, or guaranteeing such loan or credit.

5.     All communications with Phoenix regarding its solicitation or application for a loan, credit, or financing.

6.     All communications with Ferrari, Daniel Ferrari, or Charlene Ferrari regarding the solicitation or application for a loan, credit, or financing if Phoenix, Lion of Judah Capital, LLC or Lion of Judah, LLC was the recipient or entity on whose behalf such loan, credit or financing was solicited.

7.     All communications between and among your employees, officers, or agents regarding your consideration of any loan, credit or financing solicited by or extended to Phoenix.

8.     All documents evidencing, referring, or relating to your Customer Information File regarding Phoenix Capital Group Holdings, LLC, Adam Ferrari, Lion of Judah, LLC, Lion of Judah, LLC, or Alpha & Omega Capital, LLC.

9.     All documents that evidence your termination of the Loan Facility dated April 27, 2022, contemplated between you and Phoenix, including documents that evidence your communication to Phoenix of termination of the Loan Facility.

10.     All documents that evidence the basis or rationale for your termination of the Loan Facility.

11.     Any document you produced to Phoenix or Ferrari in response to any Subpoena or court order.

APP0015

# TAB B

APP0016

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ADAM FERRARI, | | Civil Action No.: 3:23-cv-455 |
| | Plaintiff, | |
| v. | | |
| WILLIAM FRANCIS, | | |
| | Defendant. | |

**DECLARATION OF CURTIS ALLEN IN SUPPORT OF PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER REGARDING DEFENDANT'S SUBPOENA TO
<u>FIRST INTERNATIONAL BANK & TRUST</u>**

I, Curtis Allen, declare as follows:

1.      I am the Chief Financial Officer for Phoenix Capital Group Holdings, LLC ("Phoenix"), a position I have held since February 2020.  I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would testify competently thereto.

2.      In early 2022, Phoenix was looking to obtain financing that would better enable it to compete in the mineral rights acquisition market.

3.      Phoenix had previously obtained financing from First International Bank & Trust ("FIBT"), and was interested in rekindling that relationship in early 2022.

4.      From February through April 2022, Phoenix and FIBT worked together to develop a mutually agreeable loan structure, and both parties signed an agreement on April 27, 2022, that memorialized the proposed terms and required Phoenix to pay FIBT a non-refundable $50,000 commitment fee.

5.      As part of the discussions with FIBT, Phoenix, its members, employees, and affiliated entities and individuals, provided FIBT with a substantial amount of sensitive information—including personal and other non-public financial and tax data, investor information, and other confidential information.

6.      Phoenix and/or its members, employees, and affiliated entities and individuals had also previously provided FIBT with similarly sensitive information in connection with its prior financing relationship.

7.      In May 2022, FIBT notified Phoenix that FIBT would not move forward with the loan facility described in the April 27 agreement.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on April 22, 2024.

By  _____

DocuSigned by:

9B1CCC2215004E3...

Curtis Allen (with consent)

2

**APP0018**