IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WILLIAM FRANCIS,<br><br>　　　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:23-CV455 |

## JOINT MOTION TO AMEND SCHEDULING ORDER

The parties, Adam Ferrari ("Ferrari") and William Francis ("Francis") jointly move the Court for an Amended Scheduling Order, respectfully requesting an extension of all pretrial deadlines, and in support, respectfully shows the Court as follows:

### I.　　SUMMARY

In December 2023, the Court ordered the parties to mediation. Shortly thereafter, with the exception of certain limited activities, the parties agreed to stay discovery until after mediation was completed on March 6, 2024. Although both parties have diligently pursued discovery since mediation, delays—including prolonged negotiations regarding the terms of a protocol governing the discovery of electronically stored information ("ESI")—have slowed the exchange of discovery responses. To facilitate the time that the parties believe will be necessary to complete discovery, the parties request that the Court amend the Scheduling Order, resetting trial from February 2025 to September 2025.

### II.　　FACTUAL BACKGROUND

1.　This defamation case was filed on February 28, 2023. Dkt. 1.

---
JOINT MOTION TO AMEND SCHEDULING ORDER – PAGE 1

2. The case is currently set for trial on February 18, 2025. Dkt. 29.

3. Following the Court's stay of discovery in June of 2023 to consider Defendant's Motion to Dismiss the Amended Complaint, discovery was stayed between June 3, 2023 and November 1, 2023.

4. In November 2023, the parties resumed discovery, but following the Court's directive to mediate, discovery was again stayed from early January 2024 until March 6, 2024.

5. Both parties have diligently engaged in discovery and have begun preparing the case for trial. Nonetheless, neither side anticipates being able to complete discovery within the current deadline, before August 30, 2024.

6. To date, discovery has been—and the parties anticipate that it will continue to be—extensive and time-consuming. For instance, Ferrari has already served 25 third-party subpoenas, and Francis has served 11 third-party subpoenas. Additionally, Ferrari has served 18 Requests for Production of Documents ("RFP"), and Francis has served 56 RFPs to Plaintiff and 51 RFPs to Phoenix Capital Group Holdings, LLC. Thus far, three depositions have been noticed.

7. Nonetheless, because the parties are continuing to negotiate a protocol governing ESI and their respective obligations to search for and produce responsive documents, the parties have produced only limited documents in response to written discovery.[1] The parties' negotiations regarding these issues, and similar disputes regarding other discovery issues, suggest that resolution of these and likely future issues as well, will be slow and protracted.

---

[1] Ferrari produced more than 48,000 documents in January, which had been received from the Dalmore Group (Phoenix's FINRA broker/dealer), all of which were designated as "Attorney's Eyes Only" ("AEO"). Francis contends that Ferrari should remove the AEO designation for virtually all, if not all, of those documents. Ferrari contends that the AEO designation is appropriate for many of these documents, but has already re-produced (and will continue to re-produce) certain documents from that Dalmore production without an AEO designation.

_____
_____

**JOINT MOTION TO AMEND SCHEDULING ORDER – PAGE 2**

8. Each party also anticipates designating at least one, but likely more experts, and production of documents—which again is subject to the document protocol that is still being negotiated—will be necessary for each expert to adequately formulate his or her opinion.

9. The parties accordingly request that the Court amend the Scheduling Order as follows:

|  | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| **Deadline to amend pleadings/add parties** | None | September 13, 2024 |
| **Disclosure of experts for the party with burden of proof** | May 24, 2024 | January 6, 2025 |
| **Disclosure of opposing experts** | June 21, 2024 | February 3, 2025 |
| **Disclosure of rebuttal experts** | July 19, 2024 | March 3, 2025 |
| **Close of discovery** | August 30, 2024 | April 7, 2025 |
| **All dispositive motion, Including any objections to expert testimony** | October 18, 2024 | May 12, 2025 |
| **Pretrial filings** | January 28, 2025 | August 25, 2025 |
| **Pretrial conference** | February 10, 2025 | September 8, 2025 |
| **Trial Setting (three-week docket starting on this date** | February 18, 2025 | September 15, 2025 |

10. The parties anticipate that despite diligence, discovery is likely to take at least a year. Francis's counsel has competing trial settings in June and August of 2025 (both on two-week dockets), as well family obligations in the middle of May 2025 (an out of state law school graduation and related events), a pre-planned vacation for July 2025, and Francis has several competing obligations in the summer of 2025. Plaintiff's counsel also has family obligations (for a graduation) in June 2025.

11.     Thus, to minimize the likelihood of a further request to amend the Scheduling Order, the parties request a setting in September 2025.

### III.     ARGUMENT

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." To show good cause the "party seeking relief must show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala.*, NA, 315 F.3d 533, 535 (5th Cir. 2003) (*quoting 6A Charles Alan Wright et al.*, Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

As demonstrated above, despite diligence and in part because of the prior stays of discovery, both parties believe they will be unable to complete discovery within the current deadline. Further, because very few documents have been produced by either party to the other while the document protocol is still being negotiated, the parties anticipate that experts will not have sufficient time to review documents in advance of the deadline to designate, currently May 24, 2024.

For these reasons, the parties respectfully request that the Court amend the Scheduling Order as specified above, extending all unexpired deadlines as well as the trial setting. This is the first extension sought by any party and is not made for purposes of delay but to adequately prepare this matter for trial.

WHEREFORE, the parties request entry of an amended Scheduling Order as specified above and such other and further relief to which it may be entitled.

Respectfully submitted,

By: /s/ Charlene C. Koonce
    Cortney C. Thomas
     Texas Bar No. 24075153
     cort@brownfoxlaw.com
    Charlene C. Koonce
     Texas Bar No. 11672850
     charlene@brownfoxlaw.com
    Andrew C. Debter
     Texas Bar No. 24133954
     andrew@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, TX  75225
    Tel. 214.327.5000
    Fax. 214.327.5001

*Attorneys for Defendant William Francis*

/s/ John T. Ryan
John T. Ryan *(pro hac vice)*
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
jake.ryan@lw.com

Andrew R. Gray *(pro hac vice)*
LATHAM &WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
andrew.gray@lw.com

Garrett S. Long *(pro hac vice)*
LATHAM &WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
garrett.long@lw.com

> James O. Crewse
> Texas Bar No. 24045722
> CREWSE LAW FIRM PLLC
> 5919 Vanderbilt Ave
> Dallas, TX 75206
> Telephone: (214) 394-2856
> jcrewse@crewselawfirm.com
>
> *Attorneys for Plaintiff Adam Ferrari*

**CERTIFICATE OF SERVICE**

    Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

> */s/ Charlene C. Koonce*
> Charlene C. Koonce