IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-455-S-BN |
| | § | |
| WILLIAM FRANCIS, | § | |
| | § | |
| Defendant. | § | |

## STANDING ORDER ON DISCOVERY AND NON-DISPOSITIVE MOTIONS

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 72.

This order governs the conduct of discovery and the filing and disposition of all discovery-related motions, pleading disputes, and other non-dispositive motions in this case. *See* FED. R. CIV. P. 16(b).

This order does not govern motions that are dispositive of a claim or defense (and as to which the undersigned may only make a recommendation subject to the presiding district judge's *de novo* review), such as motions for injunctive relief, for judgment on the pleadings, for summary judgment, to certify or decertify a class action, to dismiss for failure to state a claim, to involuntarily dismiss a case, for sanctions (if sanctions, as requested, would dispose of a claim or defense), for new trial, for judgment as a matter of law, or to remand a case to state court. *See generally*

FED. R. CIV. P. 72(a)-(b); 28 U.S.C. § 636(a)-(b).

1.    **<u>Informal Resolution of Pretrial Disputes.</u>**

The undersigned encourages the informal resolution of all contested pretrial disputes.

And so, in appropriate circumstances as described below, the undersigned welcomes the parties' scheduling a telephone conference with the undersigned before a non-dispositive motion is filed. This is not an invitation to engage in *ex parte* communications or obtain advisory rulings from the undersigned. Rather, the parties are required to attempt to resolve by agreement any disputes on non-dispositive matters by meaningfully conferring before seeking the undersigned's involvement.

But, if that fails to resolve the dispute, the parties are encouraged, where appropriate, to seek an informal telephone conference with the undersigned to attempt to resolve simple and straightforward disputes in an efficient and cost-effective manner.

Some examples include: (a) motions for leave to amend pleadings within the deadline established in the pretrial scheduling order; (b) problems or issues that arise during depositions, such as excessive objections or a witness's refusal to answer questions; (c) disagreements over the interpretation or effect of prior court orders; (d) extending pretrial deadlines or other scheduling matters; and (e) emergency situations that require immediate judicial intervention.

This list is not exhaustive. And, as a rule of thumb, if – after reviewing these guidelines – at least one party or attorney wonders whether a dispute, issue, or

question can or should be addressed through a telephone conference with the undersigned, please just call and ask.

Any request to schedule an informal telephone conference should be made – after conferring with the party or parties affected by the dispute – by calling the undersigned's chambers at (214) 753-2400.

But an informal telephone conference should be requested only when the parties have a legitimate disagreement over a non-substantive, non-dispositive issue that can be resolved in a summary fashion. For example, disputes over objections to discovery requests or privilege issues or disputes that involve questions of law on which the Court can expect the parties to provide substantive briefing in a joint report as discussed below are not appropriate for an informal telephone conference.

    2.    **Pre-Motion Conference.**

Whether or not the parties have asked for an informal telephone conference with the undersigned, a party may not file a non-dispositive motion unless the party seeking relief first confers by telephone or videoconference (such as over Zoom) or meets face-to-face with the party or parties affected by the dispute, including, where applicable, co-plaintiffs or co-defendants.[1]

---

[1] *See Dondi Props. Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284, 289-90 (N.D. Tex. 1988) (available at http://www.txnd.uscourts.gov/pdf/Notablecases/Dondi.PDF); *accord* FED. R. CIV. P. 26(c)(1); FED. R. CIV. P. 37(a)(1); N.D. TEX. L. CIV. R. 7.l(a); *see also Madison v. Harford Cnty., Md.*, 268 F.R.D. 563, 565 (D. Md. 2010) (counsel have an "obligation to cooperate with respect to planning and executing discovery or resolving discovery disputes" (citing *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 357-58 (D.

A proper pre-motion conference – whether conducted in person or by telephone or videoconference – must include the moving party's "personally engag[ing] in two-way communication with the nonresponding party to meaningfully discuss each contested [issue or point of contention or] discovery dispute in a genuine effort to avoid judicial intervention."[2]

And the parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes" and other disputes involving non-dispositive issues.[3]

If a party is represented by counsel, the attorney must participate in the pre-motion conference. Otherwise, the unrepresented party must participate in the pre-motion conference.

Unless the parties agree to a different schedule, a pre-motion conference must

---

Md. 2008))); *Alvarez v. Wallace*, 107 F.R.D. 658, 659 (W.D. Tex. 1985) ("With respect to the discovery process, [c]ooperation among counsel is not only helpful, but required, and the court has a duty to insure that cooperation is forthcoming." (cleaned up)).

[2] *Cardoza v. Blooming Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (cleaned up).

[3] *Cardoza*, 141 F. Supp. 3d at 1145 (cleaned up); *see generally* FED. R. CIV. P. 1 (The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); FED. R. CIV. P. 1, advisory committee notes, 2015 amendments ("Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way. Most lawyers and parties cooperate to achieve these ends. But discussions of ways to improve the administration of civil justice regularly include pleas to discourage over-use, misuse, and abuse of procedural tools that increase cost and result in delay. Effective advocacy is consistent with – and indeed depends upon – cooperative and proportional use of procedure.").

be held within three business days after a party asks to confer.

If a conference is requested in connection with a dispute involving written discovery, the parties should focus their discussions on the substantive information and documents that are made the basis or focus of the written discovery request or request for deposition testimony.

Any attorneys or parties who fail to comply with these guidelines or make themselves available for a pre-motion conference on request will be subject to sanctions. *See* FED. R. CIV. P. 16(f).

3.   **Conducting Discovery.**

Discovery is governed by, among other authorities, Federal Rules of Civil Procedure 26 through 37 and 45.

In conducting discovery under these rules in this case, the parties and their counsel must comply with the standards laid out below and those more fully set forth in *Baker v. Walters*, 652 F. Supp. 3d 768 (N.D. Tex. 2023); *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406 (N.D. Tex. 2021); *Jolivet v. Compass Grp. USA, Inc.*, 340 F.R.D. 7 (N.D. Tex. 2021); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567 (N.D. Tex. 2018); *MetroPCS v. Thomas*, 327 F.R.D. 600 (N.D. Tex. 2018); *Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250 (N.D. Tex. 2017); *Samsung Elecs. Am., Inc. v. Chung*, 325 F.R.D. 578 (N.D. Tex. 2017); *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235 (N.D. Tex. 2016); *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220 (N.D. Tex. 2016); and *Heller v. City of Dallas*, 303 F.R.D. 466 (N.D. Tex.

2014):

- Federal Rule of Civil Procedure 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37 and requires that parties make a reasonable inquiry before conducting or opposing discovery.

- A request for production or inspection must describe with reasonable particularity each item or category of items to be inspected or produced. This requires the requesting party to give the responding party reasonable notice of what is and what is not called for and sufficient information to enable the responding party to identify responsive documents, so that a reasonable attorney or party attempting to properly respond is not required to ponder and speculate to decide what is and is not responsive.

- Each party may only serve requests for discovery of documents or information – that are relevant to at least one party's claim or defense as currently pleaded and that are proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) – which are related but distinct requirements.

  - As to the scope of discoverable materials under Rule 26(b)(1), the 2015 amendments to Federal Rule of Civil Procedure 26 deleted the "reasonably calculated to lead to the discovery of admissible evidence" standard from the definition of relevant information that is discoverable. But, to be relevant under Rule 26(b)(1), a document or information still need not, by itself, prove or disprove a claim or defense or have strong probative force or value.

  - An off-the-shelf, one-size-fits-all, we-serve-these-standard-interrogatories-and-requests-for-production-in-every-case approach is improper.

  - A requesting party should not serve blockbuster interrogatories or all-encompassing or broad and undirected requests for production, and a requesting party cannot justify doing so by saying that it is not certain what the responding party has in its possession, custody, or control and does not want to miss anything – and so will ask for, effectively, everything.

  - If further discovery or investigation later reveals the existence or possible existence of additional relevant materials or information

withing Rule 26(b)(1)'s scope, a party can serve additional discovery requests and, if necessary, seek leave to do so.

- Counsel have "an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests."[4]

- A party served with written discovery must answer each interrogatory or respond to each document request to the full extent that it is not objectionable and must explain what portion of an interrogatory or document request is objectionable and why, explain what portion of the interrogatory or document request is not objectionable and is the subject of the answer or response, and explain whether any responsive information or documents have been withheld.

- To answer an interrogatory, the answering party is not required to make an extensive investigation but must pull together an answer by reviewing all sources of responsive information reasonably available to the party and providing the responsive, relevant facts reasonably available to the party.[5]

- Answers to interrogatories must be signed under oath by the party to whom the interrogatories were directed – not his or her attorney.

- When relying on Federal Rule of Civil Procedure 33(d) in an interrogatory answer, an answering party must specify the information that the requesting party should review in sufficient detail to enable the requesting party to locate and identify the information in the documents at least as readily as the answering party could. This usually requires an answering party to point to specific documents, by name or bates number, and not to only point the requesting party generally to document productions.

- In responding to a request for production or inspection, the responding party must make a reasonable inquiry, as Federal Rule of Civil Procedure 26(g)(1) requires.

  - If no responsive documents or tangible things exist, the responding party must explain that with sufficient specificity to allow the Court to determine whether the party exercised due

---

[4] *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990).

[5] *Accord In re Deepwater Horizon*, 17 F.4th 528, 531 (5th Cir. 2021).

diligence and made a reasonable inquiry.

- If responsive documents do exist but the responding party lacks possession, control, or custody of them, the party must explain that with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response.

- To comply with Federal Rule of Civil Procedure 34(b)(2)(E)(i), unless the parties agree to a different approach, a party must either produce documents (including electronically stored information or "ESI") as they are kept in the usual course of business or to organize and label them to correspond to the categories in the request – but is not required to do both. If a party elects to produce ESI or other documents as they are kept in the usual course of business, it must present competent evidence that it has done so or must, alternatively, organize and label its ESI and other document productions to correspond to each request.

- If an interrogatory or request is objectionable – that is, the information or documents sought are not discoverable under the Federal Rules – the answering or responding party should stand on an objection so far as it goes.

- But, as a general matter, if an objection does not preclude or prevent an answer or response, at least in part, the objection is improper and should not be made. Making objections along with a statement that the party is not withholding any documents based on the objection – either because the objection would not cover the responsive documents that the party has located and is producing or because there are no responsive documents to withhold or produce – does not make serving unsupported or unnecessary objections any less improper.

- General or boilerplate objections are invalid.

  - Boilerplate objections are those that, although asserted in response to a specific discovery request, use standardized text or ready-made or all-purpose language that are not tailored to a specific discovery request. "A boilerplate objection merely states the legal bases for the objection without explaining why the request suffers from the alleged maladies."[6]

---

[6] Robert K. Wise & Kennon L. Wooten, *Avoiding Obstructionist Discovery*

- General objections are generic or broadly stated objections that usually appear in a free-standing list at the beginning of a set of answers or responses, before addressing any specific discovery requests, and are incorporated by reference into every response to every discovery request that follows the list (often "to the extent that" they apply) with no attempt to how (or even that) each objection applies to each request.

- Invalid general objections include a free-standing objection to all requests to the extent that they exceed or conflict with the scope of permissible discovery, an objection disavowing interrogatory responses as "admissions of any nature," and a statement reserving the "right" to supplement discovery responses.

- A responding party must make any objections to discovery requests with specificity and explain the basis for the objection and support it with evidence when required.

- If all or part of a discovery request seeks documents or information that is not relevant to any party's claim or defense or proportional to the needs of the case, the responding party should make a specific objection explaining how and to what extent the requested documents or information are not relevant or discoverable under Federal Rule of Civil Procedure 26(b)'s standards by providing specific information to address (insofar as that information is available to it) the Rule 26(b)(1) proportionality factors – and should stand on that objection as to the portion of the request that is so objectionable while describing the portion, if any, of the request to which the responding party is answering or producing documents.

- If part or all of a request or interrogatory is vague and ambiguous, the

---

*Practices: How to Respond Properly to Production Requests and Eliminate Improper Boilerplate & Other Common Improper Objections*, 101 THE ADVOCATE (TEXAS) 12, 13 (2022) ("Boilerplate objections are interposed in two principal ways. The first is to have a section at the beginning of the response entitled 'general objections' that contains many objections, such as 'overbroad,' 'unduly burdensome,' 'irrelevant,' 'vague,' 'ambiguous,' 'cumulative,' and 'duplicative,' followed by a separate section with answers to each request incorporating the general objections by reference 'to the extent' they apply to the request. The second is to include in each response a litany of prophylactic objections, like those set forth above, and then 'subject to and without waiving' the objections state, for example, that 'non-privileged responsive documents will be produced' or 'Plaintiff answers the [interrogatory or request] as follows.'").

responding or answering party:

- must explain the specific and particular way in which the request or interrogatory is vague or ambiguous;

- must exercise reason and common sense to attribute ordinary definitions to any terms and phrases;

- should attempt to obtain clarification by conferring with the requesting party prior to objecting on this ground;

- must, if possible, explain its understanding of the vague and ambiguous terms or phrases and state that its response or answer is based on that understanding and, if necessary to clarify its response or answers, include any reasonable definition of the terms or phrases; and,

- only if an entire request or interrogatory is so vague and ambiguous that the responding or answering party cannot understand its meaning and what documents or information it seeks, should stand on its objection and provide no answer at all or promise no production of responsive documents on the ground that the responding or answering party cannot do so based on the discovery request's wording.

- If a discovery request is overbroad, the responding party must explain the extent to which it is overbroad and answer or respond to the extent that it is not – and explain the scope of what the responding party is answering or responding to.

- If answering or responding to a discovery request would impose an undue burden, the responding party must show how the requested discovery is unduly burdensome by submitting affidavits or offering evidence revealing the nature of the burden – and then should only answer or respond to the part or extent, if any, of the request that would not involve an undue burden.

- Responding to or answering a request or interrogatory "subject to and without waiving" objections has no basis in, and is not consistent with, the Federal Rules of Civil Procedure and only leaves the requesting party guessing and wondering as to the scope of the documents or information that will be provided as responsive will be.

- A party cannot refuse to produce a requested document or information

-10-

because it is relevant to a claim or defense on which the producing party believes that it will prevail.

- A party cannot refuse to comply with another party's discovery requests because the responding party believes that another party has not complied with discovery requests that have been served on them.

- The parties can agree to – or an answering or responding party can file a motion to ask the Court for an order to – allow the answering or responding party to serve written objections, responses, or answers and produce responsive materials in a period longer than 30 days after the date on which requests were served.

  - A party who needs more time to object or respond to or answer some or, if necessary, all of the discovery requests should ask for more time by explaining first to the requesting party – and, if necessary, to the Court – what the answering or responding party has done so far to search for and locate responsive information or documents and why it needs more time to answer or respond to some or all of the discovery requests and how much additional time it needs.

  - A party who needs more time to object or respond to or answer discovery requests should not ignore the 30-day deadline (without a court order or agreement of the parties) or serve unsupported and boilerplate or stock objections as a substitute for, or backdoor means of, requesting extensions of time to serve proper, supported objections and answer or responses after further inquiry.

- As a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, the party's objections are waived.

  - If a party fails to timely respond in writing after being served with a request for production of documents, the Court may find that any objections to the request are waived, unless the Court finds good cause and excuses that failure.

  - And, even where the responding party has timely served some objections to a request for production or inspection, this waiver extends to any grounds not stated in a timely objection.

- The scope of discovery in civil cases under Federal Rule of Civil

Procedure 26(b)(1) does not include privileged information or, absent the showing that Federal Rule of Civil Procedure 26(b)(3) mandates, work product protected information.

- But, to comply with the requirements to support withholding any responsive document or information as privileged or protected work product, a privilege log (or equivalent document complying with Federal Rule of Civil Procedure 26(b)(5)(A)'s requirements) must be served on the requesting party for any documents, communications, or other materials withheld from production on the grounds of attorney-client privilege, work product, or other privilege, immunity, or protection.[7]

Any attorneys or parties who fail to comply with the governing rules and case law and the standards laid out and incorporated in this order will be subject to sanctions.[8]

4.  **Joint Report and Contested Motions.**

Any contested non-dispositive motion – that is, any discovery-related motion

---

[7] *See, e.g.*, *E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 696-97 (5th Cir. 2017).

[8] *See* FED. R. CIV. P. 16(f) (authorizing sanctions on a motion or sua sponte); FED. R. CIV. P. 26(g)(3) (same); FED. R. CIV. P. 37(b); *accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 n.8 (1991) (listing a number of Federal Rules of Civil Procedure that "provide for the imposition of attorney's fees as a sanction," including Federal Rule of Civil Procedure 37, and explaining that "[t]he court generally may act sua sponte in imposing sanctions under the Rules"); *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 729 n.9 (5th Cir. 2018) ("While the Hospital did not file a motion to compel, this perhaps unadvised choice is not dispositive. 'Counsel have an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests.' *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485-86 (5th Cir. 1990) (rejecting a party's contention that sanctions could not be imposed when the opposing party had not first requested an order to compel and stating that the party resisting discovery requests 'must have a valid objection to each one in order to escape the production requirement').");  *cf. Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012) ("In our view, by prescribing the method and terms of the discovery of confidential material, the Protective Order was granted 'to provide or permit discovery' of confidential documents within the meaning of Rule 37(b).").

-12-

or other non-dispositive motion that the parties could not resolve by agreement through the pre-motion conference – that is filed in this case must comply with Federal Rule of Civil Procedure 7(b)'s requirements and must attach as an exhibit a joint report.

This joint report must contain the following information:

(a) the names of the attorneys or unrepresented parties who participated in the pre-motion conference;

(b) the date the conference was held and the amount of time during which the parties conferred;

(c) the matters that were resolved by agreement;

(d) the specific matters that need to be heard and determined by the Court; and

(e) a detailed explanation of why agreement could not be reached as to those matters, including all arguments and authorities on which each party relies as to each matter that could not be resolved by agreement.

The required joint report replaces – and excuses the party filing a contested non-dispositive motion from otherwise complying with – the requirements to include a certificate of conference under Northern District of Texas Local Civil Rule 7.1(b), to attach a proposed order under Northern District of Texas Local Civil Rule 7.1(c), and to file a separate brief under Northern District of Texas Local Civil Rule 7.1(d), as well as, for a Federal Rule of Civil Procedure 26(c)(1) motion for protective order, Federal Rule of Civil Procedure 37(a) motion to compel, or a Federal Rule of Civil Procedure 37(d) motion for sanctions, the requirement to include a separate certification that the party filing a motion has in good faith conferred or attempted to

-13-

confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

But any party moving to compel under Rule 37(a) or moving for a Rule 26(c)(1) protective order or for Rule 37 sanctions must, through the motion and the joint report and joint appendix,

- attach a copy of the discovery requests at issue (such as Federal Rule of Civil Procedure 34 requests for production or inspection, Federal Rule of Civil Procedure 33 interrogatories, a transcript of deposition testimony, deposition notice, or subpoena) and of the resisting party's responses and objections to those requests;

- specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including, for example, explaining how a response or answer is deficient or incomplete, and ask the Court for specific relief as to each request; and

- include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute.

Unless the parties agree otherwise, the parties must prepare the joint report within three business days of the pre-motion conference.

The joint report must be signed (including through an electronic signature) by all attorneys and unrepresented parties who participated in the conference. If an attorney or unrepresented party is unavailable for signature, the unavailable attorney or unrepresented party may grant his or her permission for another attorney or unrepresented party to sign the joint report on his or her behalf (including through an electronic signature), as long as this permission is reflected on the report.

Any counsel for a party and any unrepresented party who fails to cooperate in

the joint report's preparation or fails to sign the report, or provide for signature by permission, will be subject to sanctions.

The Court intends the joint report to enable the Court to determine each party's respective positions regarding the subject matter of a non-dispositive dispute in a single written submission and to take the place of the separate supporting brief required by Northern District of Texas Local Civil Rule 7.1(d) and the separately filed response and reply briefing required by Northern District of Texas Local Civil Rules 7.1(e) and 7.1(f). To this end, the parties must present in the body of the joint report all arguments and authorities on which each party relies. And the parties must submit any supporting evidence and affidavits in a separately filed joint appendix that complies with the requirements of Northern District of Texas Local Civil Rule 7.1(i).

The party filing the motion must coordinate with any party opposing the motion to include the opposing party's arguments and authorities in the joint report and any evidence and affidavits in a joint appendix. And the arguments, authorities, and evidence on which each party relies must be provided to the opposing party before the parties finalize and sign the joint report and joint appendix, to permit each party to evaluate and respond to the other party's or parties' arguments, authorities, and evidence.

The purpose of these requirements for each discovery-related or other non-dispositive motion is to require the parties to meaningfully confer and resolve as

many disputes in advance of – and without the need for – filing a non-dispositive motion and then, if and when a motion must be filed, to require the moving party to include all parties' arguments and positions and authorities in a single document (the joint report) – signed by all parties or counsel affected by the motion and accompanied by a single, separately filed joint appendix that includes all exhibits for the moving and opposing parties – that replaces the separate filing of a response and a reply and allows the Court to act on the motion without waiting out Northern District of Texas Local Civil Rule 7.1's default 35-day period for a response and reply.

The joint report and joint appendix requirements are intended to be a substitute for the usual, separate motion-response-reply briefing sequence and to allow the Court to promptly address and resolve the real disputes at issue on a non-dispositive motion. As such, if any party seeks to submit further briefing before the Court decides any unresolved matters, the joint report must explain why the party requesting further briefing could not fully present any arguments and authorities in the joint report. The Court, in its discretion, may allow further briefing on any party's request.

Parties or counsel cannot block another party from filing a non-dispositive motion by refusing or failing to make themselves available for a pre-motion conference on request or by failing to cooperate in the joint report's preparation or failing to sign the joint report or provide for signature by permission. After a reasonable effort, a party may file a non-dispositive motion with a joint report that includes whatever is available to the filing party and an explanation of the filing

-16-

party's efforts to obtain the cooperation and input of the party or parties affected by the discovery-related or other non-dispositive motion.

5.  **Filing, Service, and Status of Motions.**

All discovery-related and other non-dispositive motions and the required joint report and joint appendix must be filed electronically in accordance with Miscellaneous Order 61, the CM/ECF Civil and Administrative Procedures Manual, and the CM/ECF User Guide.

In any action removed from state court, a party must refile, in compliance with the requirements of this order, any motions that were filed in state court to properly bring those motions before the Court.

If any non-dispositive motion is pending and the parties are having serious discussions that might make it unnecessary for the Court to rule on the motion, the parties must immediately advise Shakira Todd, at (214) 753-2165, that such discussions are ongoing.

Any motion to quash or for protective order relating to a deposition that is filed in less than five business days before the scheduled or noticed date of the deposition will be summarily denied unless, on proper motion, the Court grants leave for the motion to be filed based on a showing of extraordinary or extenuating circumstances that prevented the requested relief from being presented to the Court at an earlier date.

6.  **Responses to Motions.**

In the event that the Court permits a written response and reply, the Court will set a briefing schedule by a separate order.

The requirements of Northern District of Texas Local Civil Rules 7.1(d), 7.1(e), and 7.1(f) do not apply to discovery-related and other non-dispositive motions filed in this case.

Unless permitted by a separately-ordered briefing schedule, no party may file any response or reply or supplemental pleadings, briefs, authorities, or evidence in connection with any non-dispositive motion other than through the required joint report and joint appendix.

7. **Hearings and Oral Argument.**

The Court will decide most non-dispositive motions based only on the joint report and any accompanying evidence. *See* N.D. TEX. L. CIV. R. 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held.").

But the Court, on its own initiative or on any party's request, may in its discretion schedule oral argument or, where appropriate and required, an evidentiary hearing before ruling on a motion.

The parties should advise the Court in the joint report if they believe that oral argument would be helpful (or that an evidentiary hearing is required) in a given matter. And a party requesting oral argument or an evidentiary hearing must also – on the date that the motion and joint report are filed – make a separate filing making the request, after conferring with the other parties and counsel in the case.

-18-

With regard to possible oral argument or an evidentiary hearing, the undersigned notes a trend today in which fewer cases go to trial and in which there are fewer speaking or "stand-up" opportunities in court, particularly for junior lawyers (that is, lawyers practicing for less than seven years). The undersigned encourages litigants to be mindful of opportunities for junior lawyers to conduct hearings or oral argument before the Court, particularly hearings or oral arguments as to which the junior lawyer drafted or contributed to the underlying motion or response. In those instances in which the undersigned is inclined to rule on the papers, a representation that the oral argument would be handled by a junior lawyer – or by a lawyer who has more than seven years in practice but who has had less than five speaking appearances in any federal court – will weigh in favor of holding oral argument. The undersigned understands that there may be circumstances in which having a junior lawyer handle a hearing or oral argument might not be appropriate – such as where no junior lawyers were involved in drafting the motion or response or where the motion might be dispositive in a "bet-the-company" type case.

Even so, the undersigned believes it is crucial to provide substantive speaking opportunities to junior or other less experienced lawyers and that the benefits of doing so will accrue to junior lawyers, to clients, and to the profession generally. The undersigned encourages all lawyers practicing before the Court to keep this goal in mind.

Additionally, the Court permits a party's or parties' lawyers' splitting an oral

argument (and, for that matter, any presentations at an evidentiary hearing) and encourages, in appropriate cases, doing so with a more junior attorney who may have spent the most hours on the briefing.

8.   **Proposed Orders and Uncontested Motions.**

The Court will decide non-dispositive motions by written order.

If, after the mandated pre-filing conference, the parties resolve by agreement any disputes on non-dispositive matters but still require an order from the Court (such as, for example, to extend a deadline), the party filing the motion must file an agreed or unopposed motion that includes a certificate of conference reporting that the motion is not opposed, and the parties must, at the same time that the motion is filed, submit an agreed order to the Court for approval and entry.

And, if the parties resolve a dispute by agreement only after a contested non-dispositive motion (accompanied by a joint report) presenting that dispute has been filed, the parties must submit an agreed order to the Court for approval and entry.

If the Court decides a contested non-dispositive motion after a hearing or oral argument, the Court may require the parties to submit an order approved as to form based on the Court's ruling.

All agreed or proposed orders must be submitted electronically to Horan_Orders@txnd.uscourts.gov.

Any agreed or proposed order submitted to the Court must be signed (including through an electronic signature) by all counsel of record and any unrepresented parties. If an attorney or unrepresented party is unavailable for a signature, the

unavailable attorney or unrepresented party may grant his or her permission for

another attorney or unrepresented party to sign the agreed or proposed on his or her

behalf (including through an electronic signature), as long as this permission is

reflected on the proposed order. The Court will not accept an unsigned proposed or

agreed order. The failure to submit an agreed or proposed order in proper form may

result in the imposition of sanctions.

9.   **Filing of Discovery Materials.**

Federal Rule of Civil Procedure 5(d)(1)(A) provides that initial "disclosures

under [Federal Rule of Civil Procedure] 26(a)(1) or (2) and the following discovery

requests and responses must not be filed until they are used in the proceeding or the

court orders filing: depositions, interrogatories, requests for documents or tangible

things or to permit entry onto land, and requests for admission."

The Court has laid out above the requirements for filing discovery materials in

connection with motions to compel, for a protective order, or for discovery-related

sanctions, consistent with Rule 5(d)(1)(A) and Northern District of Texas Local Civil

Rule 5.2(c).

But the Court will, after the first discovery motion or dispute in a case

requiring the Court's intervention, consider ordering the filing of all (or at least a

larger set of) discovery requests and responses if the Court determines that it may be

helpful or necessary to assist the Court in effectively managing the case.[9]

---

[9] *Cf. Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 190-92 (N.D.

10.   **Questions.**

Please note that deadlines in this order are for filing or delivery and are not mailing dates.

Any questions concerning the requirements of this order may be directed to Shakira Todd at (214) 753-2165. If any party is concerned that any requirement of this order is unclear or is unsure whether a particular dispute or motion is subject to this order's requirements, the party or attorney should – after conferring with the party or parties affected by the dispute or motion – call Ms. Todd to present the question.

Attorneys and parties should not contact Ms. Todd or the Court's chambers to ask when a ruling on a motion or other matter can be expected.

Questions concerning electronic filing procedures should be directed to the ECF Help Desk at (866) 243-2866.

11.   **Noncompliance.**

If a party filing a motion fails to comply with any part of this order in connection with a non-dispositive motion or if the joint report or agreed order is not timely filed or submitted as required in connection with a non-dispositive motion, the motion will be subject to being denied or stricken, without further notice, for failure to comply with this order.

The parties are further warned that failing to comply with any part of this

---

Iowa 2017).

order may result in the imposition of sanctions. *See* FED. R. CIV. P. 16(f); FED. R. CIV. P. 37(b).

12.     **Privilege and Work-Product Non-Waiver.**

In accordance with Federal Rule of Evidence 502(d), any attorney-client privilege or work-product protection will not be waived by disclosure in connection with this case, and the production of privileged or work-product protected documents, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

This order will be interpreted to provide the maximum protection allowed by Rule 502(d), but nothing contained in this order is intended to or will serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

13.     **Commencement of Discovery.**

Other than as permitted by Federal Rule of Civil Procedure 26(d)(2), a party may not seek discovery from any source without leave of court prior to the conference that Federal Rule of Civil Procedure 26(f) requires. *See* FED. R. CIV. P. 26(d)(1). The Court's entry of this Standing Order on Discovery and Non-Dispositive Motions does not modify Federal Rule of Civil Procedure 26(d)(1)'s application to or effect on this case and does not permit the commencement of discovery (other than as Rule 26(d)(2)

permits) prior to the required Rule 26(f) conference.

SO ORDERED.

DATED: May 1, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE