UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-cv-455-S |
| WILLIAM FRANCIS, | § § § | |
| Defendant. | § | |

## UNOPPOSED MOTION TO WITHDRAW

Austin Champion and Andrew D. Gray of the law firm Champion LLP (collectively, "Movants"), counsel for Plaintiff Adam Ferrari ("Ferrari"), file this Motion to Withdraw ("Motion") and respectfully show the Court as follows:

## PRELIMINARY STATEMENT

Mr. Ferrari has retained James Crewse of Crewse Law Firm, PLLC along with Garrett S. Long, Andrew R. Gray, and John T. Ryan of Latham and Watkins to represent him in this lawsuit. Mr. Ferrari no longer wishes to retain Movants to represent him in this matter, and Movants respectfully request the Court allow Movants to withdraw as counsel of record. Movants' withdrawal from this matter will not prejudice the parties and it will not disrupt the prosecution of this matter. Opposing counsel does not oppose this Motion.

## ARGUMENT AND AUTHORITIES

**I.  STANDARD FOR WITHDRAWAL**

In order to withdraw from representation in the Northern District of Texas, attorneys must meet three requirements: 1) good cause for withdrawal exists and reasonable notice to the client has been provided; 2) the withdrawal will not disrupt the prosecution of the lawsuit; and 3) the motion to withdraw must comply with local rule 83.12. *Edwards v. Oliver*, No. 3:17-CV-1208-M-

BT, 2022 WL 4820147, at *1-2 (N.D. Tex. Sept. 30, 2022). The question of whether these requirements are satisfied is "entrusted to the sound discretion of the trial court." *Am. Res. Techs., Inc. v. Oden*, No. 3:13-CV-04419-B, 2014 WL 6884243 *2 (N.D. Tex. Dec. 8, 2014) (quoting *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir.1989) (internal quotations omitted)). Each element is satisfied in this case.

    1.    **<u>There is Good Cause for Movants to Withdraw and Mr. Ferrari Acknowledges and Approves of Movants' Withdrawal</u>**

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (citing *Wynn*, 889 F.2d at 646). Whether an attorney has good cause to withdraw depends on the facts and circumstances of the case. *Edwards v. Oliver*, No. 3:17-cv-1208-M-BT, 2022 WL 4820147, at *1 (N.D. Tex. Sept. 30, 2022). The existence of good cause is a question of federal law. *White v. BAC Home Loans Servicing, LP*, No. 309-CV-2484-G, 2010 WL 2473833, at *2 (N.D. Tex. June 15, 2010). In answering the question whether good cause exists, the Northern District considers Rule 1.15(b) of the Texas Disciplinary Rules of Professional Conduct, adopted in the Northern District through Local Rule 83.8(e). *Am. Res. Techs., Inc. v. Oden*, No. 3:13-CV-04419-B, 2014 WL 6884243, at *1 (N.D. Tex. Dec. 8, 2014) (citing *White*, 2010 WL 2473833, at *2). Rule 1.15(b) of the Texas Disciplinary Rules lists six specific situations, and one catch-all provision, where good cause exists for an attorney to withdraw from representation. *White*, 2010 WL 2473833, at *2; *Edwards*, 2022 WL 4820147, at *3. These situations are as follows:

    (1)    Withdrawal can be accomplished without material adverse effect on the interests of the client;

    (2)    the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes may be criminal or fraudulent;

    (3)    the client has used the lawyer's services to perpetrate a crime or fraud;

    (4)    a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent or with which the lawyer has fundamental disagreement;

    (5)    the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

    (6)    the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

    (7)    other good cause for withdrawal exists.

*Rodriguez v. Wynn*, No. 1:15-[1]CV-0181-BL, 2016 WL 4218368, at *1 (N.D. Tex. Aug. 9, 2016) (citing *Oden*, 2014 WL 6884243, at *1).

Here, good cause exists for Movants to withdraw from their representation of Mr. Ferrari. First, good causes exists for withdrawal because Mr. Ferrari seeks to retain different counsel to represent him in the lawsuit and has hired new counsel in this matter. Mr. Ferrari's new counsel, John T. Ryan, has already appeared as counsel for Mr. Ferrari *pro hac vice* and is sponsored by local counsel, James Crewse. Mr. Ferrari's strategic decision to hire new counsel to replace Movants should be respected and allowed. For these reasons, good cause exists for Movants' withdrawal from this matter.

    **2.**    <u>**Movants' Withdrawal Will Not Disrupt the Prosecution of this Case**</u>

In addition to good cause existing for Movants to withdraw, their withdrawal will not disrupt the prosecution of this case. Even if good cause exists, the court has the responsibility to assure the prosecution of the lawsuit is not disrupted by counsel's withdrawal. *Oden*, 2014 WL 6884243, at *1 (citing *Denton v. Suter*, No. 3:11–CV–2559–N, 2013 WL 5477155, at *2 (N.D.Tex.

---

[1] Dkt. #33, Notice of Appearance of Ross M. Good.

**MOTION TO WITHDRAW**                              **PAGE 3**

Oct. 2, 2013)). As such, courts consider a number of other factors when deciding to a motion to withdraw. *Id*. (citing *White*, 2010 WL 2473833, at *2–3). "Chief among these factors are 'undue delay in the proceedings, prejudice to the client, and the interests of justice'" *Oden*, 2014 WL 6884243, at *1 (citing *Dorsey v. Portfolio Equities, Inc.*, No. CIV.A.3:04–CV–0472–B, 2008 WL 4414526, at *2 (N.D.Tex. Sept. 29, 2008)).

Movants' withdrawal in this matter will not disrupt the prosecution of the case. Considering the "chief" factors discussed in *Oden* one at a time, there will be no undue delay in the proceedings as a result of Movants' withdrawal. *Id*. at *1. As discussed above, Mr. Ferrari has already retained new counsel who has appeared in this matter on his behalf. As such, there will be no delay in Mr. Ferrari searching for and retaining new counsel—he has already done so. Additionally, this matter is still in the very early stages of litigation, and this Motion will neither disrupt further prosecution of the case nor will it prejudice the parties. As such, this Court's granting this Motion will not disrupt the prosecution of this case.

### 3.   Movants' Motion Complies with Local Rule 83.12

In addition to the requirements above, the local rules for this District require that, when an attorney seeks to withdraw, the attorney must file a motion to withdraw specifying the reasons and providing the name and address of the succeeding attorney. N.D. Tex. L.R. 83.12(a). The reasons for withdrawing are specified above—Mr. Ferrari desired and retained new counsel to represent him in this action. Further, the succeeding attorney is John T. Ryan of Latham and Watkins whose address is 12670 High Bluff Dr., Ste. 100, San Diego, California 92130. Additionally, although only required if the succeeding attorney is not known, Mr. Ferrari's statement approving the Movants' withdrawal from this matter is included on the signature page below.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, Austin Champion and Andrew D. Gray with the law firm Champion LLP respectfully request that the Court enter an order discharging them as counsel of record in the above-referenced action, and for such other and further relief to which they may be justly entitled.

May 2, 2024

Respectfully submitted,

**CHAMPION LLP**

*/s/ Austin Champion*
Austin Champion
Texas Bar No. 24065030
Austin.Champion@championllp.com
----
Andrew D. Gray
Texas Bar No. 24110756
Andrew.Gray@championllp.com

2200 Ross Avenue, Suite 4500W
Dallas, Texas. 75201
214-225-8880 | Direct
214-225-8881 | Fax

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 19, 2024, I conferred with counsel for Defendants regarding the contents of this Motion, who advised that this Motion to Withdraw is unopposed.

*/s/ Austin Champion*
Austin Champion

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the CM/ECF Court Filing System in accordance with the Federal Rules of Civil Procedure and the Local Rules on May 2, 2024.

*/s/ Austin Champion*
Austin Champion

## CERTIFICATE OF CLIENT APPROVAL

I, Adam Ferrari, hereby certify that I acknowledge and approve of the withdrawal of Austin Champion and Andrew Gray of Champion LLP as my counsel of record. Mr. Champion and Mr. Gray are succeeded by John T. Ryan.

_____
Adam Ferrari