**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ADAM FERRARI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:23-CV-455-S** |
| | § | |
| **WILLIAM FRANCIS,** | § | |
| | § | |
| **Defendant.** | § | |

**APPENDIX IN SUPPORT OF DEFENDANT AND NON-PARTY**
**INCLINE ENERGY PARTNERS, LP'S MOTION FOR PROTECTIVE ORDER AND**
**MOTION TO QUASH REGARDING PLAINTIFF'S SUBPOENAS TO PETRUS**
**CAPITAL MANAGEMENT, LLC AND SILVER CREEK EXPLORATION, LLC**

Respectfully submitted,

Cortney C. Thomas
  Texas Bar No. 24075153
  cort@brownfoxlaw.com
Charlene C. Koonce
  Texas Bar No. 11672850
  charlene@brownfoxlaw.com
Paulette C. Miniter
  Texas Bar No. 24102213
  paulette@brownfoxlaw.com
Andrew C. Debter
  Texas Bar No. 24133954
  andrew@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX 75225
Tel. 214.327.5000
Fax. 214.327.5001

*Attorneys for Defendant William Francis*
*and Nonparty Incline Energy Partners, LP*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to FED. R. CIV. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

/s/ *Paulette C. Miniter*
Paulette C. Miniter

| Exhibit No. | Description | App No. |
|---|---|---|
| A | Declaration of Garrett S. Long | APP0001-0004 |
| A-1 | Email Correspondence dated June 10, 2024 between Petrus Capital Management, LLC and counsel for Plaintiff Adam Ferrari | APP0005-0008 |
| A-2 | ENERGYNET_00000023–ENERGYNET_00000030 | APP0009-0017 |
| A-3 | Subpoena to Petrus Capital Management, LLC | APP0018-0025 |
| A-4 | Subpoena to Silver Creek Exploration, LLC | APP0026-0034 |
| A-5 | Email correspondence dated June 6, 2024 between counsel for William Francis and counsel for Adam Ferrari | APP0035-0044 |
| B | Declaration of Paulette C. Miniter | APP0045-0047 |
| B-1 | Plaintiff's Initial Disclosures | APP0048-0055 |
| B-2 | Adam Ferrari's First Requests for Production to William Francis | APP0056-0075 |
| B-3 | Subpoena to Incline Energy Partners, LP | APP0076-0084 |
| C | Declaration of William Francis | APP0085-0086 |
| D | Declaration of Brett Hairston | APP0087-0089 |

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ADAM FERRARI, | | Civil Action No.: 3:23-cv-455 |
| | Plaintiff, | |
| v. | | |
| WILLIAM FRANCIS, | | |
| | Defendant. | |

**DECLARATION OF GARRETT S. LONG**
**IN SUPPORT OF JOINT REPORT REGARDING DEFENDANT'S MOTION FOR**
**PROTECTIVE ORDER AND TO QUASH PLAINTIFF'S SUBPOENAS ON PETRUS**
**CAPITAL MANAGEMENT, LLC AND SILVER CREEK EXPLORATION, LLC**

I, Garrett S. Long, declare as follows:

1.      I am an attorney with the law firm of Latham & Watkins LLP, counsel of record for Plaintiff Adam Ferrari in the above-captioned action (the "Action").  I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would testify competently thereto.

2.      This declaration is filed in support of the Joint Report Regarding Defendant's Motion for Protective Order and to Quash Plaintiff's Subpoenas on Petrus Capital Management, LLC and Silver Creek Exploration, LLC.

3.      Attached hereto as **Exhibit A** is a true and correct copy of email correspondence dated June 10, 2024 between counsel for Petrus Capital Management, LLC and counsel for Plaintiff Adam Ferrari.

4.      Attached hereto as **Exhibit B** is a true and correct copy of documents produced in response to a subpoena served on EnergyNet.com, Inc. in this Action, identified by Bates numbers ENERGYNET_00000023 – ENERGYNET_000030.[1]

5.      Attached hereto as **Exhibit C** is a true and correct copy of a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, issued by Plaintiff Adam Ferrari on May 16, 2024 to Petrus Capital Management, LLC.

6.      Attached hereto as **Exhibit D** is a true and correct copy of a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, issued by Plaintiff Adam Ferrari on May 24, 2024 to Silver Creek Exploration, LLC.

---

[1] EnergyNet Bates stamped some of the documents in its production with the designation "Ferrari v FrancisXXXX," but there were pages where the Bates stamp was either missing or unreadable.  For ease of reference, Plaintiff re-stamped the EnergyNet documents with his own "ENERGYNET" Bates stamp and produced these documents to Defendant accordingly.  Aside from this, no other changes or modifications were made to EnergyNet's document production.

7.     Attached hereto as **Exhibit E** is a true and correct copy of email correspondence dated June 6, 2024 between counsel for Defendant William Francis and counsel for Plaintiff Adam Ferrari.

8.     I declare under penalty of perjury that the foregoing is true and correct.

Executed June 18, 2024.

*/s/ Garrett S. Long*

Garrett S. Long

3

**APP0004**

# EXHIBIT A-1

| | |
|---|---|
| **From:** | Gieseke, Greta |
| **To:** | Long, Garrett (CH) |
| **Cc:** | Breaux, Ronald W.; Ji, Josh (OC) |
| **Subject:** | RE: Ferrari v. Francis Subpoena - Petrus Capital Mgmt. |
| **Date:** | Monday, June 10, 2024 9:14:15 AM |

Garrett,

Thank you for bringing our request to your client. We will discuss your suggested scope with our client and get back to you.

Best,
Greta

---

**Greta Gieseke** | Associate
greta.gieseke@haynesboone.com | (t) +1 214.651.5215

**From:** Garrett.Long@lw.com <Garrett.Long@lw.com>
**Sent:** Thursday, June 6, 2024 12:13 PM
**To:** Gieseke, Greta <Greta.Gieseke@haynesboone.com>; Breaux, Ronald W.
<Ron.Breaux@haynesboone.com>
**Cc:** Josh.Ji@lw.com
**Subject:** Ferrari v. Francis Subpoena - Petrus Capital Mgmt.

> **EXTERNAL:** Sent from outside Haynes and Boone, LLP

Ron and Greta –

Thank you again for speaking to us with regard to the subpoena served on Petrus.  As promised, we have conferred with our broader team and the client about our discussion and next steps.

As a recap, Petrus has raised an objection with regard to the service of the subpoena.  Without waiving that objection, Petrus would agree to search for, collect and produce materials responsive to the subpoena in its possession and control.  However, as to the date range applicable to such searches, Petrus would only go back to January 1, 2020 (not January 1, 2016 as indicated in the subpoena).

Especially given materials recently produced in response to a subpoena issued by Mr. Ferrari, we would ask Petrus to reconsider this limitation – and in the spirit of compromise – suggest January 1, 2018 forward as the applicable timeframe.  Specifically, we have learned that Mr. Francis – at least as early as April 2018 – hired an entity called "FindIt" to design and implement an "Online AF [presumably Adam Ferrari] Campaign."  This "Campaign" against Mr. Ferrari -  paid for by Incline – appears to have included at least one website and various blog posts dedicated to disparaging Mr. Ferrari.

**APP0006**

As you no doubt can understand, along with similar efforts and statements (we have every reason to believe Mr. Francis engaged in other such endeavors during this time period), we are trying to learn the history and all available facts about this newly-discovered "Campaign" instituted by Mr. Francis and carried out by FindIt against Mr. Ferrari.

We are happy to discuss and welcome your thoughts, as we continue to discuss Petrus' response to the subpoena in good-faith.

Garrett

**Garrett S. Long**

**LATHAM & WATKINS** LLP
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.777.7063 | M: +1.713.816.3405

**From:** Gieseke, Greta <Greta.Gieseke@haynesboone.com>
**Sent:** Thursday, May 30, 2024 9:42 PM
**To:** Long, Garrett (CH) <Garrett.Long@lw.com>
**Cc:** Breaux, Ronald W. <Ron.Breaux@haynesboone.com>
**Subject:** Ferrari v. Francis Subpoena - Petrus Capital Mgmt.

Garrett,

My colleague Ron Breaux and I represent Petrus Capital Management. We understand that you attempted to serve our client with a subpoena on behalf of Adam Ferrari in the *Ferrari v. Francis* matter pending in the Northern District of Texas. We would like to discuss the subpoena and matter with you, and gave you a call this afternoon, but did not catch you. Are you available for a call tomorrow morning before 11:30 CST?

Thank you,
Greta

**Greta Gieseke**
Associate
greta.gieseke@haynesboone.com

**Haynes and Boone, LLP**
2801 N. Harwood Street
Suite 2300
Dallas, TX 75201

(t) +1 214.651.5215

vCard | Bio | Website

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,

may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

# EXHIBIT A-2

APP0009

From:   Patrick K. McGee <patrick@mpkequitypartners.com>
To:   Chris Atherton <Chris.Atherton@energynet.com>
Date:   7/12/2020 12:45:39 PM
Subject:   Re: Phoenix Capital Group Holdings, LLC has retained EnergyNet to divest 16 Well Package in Mountrail County, North Dakota

Hi Chris

Really good update - did not mean for you to have to do this on a Sunday.

I think I am good on this so no need for a call.
I think we move forward as you have directed.

Also interesting that Incline would try and go around ENET on assets being sold by the MDA no less!!!!

All the best

Patrick.

Sent via I Phone.


> On Jul 12, 2020, at 11:37 AM, Chris Atherton <Chris.Atherton@energynet.com> wrote:

> Hi Patrick:

> Thank you for the email. I am available to visit when it is convenient for you. I can talk today, late afternoon on Monday, or Tuesday.

> I am up to speed on the situation. I have talked to our VP of Business Development Ryan Dobbs and I have also spoken with Will Francis at Incline Energy Partners. EnergyNet is familiar with Adam Ferrari and the companies he formerly managed. Prior to 2019, EnergyNet successfully sold assets for three of his companies, Ferrari Energy, Wolf Resources and Wolfhawk Energy, all Denver Colorado based. If I recall correctly, Ferrari was convicted of felonies sometime in 2019, he's been fired from the previously named companies and we have not heard from him or done business with him since.

> So far in 2020, we've sold two assets for Phoenix Capital Group; the first deal sold in March for $125K and another in May for $30K. There is a third Phoenix asset currently on the market at approximately $1MM. Phoenix Capital Group is based in California and there was nothing in the signed EN Seller Agreement, outgoing conveyance

Ferrari v Francis000057

ENERGYNET_00000023
**APP0010**

instruments, due diligence materials, company website tying Phoenix Capital Group to Adam Ferrari. EnergyNet was not looking for any connection prior to the email from Will Francis at Incline Energy from June 25th.

I personally spoke to Will Francis at Incline on Tuesday July 7th to hear him out and better understand the situation. I told Will that we did not know Ferrari  was involved with Phoenix, we have had no communication with him, he did not sign the EN seller agreement, he did not sign the outgoing conveyance instrument, Phoenix has listed 3 assets to sell with EN in the past few months without issue; they've complied with our agreement, etc. I thanked Will for bringing the issue to our attention and that we are monitoring it closely and working to find documentation explicitly connecting Ferrari to Phoenix.

A recent report showed Incline and Phoenix both in the top 5 royalty/mineral buyers in the Bakken; so I sensed there may be some competitive grudge working as well. Additionally, I had a poor experience dealing with Incline in March of 2020 when they tried to circumvent EnergyNet to buy a deal we had under contract where our seller, the Muscular Dystrophy Association (MDA), had already accepted an offer from the EN process.

I am available to visit at your convenience.

Chris Atherton
832-654-6612
chris.atherton@energynet.com

**From:** Patrick K. McGee <patrick@mpkequitypartners.com>
**Sent:** Sunday, July 12, 2020 5:26 AM
**To:** Chris Atherton <Chris.Atherton@energynet.com>; Patrick P. McGee Jr. <ppm@mpkequitypartners.com>
**Subject:** FW: Phoenix Capital Group Holdings, LLC has retained EnergyNet to divest 16 Well Package in Mountrail County, North Dakota

Chris,

When you have a second, take a look at the email chain below.

Hays Lindsley – works for the Perot family.   Perot has an investment in Incline and the head of Incline (Will Francis) reached out to Hays given that Phoenix Capital (Adam Ferrari) is selling properties on EnergyNet.

Happy to speak live when you have a second sometime early this week.   I have decent availability just let me know when convenient for you.

Patrick

**From:** Lindsley, Hays <Hays.Lindsley@perot.com>
**Sent:** Friday, July 10, 2020 4:01 PM
**To:** Patrick P. McGee Jr. <ppm@mpkequitypartners.com>

4/22/2024

Ferrari v Francis000058

ENERGYNET_00000024
**APP0011**

**Cc:** Patrick K. McGee <patrick@mpkequitypartners.com>
**Subject:** RE: Phoenix Capital Group Holdings, LLC has retained EnergyNet to divest 16 Well Package in Mountrail County, North Dakota

No problem.  I thought I was sending in to Partrick, Sr.  My mistake.

Hays

**From:** Patrick P. McGee Jr. <ppm@mpkequitypartners.com>
**Sent:** Friday, July 10, 2020 1:59 PM
**To:** Lindsley, Hays <Hays.Lindsley@perot.com>
**Cc:** McGee, Patrick K. <patrick@mpkequitypartners.com>
**Subject:** Re: Phoenix Capital Group Holdings, LLC has retained EnergyNet to divest 16 Well Package in Mountrail County, North Dakota

CAUTION: External Sender

Hays-

Sorry I missed this email earlier.

I've looped in PKM and would be happy to chat next week.

Thanks,
Patrick

Get Outlook for iOS

**From:** Lindsley, Hays <Hays.Lindsley@perot.com>
**Sent:** Thursday, July 2, 2020 6:03:41 PM
**To:** Patrick P. McGee Jr. <ppm@mpkequitypartners.com>
**Subject:** FW: Phoenix Capital Group Holdings, LLC has retained EnergyNet to divest 16 Well Package in Mountrail County, North Dakota

Patrick:

Hays here.

I am forwarding an email from Will Francis.  He says there is a "bad actor" using EnergyNet to buy and sell properties.  After hearing some of Will's stories, it does sound

ENERGYNET_00000025
**APP0012**

like Adam Ferrari is a bad guy, but that is all based on hearsay.  I don't know the guy.

We have money with Will.  Will has litigated (and won) with Adam.  He was hoping to share his story with you.  I'm not sure what his end-goal is, but I know he thinks Ferrari is a crook and that he is now doing business on EnergyNet.  My guess is he wants to make it difficult for Ferrari to continue doing business.

Will you listen to his story?  I'm not sure what, if anything, you can do … but he would like to talk with you.

Hays

**From:** William Francis <william@inclinelp.com>
**Sent:** Thursday, July 2, 2020 1:34 PM
**To:** Lindsley, Hays <Hays.Lindsley@perot.com>
**Subject:** Fwd: Phoenix Capital Group Holdings, LLC has retained EnergyNet to divest 16 Well Package in Mountrail County, North Dakota

CAUTION: External Sender

Hays,

Thanks for the time the other day to catch up. Let me know if you survive the road trip back so we can grab lunch or HH and keep you apprised on the latest over at Incline.

As to the reason for my call yesterday, I've detailed out my concerns in my initial email to EnergyNet below. After speaking with an EnergyNet representative, I followed up with what I consider to be a fairly irrefutable case that EnergyNet is currently listing properties of an organization run by not only a convicted criminal, but by someone who's conviction was related to his implementation of predatory and illegal business practices upon unsophisticated mineral and property owners. Every person who's familiar with Adam Ferrari in our industry knows he's running this entity.

If you wouldn't mind sending over a brief introduction to MPK so that I could fill them in on the current situation it would be greatly appreciated. Again, Incline is not competing with the group at issue here, but are more wanting to limit giving our industry a further black eye by granting a platform to a convicted criminal to prey on the mineral ownership community in the same manner and scale that he'd done prior to being arrested in Colorado.

Regards,

**William Francis**
Managing Partner
Incline Energy Partners, LP
(214) 274-3800
https://inclinelp.com/

Ferrari v Francis000060

ENERGYNET_00000026
**APP0013**

---------- Forwarded message ---------
From: **William Francis** <william@inclineip.com>
Date: Mon, Jun 29, 2020 at 11:49 AM
Subject: Re: Phoenix Capital Group Holdings, LLC has retained EnergyNet to divest 16 Well Package in Mountrail County, North Dakota
To: Ryan Dobbs <Ryan.Dobbs@energynet.com>


Ryan,

Very much appreciate the call on Friday. I had reached out to Phoenix for clarification but the CFO hadn't given me a call back yet. After having the weekend to think it over though, their CFO telling you over the phone Ferrari isn't involved in the day to day isn't going to be anywhere near sufficient for me to drop this issue when you consider the following facts I've put forth above below:

**1)** We've had several mineral owners tell us point blank that Adam Ferrari was the point of contact for Phoenix.
**2)** GRP has told me that their point of contact for buying acreage from Phoenix is Adam Ferrari.
**3)** The name of the company signals he's behind it (just like naming his last company Wolfhawk to signify he's stealing all of his former company Wolf Resources' deals).
**4)** Phoenix COO was Ferrari's assistant at Ferrari Energy and was fired alongside him.
**5)** Phoenix Capital Group Holdings, LLC was incorporated in Delaware on 4/16/2019 two months after Ferrari was arrested and one month after he was kicked out of his company by his board of directors.
**6)** Adam Ferrari now lists his address with the California probation office as well as the Colorado Secretary of State as being in Playa Vista, CA, which is just a 20 minute drive to Phoenix's office. One doesn't see too many mineral aggregators starting up in the beach towns just south of LA, so one starting up immediately after and within a 20 minute drive of Adam getting fired and moving out there is beyond coincidence.
**7)** Most curious of all is that this guy's ego won't let him not be the CEO of the company, so they just go ahead and give everyone else Chief titles on their website but leave the CEO off??? Have you ever heard of anyone putting up a COO, CTO & CFO bios on their website but not the CEO?

https://www.phxcapitalgroup.com/team

If their CFO was willing to put in writing that **1)** Adam Ferrari isn't the mysterious unnamed CEO **2)** that he isn't affiliated with Phoenix in any way **3)** he doesn't own 20% or more of the company either directly or indirectly as the rules of your seller's agreement state, I would consider dropping this issue.

Regards,

**William Francis**
Managing Partner
Incline Energy Partners, LP
(214) 274-3800
https://inclineip.com/

Ferrari v Francis000061

ENERGYNET_00000027
**APP0014**

On Thu, Jun 25, 2020 at 3:01 PM William Francis <william@inclinelp.com> wrote:

Ryan,

Little disappointed to see EnergyNet listing the assets of Adam Ferrari's new company, who if you'll remember, was arrested for cutting off the signature block of a signed instrument he had obtained and then taping the signature block onto another mineral deed into his company and filing the scanned copy of the fraudulent deed of record without having tendered payment. He would plead guilty to a felony count of theft for these actions.

I've attached some of the documentation in the press of his misdeeds which have been a black eye upon the mineral aggregation community in the Rockies over the past few years, and would urge EnergyNet reconsider granting a convicted criminal a platform without first notifying your clients of who you're promoting them to transact with.

Of note, it appears from reading EnergyNet Seller's Agreement that management of Phoenix Capital Group Holdings LLC has disqualified itself from being able to utilize EnergyNet through Exhibit D.(3)(ii.), which specifically states:

*(ii) are based on a violation of any law or regulation that prohibits fraudulent, manipulative, or deceptive conduct, issued within ten years;*

If you've got some time, please give me a call to discuss.

Regards,

**William Francis**
Managing Partner
Incline Energy Partners, LP
(214) 274-3800
https://inclinelp.com/


--------- Forwarded message ---------
From: **EnergyNet.com** <energy@energynet.com>
Date: Thu, Jun 25, 2020 at 2:30 PM
Subject: Phoenix Capital Group Holdings, LLC has retained EnergyNet to divest 16 Well Package in Mountrail County, North Dakota
To: William Francis <williamefrancis@gmail.com>

Ferrari v Francis000062

ENERGYNET_00000028
**APP0015**

Click here to view this message in a browser window.

Dear William,

Forward To a Friend

EnergyNet has been retained as the exclusive representative to market and sell the following package of properties.  Full due diligence data is available by clicking on the respective offering below or by accessing the EnergyNet website using the following link: energynet.com.

4/22/2024

Ferrari v Francis000063

ENERGYNET_00000029
**APP0016**

For Additional Information, Please Contact:

**Ryan P. Dobbs**
Vice President
Business Development
Western U.S.
**Direct: (720) 459-2072**
**Ryan.Dobbs@energynet.com**

EnergyNet.com | (877) 351-4488
**HOUSTON | DALLAS | AMARILLO | OKLAHOMA CITY | DENVER | MIDLAND**

Copyright (c) 2020 EnergyNet.com, Inc.

View our policy on the Privacy of Consumer Financial Information.

Unsubscribe From All EnergyNet Email

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not
disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail
from your system. In addition, this message may contain information and data regarding the prior sales of properties sold by the EnergyNet auction
marketplace. Any such information and data reflect EnergyNet's experience on the sale of properties in the past and do not establish a value for specific
properties that may be sold in the future. You are advised that investments in oil and gas properties involve substantial risk, including the possible loss of
principal. These risks include commodity price fluctuations and unforeseen events that may affect oil and gas property values.

<Top 20 Bakken Mineral Buyers.png>

4/22/2024

Ferrari v Francis000064

ENERGYNET_00000030
**APP0017**

# EXHIBIT A-3

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Northern District of Texas

| | |
|---|---|
| ADAM FERRARI | )|
| *Plaintiff* | )|
| v. | )|
| WILLIAM FRANCIS | )|
| *Defendant* | )|

Civil Action No. 3:23-CV-00455-S

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       PETRUS CAPITAL MANAGEMENT, LLC c/o Jonathan Corvin, registered agent
          3000 Turtle Creek Boulevard, Dallas, Teas 75219

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE ATTACHMENT A.

| Place: First Legal Records c/o Pronto Process | Date and Time: |
|---|---|
| 4145 Belt Line #212-344 | |
| Addison, TX 75001 | 06/10/2024 5:00 pm |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/16/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Garrett S. Long |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ___Plaintiff___
__Adam Ferrari_____ , who issues or requests this subpoena, are:

Garrett S. Long, Latham & Watkins LLP, 330 N. Wabash Ave. Ste. 2800, Chicago, IL 60611,
garrett.long@lw.com, 312-867-7700

### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**APP0019**

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:23-CV-00455-S

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      ❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

      ❐ I returned the subpoena unexecuted because: _____

_____ .

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

      $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

      I declare under penalty of perjury that this information is true.

Date: _____

                                     _____
                                                      *Server's signature*

                                     _____
                                                *Printed name and title*

                                     _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

**APP0020**

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

1.      "You," "Your," and "Perot Investments" means Petrus Capital Management, LLC and its past and present officers, directors, employees and agents, and its parents, subsidiaries, affiliates, successors, and assignees, including but not limited to Petrus Asset Management (d/b/a/ Perot Investments).

2.      "Incline" means Incline Energy Partners, L.P., its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, and member(s), and each of its or their past and present employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys.

3.      "Phoenix" means Phoenix Capital Group Holdings, LLC, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, and member(s), and each of its or their past and present employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys.

4.      "Ferrari Energy" means the Petram Group, LLC, (f/k/a Wolfhawk Energy Holdings, LLC d/b/a "Ferrari Energy"), its subsidiaries, divisions, predecessor and successor companies affiliates, parents, and member(s), and each of its or their past and present employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys.

5.      The terms "Document" and "Documents" are to be construed broadly and mean every type of writing, recording, photograph, screenshot, and correspondence (including emails, voicemails, text messages, instant messages, direct messages on social platforms, and any other form of recorded communication).  "Document" or "Documents" includes both the original of a document and each copy or draft of the document that contains any additional writings or notations.

1

**APP0022**

6.      The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).  By way of illustration only, Communication includes, but is not limited to, telephone conversations, letters, e-mails, SMS texts, notes, telegrams, teletypes, telecopies, memoranda, face-to-face conversations, Facebook, Whatsapp, Signal, Instagram, or Twitter communications, and any other forms of textual or written communication, including any web-based, website-based, or other forms of electronic communication or record of a communication.

7.      "Relevant Time Period" means January 1, 2016 to the present.  Unless otherwise specified, each category of requested documents covers the entire Relevant Time Period.

8.      In producing the requested Documents, provide all Documents in Your possession, custody and/or control.  This includes, without limitation, Documents which may be in the physical possession of another person and/or entity such as Your advisors, attorneys, investigators, employees, agents, associates, affiliates, and/or representatives.

9.      Documents shall be produced as they have been kept in the usual course of business and shall not be shuffled or otherwise rearranged.  Alternatively, You may produce Documents organized and labeled to correspond to the category number to which the Documents are responsive.  Documents that are found stapled, clipped, or otherwise fastened together shall be produced in such form.  If there is no document responsive to any particular category, You shall so state in writing.

10.      All metadata of electronic Documents must be preserved and produced.

11.      If any portion of a Document is responsive, then the entire Document shall be produced.  If the Document contains privileged material, produce the entire Document with the privileged material redacted, noting the redactions on the face of the Document.

2

12.     If information stored in, or accessible through, computer or other data retrieval systems is produced, it must be accompanied with instructions and all other materials necessary to use or interpret such data.

13.     All Documents which cannot be legibly copied should be produced in their original form.

14.     If any Document is withheld under a claim of privilege, You shall furnish a list specifying each such document and providing information sufficient to enable Plaintiff and the Court to evaluate the validity of the withholding.  Any Document or part of a Document withheld under a claim of privilege must be preserved.

15.     This request for Documents shall be deemed continuing in nature so as to require prompt supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure in the event You become aware of, or acquire within Your possession, custody or control additional responsive Documents at any time hereafter.

## DOCUMENT CATEGORIES

1.     All Communications between William Francis and Perot Investments related to Adam Ferrari, Ferrari Energy, or Phoenix.

2.     All Communications between Incline and Perot Investments related to Adam Ferrari, Ferrari Energy, or Phoenix.

3.     All Communications between Perot Investments and any individual or entity regarding Adam Ferrari's character, alleged criminal record or activities, or role at Phoenix.

4.     All Documents and Communications related to any Communications encompassed by Categories 1-3 above.

3

**APP0024**

5.      All Communications and Documents regarding William Francis' desire to "make it difficult for Ferrari to continue doing business," as characterized by Hays Lindsley in his July 2, 2020 email to Patrick McGee at MPK Equity Partners.

6.      All Documents and Communications related to any of the following websites:

- lawsuitsoilandgas.com
- adamferrarioilandgaslawsuits.com

7.      All Documents and Communications to, from, mentioning, or otherwise related to any of the following email addresses:

- deanpowers123@gmail.com
- Khanawais5424@gmail.com
- criminal@gmail.com
- concernedbakkenmineralowner@gmail.com
- concernedweldmineralowner@gmail.com

8.      All Documents and Communications to, from, mentioning, or otherwise related to a person identifying himself or herself as "A concerned Colorado, North Dakota and Wyoming Interest Owner."

9.      Documents sufficient to identify Your document retention and destruction policies and/or practices (including those regarding electronically stored information).

4

**APP0025**

# EXHIBIT A-4

**APP0026**

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas

| | |
|---|---|
| ADAM FERRARI | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. 3:23-CV-00455-S |
| WILLIAM FRANCIS | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  SILVER CREEK EXPLORATION, LLC c/o Richard Burnett, registered agent
5525 North MacArthur Boulevard, Suite 775, Irving, TX 75038

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE ATTACHMENT A.

| Place: First Legal Records c/o Pronto Process<br>4145 Belt Line #212-344<br>Addison, TX 75001 | Date and Time:<br><br>06/18/2024 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  05/24/2024

|  CLERK OF COURT  | |
|---|---|
| | OR |
| _____ | /s/ Garrett S. Long |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiff
Adam Ferrari                                                              , who issues or requests this subpoena, are:

Garrett S. Long, Latham & Watkins LLP, 330 N. Wabash Ave. Ste. 2800, Chicago, IL 60611,
garrett.long@lw.com, 312-867-7700

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**APP0027**

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:23-CV-00455-S

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**APP0028**

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

1.      "You," "Your," and "Silver Creek" means Silver Creek Exploration, LLC, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, and member(s), and each of its or their past and present employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys.

2.      "Incline" means Incline Energy Partners, L.P., its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, and member(s), and each of its or their past and present employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including but not limited to Brett Hairston and Blake Beavers.

3.      "Phoenix" means Phoenix Capital Group Holdings, LLC, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, and member(s), and each of its or their past and present employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys.

4.      "NonOpWells" means NonOpWells, Inc., its subsidiaries, divisions, predecessor and successor companies affiliates, parents, and member(s), and each of its or their past and present employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys.

5.      The terms "Document" and "Documents" are to be construed broadly and mean every type of writing, recording, photograph, screenshot, and correspondence (including emails, voicemails, text messages, instant messages, direct messages on social platforms, and any other form of recorded communication).  "Document" or "Documents" includes both the original of a document and each copy or draft of the document that contains any additional writings or notations.

1

**APP0030**

6.      The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).  By way of illustration only, Communication includes, but is not limited to, telephone conversations, letters, e-mails, SMS texts, notes, telegrams, teletypes, telecopies, memoranda, face-to-face conversations, Facebook, Whatsapp, Signal, Instagram, or Twitter communications, and any other forms of textual or written communication, including any web-based, website-based, or other forms of electronic communication or record of a communication.

7.      "Relevant Time Period" means January 1, 2016 to the present.  Unless otherwise specified, each category of requested documents covers the entire Relevant Time Period.

8.      In producing the requested Documents, provide all Documents in Your possession, custody and/or control.  This includes, without limitation, Documents which may be in the physical possession of another person and/or entity such as Your advisors, attorneys, investigators, employees, agents, associates, affiliates, and/or representatives.

9.      Documents shall be produced as they have been kept in the usual course of business and shall not be shuffled or otherwise rearranged.  Alternatively, You may produce Documents organized and labeled to correspond to the category number to which the Documents are responsive.  Documents that are found stapled, clipped, or otherwise fastened together shall be produced in such form.  If there is no document responsive to any particular category, You shall so state in writing.

10.     All metadata of electronic Documents must be preserved and produced.

11.     If any portion of a Document is responsive, then the entire Document shall be produced.  If the Document contains privileged material, produce the entire Document with the privileged material redacted, noting the redactions on the face of the Document.

**APP0031**

12.     If information stored in, or accessible through, computer or other data retrieval systems is produced, it must be accompanied with instructions and all other materials necessary to use or interpret such data.

13.     All Documents which cannot be legibly copied should be produced in their original form.

14.     If any Document is withheld under a claim of privilege, You shall furnish a list specifying each such document and providing information sufficient to enable Plaintiff and the Court to evaluate the validity of the withholding.  Any Document or part of a Document withheld under a claim of privilege must be preserved.

15.     This request for Documents shall be deemed continuing in nature so as to require prompt supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure in the event You become aware of, or acquire within Your possession, custody or control additional responsive Documents at any time hereafter.

## DOCUMENT CATEGORIES

1.     All Communications between William Francis and Silver Creek related to Adam Ferrari.

2.     All Communications between William Francis and Silver Creek related to Phoenix.

3.     To the extent not covered by Request No. 2, all Communications between William Francis and Silver Creek related to any of Phoenix's wellbores, including but not limited to any of Phoenix's wellbores located in North Dakota (*e.g.,* townships 160N 99W and 159N 99W).

4.     All Communications between Incline and Silver Creek related to Adam Ferrari.

5.     All Communications between Incline and Silver Creek related to Phoenix.

APP0032

6.      To the extent not covered by Request No. 5, all Communications between Incline and Silver Creek related to any of Phoenix's wellbores, including but not limited to any of Phoenix's wellbores located in North Dakota (*e.g.,* townships 160N 99W and 159N 99W).

7.      All Communications between Blake Beavers and Silver Creek related to Adam Ferrari.

8.      All Communications between Blake Beavers and Silver Creek related to Phoenix.

9.      To the extent not covered by Request No. 8, all Communications between Blake Beavers and Silver Creek related to any of Phoenix's wellbores, including but not limited to any of Phoenix's wellbores located in North Dakota (*e.g.,* townships 160N 99W and 159N 99W).

10.     All Communications between Brett Hairston and Silver Creek related to Adam Ferrari.

11.     All Communications between Brett Hairston and Silver Creek related to Phoenix.

12.     To the extent not covered by Request No. 11, all Communications between Brett Hairston and Silver Creek related to any of Phoenix's wellbores, including but not limited to any of Phoenix's wellbores located in North Dakota (*e.g.,* townships 160N 99W and 159N 99W).

13.     All Communications between Silver Creek and any third-party related to Adam Ferrari or Phoenix.

14.     All Communications between NonOpWells and Silver Creek related to Adam Ferrari.

15.     All Communications between NonOpWells and Silver Creek related to Phoenix.

16.     To the extent not covered by Request No. 15, all Communications between NonOpWells and Silver Creek related to any of Phoenix's wellbores, including but not limited to any of Phoenix's wellbores located in North Dakota (*e.g.,* townships 160N 99W and 159N 99W).

17.     All Communications between Silver Creek and any of the following email addresses:

- deanpowers123@gmail.com
- Khanawais5424@gmail.com
- criminal@gmail.com

4

- concernedbakkenmineralowner@gmail.com
- concernedweldmineralowner@gmail.com

18.    All Communications between Silver Creek and any person identifying himself or herself as "A concerned Colorado, North Dakota and Wyoming Interest Owner."

19.    All Communications between Silver Creek and any third-party regarding Adam Ferrari's character, alleged criminal record, or role at Phoenix.

20.    All Documents and Communications related to any Communications encompassed by Categories 1-19 above.

21.    Documents sufficient to identify Your document retention and destruction policies and/or practices (including those regarding electronically stored information).

APP0034

# EXHIBIT A-5

**APP0035**

| | |
|---|---|
| **From:** | Paulette Miniter |
| **To:** | Long, Garrett (CH) |
| **Cc:** | Hamilton, Kevin (OC); Gray, Andrew (OC); Troutman, David (OC); Ryan, Jake (SD); Patterson, Karen (OC); Ji, Josh (OC); Cort Thomas; Charlene Koonce; Andrew Debter; Farwa Zahra; jcrewse@crewselawfirm.com |
| **Subject:** | Re: Ferrari v Francis - Conference re subpoenas on Petrus, Silver Creek |
| **Date:** | Thursday, June 6, 2024 5:12:05 PM |

Thank you.

On Jun 6, 2024, at 6:54 PM, Garrett.Long@lw.com wrote:

> [EXTERNAL EMAIL] Do not open links or attachments if you cannot verify the sender.

Yes  - whatever form it takes, it will be timely

**From:** Paulette Miniter <paulette@brownfoxlaw.com>
**Date:** Thursday, Jun 06, 2024 at 6:37 PM
**To:** Long, Garrett (CH) <Garrett.Long@lw.com>
**Cc:** Hamilton, Kevin (OC) <Kevin.Hamilton@lw.com>, Gray, Andrew (OC) <Andrew.Gray@lw.com>, Troutman, David (OC) <David.Troutman@lw.com>, Ryan, Jake (SD) <Jake.Ryan@lw.com>, Patterson, Karen (OC) <KAREN.PATTERSON@LW.com>, Ji, Josh (OC) <Josh.Ji@lw.com>, Cort Thomas <cort@brownfoxlaw.com>, Charlene Koonce <charlene@brownfoxlaw.com>, Andrew Debter <andrew@brownfoxlaw.com>, Farwa Zahra <farwa@brownfoxlaw.com>, jcrewse@crewselawfirm.com <jcrewse@crewselawfirm.com>
**Subject:** Re: Ferrari v Francis - Conference re subpoenas on Petrus, Silver Creek

Hi Garrett,

That sounds fine. However, I presume it should not make much difference in terms of whether you all agree that our motions will be timely when we file them with the joint report. Can you please confirm you agree?

Best,
Paulette

On Jun 6, 2024, at 6:33 PM, Garrett.Long@lw.com wrote:

> [EXTERNAL EMAIL] Do not open links or attachments if you cannot verify the sender.

Thanks Paulette –

**APP0036**

Let's discuss more tomorrow re the exact process.

Garrett

**Garrett S. Long**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.777.7063 | M: +1.713.816.3405

---

**From:** Paulette Miniter <paulette@brownfoxlaw.com>
**Sent:** Thursday, June 6, 2024 4:42 PM
**To:** Long, Garrett (CH) <Garrett.Long@lw.com>
**Cc:** Hamilton, Kevin (OC) <Kevin.Hamilton@lw.com>; Gray, Andrew (OC) <Andrew.Gray@lw.com>; Troutman, David (OC) <David.Troutman@lw.com>; Ryan, Jake (SD) <Jake.Ryan@lw.com>; Patterson, Karen (OC) <KAREN.PATTERSON@LW.com>; Ji, Josh (OC) <Josh.Ji@lw.com>; Cort Thomas <cort@brownfoxlaw.com>; Charlene Koonce <charlene@brownfoxlaw.com>; Andrew Debter <andrew@brownfoxlaw.com>; Farwa Zahra <farwa@brownfoxlaw.com>; jcrewse@crewselawfirm.com
**Subject:** Re: Ferrari v Francis - Conference re subpoenas on Petrus, Silver Creek

Hi Garrett,

Yes, generally that would be the process that seems consistent with the Court's order or, alternatively, our portion of the joint report would include what would ordinarily be in a supporting brief and the joint report would be attached to a shorter motion that primarily states the relief requested.

However, happy to discuss the process of course.

Best,
Paulette

> On Jun 6, 2024, at 4:33 PM, Garrett.Long@lw.com wrote:

>> [EXTERNAL EMAIL] Do not open links or attachments if you cannot verify the sender.

> Paulette –

**APP0037**

Can you please walk me through the process you envision?

We meet and confer tomorrow to discuss Defendant's anticipated motion for a protective order and to quash the subpoenas on Petrus Capital Management, LLC and Silver Creek Exploration, LLC, on behalf of Mr. Francis and Incline.

Not knowing exactly what your team is planning on moving on, but assume the parties cannot agree or hopefully (at least) can narrow the scope of any disagreement on tomorrow's call, we then file a joint report to the Magistrate as we've done with the past several issues.   Would Defendant then attach the Motion for PO/Quash to their portion of the joint report?

Thank you ahead of time for the clarity.

Garrett

**Garrett S. Long**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.777.7063 | M: +1.713.816.3405

---

**From:** Paulette Miniter <paulette@brownfoxlaw.com>
**Sent:** Thursday, June 6, 2024 9:51 AM
**To:** Long, Garrett (CH) <Garrett.Long@lw.com>
**Cc:** Hamilton, Kevin (OC) <Kevin.Hamilton@lw.com>; Gray, Andrew (OC) <Andrew.Gray@lw.com>; Troutman, David (OC) <David.Troutman@lw.com>; Ryan, Jake (SD) <Jake.Ryan@lw.com>; Patterson, Karen (OC) <KAREN.PATTERSON@LW.COM>; Ji, Josh (OC) <Josh.Ji@lw.com>; Cort Thomas <cort@brownfoxlaw.com>; Charlene Koonce <charlene@brownfoxlaw.com>; Andrew Debter <andrew@brownfoxlaw.com>; Farwa Zahra <farwa@brownfoxlaw.com>; James Crewse <jcrewse@crewselawfirm.com>
**Subject:** Re: Ferrari v Francis - Conference re subpoenas on Petrus, Silver Creek

Garrett,

You should have a Teams invite.

Given the need for us to confer and complete the joint-report process, as well as the storms which caused power and telecommunication difficulties, can we please agree that our motions are due once the parties have finalized the joint report to be filed?

Best,
Paulette

On Jun 5, 2024, at 4:52 PM, Paulette Miniter <paulette@brownfoxlaw.com> wrote:

 Sounds good, thank you. I will send an invite with conference line.

Sent from my iPhone

On Jun 5, 2024, at 4:18 PM, Garrett.Long@lw.com wrote:

**[EXTERNAL EMAIL]** Do not open links or attachments if you cannot verify the sender.

How about Friday at noon central?

**Garrett S. Long**

**LATHAM & WATKINS** LLP
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.777.7063 | M: +1.713.816.3405

**From:** Paulette Miniter <paulette@brownfoxlaw.com>
**Sent:** Wednesday, June 5, 2024

2:51 PM
**To:** Long, Garrett (CH)
<Garrett.Long@lw.com>;
Hamilton, Kevin (OC)
<Kevin.Hamilton@lw.com>; Gray,
Andrew (OC)
<Andrew.Gray@lw.com>;
Troutman, David (OC)
<David.Troutman@lw.com>;
Ryan, Jake (SD)
<Jake.Ryan@lw.com>; Patterson,
Karen (OC)
<KAREN.PATTERSON@LW.com>;
Ji, Josh (OC) <Josh.Ji@lw.com>;
crewse@crewselawfirm.com
**Cc:** Cort Thomas
<cort@brownfoxlaw.com>;
Charlene Koonce
<charlene@brownfoxlaw.com>;
Andrew Debter
<andrew@brownfoxlaw.com>;
Farwa Zahra
<farwa@brownfoxlaw.com>
**Subject:** RE: Ferrari v Francis -
Conference re subpoenas on
Petrus, Silver Creek

Thank you, Garrett.

<image001.png>

**From:** Garrett.Long@lw.com
<Garrett.Long@lw.com>
**Sent:** Wednesday, June 5, 2024
2:49 PM
**To:** Paulette Miniter
<paulette@brownfoxlaw.com>;
Kevin.Hamilton@lw.com;
Andrew.Gray@lw.com;
David.Troutman@lw.com;
Jake.Ryan@lw.com;
KAREN.PATTERSON@LW.com;
Josh.Ji@lw.com;
crewse@crewselawfirm.com

**Cc:** Cort Thomas
<cort@brownfoxlaw.com>;
Charlene Koonce
<charlene@brownfoxlaw.com>;
Andrew Debter
<andrew@brownfoxlaw.com>;
Farwa Zahra
<farwa@brownfoxlaw.com>
**Subject:** RE: Ferrari v Francis -
Conference re subpoenas on
Petrus, Silver Creek

**[EXTERNAL EMAIL]** Do not open links or
attachments if you cannot verify the
sender.

Of course Paulette – let me check
some times and will get back to
you.

Garrett

**Garrett S. Long**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite
2800
Chicago, IL 60611
Direct Dial: +1.312.777.7063
Fax: +1.312.993.9767

---

**From:** Paulette Miniter
<paulette@brownfoxlaw.com>
**Sent:** Wednesday, June 5, 2024
10:03 AM
**To:** Hamilton, Kevin (OC)
<Kevin.Hamilton@lw.com>; Long,
Garrett (CH)
<Garrett.Long@lw.com>; Gray,
Andrew (OC)
<Andrew.Gray@lw.com>;
Troutman, David (OC)
<David.Troutman@lw.com>;
Ryan, Jake (SD)
<Jake.Ryan@lw.com>; Patterson,
Karen (OC)

**APP0041**

<KAREN.PATTERSON@LW.com>;
Ji, Josh (OC) <Josh.Ji@lw.com>;
crewse@crewselawfirm.com
**Cc:** Cort Thomas
<cort@brownfoxlaw.com>;
Charlene Koonce
<charlene@brownfoxlaw.com>;
Andrew Debter
<andrew@brownfoxlaw.com>;
Farwa Zahra
<farwa@brownfoxlaw.com>
**Subject:** Ferrari v Francis -
Conference re subpoenas on
Petrus, Silver Creek

Counsel,

We plan to file a motion for a
protective order and to quash
the subpoenas on Petrus
Capital Management, LLC and
Silver Creek Exploration, LLC,
on behalf of Mr. Francis and
Incline.

I am available to confer today
except from 2-3pm CT,
tomorrow starting at 3pm CT, or
any time on Friday.  Please let
me know your availability.

Best,


<image002.png>
<image003.png>
<image004.png>
<image005.png>
<image006.png>

This email message and any
attachments are confidential and may
be privileged. If you are not the
intended recipient, please notify Brown
Fox PLLC immediately (by replying to

this message or calling 214.327.5000)
and immediately destroy all copies of
this message and any attachments.
Thank you.

_____

This email may contain
material that is confidential,
privileged and/or attorney
work product for the sole use
of the intended recipient.  Any
review, disclosure, reliance or
distribution by others or
forwarding without express
permission is strictly
prohibited.  If you are not the
intended recipient, please
contact the sender and delete
all copies including any
attachments.

Latham & Watkins LLP or any
of its affiliates may monitor
electronic communications
sent or received by our
networks in order to protect
our business and verify
compliance with our policies
and relevant legal
requirements. Any personal
information contained or
referred to within this
electronic communication
will be processed in
accordance with the firm's
privacy notices and Global
Privacy Standards available at
www.lw.com.

&lt;image002.png&gt;
&lt;image003.png&gt;
&lt;image004.png&gt;
&lt;image005.png&gt;
&lt;image006.png&gt;

# EXHIBIT B

**APP0045**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ADAM FERRARI, | | Civil Action No.: 3:23-cv-455 |
| | Plaintiff, | |
| v. | | |
| WILLIAM FRANCIS, | | |
| | Defendant. | |

**DECLARATION OF PAULETTE C. MINITER**
**IN SUPPORT OF JOINT REPORT REGARDING DEFENDANT AND NONPARTY**
**INCLINE ENERGY PARTNERS LP'S MOTION FOR PROTECTIVE ORDER AND TO**
**QUASH PLAINTIFF'S SUBPOENAS ON PETRUS CAPITAL MANAGEMENT, LLC**
**AND SILVER CREEK EXPLORATION, LLC**

I, Paulette C. Miniter, declare as follows:

1.   I am an attorney with the law firm of Brown Fox PLLC, counsel of record for Defendant William Francis and nonparty Incline Energy Partners LP in the above captioned action (the "Action").  I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would testify competently thereto.

2.   This declaration is filed in support of Joint Report Regarding Defendant and Nonparty Incline Energy Partners LP's Motion for Protective Order and to Quash Plaintiff's Subpoenas on Petrus Capital Management, LLC and Silver Creek Exploration, LLC.

3.   Attached hereto as **Exhibit B-1** is a true and correct copy of Plaintiff's Initial Disclosures, served on November 8, 2023.

4.   Attached hereto as **Exhibit B-2** is a true and correct copy of Adam Ferrari's First Requests for Production to William Francies, served on November 8, 2023.

**APP0046**

5.   Attached hereto as **Exhibit B-3** is a true and correct copy of Plaintiff's Subpoena to Incline

Energy Partners, LP served on May 16, 2024.

6.   I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2024.

*Paulette C. Miniter*
_ Paulette C. Miniter

**APP0047**

# EXHIBIT B-1

APP0048

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-455 |
| | § | |
| WILLIAM FRANCIS, | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff, Adam Ferrari ("Plaintiff"), makes the following initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Plaintiff makes these initial disclosures based on information reasonably available to him as of this date, recognizing that his investigation into the facts of this case is continuing. By making these disclosures, Plaintiff does not represent that she is identifying each and every document, tangible thing, or witness germane to this lawsuit. Plaintiff reserves the right to amend, correct, and/or supplement these disclosures, as necessary and appropriate. Further, Plaintiff reserves the right to call any witness, including but not limited to expert witnesses, or to present any exhibit or item at trial, even if not listed herein, which is determined through discovery or investigation to be relevant to the subject matter of this action.

In addition, Plaintiff does not waive any right to object to the production of any document or tangible thing disclosed herein on the basis of any applicable privilege, the work product doctrine, relevancy, undue burden, or any valid basis of objection. Plaintiff's initial disclosures also are made without waiver of: (1) the right to object to the use of such information, in whole or in part, in any subsequent proceeding in this action or any other action, on any applicable grounds, including but not limited to competency, privilege, materiality, or hearsay; and (2) the right to

object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any applicable grounds.

**I.**    **Identification of Individuals likely to have discoverable information (Fed. R. Civ. P. 26(a)(1)(A)(i)).**

Pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Plaintiff identifies the following individuals known or believed at this time as likely to have discoverable information that Plaintiff may use to support her claims or defenses[1]:

A.    **Plaintiff:**   Plaintiff is Adam Ferrari. Plaintiff has knowledge concerning the factual matters alleged in the Complaint. Additionally, Plaintiff has knowledge regarding the pattern and practice of defamation and bad acts at issue in this case. Plaintiff also has knowledge regarding the company culture of Phoenix Capital Group Holdings, LLC.

B.    **Daniel Ferrari:**    Daniel Ferrari ("Daniel") is the father of Plaintiff. Daniel has knowledge regarding his health. Daniel also has knowledge regarding his role at Phoenix Capital Group Holdings, LLC and work he has personally performed. Daniel also has knowledge regarding the ownership structure of Phoenix Capital Group Holdings, LLC. Plaintiff's Counsel represents Daniel Ferrari.

C.    **GTCR**: GTCR, LLC ("GTCR") has knowledge concerning the factual matters alleged in the Complaint regarding actionable statements made by Defendant about Plaintiff.

D.    **ANB Bank**: ANB Bank has knowledge concerning the factual matters alleged in the Complaint regarding actionable statements made by Defendant about Plaintiff.

---

[1] Plaintiff reserves the right to supplement this disclosure, as necessary and appropriate, as the case progresses.

E.    **FindIt**: FINDIT, INC. ("FindIt") has knowledge concerning the creation of the websites Lawsuitsoilandgas.com and adamferrarioilandgaslawsuits.com as well as actionable statements contained on said websites.

F.    **Eagle River Energy Advisors**: Eagle River Energy Advisors, LLC. ("Eagle River Energy Advisors") has knowledge concerning the factual matters alleged in the Complaint regarding actionable statements made by Defendant about Plaintiff.

G.    **Greeley Tribune**: Greeley Publishing Company ("Greeley Tribune") has knowledge concerning the factual matters alleged in the Complaint regarding actionable statements made by Defendant about Plaintiff.

H.    **Crystal Taylor**: Crystal Taylor has knowledge concerning the factual matters alleged in the Complaint regarding actionable statements made by Defendant about Plaintiff.

I.    **Dalmore**: Dalmore Group, LLC ("Dalmore") has knowledge concerning the factual matters alleged in the Complaint regarding actionable statements made by Defendant about Plaintiff.

J.    **SEC**: U.S. Securities and Exchange Commission ("SEC") has knowledge concerning the factual matters alleged in the Complaint regarding actionable statements made by Defendant about Plaintiff.

K.    **FINRA:** Financial Industry Regulatory Authority, Inc. ("FINRA") has knowledge concerning the factual matters alleged in the Complaint regarding actionable statements made by Defendant about Plaintiff.

L.    **4 GRLZ Investments, LLC**: 4 GRLZ Investments, LLC has knowledge concerning the factual matters alleged in the Complaint regarding actionable statements made by Defendant about Plaintiff.

M.    **HESS**: Hess Corporation (NYSE:HESS) has knowledge concerning the factual matters alleged in the Complaint regarding actionable statements made by Defendant about Plaintiff.

N.    **Defendant**:    Defendant is William Francis. Defendant has knowledge regarding his interactions with Plaintiffs and with regard to the services he performed on behalf of Plaintiffs.

O.    **Incline**:    Incline is Incline Energy Partners, L.P. Defendant is an owner. Incline provided Defendant email addresses ([william@inclineresources.com](mailto:william@inclineresources.com); [william@inclinelp.com](mailto:william@inclinelp.com)) which were used to transmit statements at issue in this matter. Incline has knowledge regarding Defendant's interactions with Phoenix Capital Group Holdings, LLC.

P.    **Additional employees and representatives of Incline**:    Other corporate representatives and/or employees of Incline may have information regarding matters raised in this case, including without limitation, information that is discoverable regarding allegedly actionable statements made by Defendant.

Q.    **Additional Persons**: All persons identified by Defendant in his forthcoming Initial Disclosures. All persons who have been or will be deposed, and all witnesses involved in discovery responses in the instant action. Anyone named in discovery, depositions, interrogatory responses, admissions or otherwise as possessing information relevant to this litigation. Additional witnesses who are unknown to Defendant at this time but who become known through the course of further discovery and have information relevant to this litigation.

Plaintiff expressly reserves the right to identify additional persons if, during the course of this case, he learns that such additional persons have knowledge or information that Plaintiff may use to support his claims or defenses. Plaintiff further reserves the right to supplement or amend the foregoing disclosure as permitted by Federal Rule of Civil Procedure 26(e).

II.   **Identification of documents, electronically stored information, and tangible things (Fed. R. Civ. P. 26(a)(1)(A)(ii)).**

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, and based upon presently available information, Plaintiff identifies the following categories of documents in his possession, custody or control, that Plaintiff may use to support his claims or defenses. Plaintiff reserves the right to supplement this disclosure, as necessary and appropriate, as the case progresses.

A.   All pleadings, motions, exhibits, and other documents of record in this litigation.

B.   All documents produced by parties in discovery in this case.

C.   All documents produced pursuant to subpoena by any non-party.

D.   All documents sent by Defendant regarding Plaintiff.

Plaintiff reserves the right to use any document produced by Defendant, any document obtained from third parties through discovery and any other documents subsequently determined to support Plaintiff's claims or defenses. Plaintiff also reserves the right to supplement these disclosures as appropriate when applicable documents and electronically stored information are made known to counsel.

Plaintiff's initial disclosures also are made without waiver of: (1) the right to object to the admissibility or use of such information, in whole or in part, in any subsequent proceeding in this action or any other action, on any applicable grounds, including but not limited to relevance, competency, privilege, materiality or hearsay; and (2) the right to object to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any applicable grounds.

III.   **Computation of Damages (Fed. R. Civ. P. 26(a)(1)(A)(iii)).**

**APP0053**

Pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, Plaintiff states that, as alleged in Plaintiff's First Amended Complaint (Doc. 7), he was damaged in the following ways:

    a. Actual damages in an amount greater than $75,000;
    b. Consequential damages;
    c. Compensatory and/or special damages;
    d. Exemplary damages;
    e. All costs of court, and pre-judgment and post-judgment interest at the highest rate permitted by law;
    f. Permanent injunctive relief.

## IV.    Insurance Agreements (Fed. R. Civ. P. 26(a)(1)(A)(iv))

Pursuant to Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure, Plaintiff states that there are no insurance agreements applicable to any of the claims at issue.

Plaintiff reserves the right to supplement, modify and/or amend these Initial Disclosures pursuant to the Federal Rules of Civil Procedure, and the Local Rules of the Northern District of Texas.

Dated November 8, 2023                 Respectfully submitted,

                                 **ADAM FERRARI,**
                                 Plaintiff

                                By:     _/s/ Ross M. Good _____
                                     One of His Attorneys

Ross Good, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark St., Suite 1600
Chicago, Illinois 60601
T: 312.899.6625
C: 312.772.5396
ross@loftusandeisenberg.com

**APP0054**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via electronic mail and pursuant to the Federal Rules of Civil Procedure on November 8, 2023.

*/s/ Ross M. Good*
_____
Ross M. Good

# EXHIBIT B-2

APP0056

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-455 |
| | § | |
| WILLIAM FRANCIS, | § | |
| | § | |
| Defendant. | § | |

## ADAM FERRARI'S FIRST REQUESTS FOR PRODUCTION TO WILLIAM FRANCIS

Plaintiff Adam Ferrari. ("Ferrari") hereby serves the following Requests for Production to Defendant William Francis ("Francis"). Ferrari requests Francis produce documents responsive to these Requests in accordance with the Federal Rules of Civil Procedure.

## INSTRUCTIONS

1.    The time frame covered by these discovery requests shall be January 1, 2016 to the present (the "Relevant Time Period"), unless otherwise indicated by a particular topic or request.

2.    All responses shall comply with the requirements of the Federal Rules of Civil Procedure and the Local Rules for this Court.

3.    The following Requests shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests, such additional information is to be promptly produced.

4.    You are to produce all responsive Documents in Your possession, custody, or control, wherever located, including those in the possession, custody, or control of Your representatives and affiliates. Documents are deemed to be in Your possession, custody, or control if they are in Your physical custody, or if they are in the physical custody of any other person or entity and You: (i) own such Document in whole or in part; (ii) have a right, by contract, statute,

1

APP0057

or otherwise, to use, inspect, examine, or copy such Document on any terms; (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document on any terms; or (iv) as a practical matter, You have been able to use, inspect, examine, or copy such Document when You sought to do so. Documents in Your control also includes those in the possession or custody of any of Your financial or other advisors or any of their respective affiliates. If any requested Document was, but no longer is, in Your control, state the disposition of each such Document.

5.      If any Document requested herein was formerly in Your possession, custody or control and has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any such Document a written statement (a) describing in detail the nature of the Document and its contents, (b) identifying the person(s) who prepared or authored the Document and, if applicable, the person(s) to whom the Document was sent, (c) specifying the date on which the Document was prepared or transmitted, and (d) specifying the date on which the Document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

6.      If any part of the following Requests cannot be responded to in full, respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

7.      If You object to any of these Requests, state in writing with specificity the grounds of Your objections. Any ground not stated shall be deemed waived. If You object to a particular portion of any Request, You shall respond to the remaining portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

8.      Where any copy of any Document whose production is sought herein, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

9.      Copies of all Documents available electronically should be delivered in uncompressed native format with all metadata intact, e.g., the "Last Modified Date" property of a Word document should not be altered during the production process such that the production date becomes the last modified date.

10.     In the Definitions, Instructions, and Requests:

    a.      The words "and" and "or" are to be construed both conjunctively and disjunctively;

    b.      The singular form of a noun or pronoun includes the plural form and vice versa;

    c.      The word "all" shall also include "each of," and vice versa; and

    d.      The word "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the Request.

11.     If there are no Documents responsive to a Request, state so in writing.

12.     A Request for any Document shall be deemed to include any and all transmittal letters, exhibits, enclosures, or attachments to such Document, in addition to its full and unexpurgated form.

13.     Documents should be segregated according to the number of the Request to which You are responding or produced in the manner they are kept in the ordinary course of business. Documents attached to each other should not be separated, e.g., files attached to emails should remain linked to the email.

14.     If any privilege is claimed as to any Communication requested herein:

3

      a.    State the nature of the privilege claim (attorney/client communication, attorney work product, etc.);

      b.    State the name of the party claiming privilege and the name of the attorney, if any, with respect to whom the privilege is claimed;

      c.    State the basis for claiming the privilege as to the specific Communication;

      d.    Identify all persons present at any Communication to which privilege is claimed and all persons to whom the subject matter of the Communication was discussed or disclosed; and

      e.    State the date of each such Communication.

15.    If any privilege is claimed as to any Document requested herein:

      a.    State the nature of the privilege claimed (attorney/client communication, attorney work product, etc.);

      b.    State the basis for claiming the privilege as to the specific Documents; and

      c.    State the date of such Document; identify the type of document (i.e., letter, memo, email, email attachment, etc.); set forth the subject matter thereof; identify each person who prepared it; identify each person (if any) who signed it; identify each person to whom it was directed, circulated, or shown; and identify each person now in possession of the Document.

16.    If a Request concerns Communications with and/or actions by an entity, then the Request should be interpreted to include Communications with or actions by agents acting on an entity's behalf.

## **DEFINITIONS**

The following terms are defined and used in these Requests as follows:

17.    The term "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). By way of illustration only, communication includes, but is not limited to, telephone conversations, letters, e-mails, SMS texts, notes, telegrams, teletypes, telecopies, memoranda, face-to-face conversations, Facebook, Whatsapp, Signal, Instagram, or Twitter communications, and any other forms of textual or written communication, including any

web-based, website-based, or other forms of electronic communication or record of a communication.

18.    The term "**Document**" includes each and every form of communication, including all written, printed, typed, recorded, or graphic matter of any kind, type, nature, or description, in whatever form (e.g., final and draft versions) that is or has been in Your actual or constructive possession, custody or control, including all printed and electronic copies of email, electronic text, chat, or direct messages sent on any platform (such as SMS, iMessage, WhatsApp, Signal, Confide, Telegram, Facebook, Instagram, Twitter, Slack, Microsoft Teams, Google Chat, Zoom, etc.), notes, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, pamphlets or any written or recorded materials of any other kind, however stored (whether in tangible or electronic form), recorded, produced or reproduced, including backups.

1.    The term "**including**" means including without limitation.

2.    The terms "**You**" or "**Your**" refers to William Francis, Defendant in the above-captioned action, individually, and in all capacities, or any agent acting on his behalf, jointly or severally, individually or collectively, and any agent acting on his behalf; including, but not limited to Incline Energy.

5

APP0061

3.      The term "**Adam Ferrari**" means Adam Ferrari, Plaintiff in the above-captioned action, individually, and in all capacities, or any agent acting on his behalf, jointly or severally, individually or collectively, and any agent acting on his behalf.

4.      The term "**Daniel Ferrari**" means Daniel Ferrari, an individual and relative of Adam Ferrari.

5.      The term "**Charlene Ferrari**" means Charlene Ferrari, an individual and relative of Adam Ferrari.

6.      The term "**Phoenix Capital Group**" means Phoenix Capital Group Holdings, LLC, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

7.      The term "**Ferrari Energy**" means Ferrari Energy Corporation, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

8.      The term "**Wolfhawk Energy**" means Wolfhawk Energy Holdings, LLC, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

9.      The term "**Incline Energy**" means Incline Energy Partners, L.P., its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

6

19.     The term "**Greeley Tribune**" means Greeley Publishing Company, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity including but not limited to (1) **Joe Moylan,** (2) **Jerry Martin, and (3) Trevor Reid**.

20.     The term "**SEC**" means The U.S. Securities and Exchange Commission its subsidiaries, divisions, and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

21.     The term "**Jennifer Davis**" means Jennifer Davis, a resident of Oregon in 2016.

22.     The term "**Crystal Taylor**" means Crystal Taylor, whose email address is cat44771@yahoo.com.

23.     The term "**John Hodgin**" means John Hodgin, a petroleum engineer.

24.     The term "**Denver DA**" means District Attorney for Denver County Colorado District Attorney's Office including but not limited to Danielle Sexton.

25.     The term "**Denver Police Department**" means the Denver Police Department, its subsidiaries, divisions, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

26.     The term "**FINRA**" means Financial Industry Regulatory Authority, Inc., its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, and any other person who ever served in any such capacity.

7

APP0063

27.    The term "**EnergyNet**" means EnergyNet.com, LLC, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, and any person who ever served in any such capacity.

28.    The term "**Dalmore**" means Dalmore Group, LLC, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, and including any person who ever served in any such capacity.

29.    The term "**Long Reimer Winegar LLP**" means Long Reimer Winegar LLP, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including Kris Koski, and including any person who ever served in any such capacity.

30.    The term "**Barclay Leib**" means Barclay Leib, CFE, CAIA of Morristown NJ.

31.    The term "**FindIt**" means FINDIT, INC., its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including (1) Tom Powers, (2) Raymond Firth, (3) Dean Powers, and (4) Peter Tosto, and including any person who ever served in any such capacity.

32.    The term "**Lorene Butler Mineral Owners**" means owners of mineral rights in Williams County North Dakota.

33.    The term "**Smith Mineral Owners**" means Mark S Smith or Marilyn L Nardini-Smith, owners of mineral rights in Williams County North Dakota.

34.    The term "**Firenza Mineral Owners**" means Patricia Firenza, owner of mineral rights in Williams County North Dakota.

35.    The term "**Wilson Mineral Owners**" means Darrell Wilson, owner of mineral rights in Williams County, North Dakota.

36.    The term "**Thornton Colorado**" means the government for the city of Thronton Colorado, and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity including but not limited to Scott Twombly and Steven Louis-Prescott.

37.    The term "**Hansrude Sather Farms**" means Hansrude Sather Farms, LLLP. And Meagher Energy Advisors, their subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including (1) Bradley K. Sather and (2) Nick Asher, and including any person who ever served in any such capacity.

38.    The term "**Eagle River Energy Advisors**" means Eagle River Energy Advisors, LLC., its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including (1) Steve Florentine, (2) Blake Nance, (3) Austin McKee, and including any person who ever served in any such capacity.

39.    The term "**Rudman Family Trust**" means Rudman Family Trust, owners of mineral rights in North Dakota, including Hiram Luicius.

40.    The term "**The Petram Group**" means The Petram Group, LLC., its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and

9

attorneys, including (1) Scott Fey, (2) Larry Fey, (3) Dan Rose, (4) Kent Tedford, and (5) Mark Anderson, and including any person who ever served in any such capacity.

41.    The term "**Dines Family**" means Dines Family Trust, owners of mineral rights in Weld County Colorado, including Winston Dines and Holliday Dines.

42.    The term "**Arthur Bishop**" means Arthur Bishop of Cape Town South Africa.

43.    The term "**Ryan Werking**" means Ryan Werking of Denver, Colorado.

44.    The term "**Duchossois Group**" means THE DUCHOSSOIS GROUP, INC. and THE DUCHOSSOIS FAMILY FOUNDATION., their subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

45.    The term "**ANB Bank**" means ANB Bank, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

46.    The term "**JPMorgan Chase Bank**" means JPMorgan Chase & Co (NYESE:JPM), its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

47.    The term "**TPG Specialty Lending**" means TPG Specialty Lending, Inc., its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

10

48.     The term "**Texas Capital Bank**" means Texas Capital Bank, N.A.., its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

49.     The term "**Prosperity Bank**" means Prosperity Bank, f/k/a LegacyTexas Bank, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

50.     The term "**CrossFirst Bank**" means CrossFirst Bank, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

51.     The term "**MUFG Union Bank**" means MUFG Union Bank, N.A., its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

52.     The term "**Capital One Financial**" means Capital One Financial Corporation, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

53.     The term "**G. Warren Smith II**" means G. Warren Smith II of Colorado.

54.     The term "**4 GRLZ Investments**" means 4 GRLZ Investments, LLC, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and

each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

55.    The term "**Hess Corporation**" means Hess Corporation (NYSE:HESS), its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

56.    The term "**Continental Resources**" means Continental Resources, Inc. (https://www.clr.com/), its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

57.    The term "**GTCR**" means GTCR, LLC, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

58.    The term "**ExxonMobil**" means ExxonMobil Corporation (ExxonMobil (NYSE:XOM), its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

59.    The term "**Royalty Asset Holdings**" means Royalty Asset Holdings, L.P., its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and

each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

60.    The term "**Chevron**" means Chevron Corporation (NYSE:CVX), its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity including but not limited to (1) PDC Energy (NASDAQ:PDCE), (2) Great Western Petroleum, LLC, and (3) Noble Energy, Inc.

61.    The term "**Bayswater**" means Bayswater Exploration & Production, LLC, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

62.    The term "**Raisa II Holdings**" means Raisa II Holdings, LLC, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

63.    The term "**Rearden Minerals**" means Rearden Minerals, LLC, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

64.    The term "**Sitio Royalties**" means Sitio Royalties Corp (NYSE:STR), its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and

13

APP0069

each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

65.     The term "**Whiting Oil and Gas Corporation**" means Whiting Oil and Gas Corporation, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

66.     The term "**Chord Energy**" means Chord Energy Corporation (NASDAQ:CHRD), its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity including but not limited to Oasis Petroleum North America LLC.

67.     The term "**Kraken Oil & Gas**" means Kraken Oil & Gas, LLC, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

68.     The term "**ConocoPhillips**" means ConocoPhillips Company (NYSE:COP), its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

69.     The term "**Devon Energy Production**" means Devon Energy Production Company, L.P., its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives,

**APP0070**

consultants, accountants, and attorneys, including any person who ever served in any such capacity.

70.     The term "**Enerplus**" means Enerplus Resources (USA) Corporation, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

71.     The term "**EOG RESOURCES**" means EOG RESOURCES, INC., its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

72.     The term "**SOGC**" means SOGC, Inc., f/k/a Sinclair Oil Corporation, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, member(s) and each of its employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who ever served in any such capacity.

73.     The term "**relating to**" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, dealing with, or in any way pertaining to.

74.     The term "**Complaint**" refers to Plaintiffs' First Amended Complaint including Exhibits A-H, and Jury Demand, filed April 13, 2023. (Doc. 7).

75.     Any undefined terms are to be defined in the manner in which they are used in the Complaint.

15

## **REQUESTS**

1.  Any and all communications between You on the one hand, and any individual or

entity, including but not limited to

       a.     Greeley Tribune,
       b.     SEC,
       c.     Jennifer Davis,
       d.     Crystal Taylor,
       e.     John Hodgin,
       f.     Denver DA,
       g.     Denver Police Department,
       h.     FINRA,
       i.     EnergyNet,
       j.     Dalmore,
       k.     Long Reimer Winegar LLP,
       l.     Barclay Leib,
       m.     FindIt,
       n.     Lorene Butler Mineral Owners,
       o.     Smith Mineral Owners,
       p.     Firenza Mineral Owners,
       q.     Wilson Mineral Owners,
       r.     Thornton Colorado,
       s.     Hansrude Sather Farms,
       t.     Eagle River Energy Advisors,
       u.     Rudman Family Trust,
       v.     The Petram Group,
       w.     Dines Family,
       x.     Arthur Bishop,
       y.     Ryan Werking,
       z.     Duchossois Group,
       aa.     ANB Bank,
       bb.     JPMorgan Chase Bank,
       cc.     TPG Specialty Lending,
       dd.     Texas Capital Bank,
       ee.     Prosperity Bank,
       ff.     CrossFirst Bank,
       gg.     MUFG Union Bank,
       hh.     Capital One Financial,
       ii.     G. Warren Smith II,
       jj.     4 GRLZ Investments,
       kk.     Hess Corporation,
       ll.     Continental Resources,
       mm.     GTCR,
       nn.     ExxonMobil,

APP0072

oo.    Royalty Asset Holdings,
pp.    Chevron,
qq.    Bayswater,
rr.    Raisa II Holdings,
ss.    Rearden Minerals,
tt.    Sitio Royalties,
uu.    Whiting Oil and Gas Corporation,
vv.    Chord Energy,
ww.   Kraken Oil & Gas,
xx.    ConocoPhillips,
yy.    Devon Energy Production,
zz.    Enerplus,
aaa.   EOG RESOURCES, and
bbb.   SOGC,

during the Relevant Time Period, discussing, disparaging, defaming, opining as to the character,

reputation, or conduct of, or in any other form regarding or relating to (1) Adam Ferrari, (2) Phoenix

Capital Group, (3) Ferrari Energy, (4) Wolfhawk Energy, (5) Daniel Ferrari, and/or (6) Charlene

Ferrari.

2.    Any and all communications related to lawsuitsoilandgas.com, including but not

limited to the registration, ownership, and contents thereof during the Relevant Time Period.

3.    Any and all documents related to lawsuitsoilandgas.com, including but not limited

to the registration, ownership, and contents thereof during the Relevant Time Period.

4.    Any and all communications related to adamferrarioilandgaslawsuits.com,

including but not limited to the registration, ownership, and contents thereof during the Relevant

Time Period.

5.    Any and all documents related to adamferrarioilandgaslawsuits.com, including but

not limited to the registration, ownership, and contents thereof during the Relevant Time Period.

6.    Any and all communications sent to and/or received by the email address

"criminal@gmail.com" during the Relevant Time Period.

17

APP0073

7.    Any and all communications sent to and/or received by the email address "concernedbakkenmineralowner@gmail.com" during the Relevant Time Period.

8.    Any and all communications related to out-bidding Adam Ferrari in any mineral acquisition deal during the Relevant Time Period.

9.    Any and all documents evidencing that Adam Ferrari was the CEO of Phoenix Capital Group and/or directly organized Phoenix Capital Group during the Relevant Time Period.

10.    Any and all documents evidencing Your opinion of Adam Ferrari during the Relevant Time Period.

11.    Any and all drafts of documents made by You which were subsequently sent to those identified in Request 1.

12.    Any and all communications evidencing Your opinion of Adam Ferrari during the Relevant Time Period.

13.    Any and all documents evidencing Adam Ferrari has been convicted of a felony.


Dated:  November 8, 2023                 Respectfully submitted,

                                         _/s/Ross M. Good_____
                                         One of Plaintiff's Attorneys

Ross Good, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark Suite 1600
Chicago, Illinois 60601
p: (786) 539-3952
ross@loftusandesienberg.com


18

APP0074

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via electronic mail and pursuant to the Federal Rules of Civil Procedure on November 8, 2023.

         <u>*/s/ Ross M. Good*   </u>
         Ross M. Good

19

**APP0075**

# EXHIBIT B-3

**APP0076**

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | |
|---|---|
| ADAM FERRARI | ) |
| *Plaintiff* | ) |
| v. | ) |
| WILLIAM FRANCIS | ) |
| *Defendant* | ) |

Civil Action No.  3:23-CV-00455-S

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  INCLINE ENERGY PARTNERS, LP c/o Andrew K. Louis, registered agent
5019 N. Central Expwy, Dallas, TX 95205

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE ATTACHMENT A.

| Place: First Legal Records c/o Pronto Process<br>4145 Belt Line #212-344<br>Addison, TX 75001 | Date and Time:<br><br>06/10/2024 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  05/16/2024

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Garrett S. Long |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiff
Adam Ferrari                                                      , who issues or requests this subpoena, are:

Garrett S. Long, Latham & Watkins LLP, 330 N. Wabash Ave. Ste. 2800, Chicago, IL 60611,
garrett.long@lw.com, 312-867-7700

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**APP0077**

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:23-CV-00455-S

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                                        *Server's signature*

                                                 _____
                                                                        *Printed name and title*

                                                 _____
                                                                        *Server's address*

Additional information regarding attempted service, etc.:

**APP0078**

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**APP0079**

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

1.      "Incline" means Incline Energy Partners, L.P., its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, and member(s), and each of its or their past and present employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys.

2.      "Phoenix" means Phoenix Capital Group Holdings, LLC, its subsidiaries, divisions, predecessor and successor companies affiliates, parents, and member(s), and each of its or their past and present employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys.

3.      "Ferrari Energy" means the Petram Group, LLC, (f/k/a Wolfhawk Energy Holdings, LLC d/b/a "Ferrari Energy"), its subsidiaries, divisions, predecessor and successor companies affiliates, parents, and member(s), and each of its or their past and present employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys.

4.      The terms "Document" and "Documents" are to be construed broadly and mean every type of writing, recording, photograph, screenshot, and correspondence (including emails, voicemails, text messages, instant messages, direct messages on social platforms, and any other form of recorded communication).  "Document" or "Documents" includes both the original of a document and each copy or draft of the document that contains any additional writings or notations.

5.      The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).  By way of illustration only, Communication includes, but is not limited to, telephone conversations, letters, e-mails, SMS texts, notes, telegrams, teletypes, telecopies, memoranda, face-to-face conversations, Facebook, Whatsapp, Signal, Instagram, or

1

**APP0080**

Twitter communications, and any other forms of textual or written communication, including any web-based, website-based, or other forms of electronic communication or record of a communication.

6.     "Relevant Time Period" means January 1, 2016 to the present.  Unless otherwise specified, each category of requested documents covers the entire Relevant Time Period.

7.     In producing the requested Documents, provide all Documents in Your possession, custody and/or control.  This includes, without limitation, Documents which may be in the physical possession of another person and/or entity such as Your advisors, attorneys, investigators, employees, agents, associates, affiliates, and/or representatives.

8.     Documents shall be produced as they have been kept in the usual course of business and shall not be shuffled or otherwise rearranged.  Alternatively, You may produce Documents organized and labeled to correspond to the category number to which the Documents are responsive.  Documents that are found stapled, clipped, or otherwise fastened together shall be produced in such form.  If there is no document responsive to any particular category, You shall so state in writing.

9.     All metadata of electronic Documents must be preserved and produced.

10.     If any portion of a Document is responsive, then the entire Document shall be produced.  If the Document contains privileged material, produce the entire Document with the privileged material redacted, noting the redactions on the face of the Document.

11.     If information stored in, or accessible through, computer or other data retrieval systems is produced, it must be accompanied with instructions and all other materials necessary to use or interpret such data.

12.     All Documents which cannot be legibly copied should be produced in their original form.

13.     If any Document is withheld under a claim of privilege, You shall furnish a list specifying each such document and providing information sufficient to enable Plaintiff and the Court to evaluate the validity of the withholding.  Any Document or part of a Document withheld under a claim of privilege must be preserved.

14.     This request for Documents shall be deemed continuing in nature so as to require prompt supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure in the event You become aware of, or acquire within Your possession, custody or control additional responsive Documents at any time hereafter.

## **DOCUMENT CATEGORIES**

1.     All Communications between Incline and FindIt, Inc. regarding Adam Ferrari, Ferrari Energy, Phoenix, or the "AF Campaign," including but not limited to all such Communications with any of the following individuals:

- Peter Tosto (a/k/a Peter Lybrand)
- Holly Tosto (a/k/a Holly Andrews)
- Matthew Jennings
- Raymond Firth
- Tom Powers
- Clark St. Amant

2.     All Documents and Communications that refer or relate to Incline's or William Francis' engagement of, or payments to, FindIt, Inc. (including the individuals identified in Category No. 1) to perform work regarding Adam Ferrari, Ferrari Energy, Phoenix, or the "AF Campaign."

**APP0082**

3.      All Documents and Communications that refer or relate to the work performed by FindIt, Inc. (including the individuals identified in Category No. 1) regarding Adam Ferrari, Ferrari Energy, Phoenix, or the "AF Campaign."

4.      All Communications between Incline and any individual or entity regarding Adam Ferrari's character, alleged criminal record or activities, or role at Phoenix.

5.      All Communications between or among any Incline employees, members, managers, agents, officers, directors, representatives, or consultants regarding Adam Ferrari's character, alleged criminal record or activities, or role at Phoenix.

6.      All Documents and Communications that relate or refer to any Communications encompassed by Categories 4-5 above.

7.      All Documents and Communications to, from, mentioning, or otherwise related to any of the following email addresses:

- deanpowers123@gmail.com
- Khanawais5424@gmail.com
- criminal@gmail.com
- concernedbakkenmineralowner@gmail.com
- concernedweldmineralowner@gmail.com

8.      All Documents and Communications to, from, mentioning, or otherwise related to a person identifying himself or herself as "A concerned Colorado, North Dakota and Wyoming Interest Owner."

9.      All Documents and Communications related to any of the following websites:

- lawsuitsoilandgas.com
- adamferrarioilandgaslawsuits.com

10.      All Documents and Communications regarding content or articles published on any of the following websites referring or relating to Adam Ferrari, Ferrari Energy, or Phoenix:

- Fit Buff (*www.fitbuff.com*)
- PostManiac (*www.postmaniac.com*)
- Cavegreen (*www.cavegreen.com*)

4

- Bestforgrow (*www.bestforgrow.com*)
- Digital X Future (*www.digitalxfuture.com*)
- Rubble Magazine (*www.rubblemagazine.com*)
- Blogest (*www.blogest.org*)
- Crispme (*www.crispme.com*)
- South District Group (*www.southdistrictgroup.com*)
- Aitechtonic (*www.aitechtonic.com*)
- Prism Posts (*www.prismposts.co.uk*)
- Tanzo Hub (*www.tanzohub.net*)
- Nytstartup (*www.nytstartup.com*)
- The Pro Globe (*www.theproglobe.com*)
- Moz Magazine (*www.mozmagazine.co.uk*)
- Goal Achieverss (*www.goalachieverss.com*)
- Madara (*www.aasurrscans.com*; *www.reaperrscan.com*; *www.tcbsscans.com*; *www.vyvymangas.com*)
- Medium (*www.medium.com*)

11.    Documents sufficient to identify the name and address of each of Incline's limited and general partners throughout the Relevant Time Period.

12.    To the extent not included in the Categories above, all Communications made or received by Blake Beavers related to Adam Ferrari.

13.    To the extent not included in the Categories above, all Communications made or received by Blake Beavers related to Phoenix.

14.    To the extent not included in the Categories above, all Communications made or received by Brett Hairston related to Adam Ferrari.

15.    To the extent not included in the Categories above, all Communications made or received by Brett Hairston related to Phoenix.

16.    To the extent not included in the Categories above, all Communications made or received by Bryan Hymer related to Adam Ferrari.

17.    To the extent not included in the Categories above, all Communications made or received by Bryan Hymer related to Phoenix.

18.    All Documents and Communications related to any Communications encompassed by Categories 12-17 above.

APP0084

# EXHIBIT C

**APP0085**

DocuSign Envelope ID: CF99DCE0-4325-4B3D-87C8-87EFD9102399

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ADAM FERRARI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. 3:23-cv-455-S** |
| | § | |
| **WILLIAM FRANCIS,** | § | |
| | § | |
| **Defendant.** | § | |

**DECLARATION OF WILLIAM FRANCIS**

1.      My name is William Francis. I am a citizen of the United States, over the age of 21 years of age, of sound mind, have never been convicted of a felony, and qualified in all respects to make this Declaration. I have read this Declaration and have personal knowledge of all facts set forth herein, which are true and correct.

2.      I am a principal and managing partner of Incline Energy Partners, LP ("Incline").

3.      I have never had any communications with anyone at Silver Creek Exploration, LLC ("Silver Creek").

4.      I declare under penalty of perjury that the foregoing statements are each true and correct.

Dated: 6/13/2024

DocuSigned by:

*William Francis*

WILLIAM FRANCIS

1

**APP0086**

# EXHIBIT D

**APP0087**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ADAM FERRARI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. 3:23-cv-455-S** |
| | § | |
| **WILLIAM FRANCIS,** | § | |
| | § | |
| **Defendant.** | § | |

**DECLARATION OF BRETT HAIRSTON**

1.      My name is Brett Hairston. I am a citizen of the United States, over the age of 21 years of age, of sound mind, have never been convicted of a felony, and qualified in all respects to make this Declaration. I have read this Declaration and have personal knowledge of all facts set forth herein, which are true and correct.

2.      I am a managing partner of Incline Energy Partners, LP ("Incline").

3.      In or around January 2024, Incline sold Silver Creek Exploration, LLC ("Silver Creek") an interest in a unit of land where Phoenix Capital Group Holdings, LLC ("Phoenix") was the majority-interest owner (the "Transaction").

4.      Phoenix submitted an offer to purchase the interest that Incline sold to Silver Creek.

5.      Incline's communications with Silver Creek regarding the Transaction contain highly confidential and sensitive commercial information, including the sale price and other terms.

6.      Communications regarding the Transaction are the only communications with anyone at Silver Creek that relate to Adam Ferrari, Phoenix or any of Phoenix's wellbores, and that are within Incline's possession, custody or control.

1

**APP0088**

DocuSign Envelope ID: 72B1F84C-6C3D-411C-8CE4-E9E36A44DF21

7.    I declare under penalty of perjury that the foregoing statements are each true and correct.

Dated: <u>6/13/2024</u>.

_Brett Hairston_

BRETT HAIRSTON

APP0089