**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ADAM FERRARI,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **No. 3:23-cv-455-S** |
| | § | |
| **WILLIAM FRANCIS,** | § | |
| | § | |
| *Defendant*. | § | |

**APPENDIX IN SUPPORT OF JOINT REPORT
REGARDING DEFENDANT'S MOTION FOR PROTECTIVE ORDER
REGARDING NOTICE OF INTENT TO DEPOSE DEFENDANT**

William Francis, Defendant, submits the following Appendix in Support of Defendant's

Motion for Protective Order Regarding Notice of Intent to Depose Defendant as follows**:**

| Exhibit | Document | APP # |
|---|---|---|
| Exhibit A | Declaration of Charlene Koonce | APP0001-0008 |
| Exhibit A-1 | Ferrari's Limited Responses to Request for Production | APP0009-0012 |
| Exhibit A-2 | Phoenix's Limited Response to Subpoena | APP0013-0016 |
| Exhibit A-3 | Koonce Letter to Attorney Gray regarding the DocuSign Production - 6.17.2024 | APP0017-0024 |
| Exhibit A-4 | Ferrari's Amended Responses to First Request for Production of Documents | APP0025-0050 |
| Exhibit A-5 | Ferrari's Responses to Second Request for Production of Documents | APP0051-0071 |
| Exhibit A-6 | Ferrari's Responses to Third Request for Production of Documents | APP0072-0083 |
| Exhibit A-7 | Phoenix's Amended Response to (First) Subpoena | APP0084-0113 |

| Exhibit | Document | APP # |
|---|---|---|
| Exhibit A-8 | Phoenix's Response to Defendant's (Second) Subpoena for Production of Documents | APP0114-0122 |
| Exhibit A-9 | Lion of Judah Capital's Response and Objection to Subpoena | APP0123-0137 |
| Exhibit A-10 | Alpha & Omega Capital's Response and Objection to Subpoena | APP0138-0148 |
| Exhibit A-11 | Koonce Letter to Attorney Long re Production Deficiencies – 3.21.24 | APP0149-0153 |
| Exhibit A-12 | Koonce Letter to Attorney Long re Continuing Discovery Deficiencies – 3.28.24 | APP0154-0157 |
| Exhibit A-13 | Koonce Letter to Attorney Ryan re Meet and Confer -Deficiencies in Ferrari discovery responses– 5.21.24 | APP0158-0164 |
| Exhibit A-14 | Defendant's Deficiency Letter re Phoenix's Objections to Subpoena Ryan re Meet and Confer -Phoenix Subpoena Responses– 5.21.24 | APP0165-0169 |
| Exhibit A-15 | Third Party Response to Deficiency Letters – 6.24.24 | APP0170-0173 |
| Exhibit B | Declaration of Andrew R. Gray | APP0174-0175 |
| Exhibit B-1 | Email from Andrew Gray to Charlene Koonce – 07.09.24 at 11:06 AM re discovery stay | APP0176-0181 |
| Exhibit B-2 | Email from Andrew Gray to Charlene Koonce re DocuSign materials, dated 07.09.24 at 11:06 AM | APP0182-0192 |
| Exhibit B-3 | Email from Charlene Koonce to Andrew Gray re Joint Report-Motion for Protective Order, dated 07.15.24 at 1:05PM | APP0193-0196 |
| Exhibit B-4 | Letter from Andrew Gray to Charlene Koonce dated 06.28.24 | APP0197-0199 |

Respectfully submitted,

By: */s/ Charlene C. Koonce*
    Cortney C. Thomas
     Texas Bar No. 24075153
     cort@brownfoxlaw.com
    Charlene C. Koonce
     Texas Bar No. 11672850
     charlene@brownfoxlaw.com
    Andrew C. Debter
     Texas Bar No. 24133954
     andrew@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, TX  75225
    Tel. 214.327.5000
    Fax. 214.327.5001

    *Attorneys for Defendant William Francis*
    *and Nonparty Incline Energy Partners, LLP*

## CERTIFICATE OF SERVICE

Pursuant to FED. R. CIV. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

        */s/ Charlene C. Koonce*
        Charlene C. Koonce

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ADAM FERRARI,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **No. 3:23-cv-455-S** |
| | § | |
| **WILLIAM FRANCIS,** | § | |
| | § | |
| *Defendant.* | § | |

**DECLARATION OF CHARLENE KOONCE IN SUPPORT OF JOINT REPORT**
**REGARDING DEFENDANT'S MOTION FOR PROTECTIVE**
**ORDER REGARDING NOTICE OF INTENT TO DEPOSE DEFENDANT**

1.      My name is Charlene C. Koonce.  I have personal knowledge of the matters set forth in this Declaration, I am of sound mind, and I am otherwise competent to testify to these matters.

2.      I have been licensed to practice law in Texas since 1991 and am admitted to practice before all state and federal courts in Texas as well as the Fifth and Eleventh Circuit Courts of Appeal. I am a partner with Brown Fox PLLC, and one of the attorneys who represent William Francis in this lawsuit.

3.      This is a defamation case in which Defendant contends the statements at issue—all of which assert that Plaintiff created, controls, and served as the de facto CEO for Phoenix Capital Holdings Group, LLC ("Phoenix"), and is a felon—are true.  The truth of statements regarding Plaintiff's role with Phoenix is revealed by, among other things, emails sent by or to Ferrari, or referencing Ferrari's role at Phoenix, evidencing the control he has exercised but which he denies, or evidencing other Phoenix officers deference to Ferrari and his control or decisions.[1]

---

[1] *See* for example, Dkt. 82-1, 82-2, App. 128, 145-146, 151, and 156.  As discussed in Defendant's required motion to seal, Dkt. 82, all of those documents, and virtually all others in which Mr. Ferrari is included, are designated AEO.

APP0002

4.     Good cause exists to issue the protective order requested by Defendant because Defendant cannot adequately prepare for his deposition due to (1) Plaintiff's failure to produce documents in response to nearly all of Defendant's discovery requests, (2) the failure of third parties associated with Plaintiff and represented by Plaintiff's counsel to produce any documents in response to Defendant's subpoenas (except for 78 documents produced by from Phoenix in advance of mediation which are facially incomplete), and (3) Plaintiff's improper use of an "Attorney's Eyes Only" ("AEO") designation for nearly all documents Plaintiff received pursuant to his own subpoena and documents produced by DocuSign in response to Defendant's subpoena, such that counsel cannot even discuss the majority of the documents that have been produced with Mr. Francis in advance of his deposition.

5.     More specifically, in early January 2024, shortly before a court-ordered mediation, the parties agreed to stay discovery except for limited responses to certain requests, including Ferrari and Phoenix's respective responses to five Requests for Production.[2]  For instance, although Phoenix agreed to produce "[a]ll documents that evidence *any* contractual relationship between You and First International Bank and Trust," and Phoenix's pleadings reference an October 2020 loan from FIBT and alleged "FIBT was intimately familiar with Phoenix's business, its principals, and its owners," Phoenix failed (and to date has refused) to produce documents related to or evidencing the earlier loan transaction.  Nor did it produce the documents referenced as attachments in an email sent to FIBT in support of the Bank Transaction, which included Ferrari's personal financial statement and tax returns for LJC and Ferrari.[3]  True and correct copies of relevant pages from Ferrari's and Phoenix's initial and limited responses to the five Requests

---

[2] *See* Dkt. 49.

[3] Similarly, Phoenix and Ferrari filed a Motion for Protective Order seeking to preclude Defendant from obtaining some of these documents directly from FIBT.  *See* Dkt. Nos. 66, 80, 81, 82.

APP0003

for Production are attached as **Exhibits A-1** (APP0009-0012) and **A-2** (APP0013-0016).  Although each later amended these responses, neither produced any additional responsive documents.

6.    Similarly, although Phoenix and Ferrari agreed, in advance of mediation, to produce all documents related to the "formation and governing documents" for Phoenix, and LJC, including operating agreements and amendments, it produced only the Certificate of Formation for LJC, the Offering Circular and a related public filing for Phoenix (that it knew Francis already possessed) and four other publicly available documents related to Phoenix's LLC agreement.[4]  Of the 78 documents produced in response to the five agreed upon requests (including the Certificate of Formation and other formation documents), all were initially designated AEO.   In the reproduction set, Plaintiff changed the designation to "Confidential" for approximately six of those documents and either imposed the AEO designation on the reproduction set or omitted the original documents from the reproduction set.

7.    Further, as has been discussed in multiple briefs and as agreed in the parties' Joint Motion for Partial Stay, [Dkt. 49], in January, Plaintiff produced approximately 48,600 documents he had obtained from Phoenix's broker-dealer, the Dalmore Group (the "Dalmore Production") pursuant to a "discovery only" proceeding filed in Illinois.[5]  He designated all of those documents AEO.[6]  Despite repeated and constant requests to de-designate the Dalmore Production, and Plaintiff's progression from "we'll evaluate and get back to you," to "they aren't relevant" to "we'll produce some," to "we'll produce them all [but very slowly]" to "we're working on it," all of which were intended to delay and then forestall a motion to compel, and despite agreement on May 10, 2024 to reproduce the Dalmore Production with appropriate designations, on June 28,

---

[4] *See* Dkt. 49.

[5] *See* Dkt. 49, ¶ 1.e.

[6] *See also*, Dkt. 82, pp. 4-5.

APP0004

20224, Plaintiff unequivocally refused to de-designate 43,254 of those documents by claiming the remainder were not relevant and that redaction efforts he deemed necessary were too burdensome.

8.     By June 28, 2024, Plaintiff had reproduced only 5,346 of the Dalmore Production, although Defendant has requested reproduction with the improper designation removed, consistently, repeatedly and persistently, since the end of January. On the same date, Plaintiff stated that he refused to de-designate the remainder of the Dalmore Production. Of the reproduced set, 3,456 or nearly 65% are still designated AEO.  Many of the documents are **wholly** redacted *and* designated AEO.  Including the remaining 43,254 documents originally included in the Dalmore Production, Plaintiff's production of just the Dalmore Production is still 96% AEO.

9.     The Dalmore Production included at least 1,219 emails sent to or by Ferrari, all of which were originally designated AEO.  In the limited reproduction Ferrari designated 230 of those emails AEO and refused to reproduce and de-designate 901 of these Ferrari emails.  Thus, of 1219 emails on which Ferrari is included, 1,131, or more than 92% are still designated AEO.  These AEO documents, like much of the remainder of the Dalmore Production, include documents that are directly relevant to Defendant's affirmative defense of truth, as well as Ferrari's lack of credibility, and should be available for use in preparing Defendant for his deposition.

10.    A similar circumstance exists regarding documents responsive to Defendant's subpoena served on DocuSign.  Through his late objection to that subpoena and subsequent insistence on receiving responsive documents to review and redact before allowing Defendant access to any of the documents, Plaintiff withheld responsive documents (to a subpoena served in January) until May 24, 2024.  When produced, every single document was designated AEO and most include unnecessary and improper redactions, for instance deleting the subject matter of the document.  Defendant objected to that designation and the parties have participated in two lengthy

– 4 –

phone calls and exchanged multiple lengthy emails and letters regarding the production, including efforts to narrow responsive documents. *See* June 17, 2024 letter, attached as **Exhibits A-3** (APP0017-0024).

11.     None of the DocuSign documents qualify even for "confidential treatment." They are mere summaries of information which include the names and email addresses of the persons who originate and sign DocuSign documents, and who own the DocuSign accounts at issue and the IP address from which any document is viewed and signed.   Nonetheless, they are highly relevant to Defendant's defense because they show for instance, that Ferrari initiated and signed the employee performance review for Phoenix officers, when he was purportedly only a "consultant."   They also show DocuSign execution purportedly by different persons who live in different states, occurring from the same location and within seconds of another signature on the same document.

12.     To date, despite Defendant's agreement that certain categories of documents need not be de-designated or unredacted, Plaintiff has refused to remove the redactions for *any* DocuSign documents or de-designate any of them.   The conference regarding these documents is on-going.   Counsel cannot share these, and documents with greater significance, with Mr. Francis, and these documents like many in the Dalmore Production bear directly on Defendant's defense and many of Plaintiff's assertions.

13.     To avoid the delay of another opposed motion to seal these documents, they are not submitted in support of the motion.   Counsel will gladly submit these documents for *in camera* review, however, if the Court deems it necessary to review these documents in deciding this motion.

14.     In several sets of requests, Defendant has served 67 Requests for Production on Plaintiff, 51 Requests for Production on Phoenix, 15 Requests for Production on Lion of Judah Capital, LLC ("LJC"), 9 Requests for Production of Alpha & Omega Capital, LLC ("A & O") (and collectively, the "Ferrari Third-Parties").[7]

15.     Collectively, Plaintiff and these entities and persons have served extensive objections but produced 76 documents, as an incomplete response to the five requests Plaintiff had agreed to respond to in advance of mediation.  *See* relevant excerpts from Plaintiff's Amended Responses and Objections to Defendant's First Set of Requests for Production and Responses and Objections to Defendant's Second and Third Set of Requests for Production of Documents, attached as **Exhibit A-4** (APP0025-0050), **A-5** (APP0009-0012), and **A-6** (APP0072-0083); *see also* relevant excerpts from Phoenix's Amended Responses and Objections to Defendant's Subpoena for Production of Documents, dated April 8, 2024; and Phoenix Group Holdings, LLC's Responses and Objections to Defendants Subpoena for Production of Documents, dated April 10, 2024, attached as **Exhibits A-7** (APP0084-0113) and **A-8** (APP0114-0122); and relevant excerpts from the Response and Objections received from Lion of Judah Capital, LLC and Alpha & Omega Capital, LLC, attached as **Exhibits A-9** (APP0123-0137) and **A-10** (APP0138-0148).

16.     Beginning in February and continuing in March, April, May and June, Defendant served deficiency letters regarding the improper and unsupportable objections received, but his efforts to resolve the objections and obtain documents, to date, have been met with delay, silence, or further meritless objections. *See* as examples of some of this correspondence, attached as **Exhibit A-11** (APP0149-0143); **A-12** (APP0154-0157); **A-13** (APP0158-0164); **A-14** (APP0165-

---

[7] According to public filings, LJC has the power to select the manager of Phoenix and is the entity through which Ferrari capitalized Phoenix. Similarly, A & O is owned in part by an officer of Phoenix whose family member provided capital to Phoenix. *See* Dkt. 82-1 for a further explanation as to Ferrari's use of LJC and A & O, and thus the relevance of their documents to Defendant's defense.

0169).  (Letters similar to Exhibits A-13 and A-14 were sent to Alpha & Omega Capital and Lion of Judah Capital). Although Francis requested a response to his deficiency letters by June 4, the Ferrari Third Parties responded on June 24, 2024.  A true and correct copy of the response is attached as **Exhibit A-15** (APP0170-0173).  **Ferrari has not yet responded**.

17.     Given the continuing conference on these issues, Defendant thus cannot yet move to compel production of these documents.  A protective order is necessary so that Defendant may adequately prepare and to prevent Plaintiff from improperly gaining a tactical advantage by withholding information and documents relevant to the claims and defenses in this litigation.

18.     Good cause further exists to issue a protective order because of the res judicata effect of an impending final judgment in the State Case—which Plaintiff has sought to evade by filing the instant litigation in federal court.[8]  Phoenix filed the State Case against Defendant and Defendant's company (Incline Energy Partners, LP ("Incline")) based on the same operative facts as this litigation.  Following review by the Dallas Court of Appeals and denial of review by the Texas Supreme Court, only Phoenix's defamation per se claim, premised on the same facts at issue in this case, remains in the State Case. The intermediate appellate court remanded that claim for evaluation of an affirmative defense in the context of Defendants' "TCPA" motion to dismiss. Accordingly, a protective order is necessary to prevent Plaintiff from unfairly benefiting from vexatious litigation and forum shopping.

19.     I declare under penalty of perjury that the foregoing is true and correct.

July 18, 2024.

                                        _/s/ Charlene C. Koonce_____
                                        CHARLENE C. KOONCE

---

[8] _See_ Dkt. 106.

– 7 –

APP0008

# EXHIBIT A-1

APP0009

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-455 |
| | § | |
| WILLIAM FRANCIS, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S LIMITED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Adam Ferrari submits these Limited Responses and Objections pursuant to Doc. 49 to Defendant William Francis' First Requests for Production.

## GENERAL OBJECTIONS

1. Plaintiff objects to each instruction, definition, and document request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Plaintiff objects to each document request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each instruction, definition, and document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

5. Plaintiff objects to each instruction, definition, and document request as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendant from Defendant's own files, from documents or information in Plaintiff's possession, or from documents or information that Plaintiff previously produced to Defendant. Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Plaintiffs as for Defendant.

6. Defendant's document requests call for the production of documents and information that were produced to the Defendant by other entities and that may contain confidential, proprietary, or trade secret information.

7. Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis

1

APP0010

or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive its right to amend its responses.

## RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUESTS FOR PRODUCTION

1.      All documents evidencing, relating, or referring to the formation and governing documents for Lion of Judah, LLC, Lion of Judah Capital, LLC, and Phoenix. This request includes, but is not limited to, Certificate of Formation, Limited Liability Agreements and all amendments thereto, Articles of Organization, Shareholder Agreements, Bylaws, Operating Agreements, and any documents provided to or received from the Secretary of State for each state where the entity is registered to do business.

**RESPONSE: Subject to General Objections, see documents produced by Plaintiff's Counsel. Additionally, see:**

1.  https://www.sec.gov/Archives/edgar/data/1818643/000119312523229261/d540270dex1a2b bylaws.htm
2.  https://www.sec.gov/Archives/edgar/data/1818643/000165495423010316/pcgh_ex6i.htm

20.      Any document that evidences Your compliance with the Defamation Mitigation Act, TEX. CIV. PRAC. & REM. CODE § 73.055.

**RESPONSE: Subject to General Objections, Settlement negotiations ongoing with one or more third parties. Attempts to identify the masked party(ies) responsible for defamatory statements which have been disclosed to Defendant's Counsel. Further answering, litigation in Texas State Court and Northern District of Texas against Defendant and his company for which Defendants' Counsel has all pleadings.**

Dated January 22, 2024                  Respectfully submitted,

                                        **ADAM FERRARI,**
                                        Plaintiff

                                        By:     /s/*Ross M. Good*
                                                One of His Attorneys

APP0011

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via electronic mail and pursuant to the Federal Rules of Civil Procedure on January 22, 2024.

*/s/ Ross M. Good*
Ross M. Good

3

# EXHIBIT A-2

APP0013

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-455 |
| | § | |
| WILLIAM FRANCIS, | § | |
| | § | |
| Defendant. | § | |

## PHOENIX'S LIMITED RESPONSES TO DEFENDANT'S SUBPOENA FOR PRODUCTION OF DOCUMENTS

Phoenix Capital Group Holdings, LLC ("Phoenix"), submits these Limited Responses and Objections pursuant to Doc. 49 to Defendant William Francis' Subpoena to Phoenix.

## GENERAL OBJECTIONS

1. Phoenix objects to each instruction, definition, and document request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Phoenix objects to each document request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

4. Phoenix objects to each instruction, definition, and document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Phoenix occur, it is inadvertent and shall not constitute a waiver of any privilege.

5. Phoenix objects to each instruction, definition, and document request as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendant from Defendant's own files, from documents or information in Phoenix's possession, or from documents or information that Phoenix previously produced to Defendant. Responding to such requests would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Phoenix as for Defendant.

6. Defendant's document requests call for the production of documents and information that were produced to the Defendant by other entities and that may contain confidential, proprietary, or trade secret information.

7. Phoenix incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis

1

APP0014

or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Phoenix does not waive its right to amend its responses.

## RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUESTS FOR PRODUCTION

7. All communications with First International Bank and Trust regarding the Transaction described in ¶ 25 of the Amended Complaint.

**RESPONSE: Subject to General Objections, see attached documents produced by Phoenix. Further answering, see documents First International Bank and Trust and previously produced to Defendant's Counsel on or about November 20, 2023.**

8. All documents that evidence any contractual relationship between You and First International Bank and Trust

**RESPONSE: Subject to General Objections, see attached documents produced by Phoenix. Further answering, see documents produced by First International Bank and Trust and previously produced to Defendant's Counsel on or about November 20, 2023.**

18. Documents that identify Your officer whose family member controlled Lion of Judah Capital, LLC as disclosed in Your December 23, 2021 Offering Circular.

**RESPONSE: Documents responsive to this request are available at:**
1. https://www.sec.gov/Archives/edgar/data/1818643/000165495421013523/pcg_1a.htm
2. https://www.sec.gov/Archives/edgar/data/1818643/000165495422003285/pcghl_253g2.htm

Dated January 22, 2024                    Respectfully submitted,

                                        **PHOENIX CAPITAL GROUP HOLDINGS, LLC,**

                                        By:      /s/*Ross M. Good*
                                                    One of its Attorneys

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via electronic mail and pursuant to the Federal Rules of Civil Procedure on January 22, 2024.

*/s/ Ross M. Good*
Ross M. Good

3

# EXHIBIT A-3

APP0017



**BROWN FOX**

Charlene Koonce
214.367.7503
charlene@brownfoxlaw.com

June 17, 2024

<u>**Via Email:**</u> Andrew.gray@lw.com
Andrew Gray
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Latham & Watkins LLP

Re:   *Adam Ferrari v. William Francis*, No. 3:23-cv-00455-S, in the United States District Court for the Northern District of Texas, Dallas Division

Dear Mr. Gray,

This letter responds to your June 14, 2024 letter regarding the "DocuSign Production." We must correct numerous assertions regarding Defendant's purported "agreements" related to the DocuSign Production and Plaintiff's selective and incomplete references to discussions regarding the DocuSign Production. We also address the significant delays that have occurred with respect to the DocuSign Production, as well as Plaintiff's inaccurate and hypocritical complaints about Defendant's "gamesmanship and abuse of the discovery process . . . given your client's failure to produce a single substantive document."

**A.   The Timeline and "Agreements" Regarding the DocuSign Production and AEO Treatment**

Let's start with the timeline regarding the DocuSign Production, Defendant's purported "agreements" and the parties' discussions regarding those documents. As agreed in the parties' Joint Motion to Stay, Dkt. 49, on January 24, 2024, Francis served a subpoena on DocuSign, which required production of six categories of documents. Defendant and DocuSign conferred about search terms and the information DocuSign would be able to produce in response to the Subpoena and DocuSign was prepared to produce responsive documents by February 12, 2024. It did not object to the Subpoena.

On February 8, 2024, Plaintiff objected to the Subpoena (more than fourteen days after service), asserting overbreadth and contending the Subpoena potentially sought trade secret or related confidential information. On February 12, 2024, counsel conferred by telephone regarding the DocuSign Subpoena and other issues. As reflected in your email following the call, Defendant

APP0018

agreed that initially, Plaintiff could redact the identity of third-party counterparties to contracts with Phoenix that might be responsive to the Subpoena *until Francis had a further opportunity to review the redacted documents*. (Feb. 12, 2024 J. Ryan email) ("As to the DocuSign subpoena, you stated that you are not seeking information *at this point* regarding the counterparties to any contracts which may be responsive to the subpoena, and you agreed that such information regarding counterparties could be redacted.") (emphasis added). Despite Defendant's agreement to the production of redacted documents while reserving the right to seek unredacted copies, as evidenced by further discussions Plaintiff rejected that agreement.

On February 26, 2025, Defendant's counsel emailed to check the status of the DocuSign production, which he understood from communications with DocuSign, was being withheld by DocuSign based on Phoenix's objection. Plaintiff did not respond. On March 6, 2024, Defendant again requested production of documents responsive to the DocuSign subpoena (the "DocuSign Production"), and referenced the February proposal that Plaintiff could produce, initially, redacted documents. Plaintiff did not respond.

On March 11, 2023, Defendant again requested production of documents responsive to the DocuSign Subpoena and referenced Defendant's earlier agreement regarding redactions, which again, was premised on Defendant's reservation of rights to seek unredacted documents. Instead of producing a redacted set of documents, however, Plaintiff rejected that proposal. On March 14, 2024, Plaintiff requested that DocuSign produce only a spreadsheet summarizing the responsive documents. In other words, by March 14, 2024, Plaintiff had rejected any agreement premised on initial redactions of counterparties.

Plaintiff proposed a spreadsheet that included "Envelope ID; the role of the Phoenix/Ferrari Energy party involved (sender, signer, copied, etc.); the User Name and email of the Phoenix/Ferrari Energy party involved; and the date sent or signed." (March 14, 2024 G. Long email). As stated in an email the next day, Defendant, however, knew that without the subject matter or title of the documents at issue, the spreadsheet would not provide sufficient information to evaluate the importance of the responsive documents. Defendant requested that Plaintiff provide the number of responsive documents. "Once we have that information, we'll let you know whether we will require redacted documents or whether a spreadsheet, which would also need to include the subject matter and type of document, will suffice." (March 15, 2024 C. Koonce email).

After Plaintiff stated that "over 1,000 files" were included in the DocuSign Production on March 20, 2024, in a March 21, 2024 letter, Defendant agreed to production of a spreadsheet if it included the title of the document or a general description of the subject matter of the document, and importantly, stated the spreadsheet should be produced directly to Defendant, who would then designate responsive documents from the spreadsheet *and permit redactions if necessary*. *See* March 21, 2024 letter from C. Koonce ("We will agree that initially, DocuSign may respond to the subpoena with a spreadsheet that provides the following information for each responsive document: Envelope ID; the role of the Phoenix/Ferrari Energy party involved (sender, signer, copied, etc.); the title of the document or a general description of the subject matter of the document (i.e., mineral deed, NDA agreement, consulting agreement, etc.); the User Name and email of the Phoenix/Ferrari Energy party involved; and the date sent or signed. Upon receipt of

the spreadsheet*, we will designate documents that should be produced, with any necessary redactions*.") (emphasis added). Thus, Defendant proposed that it would select responsive documents from a comprehensive spreadsheet and permit "necessary" redactions from the designated documents.

Plaintiff did not initially respond to the March 21, 2024 letter, and on March 25, 2024, Defendant emailed Plaintiff after learning that DocuSign could not extract the title or subject matter of the document to include on the spreadsheet. In the March 25 email, Defendant proposed an accommodation: "[W]e propose allowing DocuSign to *produce the spreadsheet to us* and all responsive documents to Ferrari, so that you can redact the documents for non-responsive information and *provide us with what would essentially be a privilege log for anything withheld.* We would agree to this proposal *subject to Francis's entitlement to request unredacted documents, or any withheld document after an initial review of the summary Ferrari would provide.*" (March 25, 2024 C. Koonce letter) (emphasis added). Given the two-month delay that had passed already, this proposal was also contingent on completion within two weeks of March 25, 2024.

In response, on March 26, 2024, Plaintiff responded by characterizing Defendant's proposal inaccurately: "[W]hile you initially wanted DocuSign to produce a spreadsheet that you would then review and designate the documents to be produced – *you now ask that DocuSign produce the materials to us and we would review and redact as appropriate.* If this is the direction you now want to go, and subject to confirmation on this approach from DocuSign, we will review the documents first and apply the appropriate redactions. . .. Subject to DocuSign's approval, we will move forward on your chosen process and review and redact these materials efficiently." (March 26, 2024 G. Long email) (emphasis added).

In a March 28, 2024 letter, Defendant corrected Plaintiff's characterization of Defendant's latest proposal: "[A]t no time did we agree that production of a spreadsheet that did not include a description of the subject documents would suffice. Since DocuSign indicates it is unable to provide a spreadsheet that includes that information which we will need to determine whether to ask for unredacted copies of any documents and to eliminate the burden on a third-party imposed by your objection, we are agreeable to allowing you *to review the documents* for information that you contend is not relevant. Your redactions should leave intact the following information on each document:  Envelope ID; the role of the Phoenix/Ferrari Energy party involved (sender, signer, copied, etc.); the title of the document or a general description of the subject matter of the document (i.e., mineral deed, NDA agreement, consulting agreement, etc.); the User Name and email of the Phoenix/Ferrari Energy party involved; and the date sent or signed. We will also request the spreadsheet from DocuSign. *Once we receive the redacted documents from you, we anticipate requesting unredacted documents, or at least documents with only very limited redactions.*"  (March 28, 2024, C. Koonce letter).

Defendant followed up with DocuSign and Plaintiff on April 1, 2024 to confirm Plaintiff was agreeable to DocuSign providing at least the spreadsheet while Defendant continued to wait for the documents.  In response, on April 2, 2024, Plaintiff confirmed the information that would be included in the spreadsheet, and agreed to production of the spreadsheet only if Plaintiff was

able to review it first for "objectionable content; and (2) all such materials are designated and maintained as "AEO" pursuant to the protective order issued in this case." (April 2, 2024, J. Ji email). In response, however, although Defendant agreed to allowing Plaintiff to *review* the spreadsheet, he also objected to an AEO designation and reserved all rights: "Given the limited amount of information to be provided I cannot imagine what sensitive information will be included, or that any of it will be appropriately designated as AEO, and we reserve our rights to object to such designation." Defendant further reiterated his request for the underlying documents, and his reservation of rights to insist on the further production. ("We are waiting on Latham's response to our proposal that they review the responsive documents and redact what they deem sensitive and then provided the redacted documents to us for our review and opportunity to request copies of what we deem relevant. Our agreement to the spreadsheet DocuSign is proposal [sic] is made while reserving our rights to insist on this further production.") (April 3, 2024 C. Koonce email).

On April 4, 2024, Plaintiff sent a heavily redacted spreadsheet, designated without any factual justification, AEO. (April 4, 2024 J. Ryan letter) ("Per your request, we have attached with this letter the Excel spreadsheet produced by DocuSign on April 3, 2024, which includes the . . . Requested Information. As agreed, *this spreadsheet and its contents* must be maintained as AEO." Plaintiff then refused to produce the underlying set of documents and demanded that Defendant identify specific documents for production, which Plaintiff would then "consider," "review and redact . . . for potential production."). In other words, Plaintiff produced a spreadsheet that was so heavily redacted Defendant could not evaluate the importance of any of the documents listed, designated the entire spreadsheet AEO although it did not include any sensitive information, and declined to produce any of the underlying documents.

On April 5, 2024, Defendant responded by noting what had to have been obvious to Plaintiff in redacting the spreadsheet and quoted from the April 3rd email regarding no justification for any confidentiality in the spreadsheet, requested de-designation and also requested an explanation for the redactions: "Similarly, we do not understand the justification for the redactions, particularly without having, at a minimum, the subject matter or title of the document. Please explain why you have redacted the information shown as redacted in the spreadsheet. Further, while we have no interest in any potential trade secrets, as stated earlier, we cannot determine which of the documents listed on the spreadsheet are even potentially relevant without either reviewing the documents or understanding the subject matter of the documents. Your proposal that we review the spreadsheet and indicate which documents we would like to review thus leaves us with no choice **but *to request copies of all documents listed in the spreadsheet without any redactions*. We agree to treat all documents produced as AEO, *until further review*.** Upon receipt of the documents, we will provide you notice of any for which we challenge that designation." (April 5, 2024 C. Koonce email) (emphasis added).

When Plaintiff did not initially respond, on April 9, 2024, Defendant sent a letter addressing several discovery issues, including the DocuSign spreadsheet and Production. In the letter, Defendant reiterated his objection to the AEO designation of the spreadsheet and requested removal of the designation as well as an explanation for the redactions. Defendant also requested "production of all documents listed in the spreadsheet *without any redactions. We agree to treat*

*all documents produced as AEO, until we are able to review them further. Upon receipt of the documents, we will provide notice of any documents for which we challenge that designation.*" (April 9, 2024, C. Koonce letter) (emphasis added).

Rather than producing the unredacted documents as requested, Plaintiff proposed "review[ing] those materials for potential redactions related to sensitive data/information before production.  We understand that Defendant is not waiving any rights but agreement on this initial step would at least push this forward."  (April 18, G. Long email).  Defendant objected to this proposal and **noted his prior agreement to treat the documents as AEO was premised on receiving the unredacted documents**: "After more than six weeks of back and forth regarding the DocuSign documents and *the recent request that all documents be produced subject to our agreement to treat all as AEO initially and subject to reservation of our right to object to the designation*, Ferrari is now agreeing to review and redact." Defendant agreed to production of the redacted documents only if they were produced by April 26, 2024.  (April 19, 2024 C. Koonce email) (emphasis added).  Nowhere in the email did Defendant agree to treat *redacted documents* as AEO.  Thus, Plaintiff's assertion that Defendant had agreed to treat documents *redacted by Plaintiff* as AEO is at best, a misreading or misunderstanding of the parties' correspondence. Personal aspersions aside, Plaintiff's arguments that Defendant has ignored any agreement or mischaracterized what has occurred is belied by the full record described above.  Moreover, even if the agreement Plaintiff inaccurately states existed, Defendant would still be entitled to object to any AEO designation following a review of the documents at issue.

On May 24, 2024, Plaintiff produced the DocuSign Production, which as noted in Defendant's June 6, 2024 letter, was designated in its entirety AEO and heavily and improperly redacted.  In essence, Plaintiff has sought the benefit of a proposal it refused—AEO treatment for unredacted documents produced directly to Defendant by DocuSign—and has also redacted documents to conceal information Defendant never agreed was conclusively "irrelevant," but which Defendant reserved the right to review and request in unredacted form.  Further, Plaintiff has never de-designated the spreadsheet, provided an unredacted spreadsheet, or justified the redactions Plaintiff placed on the spreadsheet.  To clear, none of the documents included in the Production come anywhere close to meeting the high standard for AEO treatment. And, Plaintiff delayed more than five months to accomplish this unfair and improper result.

Defendant accordingly renews his objection to Plaintiff's designation of all documents in the DocuSign Production as "AEO" and requests that by the close of business on June 17, 2024, Plaintiff either (1) provide confirmation that all documents included in the Production are no longer designated AEO; or (2) as requested on June 6, 2024, provide times  before 5:30 CST on June 17 when Plaintiff's counsel is available for a conference as required by Dkt. 75.

**B.      The Redactions Are Improper And Plaintiff Must Justify Every Redaction or Produce Unredacted Documents**

The redactions imposed by Plaintiff, like the AEO designation on all redacted DocuSign documents are similarly improper and unjustified. As is evident from the correspondence described above, at all times Defendant has reserved his right to request any of the information included in

the DocuSign Production without redaction.  As is evident from many emails included in the Dalmore Production and the Bernal deposition, Plaintiff's pleaded assertions or sworn statements that he did not organize, control, or manage Phoenix is false.  Documents that evidence the falsity of these statements, for instance Plaintiff's participation in mineral transactions or hiring, firing, and compensation activities and the persons with whom Plaintiff interacted in so doing, are directly relevant. Further, as disclosed by Brendan Bernal in a deposition that occurred long after Defendant first offered to agree to redactions of counterparties with reservation of his right to request all information at issue in the future, counterparties, even those for whom Wilson signed any agreement, are relevant, because at least with respect to Bernal, Plaintiff interviewed Bernal, offered Bernal his position, and supervised Bernal.  Thus, even for counterparties whose agreements were signed by Wilson, the name and contact information regarding the counterparties is relevant because those employees are likely to have personal knowledge regarding Plaintiff's true role and control at Phoenix in direct contravention to his pleaded allegations and the sworn testimony of Mr. Ferrari and other Phoenix officers. Similarly, as with FIBT, the name of a prospective lender is highly relevant, particularly given Plaintiff's role in soliciting the FIBT loan despite his contention that he lacked authority to do so.  In short, Plaintiff's redactions based on relevance are improper.  *See* Feb. 12, 2024; J. Ryan email; April 18, G. Long email, *et. cet.*

Likewise, given the protection afforded by the Agreed Protective Order, redactions to purportedly protect "business-sensitive information," if any was at issue, are patently improper. Nor do Plaintiff's unsupported and unjustified assertions about any "improper use" of such information justify the redactions. No evidence exists that Defendant has ever used anything other than publicly available information to disclose Plaintiff's status as a felon and his role in creating, capitalizing and running Phoenix.

Defendant thus reiterates his request for an unredacted set of the DocuSign Production, and requests that Plaintiff either (1) confirm his willingness to comply with this request no later than 5:30 CST on January 17, 2024 and  commit to providing an unredacted set of these documents no later than June 28th, 2024 by 5:30 CST, as well as providing an unredacted copy of the spreadsheet, or, (2) as requested on June 6, 2024, immediately upon receipt of this letter provide times before 5:30 CST on June 17 when Plaintiff's counsel is available for a conferenced as required by Dkt. 75.

### C.    Gamesmanship in Discovery

Plaintiff's arguments that Defendant has engaged in any gamesmanship, like his assertion that Defendant has failed to comply with an agreement, is blatantly incorrect.  Neither party has produced any documents other than those obtained from third-party subpoenas except Defendant, who has produced his own communications with insurers.  The delay in the parties' production of their own documents was requested by Plaintiff while the parties negotiated the ESI Protocol, which was repeatedly delayed by Plaintiff's failure to respond to requested edits.  Indeed, the ESI Protocol was not entered by the Court until June 6, 2024 and to date, neither party has produced their own documents. Moreover, Plaintiff withheld documents obtained from third-party subpoenas, despite repeated requests for production, until Defendant conferred about a motion to compel those documents.   And of course, Plaintiff continues to slow-roll re-production of the

Dalmore Documents, while continuing to improperly designate many of the documents re-produced as AEO.

**D.      Conference Regarding a Motion to Seal**

Please be advised that Defendant will utilize all documents specifically referenced in the June 6, 2024 letter as exhibits to a Motion to Compel De-Designation and production of an unredacted set of documents.  Please be prepared to discuss Plaintiff's willingness to allow each of those documents to be filed without any seal, when we confer on June 17,2024, if that conference is necessary.

**E.      The Tenor of Plaintiff's June 14, 2024 Letter**

It is unfortunate that Plaintiff's latest correspondence included personal attacks, premised on mischaracterization of the parties' discussions and "agreements" that did not exist regarding the DocuSign Production.   Nonetheless, Defendant hopes the tone of the parties' future communications will resume a more professional tone in the future.

Although the tight deadlines for correction of the DocuSign Production issues discussed above and the requested conference are potentially inconvenient and quite frankly unpleasant, the deadlines are unfortunately necessary to avoid further improper delay, and if necessary, to prepare the Joint Report within the timeframe described by the Court.

Sincerely,

Charlene Koonce

Charlene Koonce

# EXHIBIT A-4

APP0025

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ADAM FERRARI, | |
|      Plaintiff, | Civil Action No. 3:23-cv-00455-S |
|      v. | |
| WILLIAM FRANCIS, | |
|      Defendant. | |

## PLAINTIFF'S RESPONSES AND OBJECTIONS AND AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Adam Ferrari ("Plaintiff") hereby responds to Defendant William Francis' First Set of Requests for Production of Documents (the "Requests"). In addition to responding to Requests Nos. 2-19 and 21-32, Plaintiff also hereby provides amended responses to Request Nos. 1 and 20, pursuant to the Parties' meet and confer discussions.[1]

## GENERAL OBJECTIONS

1.     These responses are made solely for the purpose of this action. Each response is subject to all objections as to relevance, materiality, proportionality, propriety, and admissibility, and any and all other objections and grounds that would require the exclusion of the responses if

---

[1] Pursuant to the Parties' agreement, Plaintiff served his original responses to Requests Nos. 1 and 20 on January 22, 2024. *See* Plaintiff's Limited Responses to Defendant's Requests for Production of Documents; *see also* Dkt. Nos. 49, 53.

1

APP0026

such responses were to be introduced at any hearing or trial of this matter, all of which objections and grounds are reserved and may be interposed at the time of such hearing or trial.

2.    The responses are based solely on information presently known to Plaintiff, based on a reasonable inquiry.  Plaintiff has not yet fully completed his investigation of the facts relating to this case and his preparation for trial.  Further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the present responses.  Therefore, these responses are given without prejudice to Plaintiff's right to produce, provide, or introduce at the time of any motion or trial such further responsive information and documents as may become known to Plaintiff at a later point in time, or otherwise amend, supplement, or change these responses.

3.    Plaintiff objects to any Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other common law or statutory privilege or protection, including common interest or joint defense privileges or protections, or seeks other information that is otherwise protected from discovery or disclosure.  Nothing contained in these responses is intended to be nor should be considered to be a waiver of any attorney-client communication privilege, common interest privilege or protection, work-product privilege or protection, or any other applicable privilege, protection or doctrine, and to the extent that any Request may be construed as calling for disclosure of information, documents, and/or things protected by such privileges or doctrines, a continuing objection to each and every such Request is asserted.  Plaintiff will provide information which it believes is non-privileged and is otherwise properly discoverable.

APP0027

4.      Plaintiff objects to the Requests to the extent they seek to impose duties and obligations greater than duties and obligations under the Federal Rules of Civil Procedure, and under all other applicable rules.

5.      Plaintiff objects to the Requests to the extent they are vague, ambiguous, unduly burdensome, overbroad, oppressive, duplicative, or not limited to the discovery of information, which is relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.

6.      Plaintiff objects to the Requests to the extent that they demand the production of personal and confidential information.

7.      The foregoing objections and qualifications apply to the responses contained herein and are incorporated by reference into each of the specific responses set forth below as though fully set forth therein.  The failure to mention any of the foregoing objections and qualifications in a specific response below is not intended to waive, and shall not be deemed a waiver of, any such objection or qualification.

8.      The Parties have not agreed on a protocol governing the discovery of electronically stored information ("ESI") in this case ("ESI Protocol").  Plaintiff's production of ESI in response to any of the Requests is subject to, and will be in accordance with, the Parties' agreement on an ESI Protocol.

Without limiting the breadth and general application of these objections and qualifications, Plaintiff further objects and responds to the Requests as follows:

APP0028

## RESPONSES TO REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents evidencing, relating, or referring to the formation and governing documents for Lion of Judah, LLC, Lion of Judah Capital, LLC, and Phoenix. This request includes, but is not limited to, Certificate of Formation, Limited Liability Agreements and all amendments thereto, Articles of Organization, Shareholder Agreements, Bylaws, Operating Agreements, and any documents provided to or received from the Secretary of State for each state where the entity is registered to do business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to General Objections, see documents produced by Plaintiff's Counsel.

Additionally, see:

1. https://www.sec.gov/Archives/edgar/data/1818643/000119312523229261/d540270dex1a2b bylaws.htm

2. https://www.sec.gov/Archives/edgar/data/1818643/000165495423010316/pcgh_ex6i.htm

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff objects to this Request as irrelevant to the extent it seeks information regarding Lion of Judah, LLC, an entity that has no connection to the claims and defenses at issue in this case.  Plaintiff further objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant. Plaintiff further objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to these objections, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of

4

APP0029

documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 2:**

All documents evidencing, relating, or referring to the formation and governing documents for any entity other than Lion of Judah, LLC, Lion of Judah Capital, LLC, or Phoenix, which is also a signatory to any of the formation documents for Lion of Judah, LLC, Lion of Judah Capital, LLC or Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff objects to this Request as irrelevant to the extent it seeks information regarding Lion of Judah, LLC, an entity that has no connection to the claims and defenses at issue in this case.  Plaintiff further objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant. Plaintiff further objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to these objections, Plaintiff will produce documents sufficient to identify the signatories to the formation documents for Phoenix.

**REQUEST FOR PRODUCTION NO. 3:**

All communications between You and Lion of Judah, LLC or Lion of Judah Capital, LLC, including any of its owners or managers regarding (a) any management, control, or authority either entity has over Phoenix; (b) the formation of Phoenix; (c) the formation of Lion of Judah, LLC or Lion of Judah Capital, LLC; (d) the capitalization of Lion of Judah, LLC, Lion of Judah Capital, LLC, or Phoenix (e) any management, control, or authority you have over Lion of Judah, LLC or Lion of Judah Capital, LLC; (f) Your title, job duties, authority, or responsibilities with Lion of

5

Judah, LLC, Lion of Judah Capital, LLC or Phoenix (g) all compensation, in any form, You have received from Judah, LLC, Lion of Judah Capital, LLC or Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case, including because it seeks "all communications" regarding a wide range of irrelevant, or at best marginally relevant, topics. Plaintiff further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC has no connection to the claims and defenses at issue in this case. Plaintiff further objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant.

Subject to these objections, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 4:**

All documents that evidence, refer, or relate to any "economic interest" You hold or have ever held in Lion of Judah, LLC or Lion of Judah Capital, LLC including, but not limited to (a) documents that evidence the assets or value you contributed to Lion of Judah, LLC or Lion of Judah Capital, LLC (b) communications regarding such assets or economic interest; (c) documents that refer, relate, or evidence the reason or justification for capitalizing Phoenix through Lion of Judah, LLC or Lion of Judah Capital, LLC.

APP0031

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case, including because it seeks "all documents" that "relate" a wide range of irrelevant, or at best marginally relevant, topics. Plaintiff further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC, has no connection to the claims and defenses at issue in this case. Plaintiff further objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant.

Subject to these objections, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 5:**

All contracts or written agreements between You and Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case, including because it seeks "all" contracts regardless of subject matter.

Subject to this objection, Plaintiff will produce contracts or written agreements between Plaintiff and Phoenix sufficient to show the positions and management role that Plaintiff has held at Phoenix.

APP0032

**REQUEST FOR PRODUCTION NO. 6:**

All communications between You and Phoenix regarding (a) your role, job, contracted position, authority, or control; (b) the decision to name you as Chief Executive Officer; (c) disclosures, announcements, reports, or communications, including publicly filed documents, that describe, discuss, identify, or otherwise reference your ownership, direct or indirect, control, or role with (i) Lion of Judah, LLC, (ii) Lion of Judah Capital, LLC, or (iii) Phoenix Capital; (d) any response to an inquiry or subpoena from FINRA or the SEC. The relevant time period for this Request is March 1, 2019 through February 1, 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case, including because it seeks "all communications" regarding a wide range of topics over a four-year period. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, joint defense privilege, or any other applicable rule of privilege. Plaintiff further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC has no connection to the claims and defenses at issue in this case. Plaintiff further objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant.

Subject to these objections, Plaintiff will conduct a reasonable search for communications between Plaintiff and Phoenix regarding the positions Plaintiff has held at Phoenix.

**REQUEST FOR PRODUCTION NO. 7:**

Any document provided by You or on Your behalf to FINRA or the SEC in response to any request or subpoena from either entity.  This Request is limited in time to February 1, 2020 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.  Plaintiff further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 8:**

All communications between You and any person or entity that evidence, refer, or relate to any inquiry by the SEC or FINRA regarding Your role, service, title, or control with or over Phoenix, including but not limited to communications by You or on Your behalf with FINRA or the SEC.  This Request is limited in time to February 1, 2020 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.  Plaintiff further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to

APP0034

this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, joint defense privilege, or any other applicable rule of privilege.

Subject to these objections, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 9:**

All documents signed or otherwise executed by You on behalf of Phoenix, Lion of Judah, LLC or Lion of Judah Capital, LLC, including any such documents signed by permission for another person or entity, or through DocuSign.  The relevant time period for this Request is March 1, 2019 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.  Plaintiff further objects to this Request as temporally overbroad, as it purports to seek documents generated after November 30, 2023, when Plaintiff was named as CEO of Phoenix.  Plaintiff further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC has no connection to the claims and defenses at issue in this case.  Plaintiff  objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant.

Subject to these objections, Plaintiff will produce documents sufficient to identify any contracts that Plaintiff executed on behalf of Phoenix prior to November 30, 2023.

APP0035

**REQUEST FOR PRODUCTION NO. 10:**

All documents evidencing, referring, or relating to any loan, loan application, or guarantee in which You and Phoenix Capital are both included in the transaction, in any capacity.  The relevant time period for this Request is March 1, 2019 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.  Plaintiff further objects to this Request as temporally overbroad, as it purports to seek documents generated after November 30, 2023, when Plaintiff was named as CEO of Phoenix.

Subject to these objections, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 11:**

All documents evidencing, relating, or referring to Your title or position with Phoenix Capital, Lion of Judah, LLC, or Lion of Judah Capital, LLC.  The relevant time period for this Request is March 1, 2019 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.  Plaintiff further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC has no connection to the claims and defenses at issue in this case.  Plaintiff objects to

APP0036

this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant.

Subject to this objection, Plaintiff will produce documents sufficient to show the positions that Plaintiff has held at Phoenix.

**REQUEST FOR PRODUCTION NO. 12:**

All documents evidencing, relating, or referring to any authority, control, ownership, title, or capacity in which You are affiliated with Phoenix, Lion of Judah, LLC or Lion of Judah Capital, LLC.  The relevant time period for this Request is March 1, 2019 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.  Plaintiff further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC has no connection to the claims and defenses at issue in this case.  Plaintiff objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant.

Subject to this objection, Plaintiff will produce documents sufficient to show the positions that Plaintiff has held at Phoenix.

**REQUEST FOR PRODUCTION NO. 13:**

All documents evidencing Your exercise of control over Lion of Judah, LLC, Lion of Judah Capital, LLC, or Phoenix, including but not limited to bank account signature cards, applications for credit or guarantees provided by You, licenses, permits, or any form of registration, contracts,

APP0037

agreements, leases, rental agreements, voting trusts, proxies, etc.  The relevant time period for this Request is March 1, 2019 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.  Plaintiff further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC has no connection to the claims and defenses at issue in this case.  Plaintiff objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant.

Subject to these objections, Plaintiff will agree to meet and confer with Defendant to conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 14:**

Any financial statement prepared by You, on Your behalf, or which includes any reference to any ownership interest You hold, directly or indirectly, in Phoenix, Lion of Judah, LLC or Lion of Judah Capital, LLC or any other entity that holds any interest, managerial authority, or rights in Phoenix, Lion of Judah, LLC or Lion of Judah Capital, LLC.  The relevant time period for this Request is March 1, 2019 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.  Plaintiff further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of

13

APP0038

Judah, LLC has no connection to the claims and defenses at issue in this case. Plaintiff objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant.

Subject to these objections, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 15:**

Any document that grants You Power of Attorney for Daniel or Charlene Ferrari. This request includes all types of Power of Attorney, including General, Durable, Financial, and/or Springing. It does not include Medical Powers of Attorney. The relevant time period for this Request is March 1, 2019 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case. Plaintiff further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence. Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All documents evidencing, referring or relating to the formation and governing documents for Alpha and Omega Capital, LLC. This request includes, but is not limited to, any Certificate of Formation, Limited Liability Agreements and all amendments thereto, Articles of Organization,

Shareholder Agreements, Bylaws, Operating Agreements, and any documents provided to or received from the Secretary of State for each state where the entity is registered to do business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff objects to this Request on the ground that it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, as Alpha and Omega Capital, LLC has no connection to the claims and defenses at issue in this case. Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All documents evidencing, relating, or referring to the relationship between Alpha and Omega Capital, LLC and Lion of Judah, LLC, Lion of Judah Capital, LLC, and Phoenix, including but not limited to any agreement or transaction between or among any of the entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff objects to this Request as irrelevant because it seeks information regarding Lion of Judah, LLC and Alpha and Omega Capital, LLC, entities that have no connection to the claims and defenses at issue in this case. Plaintiff further objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant. Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

Documents evidencing communications between You and any member, manager, or officer of Alpha & Omega Capital LLC regarding any transaction between that entity and Phoenix.

APP0040

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff objects to this Request on the ground that it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, as Alpha and Omega Capital, LLC has no connection to the claims and defenses at issue in this case.  Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All documents that evidence any damages You contend You sustained as a result of the claims asserted in Your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff objects to this Request as premature because discovery is ongoing, and the full extent to which Defendant disseminated false and defamatory statements about Plaintiff to third parties—and the damages caused to Plaintiff as a result—is currently unknown to Plaintiff.

Subject to this objection, Plaintiff will produce documents related to his damages claims. Moreover, reports setting forth expert opinions on the amount of damages that Plaintiff has suffered from Defendant's defamatory conduct will be served in accordance with the Court's schedule.

**REQUEST FOR PRODUCTION NO. 20:**

Any document that evidences Your compliance with the Defamation Mitigation Act, TEX. CIV. PRAC. & REM. CODE § 73.055.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to General Objections, Settlement negotiations ongoing with one or more third parties. Attempts to identify the masked party(ies) responsible for defamatory statements which

have been disclosed to Defendant's Counsel. Further answering, litigation in Texas State Court and Northern District of Texas against Defendant and his company for which Defendants' Counsel has all pleadings.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff will search for and produce documents within the scope of this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All documents that evidence, refer or relate to any investor who sought to invest with You personally, and whom you contend received any communication from Francis or Incline about You, that You contend was false, defamatory, derogatory, or injurious.  The relevant time period for this Request is February 1, 2020 through February 1, 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff objects to this Request as premature because discovery is ongoing, and the full extent to which Defendant disseminated false and defamatory statements about Plaintiff to third parties—including actual or potential investors—is currently unknown to Plaintiff.

Subject to this objection, Plaintiff will search for and produce documents within the scope of this Request as the identities of all actual and potential investors to whom Defendant made false, defamatory, derogatory, or injurious statements about Plaintiff are disclosed and/or discovered.

**REQUEST FOR PRODUCTION NO. 22:**

All documents evidencing the (a) existence of, (b) claims asserted in, (c) current status or disposition, of any lawsuit in which You were or are named as a Party and in which the opposing party made any allegation of dishonesty, a lack of candor, failure to comply with any duty, conversion, theft, misappropriation, or interference with another Persons's [sic] contractual rights.

17

APP0042

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.  Plaintiff objects to this Request on the ground that it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence.  Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

All communications between You and Lindsey Wilson relating to (a) Your or her compensation in connection with Phoenix; (b) Your or her title, job description, authority, or responsibilities regarding Phoenix; (c) any offer of employment made to her in connection with work at Phoenix.  This Relevant time period for this Request is March 25, 2019 through February 1, 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to this objection, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 24:**

All documents evidencing, referring or relating to the owners, publishers, or contents of any website that describes or identifies lawsuits filed against You, Your criminal history, or Your response to statements made on such websites.

APP0043

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, joint defense privilege, or any other applicable rule of privilege.

Subject to these objections, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 25:**

All documents evidencing, referring, or relating to the office lease or post office box rental for 855 North Douglas Street, 2nd Floor Box #4, El Segundo, CA 90245.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to this objection, Plaintiff will produce copies of any agreement(s) for the lease or rental of a post office box at 855 North Douglas Street, 2nd Floor Box #4, El Segundo, CA 90245, to the extent any such document exists within Plaintiff's possession, custody, or control, and can be located after a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 26:**

All documents evidencing, referring, or relating to the office lease or post office box rental related to 2601 Pacific Coast Highway, Floor 2, Hermosa Beach, CA 90254.

APP0044

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to this objection, Plaintiff will produce copies of any agreement(s) for the lease or rental of a post office box at 2601 Pacific Coast Highway, Floor 2, Hermosa Beach, CA 90254, to the extent any such document exists within Plaintiff's possession, custody, or control, and can be located after a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 27:**

All documents evidencing, referring, or relating to any Drilling Title Opinions, Division Order Title Opinions, Indexes and Mineral Ownership Spreadsheet / Reports, covering the states of North Dakota, Montana, Wyoming and Colorado, which were included in or constituted Lion of Judah Capital, LLC's Intangible Capital Contribution to Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff objects to this Request on the ground that it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant.  Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. [UNNUMBERED]:**

All communication between You and Anthony Will or Natalie Arch, regarding public comments, articles, posts, or statements about You, including suppressing, countering, or

APP0045

responding to such comments or statements.  The relevant time period for this Request is February 14, 2019 and May 20, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. [UNNUMBERED]:**

Plaintiff objects to this Request as vague and ambiguous as to the terms " suppressing" and "countering."  Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to these objections, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 28:**

Any agreement between You and Reputation Resolutions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff objects to this Request as irrelevant because it appears to seek information that has no connection to the claims and defenses at issue in this case.

Subject to these objections, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 29:**

All communication between you and prospective employee for Phoenix evidencing, referring, or relating to Your efforts to recruit such person to join Phoenix as an employee, consultant or officer.

21

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to this objection, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 30:**

All communication between you and Ken Willey evidencing, referring, or relating to any sales, purchases, negotiations, or transactions involving mineral rights in which Phoenix was a party to such transaction or negotiation.  The relevant time period for this Request is September 1, 2019 through November 1, 2020,

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to this specific objection, Plaintiff will produce documents sufficient to show the occurrence of any sales, purchases, negotiations, or transactions involving mineral rights in which Phoenix and Ken Willey were parties between September 1, 2019 through November 1, 2020, within Plaintiff's possession, custody, or control, if any, that can be located after a reasonable and diligent search of reasonably accessible materials.

APP0047

**REQUEST FOR PRODUCTION NO. 31:**

All communication between You and any mineral owner You communicated with who subsequently sold, conveyed or contributed their oil and gas interests to Phoenix.  The relevant time period for this Request is March 1, 2019 through November 1, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to these objections, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 32:**

Documents evidencing, referring, or relating to software accounts or licenses to which You had access, were the registered owner or licensee, but which were used by, assigned to, purchased by, transferred to or otherwise acquired Phoenix.  This request includes but is not limited to accounts or agreements DocuSign, Salesforce, Microsoft Outlook, GoogleMail, DrillingInfo dba Enverus, skip trace software services, county clerk websites etc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to these objections, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of

APP0048

documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

Dated: April 8, 2024                Respectfully submitted,

                                */s/ John T. Ryan*
John T.  Ryan *(pro hac vice pending)*
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
jake.ryan@lw.com

Andrew R.  Gray *(pro hac vice pending)*
LATHAM &WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
andrew.gray@lw.com

Garrett S.  Long *(pro hac vice pending)*
LATHAM &WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
garrett.long@lw.com

James O.  Crewse
Texas Bar No. 24045722
CREWSE LAW FIRM PLLC
5919 Vanderbilt Ave
Dallas, TX 75206
Telephone: (214) 394-2856
jcrewse@crewselawfirm.com

*Attorneys for Plaintiff Adam Ferrari*

24

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of April 2024, a true and correct copy of the foregoing document was served by electronic mail to the designated counsel of record in the above-captioned action.

Dated: April 8, 2024                    _/s/ H. Josh Ji_____
                                        H. Josh Ji

APP0050

# EXHIBIT A-5

APP0051

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| ADAM FERRARI, | |
| Plaintiff, | Civil Action No. 3:23-cv-00455-S |
| v. | |
| WILLIAM FRANCIS, | |
| Defendant. | |

**PLAINTIFF'S RESPONSES AND OBJECTIONS**
**TO WILLIAM FRANCIS' SECOND SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Adam Ferrari ("Plaintiff") hereby responds to Defendant William Francis' Second Set of Requests for Production of Documents (the "Requests").

**GENERAL OBJECTIONS**

1.    These responses are made solely for the purpose of this action.  Each response is subject to all objections as to relevance, materiality, proportionality, propriety, and admissibility, and any and all other objections and grounds that would require the exclusion of the responses if such responses were to be introduced at any hearing or trial of this matter, all of which objections and grounds are reserved and may be interposed at the time of such hearing or trial.

2.    The responses are based solely on information presently known to Plaintiff, based on a reasonable inquiry.  Plaintiff has not yet fully completed his investigation of the facts relating to this case and his preparation for trial.  Further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to additions to,

1

changes in, and variations from the present responses. Therefore, these responses are given without prejudice to Plaintiff's right to produce, provide, or introduce at the time of any motion or trial such further responsive information and documents as may become known to Plaintiff at a later point in time, or otherwise amend, supplement, or change these responses.

3.     Plaintiff objects to any Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other common law or statutory privilege or protection, including common interest or joint defense privileges or protections, or seeks other information that is otherwise protected from discovery or disclosure. Nothing contained in these responses is intended to be nor should be considered to be a waiver of any attorney-client communication privilege, common interest privilege or protection, work-product privilege or protection, or any other applicable privilege, protection or doctrine, and to the extent that any Request may be construed as calling for disclosure of information, documents, and/or things protected by such privileges or doctrines, a continuing objection to each and every such Request is asserted. Plaintiff will provide information which it believes is non-privileged and is otherwise properly discoverable.

4.     Plaintiff objects to the Requests to the extent they seek to impose duties and obligations greater than duties and obligations under the Federal Rules of Civil Procedure, and under all other applicable rules.

5.     Plaintiff objects to the Requests to the extent they are vague, ambiguous, unduly burdensome, overbroad, oppressive, duplicative, or not limited to the discovery of information, which is relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.

APP0053

6.     Plaintiff objects to the Requests to the extent that they demand the production of personal and confidential information.

7.     The foregoing objections and qualifications apply to the responses contained herein and are incorporated by reference into each of the specific responses set forth below as though fully set forth therein.  The failure to mention any of the foregoing objections and qualifications in a specific response below is not intended to waive, and shall not be deemed a waiver of, any such objection or qualification.

8.     The Parties have not agreed on a protocol governing the discovery of electronically stored information ("ESI") in this case ("ESI Protocol").  Plaintiff's production of ESI in response to any of the Requests is subject to, and will be in accordance with, the Parties' agreement on an ESI Protocol.

Without limiting the breadth and general application of these objections and qualifications, Plaintiff further objects and responds to the Requests as follows:

3

**RESPONSES TO REQUESTS**

**REQUEST FOR PRODUCTION NO. 33:**

All copies of any agreement(s) by which any person or entity is required to refrain from making any statement, comment, or publication about or in reference to you. The date range for this Request is March 25, 2019 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiff objects to this Request because the phrase "any statement, comment, or publication about or in reference to you" is vague and ambiguous.  Plaintiff further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case, including because it seeks "any agreement(s)" regarding a wide range of irrelevant topics.  Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

All communications regarding any agreement by which any person or entity is required to refrain from making any statement, comment, or publication about or in reference to you. The date range for this Request is March 25, 2019 through the present

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Plaintiff objects to this Request because the phrase "any statement, comment, or publication about or in reference to you" is vague and ambiguous.  Plaintiff further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case, including because it seeks "[a]ll communications" regarding a wide range of irrelevant topics.  Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense

APP0055

privilege, or any other applicable rule of privilege.  Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All communications between you and any person or entity regarding any loan, debt, or credit relationship between Phoenix and Cortland, or any related or affiliated bank.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case, including because it seeks "[a]ll communications" regarding "any loan, debt, or credit relationship" with "any related or affiliated bank."  Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other applicable rule of privilege.  Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

Any document provided by you or on your behalf to Cortland or any related or affiliated bank, in connection with any loan, debt, or credit relationship between Phoenix and Cortland.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff objects to this Request on the ground that it is vague, ambiguous, overbroad and not reasonably tailored to the claims and defenses at issue in this case, including because it seeks "[a]ny document" regarding "any loan, debt, or credit relationship."  Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

APP0056

All communications between you and FIBT regarding any credit or loan solicited on behalf of or extended to Phoenix, including but not limited to the transaction described in your Amended Complaint, as well as any earlier banking relationship between Phoenix and FIBT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case, including because it seeks "[a]ll communications" regarding "any credit or loan solicited on behalf of or extended to Phoenix." Plaintiff further objects to this Request as temporally overbroad, as it seeks documents that predate any claims or defenses at issue in this case.

Subject to these objections, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 38:**

All communications between you and Amarillo National Bank, regarding any credit or loan solicited on behalf of or extended to Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case, including because it seeks "[a]ll communications" regarding "any credit or loan solicited on behalf of or extended to Phoenix."

Subject to this objection, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of

APP0057

documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 39:**

Any guarantee which obligates you, directly or indirectly, that was made in connection with any loan, line of credit, or financing provided by any person or entity, to Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiff objects to this Request because it seeks information that has no relevance to the claims and defenses at issue in this case.  Plaintiff further objects to this Request as vague and ambiguous as to the phrase "guarantee which obligates you, directly or indirectly."  Plaintiff also objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case, including because it seeks "[a]ny guarantee" regarding "any loan, line of credit, or financing provided by any person or entity."  Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

All agreements, including but not limited to, assignments, between you on the one hand and any person or entity on the other, which evidences, refers, or relates to capitalization of Lion of Judah Capital, LLC, Lion of Judah, LLC, or Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case, including because it seeks "[a]ll agreements" that relate to a topic that is irrelevant, or at best marginally relevant, to the claims and defenses at issue in this case.  Plaintiff further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated

APP0058

to lead to the discovery of admissible evidence, including because Lion of Judah, LLC has no connection to the claims and defenses at issue in this case. Plaintiff further objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant.

Subject to this objection, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 41:**

All communications between you and any other person or entity regarding capitalization of Lion of Judah Capital, LLC, Lion of Judah, LLC, or Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case, including because it seeks "[a]ll communications" with "any other person or entity" that relate to a topic that is irrelevant, or at best marginally relevant, to the claims and defenses at issue in this case. Plaintiff further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC has no connection to the claims and defenses at issue in this case. Plaintiff further objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege,

work product doctrine, joint defense privilege, or any other applicable rule of privilege. Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All agreements between you on the one hand and any person or entity on the other, which evidences, refers, or relates to any control you are authorized to exercise over Lion of Judah Capital, LLC, Lion of Judah, LLC, or Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case, including because it seeks "[a]ll agreements" with "any person or entity." Plaintiff further objects to this request because the phrase "control you are authorized to exercise" is vague and ambiguous. Plaintiff further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC has no connection to the claims and defenses at issue in this case. Plaintiff objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant.

Subject to these objections, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

APP0060

**REQUEST FOR PRODUCTION NO. 43:**

All communications between you and any other person or entity regarding any control you are authorized to exercise, legally or factually, over Lion of Judah Capital, LLC, Lion of Judah, LLC, or Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case, including because it seeks "[a]ll communications" with "any other person or entity." Plaintiff further objects to this request because the phrase "any control you are authorized to exercise, legally or factually" is vague and ambiguous. Plaintiff further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC has no connection to the claims and defenses at issue in this case. Plaintiff objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other applicable rule of privilege.

Subject to these objections, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

APP0061

**REQUEST FOR PRODUCTION NO. 44:**

All communications in which you expressed an opinion, provided direction, advice, or instruction or solicited additional information regarding, referring or relating to any decision made or activity undertaken by Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Plaintiff objects to this Request on the ground that it is vague, ambiguous, overbroad and not reasonably tailored to the claims and defenses at issue in this case, including because it is essentially boundless in seeking "[a]ll communications" relating to "any decision made or activity undertaken by Phoenix."  Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other applicable rule of privilege.

Subject to these objections, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 45:**

All documents evidencing any earnings, income, profits, assets, or distributions you received from Lion of Judah Capital, LLC, Lion of Judah, LLC or Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case, including because it seeks "[a]ll documents" regarding a broad range of topics.  Plaintiff further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably

APP0062

calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC

has no connection to the claims and defenses at issue in this case.  Plaintiff objects to this Request

as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to

Lion of Judah Capital, LLC by Defendant.  Based on the foregoing, Plaintiff will not search for or

produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 46:**

All agreements, including but not limited to assignments, between you on the one hand and

any person or entity on the other, which evidences, refers, or relates to any governance you are

authorized to exercise over Lion of Judah Capital, LLC, Lion of Judah, LLC, or Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably

tailored to the claims and defenses at issue in this case, including because it seeks "[a]ll

documents" regarding a broad range of topics.  Plaintiff further objects to this Request because it

seeks information that is neither relevant to the Parties' claims and defenses nor reasonably

calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC

has no connection to the claims and defenses at issue in this case.  Plaintiff objects to this Request

as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to

Lion of Judah Capital, LLC by Defendant.

Subject to these objections, Plaintiff states that he is willing to meet and confer with

Defendant regarding this Request to determine whether there is a non-objectionable universe of

documents for which Plaintiff may conduct a reasonable and diligent search of reasonably

accessible materials.

APP0063

**REQUEST FOR PRODUCTION NO. 47:**

All communications between you and any other person or entity regarding any decisions you are authorized to make, directly or indirectly, for Lion of Judah Capital, LLC, Lion of Judah, LLC, or Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case, including because it seeks "[a]ll communications." Plaintiff further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC has no connection to the claims and defenses at issue in this case. Plaintiff objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant.

Subject to these objections, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 48:**

All communications with Daniel or Charlene Ferrari regarding (a) Phoenix's creation, structure, control, governance or capitalization; (b) your role, title, employment/consultancy with or for Phoenix; (c) your compensation from or in connection with any services provided to Phoenix, or any of its Affiliates; (d) any advice, opinion, direction, instruction or guidance provided by you regarding Phoenix, including but not limited to any loan from FIBT, any loan

APP0064

from Cortland, any loan from Amarillo National Bank; or (e) any lawsuit involving William Francis or Incline Energy Partners, LP, including the facts made the basis for such lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.  For example, this Request seeks "[a]ll communications" covering a broad range of vague topics, including for "any advice, opinion, direction, instruction or guidance provided by you regarding Phoenix."  Plaintiff further objects to this Request to the extent it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other applicable rule of privilege.  Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 49:**

All communications with Daniel or Charlene Ferrari regarding (a) Lion of Judah Capital, LLC's creation, structure, control, governance or capitalization; (b) your role, title, employment/consultancy with or for Lion of Judah Capital, LLC; (c) your compensation from or in connection with Lion of Judah Capital, LLC, or any of its Affiliates; or (d) any advice, opinion, direction, instruction or guidance provided by you regarding Lion of Judah Capital, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.  For example, this Request seeks "[a]ll communications" covering a broad range of vague topics, including for "any advice, opinion,

14

direction, instruction or guidance provided by you regarding Lion of Judah Capital, LLC." Plaintiff objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant.  Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other applicable rule of privilege.  Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

All communications with Daniel or Charlene Ferrari regarding (a) Lion of Judah LLC's creation, structure, control, governance or capitalization; (b) your role, title, employment/consultancy with or for Lion of Judah LLC; (c) your compensation from or in connection with Lion of Judah LLC, or any of its Affiliates; or (d) any advice, opinion, direction, instruction or guidance provided by you regarding Lion of Judah LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.  For example, this Request seeks "[a]ll communications" covering a broad range of vague topics, including for "any advice, opinion, direction, instruction or guidance provided by you regarding Lion of Judah LLC."  Plaintiff further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC has no connection to the claims and defenses at issue in this case.

APP0066

Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

Copies of any Drilling Title Opinions, Division Order Title Opinions, Indexes, Mineral Ownership Spreadsheet/ Reports, Title Reports, or other intellectual property rights, provided by you, directly or indirectly to Lion of Judah Capital, LLC or Lion of Judah, LLC, which was used to capitalize Lion of Judah, LLC, Lion of Judah Capital, LLC or Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Plaintiff objects to this Request on the ground that it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC has no connection to the claims and defenses at issue in this case.  Plaintiff further objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant.  Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

All documents evidencing any mineral or royalty interests provided by you, directly or indirectly to Lion of Judah Capital, LLC or Lion of Judah, LLC, which was used to capitalize Lion of Judah, LLC, Lion of Judah Capital, LLC or Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Plaintiff objects to this Request on the ground that it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC has no connection to the claims and

APP0067

defenses at issue in this case.  Plaintiff further objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant.  Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 53:**

All documents evidencing, referring or relating to any asset of any type or form, not encompassed by the Requests above, provided by you, directly or indirectly to Lion of Judah Capital, LLC or Lion of Judah, LLC, which was used to capitalize Lion of Judah, LLC, Lion of Judah Capital, LLC, or Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Plaintiff objects to this Request on the ground that it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC has no connection to the claims and defenses at issue in this case.  Plaintiff further objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant.  Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 54:**

Any email you sent from a Phoenix email account in which you were identified as "Founder."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case, including because it seeks "[a]ny email."

APP0068

Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other applicable rule of privilege.

Subject to these objections, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 55**:

Any email you drafted, which was sent from DGF@phxcapitalgroup.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Plaintiff objects to this Request on the ground that it is vague, overbroad, and not reasonably tailored to the claims and defenses at issue in this case, including because it seeks "[a]ny email" that Plaintiff "drafted."  Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 56:**

All communications between you and any other person regarding the termination or separation from employment with Phoenix of Chris or Christie Masone.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case, including because it seeks "[a]ll communications" with "any other person" that relate to a topic that is irrelevant, or at best marginally relevant, to the claims and defenses at issue in this case.  Plaintiff further objects to this

APP0069

Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other applicable rule of privilege.

Subject to these objections, Plaintiff states that he is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

Dated: April 10, 2024                     Respectfully submitted,

                                          */s/ John T. Ryan*
                                          John T.  Ryan *(pro hac vice pending)*
                                          LATHAM & WATKINS LLP
                                          12670 High Bluff Drive
                                          San Diego, CA 92130
                                          Telephone: (858) 523-5400
                                          jake.ryan@lw.com

                                          Andrew R.  Gray (*pro hac vice pending)*
                                          LATHAM &WATKINS LLP
                                          650 Town Center Drive, 20th Floor
                                          Costa Mesa, CA 92626
                                          Telephone: (714) 540-1235
                                          andrew.gray@lw.com

                                          Garrett S.  Long (*pro hac vice pending)*
                                          LATHAM &WATKINS LLP
                                          330 North Wabash Avenue, Suite 2800
                                          Chicago, IL 60611
                                          Telephone: (312) 876-7700
                                          garrett.long@lw.com

                                          James O.  Crewse
                                          Texas Bar No. 24045722
                                          CREWSE LAW FIRM PLLC
                                          5919 Vanderbilt Ave
                                          Dallas, TX 75206
                                          Telephone: (214) 394-2856
                                          jcrewse@crewselawfirm.com

                                          *Attorneys for Plaintiff Adam Ferrari*

19

APP0070

## __CERTIFICATE OF SERVICE__

I hereby certify that on this 10th day of April 2024, a true and correct copy of the foregoing document was served by electronic mail to the designated counsel of record in the above-captioned action.

Dated: April 10, 2024                    _/s/ John T. Ryan_____
                                         John T. Ryan

20

APP0071

# EXHIBIT A-6

APP0072

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ADAM FERRARI, | |
| Plaintiff, | Civil Action No. 3:23-cv-00455-S |
| v. | |
| WILLIAM FRANCIS, | |
| Defendant. | |

## PLAINTIFF'S RESPONSES AND OBJECTIONS
## TO WILLIAM FRANCIS' THIRD SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Adam Ferrari ("Plaintiff") hereby responds to Defendant William Francis' Third Set of Requests for Production of Documents (the "Requests").

These responses are made solely for the purpose of this action. Each response, and any documents produced in response to any of the Requests, is subject to all objections as to relevance, materiality, proportionality, propriety, and admissibility, and any and all other objections and grounds that would require the exclusion of the responses if such responses or documents were to be introduced at any hearing or trial of this matter, all of which objections and grounds are reserved and may be interposed at the time of such hearing or trial.

Further, these responses are based solely on information presently known to Plaintiff, based on a reasonable inquiry. Plaintiff has not yet fully completed his investigation of the facts relating to this case and his preparation for trial. Indeed, Defendant has not yet made any meaningful production of documents to Plaintiff regarding the substance of this action. Further discovery, independent investigation, legal research, and analysis may supply additional facts,

1

add meaning to known facts, and establish entirely new factual conclusions and legal

contentions, all of which may lead to additions to, changes in, and variations from the present

responses.  Therefore, these responses are given without prejudice to Plaintiff's right to produce,

provide, or introduce at the time of any motion or trial such further responsive information and

documents as may become known to Plaintiff at a later point in time, or otherwise amend,

supplement, or change these responses.

**RESPONSES TO REQUESTS**

**REQUEST FOR PRODUCTION NO. 57:**

All documents received in response to any subpoena served in connection with this

Lawsuit.

**RESPONSE REQUEST FOR PRODUCTION NO. 57:**

Plaintiff objects to the undefined term "received" on the grounds that this term is vague,

ambiguous, overbroad, and purports to encompass "[a]ll documents received" by individuals and

entities outside of Plaintiff's control.  In responding to this Request, Plaintiff construes this

Request as seeking "[a]ll documents received" by Adam Ferrari.  Subject to this objection,

Plaintiff responds as follows:

Plaintiff has produced the documents received in response to any subpoena served in this

Lawsuit, and will supplement his productions to include any additional materials he receives in

the future in response to any subpoenas that he has served or later serves in this Lawsuit.

**REQUEST FOR PRODUCTION NO. 58:**

All documents received in response to any subpoena served in connection with Civil

Action No. 2023CH000113, in the 12th Judicial Circuit Court, Illinois (the "Illinois Discovery

Proceeding").

2

**RESPONSE REQUEST FOR PRODUCTION NO. 58:**

Plaintiff objects to the undefined term "received" on the grounds that this term is vague, ambiguous, overbroad, and purports to encompass "[a]ll documents received" by individuals and entities outside of Plaintiff's control.  In responding to this Request, Plaintiff construes this Request as seeking "[a]ll documents received" by Adam Ferrari in the Illinois Discovery Proceeding.  Plaintiff further objects to this Request on the ground that it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because this Request seeks "[a]ll documents" produced in the Illinois Discovery Proceeding, a separate litigation matter.  "[A]sking for all documents produced in another matter is not generally proper" because "request[s] that seek wholesale duplicates of discovery produced in other litigation is improper as failing to make the requisite showing of relevance."  *See TravelPass Grp., LLC v. Caesars Ent. Corp.*, No. 5:18-CV-153-RWS-CMC, 2020 WL 698538, at *6 (E.D. Tex. Jan. 16, 2020) (collecting cases) ("Defendants are not entitled to the wholesale reproduction of all [documents produced in another case] simply because there may be overlap between the issue in those cases and those in this case.").

Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 59:**

All communications with any person or entity, including their counsel, regarding any subpoena you have served in this Lawsuit or any subpoena served in the Illinois Discovery Proceeding.

3

**RESPONSE REQUEST FOR PRODUCTION NO. 59:**

Plaintiff objects to this Request on the ground that it seeks information that is neither

relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of

admissible evidence, including because Plaintiff's efforts to enforce compliance with his

subpoenas are not at issue in this action.  Plaintiff also objects to the undefined phrase "any

subpoena served in the Illinois Discovery Proceeding" on the grounds that this phrase is vague,

ambiguous, overbroad, and purports to encompass "subpoena[s] served" by individuals and

entities outside of Plaintiff's control.  In responding to this Request, Plaintiff construes "any

subpoena served in the Illinois Discovery Proceeding" to mean any subpoena served by Adam

Ferrari in the Illinois Discovery Proceeding.  Plaintiff further objects to the definition of "You"

or "Your" that Defendant's Definitions & Instructions purports to incorporate into this Request

on the grounds that the definition is vague, ambiguous, overbroad, and purports to encompass

individuals and entities outside of Plaintiff's control.  In responding to this Request, Plaintiff

construes "You" and "Your" to mean Adam Ferrari.  Plaintiff further objects to this Request on

the ground that it seeks information that is neither relevant to the Parties' claims and defenses

nor reasonably calculated to lead to the discovery of admissible evidence, including because this

Request seeks "[a]ll communications . . . regarding any subpoenas served" in the Illinois

Discovery Proceeding, a separate litigation matter.  "[A]sking for all documents produced in

another matter is not generally proper" because "request[s] that seek wholesale duplicates of

discovery produced in other litigation is improper as failing to make the requisite showing of

relevance."  *See TravelPass Grp., LLC v. Caesars Ent. Corp.*, No. 5:18-CV-153-RWS-CMC,

2020 WL 698538, at *6 (E.D. Tex. Jan. 16, 2020) (collecting cases) ("Defendants are not entitled

to the wholesale reproduction of all [documents produced in another case] simply because there may be overlap between the issue in those cases and those in this case.").

Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 60:

All documents evidencing any membership interest you now hold or have ever held in Alpha and Omega Capital, LLC.

## RESPONSE REQUEST FOR PRODUCTION NO. 60:

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issues in this case, including because it seeks "[a]ll documents" that relate to a topic that is irrelevant, or at best marginally relevant, to the claims and defenses at issue in this case.  Plaintiff further objects to the definition of "You" or "Your" that Defendant's Definitions & Instructions purports to incorporate into this Request on the grounds that the definition is vague, ambiguous, overbroad, and purports to encompass individuals and entities outside of Plaintiff's control.  In responding to this Request, Plaintiff construes "You" and "Your" to mean Adam Ferrari.  Plaintiff further objects to this Request on the ground that it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, as membership interests in Alpha and Omega Capital, LLC have no connection to the claims and defenses at issue in this case.

Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

APP0077

**REQUEST FOR PRODUCTION NO. 61:**

All documents evidencing, referring or relating to any ownership interest, beneficial, equitable or otherwise, that you now hold or have ever held in Alpha and Omega Capital, LLC.

**RESPONSE REQUEST FOR PRODUCTION NO. 61:**

Plaintiff objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issues in this case, including because it seeks "[a]ll documents" that relate to a topic that is irrelevant, or at best marginally relevant, to the claims and defenses at issue in this case.  Plaintiff further objects to the definition of "You" or "Your" that Defendant's Definitions & Instructions purports to incorporate into this Request on the grounds that the definition is vague, ambiguous, overbroad, and purports to encompass individuals and entities outside of Plaintiff's control.  In responding to this Request, Plaintiff construes "You" and "Your" to mean Adam Ferrari.  Plaintiff further objects to this Request on the ground that it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, as ownership interests in Alpha and Omega Capital, LLC have no connection to the claims and defenses at issue in this case.

Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 62:**

All communications that evidence, refer, or relate to your receipt and discovery of the letter attached to Ferrari's Complaint as Exhibit H (the "4 GRLZ Statement"), a copy of which is also attached to these requests as Exh. 1.

APP0078

**<u>RESPONSE REQUEST FOR PRODUCTION NO. 62:</u>**

Plaintiff objects to the definition of "You" or "Your" that Defendant's Definitions & Instructions purports to incorporate into this Request on the grounds that the definition is vague, ambiguous, overbroad, and purports to encompass individuals and entities outside of Plaintiff's control.  In responding to this Request, Plaintiff construes "You" and "Your" to mean Adam Ferrari.

Subject to this objection, Plaintiff will conduct a reasonable and diligent search for documents that are responsive to this Request, and will produce copies of any such documents that he is able to locate in his possession, custody, or control.

**<u>REQUEST FOR PRODUCTION NO. 63:</u>**

Any document that was attached to the 4 GRLZ Statement, including but not limited to the Affidavit of Non-Payment from a Colorado mineral owner recorded in Weld County, as referenced in the Statement.

**<u>RESPONSE REQUEST FOR PRODUCTION NO. 63:</u>**

Plaintiff will conduct a reasonable and diligent search for documents that are responsive to this Request, and will produce copies of any such documents that he is able to locate in his possession, custody, or control.

**<u>REQUEST FOR PRODUCTION NO. 64:</u>**

All communications regarding any statement allegedly made to FINRA by Francis, as described in Ferrari's Amended Complaint at ¶ 32.

**<u>RESPONSE REQUEST FOR PRODUCTION NO. 64:</u>**

Plaintiff objects to this Request as it seeks information protected by the attorney-client privilege and/or work product doctrine.

APP0079

Plaintiff will conduct a reasonable and diligent search for documents that are responsive to this Request, and will produce copies of any such documents that he is able to locate in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 65:**

PDF screenshots of all pages of the website located at https://www.ferrarienergythetruth.com/.

**RESPONSE REQUEST FOR PRODUCTION NO. 65:**

Plaintiff objects to this Request on the ground that it purports to require Plaintiff to undertake the burden of collecting and producing publicly available documents that are equally available to Defendant at the URL contained in the Request.  Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 66:**

All documents and communications relied upon to create the content on the website located at https://www.ferrarienergythetruth.com/.

**RESPONSE REQUEST FOR PRODUCTION NO. 66:**

Plaintiff objects to this Request as vague and ambiguous as to the undefined terms "relied upon to create the content."  Plaintiff objects to this Request on the grounds that it is overbroad and not reasonably tailored or proportional to the needs of this case, including because it seeks "[a]ll documents and communications" relied upon to create a website of, at best, marginal relevance to the claims and defenses at issue in this case.  Plaintiff further objects to this Request as it seeks information protected by the attorney-client privilege and/or work product doctrine.  Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

8

APP0080

**REQUEST FOR PRODUCTION NO. 67:**

All documents and communications related to the creation, management, editing, or promotion or search optimization for the website located at https://www.ferrarienergythetruth.com/, including but not limited to emails, memos, notes, contracts, and any other forms of communication.

**RESPONSE REQUEST FOR PRODUCTION NO. 67:**

Plaintiff objects to this Request as vague and ambiguous as to the undefined terms "creation," "management," "editing," and "promotion."  Plaintiff objects to this Request on the grounds that it is overbroad and not reasonably tailored or proportional to the needs of this case, including because it seeks "[a]ll documents and communications" that relate to a website that is, at best, marginally relevant to the claims and defenses at issue in this case.  Plaintiff further objects to this Request as it seeks information protected by the attorney-client privilege and/or work product doctrine.  Based on the foregoing, Plaintiff will not search for or produce documents in response to this Request.

Dated: May 29, 2024

Respectfully submitted,

*/s/ John T. Ryan*
John T.  Ryan *(pro hac vice)*
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
jake.ryan@lw.com

Andrew R.  Gray (*pro hac vice*)
LATHAM &WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
andrew.gray@lw.com

9

Garrett S.  Long (*pro hac vice*)
LATHAM &WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
garrett.long@lw.com

James O.  Crewse
Texas Bar No. 24045722
CREWSE LAW FIRM PLLC
5919 Vanderbilt Ave
Dallas, TX 75206
Telephone: (214) 394-2856
jcrewse@crewselawfirm.com

*Attorneys for Plaintiff Adam Ferrari*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of May 2024, a true and correct copy of the foregoing document was served by electronic mail to the designated counsel of record in the above-captioned action.

Dated: May 29, 2024                   */s/ John T. Ryan*                                      
                                      John T. Ryan

11

# EXHIBIT A-7

APP0084

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADAM FERRARI, | Civil Action No. 3:23-cv-00455-S |
| Plaintiff, | |
| v. | |
| WILLIAM FRANCIS, | |
| Defendant. | |

## PHOENIX CAPITAL GROUP HOLDINGS, LLC'S RESPONSES AND OBJECTIONS AND AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S SUBPOENA FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, non-party Phoenix Capital Group Holdings, LLC ("Phoenix") hereby responds to Defendant William Francis' Subpoena to Produce Documents ("Requests"), dated December 28, 2023. In addition to responding to Requests Nos. 1-6 and 9-17, and 19-46, Phoenix also provides amended responses to Request Nos. 7 and 8 pursuant to the Parties' meet and confer discussions.[1]

### GENERAL OBJECTIONS

1.        These responses are made solely for the purpose of this action. Each response is subject to all objections as to relevance, materiality, proportionality, propriety, and admissibility, and any and all other objections and grounds that would require the exclusion of the responses if

---

[1] Pursuant to the Parties' agreement, Phoenix served its original responses to Requests Nos. 7, 8, and 18 on January 22, 2024. *See* Phoenix's Limited Responses to Defendant's Subpoena for Production of Documents; *see also* Dkt. Nos. 49, 53.

APP0085

such responses were to be introduced at any hearing or trial of this matter, all of which objections and grounds are reserved and may be interposed at the time of such hearing or trial.

2.      The responses are based solely on information presently known to Phoenix, based on a reasonable inquiry. Further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the present responses. Therefore, these responses are given without prejudice to Phoenix's right to produce, provide, or introduce at the time of any motion or trial such further responsive information and documents as may become known to Phoenix at a later point in time, or otherwise amend, supplement, or change these responses.

3.      Phoenix objects to any Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other common law or statutory privilege or protection, including common interest or joint defense privileges or protections, or seeks other information that is otherwise protected from discovery or disclosure. Nothing contained in these responses is intended to be nor should be considered to be a waiver of any attorney-client communication privilege, common interest privilege or protection, work-product privilege or protection, or any other applicable privilege, protection or doctrine, and to the extent that any Request may be construed as calling for disclosure of information, documents, and/or things protected by such privileges or doctrines, a continuing objection to each and every such Request is asserted. Phoenix will provide information which it believes is non-privileged and is otherwise properly discoverable.

2

APP0086

4.      Phoenix objects to the Requests to the extent they seek to impose duties and obligations greater than duties and obligations under the Federal Rules of Civil Procedure, and under all other applicable rules.

5.      Phoenix objects to the Requests to the extent they are vague, ambiguous, unduly burdensome, overbroad, oppressive, duplicative, or not limited to the discovery of information, which is relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.

6.      Phoenix objects to the Requests to the extent that they demand the production of personal and confidential information.

7.      The foregoing objections and qualifications apply to the responses contained herein and are incorporated by reference into each of the specific responses set forth below as though fully set forth therein.  The failure to mention any of the foregoing objections and qualifications in a specific response below is not intended to waive, and shall not be deemed a waiver of, any such objection or qualification.

8.      Phoenix understands that the Parties have not yet reached agreement on a protocol governing the discovery of electronically stored information ("ESI") in this case ("ESI Protocol"). Because Phoenix's production of ESI in response to any of the Requests will overlap significantly with Plaintiff's production of ESI, Phoenix's production of ESI is subject to, and will be in accordance with, the Parties' agreement on an ESI Protocol.

Without limiting the breadth and general application of these objections and qualifications, Phoenix further objects and responds to the Requests as follows:

3

APP0087

**RESPONSES TO SUBPOENA FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Unredacted and fully executed copies of the Limited Liability Company Agreement of Phoenix Capital Group Holdings, LLC, and all amendments thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Phoenix objects to this Request because it is duplicative of party and/or other nonparty discovery sought by Defendant in this action.

Subject to this objection, Phoenix will produce fully executed Limited Liability Company Agreement(s) of Phoenix Capital Group Holdings, LLC.

**REQUEST FOR PRODUCTION NO. 2:**

All documents evidencing, relating, or referring to the formation and governing documents for (a) Lion of Judah, LLC, (b) Lion of Judah Capital, LLC, and (c) Phoenix. This request includes, but is not limited to, Certificate of Formation, (fully executed copies as well as all amendments) Limited Liability Agreements (fully executed copies and all amendments thereto), Articles of Organization, Shareholder Agreements, Bylaws, Operating Agreements, and any documents provided to or received from the Secretary of State for each state where the entity is registered to do business. Should there be other entities that are listed or are signatories to those instruments requested above but which are not already listed herein, then all of the same formation and governing documents as it relates to those unnamed entities as well.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Phoenix objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case, including because it seeks "all documents" that "relate" or "refer to" a wide universe of documents. Phoenix further objects to

4

this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC, has no connection to the claims and defenses at issue in this case. Phoenix further objects to this Request as premature and duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant. Phoenix further objects to this Request as premature and duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant. Phoenix further objects to this Request because it is duplicative of party discovery sought by Defendant in this action.

Subject to these objections, Phoenix will conduct a reasonable and diligent search of reasonably accessible for formation and governing documents for Phoenix.

**REQUEST FOR PRODUCTION NO. 3:**

All documents evidencing, relating, or referring to the formation and governing documents for any entity other than Lion of Judah, LLC, Lion of Judah Capital, LLC, or Phoenix, which is also a signatory to any of the formation documents for Lion of Judah, LLC, Lion of Judah Capital, LLC or Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Phoenix objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC, has no connection to the claims and defenses at issue in this case. Phoenix further objects to this Request as premature and duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant. Phoenix further objects to this Request because it is duplicative of party

5

discovery sought by Defendant in this action. Based on the foregoing, Phoenix will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All organizational meeting minutes, resolutions, minutes of meetings, and written consents for You, in which Adam Ferrari, Lion of Judah Capital, LLC, Lion of Judah, LLC, or any fact made the basis of any lawsuit against Francis or Incline was discussed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Phoenix objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC has no connection to the claims and defenses at issue in this case. Phoenix further objects to this Request as premature and duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant. Phoenix further objects to this Request to the extent that it is duplicative of party discovery sought by Defendant in this action. Phoenix further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other common law or statutory privilege or protection, including common interest or joint defense privileges or protections, or seeks other information that is otherwise protected from discovery or disclosure.

Subject to these objections, Phoenix is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

APP0090

**REQUEST FOR PRODUCTION NO. 5:**

All communications and documents provided to any bank in which You hold or have ever held any account, to open such account. The relevant date range for this Request is March 1, 2019 to December 31, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Phoenix objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case, including because it seeks "all communications and documents" that relate to a topic that is irrelevant, or at best marginally relevant, to the claims and defenses at issue in this case.

Subject to these objections, Phoenix is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 6:**

All member, manager, shareholder, profit sharing, or voting agreements, proxies, voting trusts, or other similar agreement which govern or apply to You, Lion of Judah Capital, LLC, and Lion of Judah, LLC including all amendments thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Phoenix objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence, including because Lion of Judah, LLC has no connection to the claims and defenses at issue in this case. Phoenix further objects to this Request as premature and duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital,

7

LLC by Defendant.  Phoenix further objects to this Request to the extent that it is duplicative of party discovery sought by Defendant in this action.

Subject to these objections, Phoenix is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 9:**

Documents that evidence the identity of any person or entity who paid legal fees related to the creation of your formative and operational documents, including but not limited to your Limited Liability Company Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Phoenix objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case, including because it seeks documents that relate to a topic that is irrelevant, or at best marginally relevant, to the claims and defenses at issue in this case.  Phoenix further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other common law or statutory privilege or protection, including common interest or joint defense privileges or protections, or seeks other information that is otherwise protected from discovery or disclosure.  Phoenix further objects to this Request to the extent that it is duplicative of party discovery sought by Defendant in this action.

Subject to these objections, Phoenix is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

APP0092

**REQUEST FOR PRODUCTION NO. 10:**

Documents that evidence the identity of any person or entity who engaged any lawyer or law firm retained to draft or file your formative or operational documents, including but not limited to your Limited Liability Company Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Phoenix objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case, including because it seeks documents that relate to a topic that is irrelevant, or at best marginally relevant, to the claims and defenses at issue in this case. Phoenix further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other common law or statutory privilege or protection, including common interest or joint defense privileges or protections, or seeks other information that is otherwise protected from discovery or disclosure. Phoenix further objects to this Request to the extent that it is duplicative of party discovery sought by Defendant in this action.

Subject to these objections, Phoenix is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 11:**

All documents, including communications, between You and any other person or entity, that refer or relate to authority (actual, implied, legal, beneficial or contractual) or control exercised by Adam Ferrari with regard to your operation, management, or governance.

9

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Phoenix objects to this Request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous, and not reasonably tailored or proportional to the needs of this case, including because it seeks "all documents" and "communications" that "refer or relate to authority" (which, in turn, is also defined in an overbroad manner). Phoenix further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other common law or statutory privilege or protection, including common interest or joint defense privileges or protections, or seeks other information that is otherwise protected from discovery or disclosure.

Subject to these objections, Phoenix is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 12:**

All documents, including communications, between You and any person or entity regarding Your compliance with SEC or FINRA regulations in relation to Mr. Ferrari's role, control, ownership, governance, or work with You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Phoenix objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case, including because it seeks "all communications" regarding a wide range of topics. Phoenix further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other common law or statutory privilege or protection, including common interest or joint defense privileges or protections, or seeks other information that is otherwise protected from

10

discovery or disclosure.  Phoenix further objects to this Request to the extent that it is duplicative of party discovery sought by Defendant in this action.

Subject to these objections, Phoenix is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 13:**

All communications between You and Dalmore Capital regarding the allegations in the Amended Complaint that refer or relate to Dalmore Capital.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Phoenix objects to this Request to the extent it seeks information protected by the work-product doctrine, or any other common law or statutory privilege or protection, including common interest or joint defense privileges or protections, or seeks other information that is otherwise protected from discovery or disclosure.  Phoenix further objects to this Request because it is duplicative of party and/or other nonparty discovery sought by Defendant in this action.

Subject to these objections, Phoenix is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 14:**

All communications between You and 4 GRLZ Investments regarding the allegations in the Amended Complaint that refer or relate to 4 GRLZ Investments.

11

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Phoenix is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 15:**

All documents or information You have provided to FINRA or the SEC in connection with any request, inquiry, or subpoena from either agency, which relates, refers, or discusses Adam Ferrari, his role, title, authority, governance, ownership. or control over You, or Your compliance with SEC regulations in relation to Mr. Ferrari's role, control, authority, governance, ownership, or work with You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.  Phoenix further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, Phoenix states that it is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 16:**

All communications between You and the SEC that relate to Adam Ferrari, his role, title, authority or control over You, or Your compliance with SEC regulations in relation to Mr. Ferrari's role, control, ownership, or work with You.

12

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case. Phoenix further objects to this Request because it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence. Phoenix further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, joint defense privilege, or any other applicable rule of privilege. Based on the foregoing, Phoenix will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Documents that identify the **family member** of Your officer who controlled Lion of Judah Capital, LLC as disclosed in Your December 23, 2021 Offering Circular.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Phoenix objects to this Request as premature and duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant. Phoenix further objects to this Request to the extent that it is duplicative of party discovery sought by Defendant in this action.

Subject to these objections, Phoenix is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 19:**

All contracts, agreements, or documents signed or approved, directly or indirectly, by Adam Ferrari which were made or created in connection with any employee, contractor, or agent that You hired or contracted.

13

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Phoenix objects to this Request on the ground that it is overbroad, vague, ambiguous, and not reasonably tailored to the claims and defenses at issue in this case, including because it seeks "all contracts, agreements, or documents" that were signed or approved "directly or indirectly" with a broad range of individuals. Phoenix further objects to this Request to the extent that it is duplicative of party discovery sought by Defendant in this action.

Subject to these objections, Phoenix states is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 20:**

Any document signed by Adam Ferrari in connection with Your operation, which evidences his control or authority, including but not limited to applications for insurance, applications for credit, letters of engagement for attorneys, etc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Phoenix objects to this Request on the ground that it is overbroad, vague, ambiguous, and not reasonably tailored to the claims and defenses at issue in this case, including because it seeks "any document" signed in connection with Phoenix's "operation" (a term that is not defined or otherwise limited) in a wide range of contexts. Phoenix further objects to this Request to the extent that it is duplicative of party discovery sought by Defendant in this action. Phoenix further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other common law or statutory privilege or protection, including common

14

interest or joint defense privileges or protections, or seeks other information that is otherwise protected from discovery or disclosure.

Subject to these objections, Phoenix is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 21:**

Applications for insurance coverage submitted by You to any insurer that includes any reference to or coverage for Adam Ferrari, as an insured, an employee, an officer, or otherwise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to this objection, Phoenix will produce applications submitted by Phoenix for insurance coverage that includes coverage for Adam Ferrari.

**REQUEST FOR PRODUCTION NO. 22:**

A copy of all signature cards for any financial account for which You are or were an owner or on which You have signatory authority. The relevant time period for this Request is March 1, 2019 through the present.

15

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to this objection, Phoenix is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 23:**

A copy of any documents evidencing, referring or relating to Your offer of employment made to Lindsey Brianne Wilson or Sean Goodnight.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to this objection, Phoenix is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 24:**

A copy of all documents evidencing, referring, or relating to any application for credit or lending You submitted to any financial institution.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case, including because it seeks "all documents"

16

APP0100

that "refer" or "relate to" any application for credit or lending, regardless of scope or subject matter.

Subject to these objections, Phoenix is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 25:**

All emails sent to or from af@phxcapitalgroup.com, which relate to the facts made the basis of this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Phoenix objects to this Request on the ground that it is overbroad and unduly burdensome. Phoenix further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, joint defense privilege, or any other applicable rule of privilege.

Subject these objections, Phoenix is willing to conduct a reasonable search to produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All emails sent from af@phxcapitalgroup.com, which direct, instruct, approve, disapprove, or otherwise provide control or authority over any of Your employees, officers, or agents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Phoenix objects to this Request on the ground that it is overbroad, vague, ambiguous, and not reasonably tailored to the claims and defenses at issue in this case. Phoenix further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, joint defense privilege, or any other applicable rule of privilege. Phoenix objects

17

to this Request on the ground that it would impose an unreasonable burden and/or expense on Phoenix, particularly because it is duplicative of party and/or other nonparty discovery sought by Defendant in this action regarding Plaintiff's role and job functions at Phoenix.  Given that this Request is duplicative of Request No. 25, Phoenix directs Defendant to its response to that Request.

**REQUEST FOR PRODUCTION NO. 27:**

All emails sent to or from any other email address owned, controlled, or maintained by You which Adam Ferrari used, controlled, or had access credentials for.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Phoenix objects to this Request on the ground that it is overbroad, vague, ambiguous, and not reasonably tailored to the claims and defenses at issue in this case.  Phoenix further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, joint defense privilege, or any other applicable rule of privilege.  Given that this Request is duplicative of Request No. 25, Phoenix directs Defendant to its response to that Request.

**REQUEST FOR PRODUCTION NO. 28:**

All documents evidencing, referring, or relating to Your purchase of the URL for any website you own or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.  Based on the foregoing, Phoenix will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

Documents identifying any employee You have terminated or whose employment with You has ended.

18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to these objections, Phoenix states that it is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.  Based on the foregoing, Phoenix will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

Copies of any common interest, privilege preservation, joint defense or similar agreement between You and Adam Ferrari.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Phoenix objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, joint defense privilege, or any other applicable rule of privilege.  Without waiving any applicable privilege, Phoenix will agree to conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 31:**

Documents evidencing, referring, or relating to all capital contributions You have received.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Phoenix objects to this Request as irrelevant because it seeks information that has no connection to the claims and defenses at issue in this case.  Phoenix further objects to this Request on the ground that it is overbroad, vague, ambiguous, and not reasonably tailored to the claims and

defenses at issue in this case.  Based on the foregoing, Phoenix will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

Documents identifying each of Your current or past officers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Phoenix objects to this Request on the ground that it imposes an unreasonable burden and/or expense on Phoenix, because it is duplicative of party and/or other nonparty discovery sought by Defendant in this action.

Subject to these objections, Phoenix is willing to search for and produce documents sufficient to identify current and past officers of Phoenix.

**REQUEST FOR PRODUCTION NO. 33:**

Documents identifying each current or past member of Your Board of Directors, if any.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Phoenix objects to this Request on the ground that it imposes an unreasonable burden and/or expense on Phoenix, because it is duplicative of party and/or other nonparty discovery sought by Defendant in this action.

Subject to these objections, Phoenix is willing to search for and produce documents sufficient to identify Phoenix's current and past Board of Directors, if any.

**REQUEST FOR PRODUCTION NO. 34:**

Documents evidencing, referring, or relating to the manner in which and authority by which Your officers, directors, or managers or managing members were or are selected.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

20

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case. Phoenix further objects to this Request as vague and ambiguous.

Subject to these objections, Phoenix states that it is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 35:**

Documents that evidence, refer, or relate to any payment made by You to, or for the benefit of Adam Ferrari.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case. Phoenix further objects to this Request as vague and ambiguous.

Subject to these objections, Phoenix states that it is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 36:**

All documents evidencing, referring, or relating to the office lease or post office box rental related to 855 North Douglas Street, 2nd Floor Box #4, El Segundo, CA 90245.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

APP0105

Phoenix objects to this Request on the ground that it imposes an unreasonable burden and/or expense on Phoenix, because it is duplicative of party and/or other nonparty discovery sought by Defendant in this action.  Phoenix further objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to these objections, Phoenix will produce copies of any agreement(s) for the lease or rental of a post office box at 855 North Douglas Street, 2nd Floor Box #4, El Segundo, CA 90245, to the extent any such document exists within Phoenix's possession, custody, or control, and can be located after a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 37:**

All documents evidencing, referring, or relating to the office lease or post office box rental related to 2601 Pacific Coast Highway, Floor 2, Hermosa Beach, CA 90254.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Phoenix objects to this Request on the ground that it imposes an unreasonable burden and/or expense on Phoenix, because it is duplicative of party and/or other nonparty discovery sought by Defendant in this action.  Phoenix further objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to these objections, Phoenix will produce copies of any agreement(s) for the lease or rental of a post office box at 2601 Pacific Coast Highway, Floor 2, Hermosa Beach, CA 90254, to the extent any such document exists within Phoenix's possession, custody, or control, and can be located after a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 38:**

All documents evidencing, referring, or relating to the office lease or post office box rental related to P. O. Box 363 El Segundo, California 90245.

22

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case. Phoenix further objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to this objection, Phoenix will produce copies of any agreement(s) for the lease or rental of P. O. Box 363 El Segundo, California 90245, to the extent any such document exists within Phoenix's possession, custody, or control, and can be located after a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 39:**

Documents that identify the family member of an officer of Phoenix who contributed minerals and royalty interests to Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Phoenix objects to this Request on the ground that it is vague and ambiguous. Phoenix further objects to this Request on the grounds that it imposes an unreasonable burden and/or expense on Phoenix because it is duplicative of party and/or other nonparty discovery sought by Defendant in this action.

Subject to these objections, Phoenix states that it is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

23

**REQUEST FOR PRODUCTION NO. 40:**

All documents that evidence any relationship, contract, sale, deed, or transaction between You and (a) 4 GRLZ Investments LLC, (b) 4 GRLZ Investment's manager, Kelsey E. Fox, or (c) 4 GRLZ Investments LLC's land brokerage company FX Resources, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case. Phoenix further objects to this Request as vague and ambiguous.

Subject to these objections, Phoenix states that it is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 41:**

Communications between You and (a) 4 GRLZ Investments, LLC, (b) GRLZ Investment's manager, Kelsey E. Fox, or (c) 4 GRLZ Investments LLC's land brokerage company FX Resources, LLC related to the "packet" of information described in Your Complaint.

APP0108

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to this objection, Phoenix will produce documents responsive to this Request within Phoenix's possession, custody, or control, if any, that can be located after a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 42:**

Documents that evidence, refer, or relate to any payment made by You to, or for the benefit of Ferrari Energy LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case. Phoenix further objects to this Request as vague and ambiguous.

Subject to these objections, Phoenix states that it is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 43:**

All documents evidencing, referring, or relating to any Drilling Title Opinions, Division Order Title Opinions, Indexes and Mineral Ownership Spreadsheet / Reports, covering the states of North Dakota, Montana, Wyoming and Colorado, which were included in or constituted Lion of Judah Capital, LLC's Intangible Capital Contribution to You.

25

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Phoenix objects to this Request on the ground that it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence. Phoenix further objects to this Request as duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant. Phoenix further objects to this Request on the ground that it is overbroad, vague, ambiguous, and not reasonably tailored to the claims and defenses at issue in this case. Phoenix objects to this Request on the ground that it would impose an unreasonable burden and/or expense on Phoenix, particularly because it is duplicative of party and/or other nonparty discovery sought by Defendant in this action. Based on the foregoing, Phoenix will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All communication between You and Anthony Will or Natalie Arch, regarding public comments, articles, posts, or statements about Ferrari, including suppressing, countering, or responding to such comments or statements. The relevant time period for this Request is February 14, 2019 to May 20, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Phoenix objects to this Request as vague and ambiguous as to the terms "suppressing" and "countering." Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to these objections, Phoenix states that it is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of

26

documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 45:**

Any agreement between You and Reputation Resolutions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Phoenix objects to this Request as irrelevant because it appears to seek information that has no connection to the claims and defenses at issue in this case.

Subject to these objections, Phoenix states that it is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 46:**

All documents evidencing, relating, or referring to the formation and governing documents for any entity other than Lion of Judah, LLC, Lion of Judah Capital, LLC, or Phoenix, which is also a signatory to any of the formation documents for Lion of Judah, LLC, Lion of Judah Capital, LLC or Phoenix.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Phoenix objects to this Request as duplicative of Request No. 3, and incorporates its Response to that Request as if fully stated here.

27

## AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S SUBPOENA FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 7:**

All communications with First International Bank and Trust regarding the Transaction described in ¶ 25 of the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to General Objections, see attached documents produced by Phoenix. Further answering, see documents First International Bank and Trust and previously produced to Defendant's Counsel on or about November 20, 2023.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to this objection, Phoenix will produce documents responsive to this Request within Phoenix's possession, custody, or control, if any, that can be located after a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 8:**

All documents that evidence any contractual relationship between You and First International Bank and Trust.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Subject to General Objections, see attached documents produced by Phoenix. Further answering, see documents produced by First International Bank and Trust and previously produced to Defendant's Counsel on or about November 20, 2023.

APP0112

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to this objection, Phoenix will produce documents responsive to this Request within Phoenix's possession, custody, or control, if any, that can be located after a reasonable and diligent search of reasonably accessible materials.

Dated: April 8, 2024                             Respectfully submitted,

*/s/ John T. Ryan*
John T.  Ryan *(pro hac vice pending)*
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
jake.ryan@lw.com

Andrew R.  Gray *(pro hac vice pending)*
LATHAM &WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
andrew.gray@lw.com

Garrett S.  Long *(pro hac vice pending)*
LATHAM &WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
garrett.long@lw.com

James O.  Crewse
Texas Bar No. 24045722
CREWSE LAW FIRM PLLC
5919 Vanderbilt Ave
Dallas, TX 75206

APP0113

# EXHIBIT A-8

APP0114

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| ADAM FERRARI, | |
| Plaintiff, | Civil Action No. 3:23-cv-00455-S |
| v. | |
| WILLIAM FRANCIS, | |
| Defendant. | |

## PHOENIX CAPITAL GROUP HOLDINGS, LLC'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SUBPOENA FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, non-party Phoenix Capital Group Holdings, LLC ("Phoenix") hereby responds to Defendant William Francis' Subpoena to Produce Documents ("Requests"), dated March 27, 2024.

## GENERAL OBJECTIONS

1.      These responses are made solely for the purpose of this action. Each response is subject to all objections as to relevance, materiality, proportionality, propriety, and admissibility, and any and all other objections and grounds that would require the exclusion of the responses if such responses were to be introduced at any hearing or trial of this matter, all of which objections and grounds are reserved and may be interposed at the time of such hearing or trial.

2.      The responses are based solely on information presently known to Phoenix, based on a reasonable inquiry. Further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the present responses. Therefore, these responses are given without prejudice to Phoenix's

APP0115

right to produce, provide, or introduce at the time of any motion or trial such further responsive information and documents as may become known to Phoenix at a later point in time, or otherwise amend, supplement, or change these responses.

3. Phoenix objects to any Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other common law or statutory privilege or protection, including common interest or joint defense privileges or protections, or seeks other information that is otherwise protected from discovery or disclosure. Nothing contained in these responses is intended to be nor should be considered to be a waiver of any attorney-client communication privilege, common interest privilege or protection, work-product privilege or protection, or any other applicable privilege, protection or doctrine, and to the extent that any Request may be construed as calling for disclosure of information, documents, and/or things protected by such privileges or doctrines, a continuing objection to each and every such Request is asserted. Phoenix will provide information which it believes is non-privileged and is otherwise properly discoverable.

4. Phoenix objects to the Requests to the extent they seek to impose duties and obligations greater than duties and obligations under the Federal Rules of Civil Procedure, and under all other applicable rules.

5. Phoenix objects to the Requests to the extent they are vague, ambiguous, unduly burdensome, overbroad, oppressive, duplicative, or not limited to the discovery of information, which is relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.

6. Phoenix objects to the Requests to the extent that they demand the production of personal and confidential information.

2

7.      The foregoing objections and qualifications apply to the responses contained herein and are incorporated by reference into each of the specific responses set forth below as though fully set forth therein.  The failure to mention any of the foregoing objections and qualifications in a specific response below is not intended to waive, and shall not be deemed a waiver of, any such objection or qualification.

8.      Phoenix understands that the Parties have not yet reached agreement on a protocol governing the discovery of electronically stored information ("ESI") in this case ("ESI Protocol"). Because Phoenix's production of ESI in response to any of the Requests will overlap significantly with Plaintiff's production of ESI, Phoenix's production of ESI is subject to, and will be in accordance with, the Parties' agreement on an ESI Protocol.

Without limiting the breadth and general application of these objections and qualifications, Phoenix further objects and responds to the Requests as follows:

APP0117

## RESPONSES TO SUBPOENA FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 47:

All copies of any agreement(s) by which Brendan Bernal is required to refrain from making any statement, comment, or publication about or in reference to you or any of your officers, employees, owners, consultants, contractor, or Affiliates.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case.

Subject to this objection, Phoenix will produce documents responsive to this Request within Phoenix's possession, custody, or control, if any, that can be located after a reasonable and diligent search of reasonably accessible materials.

### REQUEST FOR PRODUCTION NO. 48:

All communications regarding any agreement(s) by which Brendan Bernal was required to refrain from making any statement, comment, or publication about or in reference to you.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case, including because this Request seeks "[a]ll communications" regarding agreements that have no relevance to the claims and defenses at issue in this case. Phoenix further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other common law or statutory privilege or protection, including common interest or joint defense privileges or protections, or seeks other information that is otherwise protected from discovery or disclosure. Based on the foregoing, Phoenix will not search for or produce documents in response to this Request.

APP0118

**REQUEST FOR PRODUCTION NO. 49:**

All communications between You and Brendan Bernal, which included, referenced or discussed Adam Ferrari.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case, including because this Request seeks "[a]ll communications" regarding agreements that have no relevance to the claims and defenses at issue in this case. Phoenix further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other common law or statutory privilege or protection, including common interest or joint defense privileges or protections, or seeks other information that is otherwise protected from discovery or disclosure. Based on the foregoing, Phoenix will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

All documents you received in response to any subpoena served in connection with any litigation involving William Francis or Incline Energy Partners, LP, including but not limited to the State Court Litigation or the Illinois Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case, including because it seeks "all" such documents from other lawsuits. Phoenix further objects to this Request to the extent that it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence. Phoenix further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine,

APP0119

or any other common law or statutory privilege or protection, including common interest or joint defense privileges or protections, or seeks other information that is otherwise protected from discovery or disclosure.

Subject to these objections, Phoenix states that it is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST FOR PRODUCTION NO. 51:**

All communications related to any subpoena you served in connection with any litigation involving William Francis or Incline Energy Partners, LP, including but not limited to the State Court Litigation or the Illinois Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Phoenix objects to this Request on the ground that it is overbroad and not reasonably tailored to the claims and defenses at issue in this case, including because it seeks "all" such documents from other lawsuits.  Phoenix further objects to this Request to the extent that it seeks information that is neither relevant to the Parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence.  Phoenix further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other common law or statutory privilege or protection, including common interest or joint defense privileges or protections, or seeks other information that is otherwise protected from discovery or disclosure.

Subject to these objections, Phoenix states that it is willing to meet and confer with Defendant regarding this Request to determine whether there is a non-objectionable universe of

APP0120

documents for which Phoenix may conduct a reasonable and diligent search of reasonably accessible materials.


Dated: April 10, 2024                  Respectfully submitted,

                                       */s/ John T. Ryan*_____
                                       John T.  Ryan *(pro hac vice pending)*
                                       LATHAM & WATKINS LLP
                                       12670 High Bluff Drive
                                       San Diego, CA 92130
                                       Telephone: (858) 523-5400
                                       jake.ryan@lw.com

                                       Andrew R.  Gray *(pro hac vice pending)*
                                       LATHAM &WATKINS LLP
                                       650 Town Center Drive, 20th Floor
                                       Costa Mesa, CA 92626
                                       Telephone: (714) 540-1235
                                       andrew.gray@lw.com

                                       Garrett S.  Long *(pro hac vice pending)*
                                       LATHAM &WATKINS LLP
                                       330 North Wabash Avenue, Suite 2800
                                       Chicago, IL 60611
                                       Telephone: (312) 876-7700
                                       garrett.long@lw.com

                                       James O.  Crewse
                                       Texas Bar No. 24045722
                                       CREWSE LAW FIRM PLLC
                                       5919 Vanderbilt Ave
                                       Dallas, TX 75206
                                       Telephone: (214) 394-2856
                                       jcrewse@crewselawfirm.com

                                       *Attorneys for Plaintiff Adam Ferrari*

APP0121

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of April 2024, a true and correct copy of the foregoing document was served by electronic mail to the designated counsel of record in the above-captioned action.

Dated: April 10, 2024                    */s/ John T. Ryan*
                                         John T. Ryan

APP0122

# EXHIBIT A-9

APP0123

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| ADAM FERRARI, | |
| Plaintiff, | Civil Action No. 3:23-cv-00455-S |
| v. | |
| WILLIAM FRANCIS, | |
| Defendant. | |

## LION OF JUDAH CAPITAL, LLC'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SUBPOENA FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, non-party Lion of Judah Capital, LLC ("Lion of Judah") hereby responds to Defendant William Francis' ("Defendant") Subpoena to Produce Documents (the "Subpoena"), dated April 3, 2024.

## GENERAL OBJECTIONS

Lion of Judah makes the following General Objections in response to the document requests in the Subpoena (the "Requests"):

1.      Lion of Judah objects to all Requests to the extent that they seek documents or information in the possession, custody or control of either Defendant or Plaintiff Adam Ferrari, since seeking the production of such documents and information from Lion of Judah, a non-party, is improper, unduly burdensome, vexatious, harassing and oppressive.

2.      Lion of Judah objects to any Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other common law or statutory privilege or protection, including common interest or joint defense privileges or protections, or seeks other information that is otherwise protected from discovery or disclosure.  Nothing

1

APP0124

contained in these responses is intended to be nor should be considered to be a waiver of any attorney-client communication privilege, common interest privilege or protection, work-product privilege or protection, or any other applicable privilege, protection or doctrine, and to the extent that any Request may be construed as calling for disclosure of information, documents, and/or things protected by such privileges or doctrines, a continuing objection to each and every such Request is asserted.  Lion of Judah will provide information which it believes is non-privileged and is otherwise properly discoverable.

3.      Lion of Judah objects to the Requests to the extent they seek to impose duties and obligations greater than duties and obligations under the Federal Rules of Civil Procedure, and under all other applicable rules.

4.      Lion of Judah objects to the Requests to the extent they are vague, ambiguous, unduly burdensome, overbroad, oppressive, duplicative, or not limited to the discovery of information, which is relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence, particularly where the Request for production is unduly burdensome in light of the cost necessary for a non-party to investigate, collect, review and produce documents as weighed against Defendant's need for and the relevance of the requested information.

5.      Lion of Judah objects to all Requests to the extent they seek information readily available through public sources or records, on the grounds that such a request unreasonably subjects Lion of Judah to undue burden and expense.

6.      The foregoing objections and qualifications apply to the responses contained herein and are incorporated by reference into each of the specific responses set forth below as though fully set forth therein.  The failure to mention any of the foregoing objections and

APP0125

qualifications in a specific response below is not intended to waive, and shall not be deemed a waiver of, any such objection or qualification.

Without limiting the breadth and general application of these objections and qualifications, Lion of Judah further objects and responds to the Requests as follows:

<u>**SPECIFIC RESPONSES AND OBJECTIONS**</u>

<u>**REQUEST NO. 1:**</u>

All documents evidencing, relating, or referring to your formation or governing documents including, but not limited to, fully executed copies as well as all amendments of your Certificate of Formation, Limited Liability Agreements (fully executed copies and all amendments thereto), Articles of Organization, Shareholder Agreements, Bylaws, Operating Agreements, and any documents provided to or received from the Secretary of State for each state where you are registered to do business.

<u>**RESPONSE TO REQUEST NO. 1:**</u>

Lion of Judah objects to this Request on the grounds that it is overly broad and unduly burdensome, including because it seeks, without limitation, "All documents" that in any way "relat[e]" to Lion of Judah's "formation or governing documents."  Lion of Judah further objects that this Request is not reasonably calculated to lead to the discovery of relevant evidence, because Lion of Judah's formation and governance is not relevant to the claims and allegations at issue in this action.  Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as publicly available sources.  Lion of Judah further objects to this Request on the grounds that it seeks documents that are subject to the attorney-client privilege.  Subject to the foregoing objections, Subject to these objections, Lion of Judah is willing to meet and confer

3

with Defendant regarding this Request to determine whether there is a non-objectionable universe of potentially relevant documents for which Lion of Judah Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST NO. 2:**

All documents evidencing, relating, or referring to the formation and governing documents for any entity (a) in which you have ever held any equity interest; (b) to which you contributed any or equity or capital; (c) from which you received any equity or capital contribution; (d) for which you are manager, operator, or member; or (d) from or to which you make or receive distributions, profits or income.

**RESPONSE TO REQUEST NO. 2:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly burdensome, including because it seeks, without limitation, "All documents" that in any way "relat[e]" to "formation or governing documents" for the subject entities. Lion of Judah further objects that this Request is not reasonably calculated to lead to the discovery of relevant evidence, because the formation and governance of "any entity" encompassed by this Request is not relevant to the claims and allegations at issue in this action. Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as the parties or publicly available sources. Lion of Judah further objects to this Request on the grounds that it seeks documents that are subject to the attorney-client privilege. Subject to these objections, Lion of Judah is willing to meet and confer with Defendant regarding this Request to determine whether

APP0127

there is a non-objectionable universe of potentially relevant documents for which Lion of Judah

Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST NO. 3:**

Documents that describe or identify Your operations, if any, corporate structure, or

capitalization.

**RESPONSE TO REQUEST NO. 3:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of relevant evidence,

including because non-party Lion of Judah's operations, corporate structure, and capitalization

are not relevant to the claims and allegations at issue in this action.  Lion of Judah further objects

to this Request insofar as it seeks documents or information available from a more convenient,

less burdensome, or less expensive source than Lion of Judah, such as the parties to this action

and/or publicly available sources.  Based on the foregoing, Lion of Judah will not search for or

produce documents in response to this Request.

**REQUEST NO. 4:**

Documents that identify all of your past and current owners, members, or managers.

**RESPONSE TO REQUEST NO. 4:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of relevant evidence,

including because the identities of non-party Lion of Judah's owners, members, or managers are

not relevant to the claims and allegations at issue in this action.  Lion of Judah further objects to

this Request insofar as it seeks documents or information available from a more convenient, less

burdensome, or less expensive source than Lion of Judah, such as the parties to this action and/or

APP0128

publicly available sources.  Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 5:**

Documents that evidence any membership, ownership (beneficial, equitable or otherwise), voting, or other interest or rights which you or any of your members or owners hold in Phoenix, Lion of Judah, LLC or Alpha & Omega Capital, LLC.

**RESPONSE TO REQUEST NO. 5:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence, including because it seeks information regarding persons and entities with no involvement in the claims and allegations at issue in this action.  Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as the parties to this action and/or publicly available sources.  Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 6:**

Documents that evidence any membership, ownership (beneficial, equitable or otherwise), voting, or other interest or rights Phoenix, Lion of Judah, LLC or Alpha & Omega Capital, LLC or any of their owners, members, or founders hold in you.

**RESPONSE TO REQUEST NO. 6:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence, including because the identities of those with voting "or other interest or rights" in Lion of Judah

6

are irrelevant to the claims and allegations at issue in this action.  Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as the parties to this action and/or publicly available sources.  Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 7:**

All documents related to ownership, formation, control, governance, investment, equity, or interest you hold in any other entity if Ferrari, Daniel Ferrari, Phoenix, Lion of Judah, LLC or Alpha & Omega Capital, LLC also hold any equity, voting or beneficial interest, are managers, members, or otherwise participated in the creation of such entity.

**RESPONSE TO REQUEST NO. 7:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly burdensome, including because it seeks, without limitation, "All documents" in any way "related to" the "ownership, formation, control, governance, investment, equity, or interest" of the subject entities.   Lion of Judah further objects that this Request is not reasonably calculated to lead to the discovery of relevant evidence, because the formation and governance of any entities encompassed by this Request is not relevant to the claims and allegations at issue in this action. Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah,

such as the parties to this action and/or publicly available sources.  Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 8:**

Documents that evidence, refer, or relate to the origin of any capital you received, directly or indirectly, from Ferrari.

**RESPONSE TO REQUEST NO. 8:**

Lion of Judah objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, including because it seeks, without limitation, any documents that in any way "relate to the origin" of capital that Lion of Judah may have "directly or indirectly" received from Plaintiff.  Lion of Judah further objects that this Request is not reasonably calculated to lead to the discovery of relevant evidence, because the origin of any such capital is not relevant to the claims and allegations at issue in this action.  Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as parties to this action.  Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 9:**

Documents that evidence, refer, or relate to any capital you provided, directly or indirectly, to Phoenix, Lion of Judah, LLC or Lion of Judah Capital, LLC.

**RESPONSE TO REQUEST NO. 9:**

Lion of Judah objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, including because it seeks, without limitation, any documents that in any way "relate to" any capital that Lion of Judah may have "directly or indirectly"

APP0131

provided to the subject entities.  Lion of Judah further objects that this Request is not reasonably

calculated to lead to the discovery of relevant evidence, because information regarding any

"capital" Lion of Judah may have provided to the subject entities has no relevance to the claims

and allegations at issue in this action.  Lion of Judah further objects to this Request as

nonsensical to the extent it seeks documents related to capital that Lion of Judah provided to

Lion of Judah.  Based on the foregoing, Lion of Judah will not search for or produce documents

in response to this Request.

**REQUEST NO. 10:**

Documents evidencing, referring or relating to any distribution, profit, payment, transfer,

assignment or conveyance of any form of asset, including intangible assets, to (a) Ferrari; (b)

Lion of Judah, LLC, (c) Phoenix; (d) Alpha & Omega Capital, LLC.

**RESPONSE TO REQUEST NO. 10:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly

burdensome, including because it seeks, without limitation, any documents that in any way

"relat[e] to" any "assets" that Lion of Judah may have provided to the subject individuals or

entities.  Lion of Judah further objects that this Request is not reasonably calculated to lead to the

discovery of relevant evidence, because information regarding any "assets" Lion of Judah may

have provided to the subject individuals or entities has no relevance to the claims and allegations

at issue in this action.  Lion of Judah further objects to this Request insofar as it seeks documents

or information available from a more convenient, less burdensome, or less expensive source than

APP0132

Lion of Judah, such as the parties to this action.  Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 11:**

Any document you provided to Phoenix for inclusion or discussion in any document or information Phoenix filed with or provided to the SEC.

**RESPONSE TO REQUEST NO. 11:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence, including because whether or not Lion of Judah may have provided documents to Phoenix in connection with any of Phoenix's filings or communications to the SEC has no relevance to the claims and allegations at issue in this action.  Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as the parties to this action and/or publicly available sources.  Lion of Judah further objects to this Request on the grounds that it seeks documents that are subject to the attorney-client privilege and/or work product doctrine.  Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 12:**

Any document you provided directly or indirectly (including through Phoenix) to any financial institution, if provided in connection with a loan or financing sought by Phoenix.

**RESPONSE TO REQUEST NO. 12:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence,

APP0133

including because whether or not Lion of Judah may have provided documents to Phoenix in connection with any of Phoenix's financing activities has no relevance to the claims and allegations at issue in this action.  Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 13:**

Any document filed or served by You or on Your behalf with any regulatory or government entity, including but not limited to, any Secretary of State, the IRS, the SEC, any state, county, or municipal entity.

**RESPONSE TO REQUEST NO. 13:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence, including because it broadly seeks "Any document" that non-party Lion of Judah has ever filed with "any regulatory or government entity" for a five-year period, without even attempting to limit the request to documents, if any, that are arguably relevant to the claims and allegations at issue in this action.  Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as publicly available sources.  Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 14:**

All documents that evidence, refer, or relate to any assets transferred to You, directly or indirectly through any other person or entity, by Ferrari.

APP0134

**RESPONSE TO REQUEST NO. 14:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly burdensome, including because it seeks, without limitation, "All documents" that in any way "relate" to any "assets" Lion of Judah may have received "directly or indirectly" from Plaintiff. Lion of Judah further objects that this Request is not reasonably calculated to lead to the discovery of relevant evidence, because the "direct or indirect" transfer of assets from Plaintiff to Lion of Judah has no relevance to the claims and allegations at issue in this action. Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as the parties to this action. Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 15:**

All communications referencing or referring to the Lawsuit.

**RESPONSE TO REQUEST NO. 15:**

Lion of Judah objects to this Request on the grounds that it is overly broad and unduly burdensome, including because it seeks, without limitation, "All communications" that refer to this action. Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as the parties to this action. Lion of Judah further objects to this Request on the grounds that it seeks documents that are subject to the attorney-client privilege and/or the work product doctrine. Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

APP0135

Dated: April 17, 2024                    Respectfully submitted,

                                         */s/ John T. Ryan*
                                         John T.  Ryan *(pro hac vice)*
                                         LATHAM & WATKINS LLP
                                         12670 High Bluff Drive
                                         San Diego, CA 92130
                                         Telephone: (858) 523-5400
                                         jake.ryan@lw.com

                                         Andrew R.  Gray *(pro hac vice)*
                                         LATHAM &WATKINS LLP
                                         650 Town Center Drive, 20th Floor
                                         Costa Mesa, CA 92626
                                         Telephone: (714) 540-1235
                                         andrew.gray@lw.com

                                         Garrett S.  Long *(pro hac vice)*
                                         LATHAM &WATKINS LLP
                                         330 North Wabash Avenue, Suite 2800
                                         Chicago, IL 60611
                                         Telephone: (312) 876-7700
                                         garrett.long@lw.com

                                         James O.  Crewse
                                         Texas Bar No. 24045722
                                         CREWSE LAW FIRM PLLC
                                         5919 Vanderbilt Ave
                                         Dallas, TX 75206
                                         Telephone: (214) 394-2856
                                         jcrewse@crewselawfirm.com

                                         *Attorneys for Plaintiff Adam Ferrari*

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April 2024, a true and correct copy of the foregoing document was served by electronic mail to the designated counsel of record in the above-captioned action.

Dated: April 17, 2024                 */s/ John T. Ryan*
                                      John T. Ryan

14

# EXHIBIT A-10

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

ADAM FERRARI,

      Plaintiff,

      v.

WILLIAM FRANCIS,

      Defendant.

Civil Action No. 3:23-cv-00455-S

## ALPHA AND OMEGA CAPITAL, LLC'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SUBPOENA FOR PRODUCTION OF DOCUMENTS

      Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, non-party Alpha and Omega Capital, LLC ("Alpha and Omega") hereby responds to Defendant William Francis' ("Defendant") Subpoena to Produce Documents (the "Subpoena"), dated April 3, 2024.

## GENERAL OBJECTIONS

      Alpha and Omega makes the following General Objections in response to the document requests in the Subpoena (the "Requests"):

      1.     Alpha and Omega objects to all Requests to the extent that they seek documents or information in the possession, custody or control of either Defendant or Plaintiff Adam Ferrari, since seeking the production of such documents and information from Alpha and Omega, a non-party, is improper, unduly burdensome, vexatious, harassing and oppressive.

      2.     Alpha and Omega objects to any Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other common law or statutory privilege or protection, including common interest or joint defense privileges or protections, or seeks other information that is otherwise protected from discovery or

1

disclosure.  Nothing contained in these responses is intended to be nor should be considered to be a waiver of any attorney-client communication privilege, common interest privilege or protection, work-product privilege or protection, or any other applicable privilege, protection or doctrine, and to the extent that any Request may be construed as calling for disclosure of information, documents, and/or things protected by such privileges or doctrines, a continuing objection to each and every such Request is asserted.  Alpha and Omega will provide information which it believes is non-privileged and is otherwise properly discoverable.

3.      Alpha and Omega objects to the Requests to the extent they seek to impose duties and obligations greater than duties and obligations under the Federal Rules of Civil Procedure, and under all other applicable rules.

4.      Alpha and Omega objects to the Requests to the extent they are vague, ambiguous, unduly burdensome, overbroad, oppressive, duplicative, or not limited to the discovery of information, which is relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence, particularly where the Request for production is unduly burdensome in light of the cost necessary for a non-party to investigate, collect, review and produce documents as weighed against Defendant's need for and the relevance of the requested information.

5.      Alpha and Omega objects to all Requests to the extent they seek information readily available through public sources or records, on the grounds that such a request unreasonably subjects Alpha and Omega to undue burden and expense.

6.      The foregoing objections and qualifications apply to the responses contained herein and are incorporated by reference into each of the specific responses set forth below as though fully set forth therein.  The failure to mention any of the foregoing objections and

2

qualifications in a specific response below is not intended to waive, and shall not be deemed a waiver of, any such objection or qualification.

Without limiting the breadth and general application of these objections and qualifications, Alpha and Omega further objects and responds to the Requests as follows:

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 1:

All documents evidencing, relating, or referring to your formation or governing documents including, but not limited to, fully executed copies as well as all amendments of your Certificate of Formation, Limited Liability Agreements, Articles of Organization, Shareholder Agreements, Bylaws, Operating Agreements, and any documents provided to or received from the Secretary of State for each state where you are registered to do business.

### RESPONSE TO REQUEST NO. 1:

Alpha and Omega objects to this Request on the grounds that it is overly broad and unduly burdensome, including because it seeks, without limitation, "All documents" that in any way "relat[e]" to Alpha and Omega's "formation or governing documents." Alpha and Omega further objects that this Request is not reasonably calculated to lead to the discovery of relevant evidence, because Alpha and Omega's formation and governance is not relevant to the claims and allegations at issue in this action. Alpha and Omega further objects to this Request on the grounds that it seeks documents that are subject to the attorney-client privilege. Based on the foregoing, Alpha and Omega will not search for or produce documents in response to this Request.

APP0141

**REQUEST NO. 2:**

All documents evidencing, relating, or referring to the formation and governing documents for any entity (a) in which you have ever held any equity interest; (b) to which you contributed any or equity or capital; (c) from which you received any equity or capital contribution; (d) for which you are manager, operator, or member; or (d) from or to which you make or receive distributions, profits or income.

**RESPONSE TO REQUEST NO. 2:**

Alpha and Omega objects to this Request on the grounds that it is overly broad, unduly burdensome, including because it seeks, without limitation, "All documents" that in any way "relat[e]" to "formation or governing documents" for the subject entities.  Alpha and Omega further objects that this Request is not reasonably calculated to lead to the discovery of relevant evidence, because the formation and governance of "any entity" encompassed by this Request is not relevant to the claims and allegations at issue in this action.  Alpha and Omega further objects to this Request on the grounds that it seeks documents that are subject to the attorney-client privilege.  Based on the foregoing, Alpha and Omega will not search for or produce documents in response to this Request.

**REQUEST NO. 3:**

Documents that evidence the identity of any person or entity that has ever held any membership interest in you.

**RESPONSE TO REQUEST NO. 3:**

Alpha and Omega objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence, including because the identities of non-party Alpha and Omega's members are not relevant to the

4

claims and allegations at issue in this action.  Based on the foregoing, Alpha and Omega will not search for or produce documents in response to this Request.

**REQUEST NO. 4:**

Documents that evidence the identity of any person or entity that held a membership interest in you as of September 15, 2021.

**RESPONSE TO REQUEST NO. 4:**

Alpha and Omega objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence, including because the identity of non-party Alpha and Omega's members are not relevant to the claims and allegations at issue in this action.  Based on the foregoing, Alpha and Omega will not search for or produce documents in response to this Request.

**REQUEST NO. 5:**

Documents that evidence any membership, ownership (beneficial, equitable or otherwise), voting, or other interest or rights which you or any of your members or owners hold in Phoenix, Lion of Judah, LLC or Lion of Judah Capital, LLC.

**RESPONSE TO REQUEST NO. 5:**

Alpha and Omega objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence, including because any "interest(s) or rights" that non-party Alpha and Omega may have in any entity, including the identified entities, are not relevant to the claims and allegations at issue in

APP0143

this action.  Based on the foregoing, Alpha and Omega will not search for or produce documents in response to this Request.

**REQUEST NO. 6:**

Documents that evidence any membership, ownership (beneficial, equitable or otherwise), voting, or other interest or rights Phoenix, Lion of Judah, LLC or Lion of Judah Capital, LLC or any of their owners, members, or founders hold in you.

**RESPONSE TO REQUEST NO. 6:**

Alpha and Omega objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence, including because the identities of those with voting "or other interest or rights" in Alpha and Omega are not relevant to the claims and allegations at issue in this action.  Based on the foregoing, Alpha and Omega will not search for or produce documents in response to this Request.

**REQUEST NO. 7:**

All documents related to ownership, formation, control, governance, investment, equity, or interest you hold in any other entity if Ferrari, Daniel Ferrari, Phoenix, Lion of Judah, LLC or Lion of Judah Capital, LLC also hold any equity, voting or beneficial interest, are managers, members, or otherwise participated in the creation of such entity.

**RESPONSE TO REQUEST NO. 7:**

Alpha and Omega objects to this Request on the grounds that it is overly broad, unduly burdensome, including because it seeks, without limitation, "All documents" in any way "related to" the "ownership, formation, control, governance, investment, equity, or interest" of the subject entities.   Alpha and Omega further objects that this Request is not reasonably calculated to lead

APP0144

to the discovery of relevant evidence, because the formation and governance of any entities encompassed by this Request is not relevant to the claims and allegations at issue in this action. Alpha and Omega further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Alpha and Omega, such as the parties to this action.  Based on the foregoing, Alpha and Omega will not search for or produce documents in response to this Request.

**REQUEST NO. 8:**

Documents that evidence, refer, or relate to the origin of any capital you received, directly or indirectly, from Ferrari.

**RESPONSE TO REQUEST NO. 8:**

Alpha and Omega objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, including because it seeks, without limitation, any documents that in any way "relate to the origin" of capital that Alpha and Omega may have "directly or indirectly" received from Plaintiff.  Alpha and Omega further objects that this Request is not reasonably calculated to lead to the discovery of relevant evidence, because the origin of any such capital is not relevant to the claims and allegations at issue in this action. Alpha and Omega further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Alpha and Omega, such as the parties to this action.  Based on the foregoing, Alpha and Omega will not search for or produce documents in response to this Request.

**REQUEST NO. 9:**

Documents that evidence, refer, or relate to any capital you provided, directly or indirectly, to Phoenix, Lion of Judah, LLC or Lion of Judah Capital, LLC.

APP0145

**RESPONSE TO REQUEST NO. 9:**

Alpha and Omega objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, including because it seeks, without limitation, any documents that in any way "relate to" any capital that Alpha and Omega may have "directly or indirectly" provided to the subject entities. Alpha and Omega further objects that this Request is not reasonably calculated to lead to the discovery of relevant evidence, because information regarding any "capital" Alpha and Omega may have provided to the subject entities has no relevance to the claims and allegations at issue in this action. Based on the foregoing, Alpha and Omega will not search for or produce documents in response to this Request.


Dated: April 17, 2024                     Respectfully submitted,

                                          */s/ John T. Ryan*
                                          John T.  Ryan *(pro hac vice)*
                                          LATHAM & WATKINS LLP
                                          12670 High Bluff Drive
                                          San Diego, CA 92130
                                          Telephone: (858) 523-5400
                                          jake.ryan@lw.com

                                          Andrew R.  Gray *(pro hac vice)*
                                          LATHAM &WATKINS LLP
                                          650 Town Center Drive, 20th Floor
                                          Costa Mesa, CA 92626
                                          Telephone: (714) 540-1235
                                          andrew.gray@lw.com

                                          Garrett S.  Long *(pro hac vice)*
                                          LATHAM &WATKINS LLP
                                          330 North Wabash Avenue, Suite 2800
                                          Chicago, IL 60611
                                          Telephone: (312) 876-7700
                                          garrett.long@lw.com

                                          James O.  Crewse
                                          Texas Bar No. 24045722

APP0146

CREWSE LAW FIRM PLLC
5919 Vanderbilt Ave
Dallas, TX 75206
Telephone: (214) 394-2856
jcrewse@crewselawfirm.com

*Attorneys for Plaintiff Adam Ferrari*

9

APP0147

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 17th day of April 2024, a true and correct copy of the foregoing document was served by electronic mail to the designated counsel of record in the above-captioned action.

Dated: April 17, 2024                  */s/ John T. Ryan*
                                               John T. Ryan

APP0148

# EXHIBIT A-11

APP0149



Charlene Koonce
214.327.5000
charlene@brownfoxlaw.com

March 21, 2024

**Via Email:** garrett.long@lw.com
Garrett Long
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611

      Re:    *Adam Ferrari v. William Francis*, No. 3:23-cv-00455-S, In the United States
              District Court for the Northern District of Texas, Dallas Division; Document
              Production

Dear Garrett:

      In accordance with Northern District of Texas precedent, we write to address, again, the continuing deficiencies in Plaintiff's ("Ferrari") and Phoenix Capital Group Holdings, LLC's ("Phoenix") document productions and to provide an opportunity for each to cure those deficiencies. If we are unable to resolve these issues, this letter also satisfies the certification requirement prior to a motion to compel required by the Federal and Local Rules.

**A.**      **General Objections**

      As you are aware, in advance of mediation, Ferrari and Phoenix agreed to respond to five specific requests for production to "facilitate a meaningful mediation." In the "Limited Responses" served by Phoenix and Ferrari, both asserted "General Objections," and made each Response "subject to" those General Objections. This practice is expressly prohibited in the Northern District of Texas. *Heller v. City of Dallas*, 303 F.R.D. 466, 486–87 (N.D. Tex. 2014) ("[T]he practice of responding to interrogatories and documents requests 'subject to' and/or 'without waiving' objections is "manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure."). Please revise each of Phoenix's and Ferrari's Responses, delete this phrase where necessary, and for each Response clarify whether you are withholding any documents or information based on any objection or privilege asserted at in the Responses.

**B.**      **Improper Use of "AEO" Designation**

      In addition to serving responses to the five Requests for Production, Ferrari agreed to produce documents he had previously received in response to a subpoena from the Dalmore Group

APP0150

("Dalmore").  As discussed in numerous letters and emails, Ferrari's production made on January 22, 2024 almost exclusively comprised documents Ferrari had received from Dalmore.  More specifically, of 43,678 documents no less than 43,600 were from the "Dalmore Production."  Of the entire production, it appears Ferrari and Phoenix intended to produce 99% as AEO and the remainder as "Confidential," although those designations were not placed on a single document.  None of the documents were Bates labeled (almost none were pdf images) and no load files were produced.

Despite our immediate communications about these improper designations and the format of the production, as well your assurances that Ferrari intended to replace the production in which all documents were appropriately labeled and designated, to date—nearly six weeks after the production was due—we have received 371 documents (approximately 5,000 pages).  This practice is improper, and sanctionable. *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 4430955, at *7 (S.D. Fla. July 20, 2015) (awarding sanctions for "absurd" practice of branding 95% of documents as AEO); *Healthtrio, LLC v. Aetna, Inc.*, No. 12-CV-03229-REB-MJW, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014) (granting motion to strike confidentiality designations and awarding sanctions, where "[d]efendant has not provided any satisfactory explanation as to why 90% of its production of documents belongs in a category "reserved for *extremely sensitive* 'Confidential' information" raising a "*substantial* risk of [competitive] harm.").

Your latest email suggests you now may be unwilling to re-produce the entire Dalmore production with proper "AEO" or "Confidential" designations and perhaps intend to only correct the designations on the 371 documents you have reproduced to date.  As documents you received in response to a subpoena served on Dalmore, however, we are entitled to the entire production, without the improper AEO designations.

## C.    Incomplete Production

As discussed in several prior letters, emails, and over the telephone, Ferrari and Phoenix produced almost no documents that were responsive to the five agreed-upon document requests.  Specifically, it appears that only nine responsive documents were produced in response to Request No. 1 directed to Ferrari ("1. All documents evidencing, relating, or referring to the formation and governing documents for Lion of Judah, LLC, Lion of Judah Capital, LLC, and Phoenix. This request includes, but is not limited to, Certificate of Formation, Limited Liability Agreements and all amendments thereto, Articles of Organization, Shareholder Agreements, Bylaws, Operating Agreements, and any documents provided to or received from the Secretary of State for each state where the entity is registered to do business"); seventy documents were produced in response to Request No. 7 to Phoenix ("7. All communications with First International Bank and Trust regarding the Transaction described in ¶ 25 of the Amended Complaint"); and one document was produced in response to Request No. 8 directed to Phoenix ("All documents that evidence any contractual relationship between You and First International Bank and Trust.").  No responsive documents were produced in response to the two additional requests.

In addition to the failure to produce virtually all of what was requested in Request No. 1, the production in response to Request Nos. 7 and 8 is obviously incomplete given (a) the absence of the first loan agreement between Phoenix and FIBT referenced in several of the documents that were produced, (b) documents referenced as attachments in communications with FIBT that were

not produced, (c) the absence of any communication from FIBT by which it purportedly terminated the loan referenced in Mr. Ferrari's Complaint, and, (d) the failure to produce the original of each communication rather than just some of the emails forwarding certain communications. Failing to produce documents that are responsive violates Ferrari's obligations under the Rules and is sanctionable. *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 510 (N.D. Tex. 2016), *objections overruled sub nom., Orchestratehr, Inc. v. Trombetta*, No. 3:13-CV-2110-KS-BH, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

**D.      No Privilege Log**

The Responses from both Ferrari and Phoenix assert an objection to the purported inclusion of privileged documents. To date, however, we have not received a privilege log from either Ferrari or Phoenix. Such a log is required under the Federal Rules and Northern District precedent. *See Heller v. City of Dallas*, 303 F.R.D 466, 486 (N.D. Tex. 2014) (citing Fed. R. Civ. P. 26(b)(5)(A)). While this obligation exists irrespective of any request by opposing counsel, we have formally requested a log. Please let me know when a log will be produced.

**E.      Objection to DocuSign Subpoena**

Finally, based on Phoenix's or Ferrari's objection, we have not yet received a response to our subpoena served on DocuSign, originally due on February 8, 2024. In communications in early February, we agreed that certain information could be redacted from that production, and in your latest communication you requested that we accept a spreadsheet that provides certain information rather than a production on which information you deem confidential is redacted. We will agree that initially, DocuSign may respond to the subpoena with a spreadsheet that provides the following information for each responsive document: Envelope ID; the role of the Phoenix/Ferrari Energy party involved (sender, signer, copied, etc.); the title of the document or a general description of the subject matter of the document (i.e., mineral deed, NDA agreement, consulting agreement, etc.); the User Name and email of the Phoenix/Ferrari Energy party involved; and the date sent or signed. Upon receipt of the spreadsheet, we will designate documents that should be produced, with any necessary redactions.

**F.      Impending Deadlines**

Documents responsive to the remaining outstanding Requests for Production from Ferrari (two sets, one due on April 6 and one due on April 10) and Phoenix (due on April 6) are likely to be voluminous. Given the rate at which you are "replacing" the improper and incomplete first production, we are concerned about our ability to satisfy the expert designation deadline, as well as the ability to prepare for and take depositions well in advance of the close of discovery.

This letter accordingly requests amended Responses, removing the General Objections and stating whether responsive documents have been withheld; a complete, appropriately labeled production of all documents produced on January 22, 2024; a complete and responsive production of all documents responsive to the five requests that were due on or before January 22, 2024, including, but not limited to the documents already identified as missing; a privilege log; the agreed-upon Excel spreadsheet production from DocuSign for our further review and designation of documents that should be produced; and a timely production responsive to the additional

March 21, 2024<br>Page 4

Requests due next month.  Unless we receive each of these items very soon we will need to either seek extensions to the deadlines in the current Scheduling Order or file a motion to compel.

      No later than the close of business on Monday March 25, 2024, please provide a specific date by which we will receive the documents and information described above, or your proposal to amend the Scheduling Order.

                Sincerely,

                */s/ Charlene C. Koonce*

                Charlene C. Koonce

cc:    James Crewes [jcrewse@crewselawfirm.com](mailto:jcrewse@crewselawfirm.com)

**APP0153**

# EXHIBIT A-12



Charlene Koonce
214.327.5000
charlene@brownfoxlaw.com

March 28, 2024

**Via Email:** garrett.long@lw.com
Garrett Long
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611

Re:     *Adam Ferrari v. William Francis*, No. 3:23-cv-00455-S, In the United States
District Court for the Northern District of Texas, Dallas Division; Document
Production

Dear Garrett:

As noted in my March 21 letter, we continue to be concerned about the delays in receiving documents that were due in January while deadlines, particularly the deadline to designate experts, are approaching. Although you have indicated "it makes sense to review the current schedule," I don't believe you've actually agreed to seek an amendment. Please clarify. And if you are agreeable to seeking amendment of the Scheduling Order, please provide a draft motion that includes the dates that you are proposing.

With respect to your message below:

**(1)     The Dalmore Production**

The Joint Motion for a Stay provided Ferrari and Phoenix's agreement to produce the "Dalmore Production," which was all documents produced by Dalmore; not what Phoenix or Ferrari deemed relevant from the production. We object to any effort to restrict or limit that production now. The fact that Dalmore produced those documents in response to a subpoena served in furtherance of this and related litigation makes every document they produced relevant. To eliminate any question in this regard, we will be serving Mr. Ferrari and Phoenix with an additional RFP seeking production of every document received in response to any subpoena.

Further, we do not agree that the manner of production (missing Bates #s with improper AEO/Confidential Designations) was the result of an "expedited" process. Indeed, your predecessor flatly refused to produce documents in any other manner and that is presumably why even non "Dalmore" documents were produced in the same way—with no Bates #s and with improper indications of AEO/Confidential designations intended for virtually every

APP0155

document.   But even if the manner of production had been the result of time constraints, the same cannot be said for the continuing failure to correct the production, two months later.

For clarity, this letter (and all prior communications by which Francis requested removal of improper AEO and Confidential designations) constitutes Francis's request pursuant to ¶ 4 of the Agreed Protective Order, Dkt. 54, that Ferrari remove all such improper designations in all documents produced on 1/22/24.

**(2)**     **DocuSign**

With respect to DocuSign, at no time did we agree that production of a spreadsheet that did not include a description of the subject documents would suffice.  Since DocuSign indicates it is unable to provide a spreadsheet that includes that information which we will need to determine whether to ask for unredacted copies of any documents and to eliminate the burden on a third-party imposed by your objection, we are agreeable to allowing you to review the documents for information that you contend is not relevant.  Your redactions should leave intact the following information on each document: Envelope ID; the role of the Phoenix/Ferrari Energy party involved (sender, signer, copied, etc.); the title of the document or a general description of the subject matter of the document (i.e., mineral deed, NDA agreement, consulting agreement, etc.); the User Name and email of the Phoenix/Ferrari Energy party involved; and the date sent or signed.  We will also request the spreadsheet from DocuSign.   Once we receive the redacted documents from you, we anticipate requesting unredacted documents, or at least documents with only very limited redactions.

The basis for the deadline on this production is of course our continuing concerns about the current deadlines in the Scheduling Order, as well as the delay that your objection has already caused.   We are now well over a month past the date responsive documents should have been produced from DocuSign and the deadline to designate experts is approaching with other deadlines also running.  We need confirmation of a reasonable date on which you will produce the redacted documents or an amended Scheduling Order.  If two weeks is unworkable, please provide a specific date by which you agree to provide us with the redacted documents for our further review or provide a proposed motion for amendment of the scheduling order.

**(3)**     **Rolling Production and ESI Protocol**

We look forward to continuing discussions regarding the ESI protocol.  While you understand your hesitancy to provide a firm date by which Ferrari and Francis will have completed their document production,  given the current deadlines in the Scheduling Order as well as our need to move forward with discovery, we need either your firm commitment to file a motion to amend the Scheduling Order seeking new dates that are agreeable to both sides, or firm dates on which you anticipate you will have (at least substantially) completed production of (1) the Dalmore production; (2) all documents responsive to the First and Second Sets of Discovery from Ferrari; and (3) documents responsive to the first Subpoena served on Phoenix.   In my experience, even in litigation far more complex than this and where the parties continue to negotiate their ESI search terms and protocols, parties can and do commit to dates of substantial completion as well as additional interim deadlines.

March 28, 2024
Page 3

**(4)     Bernal Deposition**

May 7th doesn't work for us.  Please let us know if May 1st or 2nd work on your side.

**(5)     Continuing, But Unaddressed Discovery Deficiencies**

Your communications are not clear regarding your intention to re-produce and re-designate all documents originally produced on 1/22/24, or whether you are stating that you are withholding documents that were already produced.  Please confirm that the entire Dalmore production will be reproduced with proper (limited) AEO and Confidential designations, as well as Bates #s.  Similarly, please confirm that any other document produced on 1/22/24 will be re-produced, with appropriate Confidentiality or AEO designations.  Additionally, please provide a date by which you intend to complete this re-production. Baring receipt of confirmation in this regard or an agreed motion to amend the scheduling order, you will leave us no choice but to address this matter with the Court.

I don't believe you have spoken to the absence of a privilege log.  Please advise when you will provide one for any documents that have been withheld in connection with the 1/22/24 production.

Similarly, you have not addressed our request to amend Ferrari and Francis's written responses to Francis's discovery and delete responses made "subject to" general objections.  Please advise.

Likewise, you have not addressed the failure to produce documents that were due on 1/22/24 and which have been withheld, for instance the attachments to an email Phoenix sent to FIBT in support of the loan Phoenix was seeking from FIBT.  Please advise when these documents will be produced.

Finally, but perhaps most importantly, while you have alluded to agreement to consider amending the scheduling order, you have not expressly provided agreement to do so, proposed dates for inclusion in such a motion to amend, or, in the alternative, produced the documents that are currently being withheld.

Sincerely,

*/s/ Charlene C. Koonce*

Charlene C. Koonce

cc:     James Crewse

**APP0157**

# EXHIBIT A-13

APP0158



Charlene Koonce
214.327.5000
charlene@brownfoxlaw.com

May 21, 2024

**Via Email:** jake.ryan@lw.com
Jake Ryan
Latham & Watkins LLP
12670 High Bluff Drive
San Diego, CA 92130

Re:     *Adam Ferrari v. William Francis*, No. 3:23-cv-00455-S, In the United States
        District Court for the Northern District of Texas, Dallas Division; "Meet and
        confer" regarding Discovery Responses

Dear Jake:

William Francis ("Defendant") is in receipt of Adam Ferrari's ("Plaintiff") Responses and Objections to Defendant's First and Second Sets of Requests for Production of Documents, Second Set of Requests for Admissions and First Set of Interrogatories (collectively, the "Responses"). As specified below, the Responses contain various improper and meritless objections. We request that you amend the Responses to omit these objections, produce responsive documents, and supplement the substantive information requested.   If Defendant is not willing to amend and supplement as requested below, please provide availability for a call to comply with the Standing Order Regarding Dispositive Motions, Dkt. 75 ("the Discovery Order").

At the outset, we note that the parties have been engaged in ongoing discussions regarding the revisions to the ESI protocol for several months but appear to have reached an agreement. Particularly given the extensive (and unnecessary) delays in negotiating the ESI protocol, the ESI protocol should not serve as a justification to withhold production of documents. We therefore request your expedited attention to this matter to facilitate the timely progression of discovery.

A.      **General Objections and "Subject to"**

The Responses improperly assert and incorporate "General Objections." This practice is prohibited in the Northern District of Texas. *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) ("general objections violate the letter and spirit of Rule 26(g)"); *see also* Standing Order on Discovery and Non-Dispositive Motions ("Standing Discovery Order"), Dkt. 75, p. 8 ("General or boilerplate objections are invalid."). Similarly, the Responses improperly use the phrase "subject to these objections," which is also expressly prohibited.  *Heller*, 303 F.R.D. at

486–87 ("[T]he practice of responding to interrogatories and documents requests 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.") (internal quotation marks omitted). Indeed, you previously agreed to amend Ferrari's discovery responses to delete the general objections and "subject to" responses in your correspondence dated April 4, 2024. Yet Ferrari's amended Responses still contain these improper objections. Please revise the Responses to remove these improper objections, and for each Response please clarify whether you are withholding any requested documents or information based on any objection or privilege asserted in the Responses.

## B.     Lion of Judah, LLC / Alpha and Omega Capital, LLC

Requests for Production Nos. 1–4, 6, 9, 11–14, and 17 seek materials related to "Lion of Judah, LLC," based on dozens of Phoenix's SEC filings (such as here and here) that reference an entity of that name. This includes filings that describe Lion of Judah as "ha[ving] the power to select the manager of our Company in its sole discretion." These Requests, therefore, properly seek materials relevant to the control and management of Phoenix, which are central issues in this case and directly bear on the defense of truth. Accordingly, there is no merit to your objection that Lion of Judah "has no connection to the claims and defenses at issue in this case." Additionally, your contention (in an email from Garrett Long to Charlene Koonce on March 27, 2024) that "there is no relationship with an entity named 'Lion of Judah, LLC'" is plainly inconsistent with Phoenix's SEC filings.  Accordingly, please remove this objection.

Similarly, Requests for Production Nos. 16–18 seek materials related to "Alpha and Omega Capital, LLC, based on Phoenix's SEC Filings containing the following statement: "During the year ended December 31, 2020, the Company received as a capital contribution minerals and royalty interests from an entity controlled by a family member of an officer of the Company. The officer also holds membership interests in Alpha and Omega Capital, LLC." Accordingly, Alpha and Omega Capital, LLC is directly relevant to issues related to capitalization, which in turn is directly relevant to control over Phoenix. These issues are, again, central to the truth of Ferrari's claim  and to Francis's defense. Thus, there is no merit to your assertion that "Alpha and Omega Capital, LLC has no connection to the claims and defenses in this case."

Please amend your responses, remove these meritless objections and confirm that Ferrari will produce the requested documents.

## C.     Boilerplate and "Reasonably Calculated" Objections

Ferrari's Responses are replete with invalid boilerplate objections. *See* Standing Discovery Order, Dkt. 75, p. 8 ("General or boilerplate objections are invalid."). Specifically, Ferrari's objection to Requests 1–15, 22–26, [unnumbered],[1] 29–50, and 54–56 as "overbroad and not reasonably tailored to the claims and defenses at issue" is improper. *Longoria v. Cnty. of Dallas, Tex.*, No. 3:14-CV-3111-L, 2015 WL 3822233, at *2 (N.D. Tex. June 19, 2015) ("[A] party resisting discovery must show how the requested discovery was overly broad, burdensome, or

---

[1] Please note that Defendant's First Set of Requests for Production of Documents unintentionally omitted the numbering sequence between Requests 27 and 28, resulting in an unnumbered request (hereinafter, the "Unnumbered" request).

oppressive by submitting affidavits or offering evidence revealing the nature of the burden." (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005)); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578 (N.D. Tex. 2018) (Horan, J.) ("[O]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections."); *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 419 (N.D. Tex. 2021) (Horan, J.) (same). Please withdraw these objections and produce any documents withheld based on these objections.

Similarly, Ferrari's relevance objections to Requests 3, 4, 6–9, 11–18, 22, 27–28, 33–34, 39–48, 50–53, and 56 are improper because they are purely conclusory assertions, with no explanation of how the Requests seek irrelevant documents. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (party resisting discovery must show specifically how each Request is not relevant or otherwise objectionable). Indeed, these boilerplate objections may result in waiver of all objections. *Bevill v. City of Quitman, Tex.*, No. 4:19-CV-00406, 2022 WL 14318439, at *5 (E.D. Tex. Oct. 24, 2022) (holding all "boilerplate, nonspecific relevancy objections" in addition to other similarly asserted boilerplate objections, waived). Please withdraw these objections and produce any documents withheld based on these objections.

Additionally, your objections to Requests 3, 4, 6–9, 11–18, 22, 27 40–48, and 50–53 on the basis that they "seek information that is neither relevant to the parties' claims and defenses nor reasonably calculated to lead to discovery of admissible evidence" are asserted in boilerplate fashion and are also improper on the merits. The "reasonably calculated" standard your Responses reference is obsolete. As courts in the Northern District of Texas have repeatedly explained: "The 2015 amendments to Rule 26 deleted 'from the definition of relevance information that appears 'reasonably calculated to lead to the discovery of admissible evidence' because '[t]he phrase has been used by some, incorrectly, to define the scope of discovery' and 'has continued to create problems' given its ability to 'swallow any other limitation on the scope of discovery.'" *Baker v. Walters*, 652 F. Supp. 3d 768, 778 (N.D. Tex. 2023) (Horan, J.) (quoting *Lopez*, 327 F.R.D. at 573); *see also* Standing Discovery Order, Dkt. 75, p. 8 ("[T]o be relevant under Rule 26(b)(1), a document or information still need not, by itself, prove or disprove a claim or defense or have strong probative force or value."). Moreover, the requested materials are relevant to the claims and defenses at issue in this case, particularly Defendant's defense as to the truth of the allegedly defamatory statements. The communications and documents requested in Requests 3, 4, 9–18, 27, 40–48, and 50–53 will reflect or relate to Ferrari's role, directly or indirectly, in capitalizing and/or running and controlling Phoenix, as well as potentially, his efforts to conceal his control and ownership. Documents related to the ongoing investigations by FINRA and the SEC (Requests 6–8) are relevant to Ferrari's undisclosed role and his practice of defrauding mineral owners and investors. The same is true of documents evidencing claims asserted against Ferrari (Request 22) in which he was alleged to have engaged in dishonesty, and allegations in those lawsuits may also speak to Ferrari and Phoenix's lack of credibility. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470–71 (N.D. Tex. 2005) ("Relevant information encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."). Please withdraw these objections and produce any documents withheld based on these objections.

**D.      "Duplicative" Objections**

Your objection to Requests 1–4, 6, 9, 11–14, 17, 27, 40–47, 49, and 51–53 as "duplicative as to Lion of Judah Capital, LLC because a document subpoena has been issued to Lion of Judah Capital, LLC by Defendant" lacks merit. You provide no reason for why it would be less burdensome or expensive for Lion of Judah, rather than Ferrari, to provide the requested materials. Indeed, Lion of Judah is represented by the same counsel as Ferrari and has objected that the requested documents are "available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as the parties to this action and/or publicly available sources." Neither Ferrari, nor Lion of Judah, may properly withhold the requested documents, and it is certainly improper (and reflects an attempt to obstruct discovery) for both to purport to do so. Please withdraw these objections and produce any documents withheld based on these objections.

**E.      "Temporally Overbroad" Objections**

Nor do your objections to Requests 9, 10 and 37 as "temporally overbroad" hold any weight. You contend that Requests 9 and 10 are overbroad because they "seek documents generated after November 30, 2023, when Plaintiff was named as CEO of Phoenix." But materials generated after Plaintiff was named CEO of Phoenix are directly relevant to the defense of truth because they bear on Ferrari's conduct and role as CEO, which is relevant to assessing and establishing the nature of Ferrari's conduct and role during the disputed period. Likewise, Request 37 does not "seek[] documents that predate any claims or defenses at issue in this case" as you assert since the prior banking relationship between Phoenix and FIBT is relevant, particularly as to Ferrari's role in negotiating the loan and controlling Phoenix's efforts to obtain it, and potentially, to damages. Please withdraw this objection and produce any documents withheld on this basis.

**F.      Privilege Objections**

Ferrari asserts objections based on work product or attorney-client privilege as to Requests 6, 8, 24, 34–35, 41, 43–44, 48–49, 54, and 56 but you have not provided any privilege log. A party claiming privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A); *see also SmartPhone Techs. LLC v. Apple, Inc.*, No. 6:10-cv-74 LED-JDL, 2013 WL 789285, at *3 (E.D. Tex. Mar. 1, 2013) (party claiming privilege must "provide a log that provides facts [sufficient] . . . to establish each element of the privilege or immunity that is claimed."). Indeed, the instructions to the Requests expressly requested a privilege log in the event any privilege assertion was made. As requested below, no later than thirty days of when a privileged document is withheld from production, please provide a privilege log that complies with the Rules or withdraw Ferrari's privilege objection.

**G.      Vagueness and Ambiguity Objections**

Your objections of vagueness and ambiguity to Requests Unnumbered, 33–34, 36, 39, 42–44, 48–50, and 55 are not well-founded. The terms contained therein are clear and straightforward. Ferrari's objections improperly fail to explain how or what is vague and ambiguous about the requests and fail to attribute ordinary definitions to these words in responding

to the Requests. *See* Standing Discovery Order, Dkt. 75, pp. 9–10 ("If part or all of a request or interrogatory is vague and ambiguous, the responding or answer party . . . must exercise reason and common sense to attribute ordinary definitions to any terms and phrases [and] must explain the specific and particular way in which the request or interrogatory is vague or ambiguous [and] must explain its understanding of the vague and ambiguous terms and phrases and state that its response or answer is based on that understanding[.]"). Please withdraw this objection or otherwise revise the Responses to explain your understanding of these Requests, why you think they are ambiguous, and what you are producing (or withholding) based on that understanding.

## H.     Responses to Requests for Admissions

Likewise, your Responses raise similar baseless objections to Defendant's Second Set of Requests for Admissions. Ferrari's Responses to Requests 27–28, 30–32 again raise the obsolete "reasonably calculated" standard, which has been rejected by courts in the Northern District of Texas. *See Baker*, 652 F. Supp. 3d at 778; *Lopez*, 327 F.R.D. at 573.

Ferrari's objections to Requests 27–32 based on vagueness and ambiguity are misplaced, as those Requests are properly phrased.  The terms or phrases contained therein are clear, and you have neither explained what is vague or ambiguous about them nor stated your understanding of these Requests. Indeed, your Response to Request 28 did not even attempt to point out what is vague or ambiguous but merely stated that "as currently phrased, it is vague and ambiguous in this context." Please amend your Responses accordingly.

Ferrari's objections to relevance for Requests 27–28, 30–33 are not well founded. As before, each of these Requests reflect or relate to Ferrari's role in running and controlling Phoenix, as well as potentially, his efforts to conceal his control.  Please amend your Responses, remove these objections, and supplement your admissions accordingly.

## I.     Interrogatory Answers

Your answers to Interrogatories also contain baseless objections and must be amended.

Interrogatory Nos. 1, 2, 3, and 4:

Your objection to providing information regarding damages as "premature[]" because that information "is the subject of expert testimony" is misguided. Interrogatory No. 1 merely seeks a description of the manner in which damages were sustained, not expert valuation. Moreover, the objection of ongoing investigation is not a valid reason for withholding information regarding the damages already claimed. Ferrari is required to "answer each interrogatory . . . to the full[est] extent" possible based on "all sources of responsive information reasonably available to [Ferrari] and providing the responsive, relevant facts reasonably available to [him]." Standing Discovery Order, Dkt. 75, p. 7.

Similarly, your objection to Interrogatory Nos. 2–4 based on an ongoing investigation and/or alleged concealment of misconduct is not a valid basis for withholding information regarding the allegedly defamatory statements identified in Ferrari's Complaint, any known reputational harm, and any known persons or entities that Ferrari contends defamed him.

Moreover, your answer to Interrogatory No. 3 fails to address, substantively, the information requested in the Interrogatory. Likewise, your answer to Interrogatory No. 4 largely fails to provide any responsive information.  Please amend your response to these Interrogatories and provide all requested information currently available to you and confirm that your answer is based on all available information.

Interrogatory No. 5:

Your objections to Interrogatory No. 5 are inapt. As an initial matter, this Interrogatory does not seek production of documents but, rather, a description of communications related to related party transactions. Your objection as to the vagueness again fails to explain how or what was ambiguous about the term or your understanding of that term. In any event, we direct you to how the term "related party transaction" is used in Phoenix's SEC Filings, including, for example, the following: "CERTAIN RELATIONSHIPS AND RELATED PARTY TRANSACTIONS . . . During the fiscal year ended December 31, 2020, the Company received mineral and royalty interests as a capital contribution by Lion of Judah Capital, LLC, an entity controlled by a family member of an officer of the Company."

Your boilerplate objection that this Interrogatory "is overbroad, unduly burdensome, not proportional to the needs of the case, and seeks irrelevant information" is also improper. *See supra* Part C. Indeed, as evidenced by Phoenix's SEC disclosures, this Interrogatory is directly relevant to the claims and defenses at issue, including truth, because it bears on capitalization and control over Phoenix. And, contrary to your assertion that this Interrogatory is "without temporal restriction," the instructions to the Interrogatories limit the relevant time frame to "February 1, 2020 to February 1, 2023."

Please remove these improper objections and amend your answer to this Interrogatory.

**Please provide amended responses, answers, and all responsive documents no later than the close of business on June 4, 2024. Additionally, if you are withholding any documents based on a claim of privilege, please provide a privilege log that complies with the Rules no later than no later than thirty days of when a privileged document is withheld from production.  We are requesting these amendments in the hopes that a further Joint Conference is unnecessary as a predicate to a motion to compel.**

Sincerely,

*Charlene Koonce*

Charlene C. Koonce

cc:      James Crewes jcrewse@crewselawfirm.com

# EXHIBIT A-14

APP0165



Charlene Koonce
214.327.5000
charlene@brownfoxlaw.com

May 21, 2024

**Via Email:** jake.ryan@lw.com
Jake Ryan
Latham & Watkins LLP
12670 High Bluff Drive
San Diego, CA 92130

Re:   *Adam Ferrari v. William Francis*, No. 3:23-cv-00455-S, In the United States
District Court for the Northern District of Texas, Dallas Division; Phoenix's
Responses to Defendant's Subpoena for Production of Documents

Dear Jake:

William Francis ("Defendant") is in receipt of Phoenix Capital Group Holdings, LLC's
("Phoenix") Responses and Objections to Defendant's First and Second Subpoena for Production
of Documents dated December 28, 2023 and March 27, 2024 (collectively, the "Responses"). The
Responses contain unjustified and meritless objections. As specified below, please amend
Phoenix's Responses to omit the objections discussed below and produce responsive documents.

**A.     General Objections and "Subject to"**

The Responses improperly assert and incorporate "General Objections." This practice is
prohibited. *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) ("general objections
violate the letter and spirit of Rule 26(g)"); *see also* Standing Order on Discovery and Non-
Dispositive Motions ("Standing Discovery Order"), Dkt. 75, p. 8 ("General or boilerplate
objections are invalid."). Similarly, the Responses improperly use the phrase "subject to these
objections," which is also expressly prohibited. *Heller*, 303 F.R.D. at 486–87 ("[T]he practice of
responding to interrogatories and documents requests 'subject to' and/or 'without waiving'
objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in
the Federal Rules of Civil Procedure.") (internal quotation marks omitted). Your Responses
contain these improper objections. Please revise the Responses to remove these improper
objections, and for each Response please clarify whether you are withholding any requested
documents or information based on any objection or privilege asserted in the Responses.

**B.      Lion of Judah, LLC**

Requests 2–4, 6, and 46 seek materials related to "Lion of Judah, LLC," based on dozens of your SEC filings (such as here and here) that reference an entity of that name. This includes filings that describe Lion of Judah as "ha[ving] the power to select the manager of our Company in its sole discretion." These Requests, therefore, properly seek materials relevant to the control and management of Phoenix, which are central issues in this case and directly bear on the defense of truth. Thus, there is no merit to your objection that Lion of Judah "has no connection to the claims and defenses at issue in this case." Additionally, your contention (in an email from Garrett Long to Charlene Koonce on March 27, 2024) that "there is no relationship with an entity named 'Lion of Judah, LLC'" is plainly inconsistent with Phoenix's SEC filings.  Accordingly, please remove this objection.

**C.      Boilerplate and "Reasonably Calculated" Objections**

Phoenix's Responses are replete with invalid boilerplate objections. *See* Standing Discovery Order, Dkt. 75, p. 8 ("General or boilerplate objections are invalid."). Specifically, Phoenix's objection to Requests 2, 5, 7–12, 15–16, 19–29, 31, 34–38, 40–44, and 47–51 as "overbroad" and/or "not reasonably tailored" to this case is improper. *Longoria v. Cnty. of Dallas, Tex.*, No. 3:14-CV-3111-L, 2015 WL 3822233, at \*2 (N.D. Tex. June 19, 2015) ("[A] party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005)); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578 (N.D. Tex. 2018) (Horan, J.) ("[O]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections."); *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 419 (N.D. Tex. 2021) (Horan, J.) (same). Please withdraw these objections and produce any documents withheld based on these objections.

Similarly, Phoenix's relevance objections to Requests 2–4, 6, 9–10, 15–16, 31, 45, and 48–51 are improper because they are purely conclusory assertions, with no explanation of how the Requests seek irrelevant documents. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (party resisting discovery must show specifically how each Request is not relevant or otherwise objectionable). Indeed, these boilerplate objections may result in waiver of all objections. *Bevill v. City of Quitman, Tex.*, No. 4:19-CV-00406, 2022 WL 14318439, at \*5 (E.D. Tex. Oct. 24, 2022) (holding all "boilerplate, nonspecific relevancy objections" in addition to other similarly asserted boilerplate objections, waived). Please withdraw these objections and produce any documents withheld based on these objections.

Additionally, your objections to Requests 2–4, 6, 15–16, 43, and 50–51 on the basis that they "seek[] information that is neither relevant to the parties' claims and defenses nor reasonably calculated to lead to discovery of admissible evidence" are asserted in boilerplate fashion and are also improper on the merits. The "reasonably calculated" standard your Responses reference is obsolete. As courts have repeatedly explained: "The 2015 amendments to Rule 26 deleted 'from the definition of relevance information that appears 'reasonably calculated to lead to the discovery of admissible evidence' because '[t]he phrase has been used by some, incorrectly, to define the scope of discovery' and 'has continued to create problems' given its ability to 'swallow any other limitation on the scope of discovery.'" *Baker v. Walters*, 652 F. Supp. 3d 768, 778 (N.D. Tex.

2023) (Horan, J.) (quoting *Lopez*, 327 F.R.D. at 573); *see also* Standing Discovery Order, Dkt. 75, p. 8 ("[T]o be relevant under Rule 26(b)(1), a document or information still need not, by itself, prove or disprove a claim or defense or have strong probative force or value."). Moreover, the requested materials are relevant to the claims and defenses at issue in this case, particularly Defendant's defense as to the truth of the allegedly defamatory statements. The communications and documents requested in Requests 2–4, 6, 9–10, 31, 45, and 48–51 will reflect or relate to Ferrari's role, directly or indirectly, in capitalizing and/or controlling Phoenix, as well as potentially, his efforts to conceal his control and ownership. Documents related to the ongoing investigations by FINRA and the SEC (Requests 15–16) are relevant to Ferrari's undisclosed role and his practice of defrauding mineral owners and investors. The same is true of documents evidencing an agreement with Reputation Resolutions (Request 45) which also relates to the issue of damages. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470–71 (N.D. Tex. 2005) ("Relevant information encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."). Please withdraw these objections and produce any documents withheld based on these objections.

## D.     "Duplicative" Objections

Your objection to Requests 1–4, 6, 9–10, 12–13, 17, 19–20, 26, 32–33, 36–37, 39, and 43 as "duplicative" of party and/or other nonparty discovery sought by Defendant in this action lacks merit. You provide no reason for why it would be less burdensome or expensive for another source to provide the requested materials. Indeed, the possible alternative sources—including Lion of Judah Capital, LLC and the only other litigation party, i.e., Ferrari—are represented by the same counsel as Phoenix and have objected on similar grounds. Neither Phoenix, nor Ferrari or Lion of Judah, may properly withhold the requested documents on this basis, and it is certainly improper (and reflects an attempt to obstruct discovery) for all of them to purport to do so. Please withdraw these objections and produce any documents withheld on the basis of these objections.

## E.     Privilege Objections

Phoenix asserts objections based on work product or attorney-client privilege as to Requests 4, 9–13, 16, 20, 25–27, 30, and 48–51 but you have not provided any privilege log. A person withholding subpoenaed information under a claim of privilege must "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." FED. R. CIV. P. 45(e)(2)(A); *see also Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 55 (N.D. Tex. 2015) (stating that subpoenaed nonparty "will be required to comply with Federal Rule of Civil Procedure 45(e)(2) to the extent that it withholds from production in response to the Subpoena as modified any responsive documents on the grounds of attorney-client privilege, work product, or other privilege"). Indeed, the instructions to the Requests expressly requested a privilege log in the event any privilege assertion was made.

**F.      Vagueness and Ambiguity Objections**

Finally, your objections of vagueness and ambiguity to Requests 11, 19, 20, 26–27, 31, 34–35, 39–40, and 42–44 are not well-founded. The terms and phrases contained therein are clear and straightforward. Phoenix's objections improperly fail to explain how or what is vague and ambiguous about the requests and fail to attribute ordinary definitions to these words and phrases in responding to the Requests. *See* Standing Discovery Order, Dkt. 75, pp. 9–10 ("If part or all of a request or interrogatory is vague and ambiguous, the responding or answer party . . . must exercise reason and common sense to attribute ordinary definitions to any terms and phrases [and] must explain the specific and particular way in which the request or interrogatory is vague or ambiguous [and] must explain its understanding of the vague and ambiguous terms and phrases and state that its response or answer is based on that understanding[.]"). Please withdraw this objection or otherwise revise the Responses to explain your understanding of these Requests, why you think they are ambiguous, and what you are producing (or withholding) based on that understanding.

**Please provide amended responses, answers, and all responsive documents no later than the close of business on June 4, 2024. Additionally, if you are withholding any documents based on a claim of privilege, please provide a privilege log that complies with the Rules no later than no later than thirty days of when a privileged document is withheld from production. We are requesting these amendments in the hopes that court intervention is unnecessary.**

Sincerely,

Charlene Koonce

Charlene C. Koonce

cc:      James Crewes jcrewse@crewselawfirm.com

# EXHIBIT A-15

APP0170

12670 High Bluff Drive
San Diego, California 92130
Tel: +1.858.523.5400  Fax: +1.858.523.5450
www.lw.com

# LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

June 24, 2024

**VIA EMAIL**

Charlene Koonce
Brown Fox PLLC
8111 Preston Road, Suite 300
Dallas, Texas 75225
charlene@brownfoxlaw.com

> Re:   **Adam Ferrari v. William Francis, No. 3:23-cv-00455-S, In the United States District Court for the Northern District of Texas, Dallas Division**

Counsel:

We write in response to your May 21, 2024 letters relating to discovery in this matter, in which Defendant raises overlapping issues about certain responses and objections served by non-parties Alpha and Omega Capital, LLC ("Alpha and Omega"), Lion of Judah Capital, LLC ("LOJC"), and Phoenix Capital Group Holdings, LLC ("Phoenix") in connection with Defendant's subpoenas for the production of documents (collectively, the "Non-Party Responses").[1]

### A.   **Procedural Background**

As an initial matter, we note that neither side has produced any party documents since the stay of discovery was lifted on March 6, 2024, and the Court very recently entered the parties' ESI Protocol Stipulation and Agreed Order on June 6, 2024, which will enable the parties to move forward with document production efforts.

### B.   **Responses and Objections to Non-Party Subpoenas**

Turning to the specific issues raised in your letters—*first*, Defendant complains that the Non-Party Responses use general objections and the phrase "subject to".  In the interest of compromise, the Non-Parties will agree to remove the "General Objections" and "subject to" language, and not rely on such objections and wording for purposes of producing documents.  For

---

[1] This correspondence responds to your letters addressed to non-parties Alpha and Omega, LOJC, and Phoenix.  We will provide a separate response to your letter directed to Plaintiff Adam Ferrari.

LATHAM&WATKINS<sup>LLP</sup>

the avoidance of doubt, however, the Non-Parties note their responses and objections <u>contain specific objections and explanations</u>.  *See e.g.*, Alpha and Omega Capital, LLC's Responses and Objections to Defendant's Subpoena for the Production of Documents ("Alpha and Omega Responses") at 3-4 (objecting to Request Nos. 1-2 as overly broad and unduly burdensome, and quoting the specific parts of the request that make it so); *id.* at 3-8 (objecting to Request Nos. 1-9 on relevance grounds and specifying how each request seeks irrelevant information); Lion of Judah Capital, LLC's Responses and Objections to Defendant's Subpoena for Production of Documents ("LOJC Responses") at 3-4, 7-12 (objecting to Request Nos. 1-2, 7-10, 13-15 as overly broad and unduly burdensome, and quoting the specific parts of the request that make it so); Apr. 8, 2024 Phoenix Capital Group Holdings, LLC's Responses and Objections and Amended Responses and Objections to Defendant's Subpoena for Production of Documents ("Apr. 8 Phoenix Responses") at 4, 10, 14 (objecting to Request Nos. 2, 11-12, 19-20 as overly broad and unduly burdensome, and quoting the specific parts of the request that make it so); *id.* at 14, 26 (objecting on vagueness and ambiguity grounds, and quoting specific undefined terms used in Request Nos. 20 and 44).

*Second*, Defendant takes issue with the form of the Non-Party Responses, broadly asserting that the objections raised—including on the grounds of relevance,[2] scope, burden, vagueness, and ambiguity—are "boilerplate" and/or lack merit, and unilaterally demands that the non-parties withdraw the objections and produce documents.  We disagree:  as they are currently phrased, Defendant's non-party document requests are not tailored to the claims and defenses at issue in this case, and they are often facially overboard and unclear.

For example, as noted in the Non-Party Responses, numerous document requests are not particularized and therefore impose an undue burden on the non-parties.  *See e.g.*, LOJC Responses at 11 (objecting to Request No. 13, which seeks "<u>Any document</u> filed or served by You or on Your behalf with any regulatory or government entity, <u>including but not limited to</u>, any Secretary of State, the IRS, the SEC, any state, county, or municipal entity.") (emphasis added); *id.* at 12 (objecting to Request No. 15, which seeks "All communications referencing or referring to the Lawsuit."); Apr. 8 Phoenix Responses at 7 (objecting to Request No. 5, which seeks nearly a year's worth of "All communications and documents provided to any bank in which You hold or have ever held any account, to open such account."); *id.* at 18 (objecting to Request No. 27, which seeks "<u>All emails</u> sent to or from any other email address owned, controlled, or maintained by You which Adam Ferrari used, controlled, or had access credentials for.") (emphasis added); *id.* at 25 (objecting to Request No. 42, which seeks " Documents that evidence, <u>refer, or relate</u> to any payment made by You to, you for, or for the benefit of Ferrari Energy LLC.") (emphasis added); *see also Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 54 (N.D. Tex. 2015) (modifying subpoena and sustaining most of a non-party's objections because document requests were "facially overbroad and pose[d] an undue burden" by calling for non-party to "turn over apparently every document related to the Movie that [non-party], as a single-purpose entity, was created and exists to make, regardless of the documents' direct connection [the party's] claims").

---

[2]  We agree to revise the few relevance objections in the Phoenix Responses that use the term "admissible."  Regardless of the exact phrasing, the non-parties' relevance objections stand.

LATHAM & WATKINS LLP

Similarly, several non-party document requests seek wholly irrelevant information regarding entities having nothing to do with the claims and defenses in this case. *See generally,* Alpha and Omega Responses (objecting to Requests No. 1-9 on relevance grounds); *see also Bavely Tr. of AAA Sports, Inc. v. Panini Am., Inc.,* 2023 WL 3686806, at *7 (E.D. Tex. Jan. 27, 2023) (noting that while "[r]elevance is a low bar," it is not a "a license to engage in an unwieldy, burdensome, and speculative fishing expedition.").

Further, for many of these Non-Party Responses, we invited Defendant to meet and confer to determine "whether there is a non-objectionable universe of potentially relevant documents for which the [non-party] may conduct a reasonable and diligent search." *See e.g.*, LOJC Responses at 3-4 (stating LOJC is willing to meet and confer regarding Request Nos. 1 and 2); Apr. 8 Phoenix Responses at 6-17, 19, 21, 23-27 (stating Phoenix is willing to meet and confer regarding Request Nos. 4-6, 9-15, 17, 19-20, 22-24, 29, 34-35, 39-40, 42, and 44-45); Apr. 10, 2024 Phoenix Capital Group Holdings, LLC's Responses and Objections to Defendant's Subpoena for Production of Documents ("Apr. 10 Phoenix Responses") at 6 (stating Phoenix is willing to meet and confer regarding Request Nos. 50-51).

*Third,* Defendant demands that the non-parties provide privilege logs in light of the attorney-client privilege objections in the Non-Party Responses. However, no documents have been produced by the non-parties, so no information is currently being withheld on the basis of any privilege. As discussions regarding the proper scope of non-party discovery continue and documents are produced, if any, the non-parties will provide privilege logs within a reasonable time. *See Am. Fed'n,* 313 F.R.D. at 55-56 (noting privilege log may follow "within a reasonable time" after privilege objections are lodged, particularly where subpoena was "facially overbroad" and non-party "had no obligation to undertake the task of lodging objections to a potentially vast array of protected materials that technically fell within the scope of the subpoenas").

*Finally*, regarding "Lion of Judah, LLC," we understand that this entity does not actually exist (and the references to "Lion of Judah, LLC" in the SEC filings relate, instead, to LOJC).

*         *         *

To the extent that Defendant's complaints are rooted in issues of timing, we note that the parties filed a joint request to extend the case deadlines by 6 months on April 30, 2024, so the April 7, 2025 discovery cut-off is approximately a year away. In view of that extension, there is ample time for us to meet and confer in the coming weeks to reach agreement on these issues (or, at the very least, narrow the disputes at issue).

Sincerely,

Jake Ryan
of LATHAM & WATKINS LLP

# EXHIBIT B

APP0174

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ADAM FERRARI, | | Civil Action No.: 3:23-cv-455 |
| | Plaintiff, | |
| v. | | |
| WILLIAM FRANCIS, | | |
| | Defendant. | |

**DECLARATION OF ANDREW R. GRAY**
**IN SUPPORT OF JOINT REPORT REGARDING**
**DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING**
**NOTICE OF INTENT TO  DEPOSE DEFENDANT, AND BRIEF IN SUPPORT**

I, Andrew R. Gray, declare as follows:

1.     I am an attorney with the law firm of Latham & Watkins LLP, counsel of record for Plaintiff Adam Ferrari in the above-captioned action (the "~~Action~~").  I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would testify competently thereto.

2.     This declaration is filed in support of the Joint Report Regarding Defendant's Motion for Protective Order Regarding Notice of Intent to Depose Defendant.

3.     Attached hereto as **Exhibit B-1** is a true and correct copy of email correspondence dated June 14, 2024 to July 9, 2024, between Charlene Koonce and Andrew Gray *et al*.

4.     Attached hereto as **Exhibit B-2** is a true and correct copy of email correspondence dated June 14, 2024 to July 9, 2024, between Charlene Koonce and Andrew Gray *et al*.

5.     Attached hereto as **Exhibit B-3** is a true and correct copy of email correspondence dated July 12, 2024 to July 15, 2024, between Charlene Koonce and Andrew Gray *et al*.

6.     Attached hereto as **Exhibit B-4** is a true and correct copy of a letter from Andrew Gray to Charlene Koonce, dated June 28, 2024.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 18, 2024.

*/s/ Andrew R. Gray*
Andrew R. Gray

# EXHIBIT B-1

APP0177

| | |
|---|---|
| **From:** | Gray, Andrew (OC) |
| **Sent:** | Tuesday, July 9, 2024 11:06 AM |
| **To:** | Charlene Koonce; Cort Thomas; Patterson, Karen (OC); Andrew Debter; Paulette Miniter; Shannon Latham |
| **Cc:** | Ryan, Jake (SD); Long, Garrett (CH); Ji, Josh (OC); Ranae Ladieu; Kimberley O'Rourke |
| **Subject:** | RE: Adam Ferrari v. William Francis | 3:23-cv-455 |

Charlene,

A party has no right to unilaterally stay discovery with meritless seriatim motions to dismiss and stay.  We served notice for a deposition of Mr. Francis on June 14, have offered multiple dates of availability, and have been met only with delay.  While we are willing to schedule the deposition on a date convenient for counsel and Mr. Francis, we are not willing to postpone indefinitely.  Therefore, if you are unwilling to provide available dates in July by Thursday, July 11, we will schedule the deposition on a date that works for us, and pursue appropriate remedies if Mr. Francis does not appear.

With respect to the depositions of Mr. Lieb and BioRegenx, we do not expect the depositions to go forward on the originally noticed dates.  We will confirm dates and file an amended notice of deposition once we have finalized a date with the witnesses, just as you did with Mr. Bernal.  Neither party has filed a motion to quash to our knowledge.

We have not yet received productions from the three parties noted below.

**Andrew Gray**

**LATHAM & WATKINS** LLP
650 Town Center Drive | 20th Floor | Costa Mesa, CA 92626-1925
D: +1.714.755.8017 | M: +1.714.313.5702

---

**From:** Charlene Koonce <charlene@brownfoxlaw.com>
**Sent:** Wednesday, July 3, 2024 3:54 PM
**To:** Gray, Andrew (OC) <Andrew.Gray@lw.com>; Cort Thomas <cort@brownfoxlaw.com>; Patterson, Karen (OC) <KAREN.PATTERSON@LW.com>; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>
**Cc:** Ryan, Jake (SD) <Jake.Ryan@lw.com>; Long, Garrett (CH) <Garrett.Long@lw.com>; Ji, Josh (OC) <Josh.Ji@lw.com>; Ranae Ladieu <ranae@brownfoxlaw.com>; Kimberley O'Rourke <korourke@brownfoxlaw.com>
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

Andrew,  we believe it is inappropriate for Mr. Francis to sit for a deposition while our motion to stay, just filed, is pending.  Likewise, we also believe it is improper for him to sit for a deposition while the parties are still conferring regarding the many, many documents that are improperly designated AEO.

Because Plaintiff did not confer in advance of scheduling either the Lieb deposition, currently set for July 16, or the BioRegenx  deposition, currently set for July 19th, and because both are set in New York and thus require travel for Defendant's counsel, we request that you confirm at least a week in advance of each whether (1) you have served each deposition subpoena; (2) whether any motion to quash has been filed for either; and  (3) whether you expect to reset the date based on any other consideration.

APP0178

Also, please let us know whether Plaintiff received any production in response to subpoenas served on Google, Reddit, and Northern Oil & Gas, and if so, when we can expect to receive copies.



**CHARLENE KOONCE**
📞 214.367.7503
BROWNFOXLAW.COM

**From:** Andrew.Gray@lw.com <Andrew.Gray@lw.com>
**Sent:** Tuesday, July 2, 2024 11:11 AM
**To:** Charlene Koonce <charlene@brownfoxlaw.com>; Cort Thomas <cort@brownfoxlaw.com>; KAREN.PATTERSON@LW.COM; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>
**Cc:** Jake.Ryan@lw.com; Garrett.Long@lw.com; Josh.Ji@lw.com
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

[EXTERNAL EMAIL] Do not open links or attachments if you cannot verify the sender.

Charlene,

Following up on the message below regarding a date for Mr. Francis' deposition. Please provide dates of availability within the requested week as soon as possible.

**Andrew Gray**

**LATHAM & WATKINS** LLP
650 Town Center Drive | 20th Floor | Costa Mesa, CA 92626-1925
D: +1.714.755.8017 | M: +1.714.313.5702

---

**From:** Gray, Andrew (OC)
**Sent:** Friday, June 21, 2024 8:06 AM
**To:** 'Charlene Koonce' <charlene@brownfoxlaw.com>; Cort Thomas <cort@brownfoxlaw.com>; Patterson, Karen (OC) <Karen.Patterson@lw.com>; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>
**Cc:** Ryan, Jake (SD) <Jake.Ryan@lw.com>; Long, Garrett (CH) <Garrett.Long@lw.com>; Ji, Josh (OC) <Josh.Ji@lw.com>
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

Charlene,

Following up on the first point below, we can be available any during the week of July 22 for the deposition of Will Francis. Please let us know which date that that week will work.

**Andrew Gray**

**LATHAM & WATKINS** LLP
650 Town Center Drive | 20th Floor | Costa Mesa, CA 92626-1925
D: +1.714.755.8017 | M: +1.714.313.5702

---

**From:** Charlene Koonce <charlene@brownfoxlaw.com>
**Sent:** Tuesday, June 18, 2024 11:51 AM

APP0179

**To:** Cort Thomas <cort@brownfoxlaw.com>; Patterson, Karen (OC) <KAREN.PATTERSON@LW.com>; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>
**Cc:** Ryan, Jake (SD) <Jake.Ryan@lw.com>; Long, Garrett (CH) <Garrett.Long@lw.com>; Ji, Josh (OC) <Josh.Ji@lw.com>; Gray, Andrew (OC) <Andrew.Gray@lw.com>
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

Andrew, thank you for agreeing last night to reset Mr. Francis's deposition.  Please provide us with several alternate dates and we will let you know what works on our side.

Additionally, thank you for agreeing to accept service of a subpoena directed to Ms. Gust.  The Amended Subpoena is attached.  Please confirm your acceptance of service by completing the attached confirmation and returning it to me.


My understanding of what we decided on our call regarding DocuSign is as follows:

1. Except as discussed regarding medical documents, we requested unredacted copies of every document in which Ferrari is reflected as the signer. You  believe Plaintiff will agree to remove redactions from all DocuSign documents where Ferrari was the "signer," but are confirming with your client.

2. We requested unredacted copies of any document that reflects Ferrari as the envelope originator or having received "record tracking."  You are seeking understanding regarding the meaning of those terms, and we will discuss on our call on Thursday.

3. We are evaluating documents that reflect medical records and will also review documents that do not include any "role" (signer, originator, or "tracker") for Ferrari, and let you know if we continue to request unredacted copies of those documents, again on Thursday.   We will also evaluate documents that reflect transactions with PHX's investors (if we're able to identify which documents reflect those transactions) and let you know (a) if we agree not to object to those as AEO if we receive unredacted copies, or (2b)  if we do not need even unredacted copies of those documents.

4. For any documents Plaintiff agrees to produce without redactions, we will still need to resolve Defendant's objection to any AEO designation.  We don't see any of these documents justifying that designation, and because of the hurdles in filing documents under seal, we may also object to a "Confidentiality" treatment (although we can certainly discuss whether redacting personal emails from documents filed with the court would suffice if that is Plaintiff's concern regarding confidentiality.  Again, we would like to discuss and hopefully resolve the AEO issue on Thursday for all DocuSign documents.

If you have a different understanding or if I've missed anything, please let me know.




CHARLENE KOONCE
📞 214.367.7503
BROWNFOXLAW.COM

---

**From:** Cort Thomas <cort@brownfoxlaw.com>
**Sent:** Monday, June 17, 2024 4:46 PM
**To:** KAREN.PATTERSON@LW.com; Charlene Koonce <charlene@brownfoxlaw.com>; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>

APP0180

**Cc:** Jake.Ryan@lw.com; Garrett.Long@lw.com; Josh.Ji@lw.com; Andrew.Gray@lw.com
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

Andrew/Jake/Garret/Josh,

We are in receipt of Friday's depo notice, which sets William Francis's deposition for July 12.  If you had conferred with us prior to setting the deposition, we would have told you that Mr. Francis is out-of-town on July 12 and unavailable.  Also, I will be the attorney defending Mr. Francis's deposition, and the Tarrant County District Attorney's office has asked me to hold June 24-July 12 for my potential testimony as an SEC receiver in a criminal case.  Can you please pull down your notice and let us know alternative dates that would work for your side?  If you insist on keeping the notice as-is, we will need to file a motion to quash, which Charlene can discuss with you here in a bit.

Separately, to date neither party has produced their own documents in this case, and the ESI Protocol was only entered on June 6.  I anticipate that Mr. Francis's initial production will be completed in the next 1-2 weeks.  The discovery deadline in this case is not until April 7, 2025.  We strongly believe that it makes the most sense to take both parties' depositions after document discovery has been completed.   While it is your prerogative to take MR. Francis's deposition at any point (schedules permitting) during the discovery period, it should go without saying that we will insist that he only sit for a single deposition.

Best,

Cort


Cort Thomas
214.367.6094
Brown Fox PLLC
www.brownfoxlaw.com

---

**From:** KAREN.PATTERSON@LW.com <KAREN.PATTERSON@LW.com>
**Sent:** Friday, June 14, 2024 8:28 PM
**To:** Charlene Koonce <charlene@brownfoxlaw.com>; Cort Thomas <cort@brownfoxlaw.com>; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>
**Cc:** Jake.Ryan@lw.com; Garrett.Long@lw.com; Josh.Ji@lw.com; Andrew.Gray@lw.com
**Subject:** Adam Ferrari v. William Francis | 3:23-cv-455

[EXTERNAL EMAIL] Do not open links or attachments if you cannot verify the sender.

Counsel,

Attached please find a service copy of the following document:

- Plaintiff's Notice of Deposition if Defendant William Francis


**Karen M. Patterson**
Senior Paralegal

**LATHAM & WATKINS LLP**
650 Town Center Drive | 20th Floor | Costa Mesa, CA 92626-1925
D: +1.714.755.8228

APP0181

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

APP0182

# EXHIBIT B-2

APP0183

| | |
|---|---|
| **From:** | Gray, Andrew (OC) |
| **Sent:** | Tuesday, July 9, 2024 11:06 AM |
| **To:** | Charlene Koonce; Cort Thomas; Patterson, Karen (OC); Andrew Debter; Paulette Miniter; Shannon Latham |
| **Cc:** | Ryan, Jake (SD); Long, Garrett (CH); Ji, Josh (OC); Hamilton, Kevin (OC); Levinson, Scott (OC); Kimberley O'Rourke; Ranae Ladieu |
| **Subject:** | RE: Adam Ferrari v. William Francis \| 3:23-cv-455 |

Charlene,

We believe our position with respect to the DocuSign materials is quite clear, but I will try to summarize again briefly:  The subpoena you issued seeking all documents signed by Adam at Ferrari Energy and Phoenix and all documents signed by Daniel Ferrari and Lindsey Wilson was impermissibly overbroad, disproportionate, and burdensome.  Indeed, it resulted in the very notices that your team has claimed demonstrate that the purpose was "to annoy, embarrass and oppress."  See July 8 Letter from P. Miniter.  We nonetheless attempted to work with you on a scope of production that made court involvement unnecessary and you agreed that "information regarding counterparties could be redacted."  Once the documents were produced with the redactions, you pursued additional information and we have detailed why the majority of the documents in the DocuSign materials are completely irrelevant.

In our most recent call, you set forth Defendants positions on various documents.  Among other things, you stated that you thought documents signed by Lindsey Wilson with no reference to Adam Ferrari were relevant because they could identify counterparties that knew something about Adam Ferrari's role.  You also stated that you needed us to unredact the documents that show the names and addresses of personal doctors or the addresses of homes and apartments leased by Mr. Ferrari and his wife.  We do not believe these requests are reasonable, and believe that the costs incurred addressing the issues with this subpoena have already any potential value in a production of the less than 50 documents that have any arguable relevance to your defenses.  If you have a significantly narrowed ask that does not contradict the position your team is taking with respect to our subpoena to DocuSign, I am happy to set up a further call.  But if you are unwilling to drop requests for documents signed by Ms. Wilson and for removal of redactions on personal documents, I think we can just agree to disagree and you can pursue your motion to compel.

**Andrew Gray**

**LATHAM & WATKINS LLP**
650 Town Center Drive | 20th Floor | Costa Mesa, CA 92626-1925
D: +1.714.755.8017 | M: +1.714.313.5702

---

**From:** Charlene Koonce <charlene@brownfoxlaw.com>
**Sent:** Wednesday, July 3, 2024 3:53 PM
**To:** Gray, Andrew (OC) <Andrew.Gray@lw.com>; Cort Thomas <cort@brownfoxlaw.com>; Patterson, Karen (OC) <KAREN.PATTERSON@LW.com>; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>
**Cc:** Ryan, Jake (SD) <Jake.Ryan@lw.com>; Long, Garrett (CH) <Garrett.Long@lw.com>; Ji, Josh (OC) <Josh.Ji@lw.com>; Hamilton, Kevin (OC) <Kevin.Hamilton@lw.com>; Levinson, Scott (OC) <Scott.Levinson@lw.com>; Kimberley O'Rourke <korourke@brownfoxlaw.com>; Ranae Ladieu <ranae@brownfoxlaw.com>
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

APP0184

Andrew- your characterization of what we are requesting ("all documents signed, originated, or copying Adam Ferrari, Daniel Ferrari, and Lindsey Wilson") is inaccurate based on a plain reading of emails below. Moreover, in your initial email about documents that reflect a personal transaction, you stated you were "happy to further discuss what we can provide to confirm." We are willing to consider alternate options to obtain such confirmation – perhaps a sworn Declaration attesting to the subject matter of those documents?

Additionally, while you state you may be willing to reach a compromise position based on "some narrowing," other than the personal documents you identified below, it is unclear what Plaintiff may be suggesting in terms of potentially narrowing the scope of the documents at issue. Defendant has offered to exclude several categories and modifiers, but Plaintiff's position in that regard remains unclear, except perhaps that Plaintiff is unwilling to produce any unredacted documents unless agreement is reached as to all issues regarding the documents. Does Plaintiff contend that any document that doesn't include Adam Ferrari in any role is not relevant? Any document that only includes Adam Ferrari as the originator is not relevant? Any document that reflects Daniel Ferrari's participation but not Adam's is not relevant?

Defendant believes that these issues and several others should be the subject of a further call. In that regard, please let me know your availability for a call next week to continue our conference on these issues.



CHARLENE KOONCE
📞 214.367.7503
BROWNFOXLAW.COM

**From:** Andrew.Gray@lw.com <Andrew.Gray@lw.com>
**Sent:** Tuesday, July 2, 2024 11:05 AM
**To:** Charlene Koonce <charlene@brownfoxlaw.com>; Cort Thomas <cort@brownfoxlaw.com>; KAREN.PATTERSON@LW.com; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>
**Cc:** Jake.Ryan@lw.com; Garrett.Long@lw.com; Josh.Ji@lw.com; Kevin.Hamilton@lw.com; Scott.Levinson@lw.com
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

[EXTERNAL EMAIL] Do not open links or attachments if you cannot verify the sender.

Charlene,

We have discussed the various categories in the DocuSign subpoena with our client. As we understand it, you are requesting that we unredact all documents signed, originated, or copying Adam Ferrari, Daniel Ferrari, and Lindsey Wilson. Based on our review, this incorporates a substantial majority of the documents within the DocuSign set. With respect to those documents signed by Lindsey Wilson prior to the appointment of Adam Ferrari to a Vice President role in April 2023, you argue that these documents could be relevant because they identify counterparties who may have some knowledge of how Mr. Ferrari interacted with Phoenix before that date. We also understand that you are asking us to unredact portions of personal documents in the DocuSign set so that you can confirm the personal nature of the counterparties. Our understanding is that the only documents you are not seeking are those that are agreements with investors and documents signed after Mr. Ferrari was appointed to a leadership position at Phoenix.

We do not agree with the extremely broad scope of relevance suggested by your positions. And with respect to personal documents, we have looked into methods to prove the lack of relevance, and the only information that we could unredact is the very personal medical information (names of documents, names of medical tests performed, location of jewelry purchases, location of apartments leased, etc.) that we believe are highly inappropriate topics of discovery.

The scope of documents sought and the positions taken during our meet and confer regarding the DocuSign subpoenas have confirmed in our view that Mr. Francis' subpoena to DocuSign was overbroad and improper. This view is strengthened by the inconsistency of the positions Mr. Francis is now taking with respect to discovery, and our view that the current requests are inconsistent with our initial agreement to move forward with redactions and confidentiality designations on this production.

While we may be willing to reach a compromise position if there is meaningful narrowing, we do not believe that the positions you set out on our most recent call offer any compromise on behalf of Mr. Francis. We are therefore unable to agree to your proposal and we are prepared to brief the DocuSign issues for review by the Court.

Please let us know if you think it would be productive to have a further discussion on these topics. If not, we should agree on dates for exchange of our respective positions on a joint report.

Andrew

**Andrew Gray**

**LATHAM & WATKINS** LLP
650 Town Center Drive | 20th Floor | Costa Mesa, CA 92626-1925
D: +1.714.755.8017 | M: +1.714.313.5702

---

**From:** Charlene Koonce <charlene@brownfoxlaw.com>
**Sent:** Monday, June 24, 2024 11:48 AM
**To:** Gray, Andrew (OC) <Andrew.Gray@lw.com>; Cort Thomas <cort@brownfoxlaw.com>; Patterson, Karen (OC) <KAREN.PATTERSON@LW.com>; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>
**Cc:** Ryan, Jake (SD) <Jake.Ryan@lw.com>; Long, Garrett (CH) <Garrett.Long@lw.com>; Ji, Josh (OC) <Josh.Ji@lw.com>; Hamilton, Kevin (OC) <Kevin.Hamilton@lw.com>; Levinson, Scott (OC) <Scott.Levinson@lw.com>
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

Andrew – I forgot one category of the documents you had described. Regarding 2066, 2631, 2865, 3019, 3024, 3039, please let us know what you can provide to confirm these are persona medical records. If we can confirm that, we agree we do not need unredacted copies.



**CHARLENE KOONCE**
📞 214.367.7503
BROWNFOXLAW.COM

---

**From:** Charlene Koonce
**Sent:** Saturday, June 22, 2024 11:22 AM
**To:** Andrew.Gray@lw.com; Cort Thomas <cort@brownfoxlaw.com>; KAREN.PATTERSON@LW.com; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <Shannon@brownfoxlaw.com>
**Cc:** Jake.Ryan@lw.com; Garrett.Long@lw.com; Josh.Ji@lw.com; Kevin.Hamilton@lw.com; Scott.Levinson@lw.com
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

Andrew, please let me if 1:15 on Monday works. (I need to schedule calls in several other matters).

Defendant provides the following information to facilitate the call:

APP0186

For many documents, we are unable to determine what the subject matter is and cannot evaluate whether we need to see the counterparties and/or other information unless we have more information.  Thus, for documents on which the subject is redacted and which do not automatically fall within one of the "excepted categories" for which we do not request unredacted copies (i.e., investor subscriptions or employee offer letters dated on or after 4/1/23), we need a copy that at least shows the subject.  For some of those, we may also need to see the originator or other participant information.  27, 73, 281, 624 are all examples.

There are also a lot of documents that appear to be summaries of other envelopes, for instance 21, 87, and 103.  For these, if we have requested an unredacted copy of the document that is summarized, we will also need a similarly unredacted copy of the summary.  Further, for any summary type document that references Adam, Daniel or Charlene Ferrari, we request an unredacted copy.

We anticipate being able to speak to the specific documents you identified below on Monday.  We again reiterate our request for unredacted copies of any DocuSign document on which Adam Ferrari or Daniel Ferrari (using any email address for either, i.e., Adam Glen, Daniel Glen, Daniel Ferrari, etc.) appears in any capacity (originator, holder, signer, tracker, etc.).  For unredacted copies of these documents, we see nothing justifying AEO or "confidential" treatment.   If you could let me know Plaintiff's position on these points before our call on Monday, it would likely make the call more productive.

I look forward to hearing from you.



**From:** Charlene Koonce
**Sent:** Friday, June 21, 2024 12:33 PM
**To:** Andrew.Gray@lw.com; Cort Thomas <cort@brownfoxlaw.com>; KAREN.PATTERSON@LW.com; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <Shannon@brownfoxlaw.com>
**Cc:** Jake.Ryan@lw.com; Garrett.Long@lw.com; Josh.Ji@lw.com; Kevin.Hamilton@lw.com; Scott.Levinson@lw.com
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

Also, do you anticipate being able to answer any of the questions below before the call (i.e., agreement to provide unredacted documents for some categories and treatment as AEO for others)?



**From:** Charlene Koonce
**Sent:** Friday, June 21, 2024 12:31 PM
**To:** Andrew.Gray@lw.com; Cort Thomas <cort@brownfoxlaw.com>; KAREN.PATTERSON@LW.com; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <Shannon@brownfoxlaw.com>
**Cc:** Jake.Ryan@lw.com; Garrett.Long@lw.com; Josh.Ji@lw.com; Kevin.Hamilton@lw.com; Scott.Levinson@lw.com
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

I have a lunch appointment that would likely require abbreviating our call.  How about 1:15 CST?

APP0187

**CHARLENE KOONCE**
📞 214.367.7503
**BROWNFOXLAW.COM**

---

**From:** Andrew.Gray@lw.com <Andrew.Gray@lw.com>
**Sent:** Friday, June 21, 2024 10:04 AM
**To:** Charlene Koonce <charlene@brownfoxlaw.com>; Cort Thomas <cort@brownfoxlaw.com>; KAREN.PATTERSON@LW.com; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>
**Cc:** Jake.Ryan@lw.com; Garrett.Long@lw.com; Josh.Ji@lw.com; Kevin.Hamilton@lw.com; Scott.Levinson@lw.com
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

[EXTERNAL EMAIL] Do not open links or attachments if you cannot verify the sender.

Thank you, Charlene.  Can we do 11:30 CST on Monday?

---

**From:** Charlene Koonce <charlene@brownfoxlaw.com>
**Sent:** Thursday, June 20, 2024 11:37 AM
**To:** Gray, Andrew (OC) <Andrew.Gray@lw.com>; Cort Thomas <cort@brownfoxlaw.com>; Patterson, Karen (OC) <KAREN.PATTERSON@LW.com>; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>
**Cc:** Ryan, Jake (SD) <Jake.Ryan@lw.com>; Long, Garrett (CH) <Garrett.Long@lw.com>; Ji, Josh (OC) <Josh.Ji@lw.com>; Hamilton, Kevin (OC) <Kevin.Hamilton@lw.com>; Levinson, Scott (OC) <Scott.Levinson@lw.com>
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

Thanks Andrew.  This is helpful.  Why don't we push our call to Monday- that will provide more time for both of us to continue reviewing and hopefully allow us both to provide more guidance about what we can potentially agree to.  Will 10:30 CST work for you?

For now, we can confirm that Defendant does not request unredacted documents if they are:

- Subscription Agreements – for instance like DocuSign_0000007
- Employee offer letters dated on or after 4/1/23, if that employee is still a Phoenix employee (see for example DocuSign_0000068).

I also think we will likely not need unredacted copies of many, if any, documents dated after Mr. Ferrari was named CEO, but again, will need to review more closely to confirm.

We will also take a look at the documents you list below as personal or medical. I believe we will likely agree not to request unredacted copies of most of those (although for some we may need more information to confirm the personal nature), but I will confirm and we can discuss.

With the exceptions noted above and our further consideration of the documents you identify below, I do know we will need unredacted copies of any DocuSign document on which Adam Ferrari or Daniel Ferrari (using any email address for either, ie., Adam Glen, Daniel Glen, Daniel Ferrari, etc.) appears in any capacity (originator, holder, signer, tracker, etc.).   Please let us know if Plaintiff is agreeable to providing unredacted copies of these documents, again excepting the specific documents you identify below while reserving our right to request those after further review.

There are also several "categories" of documents that we will need more information about – i.e., a copy in which the subject or in some instances, the counterparty,  is unredacted, to determine whether we will pursue an unredacted copy.  I will provide more specific information about those categories before the end of the day tomorrow in the hopes that we can agree in principal about the treatment of these categories of documents.

APP0188

Finally, we see no basis for AEO treatment or confidential treatment on any of these documents, even if unredacted.  At this time, we do not plan on seeking de-designation of any document that we do not request an unredacted copy of, for instance DocuSign_0000007.  We are willing to consider Plaintiff's arguments for why any unredacted document merits a "confidential" designation but need to understand the rationale for that designation.  Please let me know Plaintiff's position on these designations, for unredacted documents, if you are able to provide it in advance of our call.

Thanks,



**CHARLENE KOONCE**
📞 214.367.7503
BROWNFOXLAW.COM

---

**From:** Andrew.Gray@lw.com <Andrew.Gray@lw.com>
**Sent:** Thursday, June 20, 2024 12:42 PM
**To:** Charlene Koonce <charlene@brownfoxlaw.com>; Cort Thomas <cort@brownfoxlaw.com>; KAREN.PATTERSON@LW.com; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>
**Cc:** Jake.Ryan@lw.com; Garrett.Long@lw.com; Josh.Ji@lw.com; Kevin.Hamilton@lw.com; Scott.Levinson@lw.com
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

[EXTERNAL EMAIL] Do not open links or attachments if you cannot verify the sender.

Thank you, Charlene.  I think specifics on the subset of documents that are really at issue is helpful and we are likewise working to provide you with additional detail.  For example, we have prepared the list below of DocuSign documents that reference agreements between Adam, his wife, and medical providers.  I don't think that these documents have any relevance to the matter, and am happy to further discuss what we can provide to confirm that these personal materials are of no interest in this litigation:  2066, 2631, 2865, 3019, 3024, 3039.

Additionally, while not medical information, the following document documents are personal contracts that have nothing to do with Phoenix Capital.  They include lease agreements for homes, offers to purchase homes, agreements for an engagement ring purchase, agreements with utility providers, personal tax forms, etc.:  182, 250, 258, 530, 775, 790, 1115, 1379, 1402, 1459, 1519, 1586, 1873, 2777, 3181.

Also, there are a number of documents that were signed after Mr. Ferrari was appointed CEO of Phoenix Capital.  We would like to discuss the relevance of those documents and whether we can further narrow the scope of materials at issue.

With respect 2048, the counterparty is not Adam or Daniel Ferrari.  It is an employee with the title of Associate at Phoenix Capital.

Happy to touch base this afternoon if we can make progress with a discussion, but if more efficient and effective, my schedule on Monday morning is fairly open.  My schedule tomorrow is booked until 2pm PT, but happy to talk late in the afternoon if that is preferable.

**Andrew Gray**

**LATHAM & WATKINS LLP**
650 Town Center Drive | 20th Floor | Costa Mesa, CA 92626-1925
D: +1.714.755.8017 | M: +1.714.313.5702

APP0189

**From:** Charlene Koonce <charlene@brownfoxlaw.com>
**Sent:** Wednesday, June 19, 2024 6:10 PM
**To:** Gray, Andrew (OC) <Andrew.Gray@lw.com>; Cort Thomas <cort@brownfoxlaw.com>; Patterson, Karen (OC) <KAREN.PATTERSON@LW.com>; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>
**Cc:** Ryan, Jake (SD) <Jake.Ryan@lw.com>; Long, Garrett (CH) <Garrett.Long@lw.com>; Ji, Josh (OC) <Josh.Ji@lw.com>
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

Andrew, thanks for the information below, including references to specific documents.  In the spirit of compromise as you mention below and with the same reservation, I hope to be able to provide some specific guidance for documents for which we do not request any change (i.e., AEO/redactions are fine) – by category, for instance documents that are investor bonds.  As we discussed, we do not have any interest in those and do not need to receive unredacted copies or have them de-designated.

And similarly, documents that we need more information about to decide whether we want unredacted copies, for instance # 2048, which references a PhX "policy" but for which the counter party is redacted.  On some of those documents, if the redacted name is not Adam Ferrari or Daniel Ferrari, we probably will not request an unredacted copy or de-designation.

There are similarly several categories of documents that we will need more information about, for instance documents on which the "subject" is redacted and signers/holders/or originators are also redacted before we can confirm whether we need unredacted copies and/or the AEO designation removed.

For various reasons, I am concerned that we will not have finished the review that we need to accomplish on our side before our call scheduled for tomorrow.  If that is the case, I will reach out tomorrow before noon our time to reschedule.  If we need to reschedule, what is your availability on Friday or Monday?



**CHARLENE KOONCE**
214.367.7503
BROWNFOXLAW.COM

**From:** Andrew.Gray@lw.com <Andrew.Gray@lw.com>
**Sent:** Tuesday, June 18, 2024 10:23 PM
**To:** Charlene Koonce <charlene@brownfoxlaw.com>; Cort Thomas <cort@brownfoxlaw.com>; KAREN.PATTERSON@LW.com; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>
**Cc:** Jake.Ryan@lw.com; Garrett.Long@lw.com; Josh.Ji@lw.com
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

**[EXTERNAL EMAIL]** Do not open links or attachments if you cannot verify the sender.

Charlene,

Thank you for speaking with us yesterday.  As you requested, below are examples of DocuSign documents where Mr. Ferrari is not involved as signer, originator, or holder of the document and did not receive "record tracking."  We ran a quick search of the documents, and estimate that approximately 80% of the DocuSign documents did not have any reference to Mr. Ferrari or involve him in any role.

- DocuSign_00000089
- DocuSign_00000157

APP0190

- DocuSign_00000218
- DocuSign_00000409
- DocuSign_00000428
- DocuSign_00000569
- DocuSign_00002048
- DocuSign_00002113

We are happy to work with you on dates for the deposition of Mr. Francis, and will provide available dates soon.

We are also happy to accept the subpoena directed to Ms. Gust.  We will consider it served today and will provide responses by the relevant deadlines.  I have accepted service for hundreds of parties and have never completed a document like the one you attached – is there a reason for this "admission" document?

The summary of our discussion on the DocuSign documents is generally accurate, a few notes of clarification:

- With respect to point 2 below, we discussed the places where the Certificate of Completion identifies the "Originator" and the "Holder."  The "Holder" reference comes under a header called "Record Tracking," but I don't know that this actually indicates that someone received "record tracking."  We are looking into what the information on the document signifies and hope to discuss further on Thursday.
- I will try to provide examples of documents where medical information is involved and investors are involved before Thursday so you can properly consider those documents.  I was in meetings all day so have not yet been able to review.
- Our positions with regard to the documents productions are made in the spirit of compromise and trying to move forward with reasonable discovery processes.  If there is no reciprocal effort toward cooperation, we reserve the right maintain or adjust our position accordingly.

Finally, we discussed yesterday that we would like to engage the Court in an informal discussion regarding the process for moving this case forward efficiently.  We are open to discussing with you and may not need to involve the Court if we can find a way to engage in efficient discovery processes, but if we can't make progress toward a process that makes sense, we will take the Court up on his offer and ask for a hearing to discuss these issues with the parties.

Best regards,
Andrew

---

**From:** Charlene Koonce <charlene@brownfoxlaw.com>
**Sent:** Tuesday, June 18, 2024 11:51 AM
**To:** Cort Thomas <cort@brownfoxlaw.com>; Patterson, Karen (OC) <KAREN.PATTERSON@LW.com>; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>
**Cc:** Ryan, Jake (SD) <Jake.Ryan@lw.com>; Long, Garrett (CH) <Garrett.Long@lw.com>; Ji, Josh (OC) <Josh.Ji@lw.com>; Gray, Andrew (OC) <Andrew.Gray@lw.com>
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

Andrew, thank you for agreeing last night to reset Mr. Francis's deposition.  Please provide us with several alternate dates and we will let you know what works on our side.

Additionally, thank you for agreeing to accept service of a subpoena directed to Ms. Gust.  The Amended Subpoena is attached.  Please confirm your acceptance of service by completing the attached confirmation and returning it to me.

My understanding of what we decided on our call regarding DocuSign is as follows:

APP0191

1. Except as discussed regarding medical documents, we requested unredacted copies of every document in which Ferrari is reflected as the signer. You believe Plaintiff will agree to remove redactions from all DocuSign documents where Ferrari was the "signer," but are confirming with your client.

2. We requested unredacted copies of any document that reflects Ferrari as the envelope originator or having received "record tracking." You are seeking understanding regarding the meaning of those terms, and we will discuss on our call on Thursday.

3. We are evaluating documents that reflect medical records and will also review documents that do not include any "role" (signer, originator, or "tracker") for Ferrari, and let you know if we continue to request unredacted copies of those documents, again on Thursday. We will also evaluate documents that reflect transactions with PHX's investors (if we're able to identify which documents reflect those transactions) and let you know (a) if we agree not to object to those as AEO if we receive unredacted copies, or (2b) if we do not need even unredacted copies of those documents.

4. For any documents Plaintiff agrees to produce without redactions, we will still need to resolve Defendant's objection to any AEO designation. We don't see any of these documents justifying that designation, and because of the hurdles in filing documents under seal, we may also object to a "Confidentiality" treatment (although we can certainly discuss whether redacting personal emails from documents filed with the court would suffice if that is Plaintiff's concern regarding confidentiality. Again, we would like to discuss and hopefully resolve the AEO issue on Thursday for all DocuSign documents.

If you have a different understanding or if I've missed anything, please let me know.



CHARLENE KOONCE
📞 214.367.7503
BROWNFOXLAW.COM

---

**From:** Cort Thomas <cort@brownfoxlaw.com>
**Sent:** Monday, June 17, 2024 4:46 PM
**To:** KAREN.PATTERSON@LW.com; Charlene Koonce <charlene@brownfoxlaw.com>; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>
**Cc:** Jake.Ryan@lw.com; Garrett.Long@lw.com; Josh.Ji@lw.com; Andrew.Gray@lw.com
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

Andrew/Jake/Garret/Josh,

We are in receipt of Friday's depo notice, which sets William Francis's deposition for July 12. If you had conferred with us prior to setting the deposition, we would have told you that Mr. Francis is out-of-town on July 12 and unavailable. Also, I will be the attorney defending Mr. Francis's deposition, and the Tarrant County District Attorney's office has asked me to hold June 24-July 12 for my potential testimony as an SEC receiver in a criminal case. Can you please pull down your notice and let us know alternative dates that would work for your side? If you insist on keeping the notice as-is, we will need to file a motion to quash, which Charlene can discuss with you here in a bit.

Separately, to date neither party has produced their own documents in this case, and the ESI Protocol was only entered on June 6. I anticipate that Mr. Francis's initial production will be completed in the next 1-2 weeks. The discovery deadline in this case is not until April 7, 2025. We strongly believe that it makes the most sense to take both parties' depositions after document discovery has been completed. While it is your prerogative to take MR.

Francis's deposition at any point (schedules permitting) during the discovery period, it should go without saying that we will insist that he only sit for a single deposition.

Best,

Cort


Cort Thomas
214.367.6094
Brown Fox PLLC
www.brownfoxlaw.com

---

**From:** KAREN.PATTERSON@LW.com <KAREN.PATTERSON@LW.com>
**Sent:** Friday, June 14, 2024 8:28 PM
**To:** Charlene Koonce <charlene@brownfoxlaw.com>; Cort Thomas <cort@brownfoxlaw.com>; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>
**Cc:** Jake.Ryan@lw.com; Garrett.Long@lw.com; Josh.Ji@lw.com; Andrew.Gray@lw.com
**Subject:** Adam Ferrari v. William Francis | 3:23-cv-455

[EXTERNAL EMAIL] Do not open links or attachments if you cannot verify the sender.

Counsel,

Attached please find a service copy of the following document:

• Plaintiff's Notice of Deposition if Defendant William Francis


**Karen M. Patterson**
Senior Paralegal

**LATHAM & WATKINS LLP**
650 Town Center Drive | 20th Floor | Costa Mesa, CA 92626-1925
D: +1.714.755.8228


_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

APP0193

# EXHIBIT B-3

| | |
|---|---|
| **From:** | Charlene Koonce <charlene@brownfoxlaw.com> |
| **Sent:** | Monday, July 15, 2024 1:05 PM |
| **To:** | Gray, Andrew (OC); Hamilton, Kevin (OC); Andrew Debter; Paulette Miniter; Shannon Latham; Cort Thomas; Ranae Ladieu |
| **Cc:** | Ryan, Jake (SD); Long, Garrett (CH); Troutman, David (OC); Ji, Josh (OC); Jai, Kehaulani (OC) |
| **Subject:** | RE: Adam Ferrari v. William Francis | 3:23-cv-455 |
| **Attachments:** | Jt Report regarding MPO - deposition 7.15.24.docx |

Adnrew- To facilitate the Joint Report process, our *draft* motion for protective order is attached. We have not finished the supporting declaration or pulled all of the exhibits, but the content of both is evident from the Motion. I will try to get you the draft Dec by the end of today. Because this is still a draft and we expect to clean it up, we may also have some other revisions but I do not expect those to alter the substance in any significant way, if at all.

We look forward to receiving your responsive content by the end of the day on Wednesday to allow us time to put the full appendix together and draft our reply section. Again, if Plaintiff is unable to provide his content for inclusion by the close of business on Wednesday, please let me know at that time.

Thank you.



**CHARLENE KOONCE**
214.367.7503
BROWNFOXLAW.COM

---

**From:** Andrew.Gray@lw.com <Andrew.Gray@lw.com>
**Sent:** Monday, July 15, 2024 1:04 PM
**To:** Charlene Koonce <charlene@brownfoxlaw.com>; Kevin.Hamilton@lw.com; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>; Cort Thomas <cort@brownfoxlaw.com>; Ranae Ladieu <ranae@brownfoxlaw.com>
**Cc:** Jake.Ryan@lw.com; Garrett.Long@lw.com; David.Troutman@lw.com; Josh.Ji@lw.com; Kehaulani.Jai@lw.com
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

[EXTERNAL EMAIL] Do not open links or attachments if you cannot verify the sender.

We can be available for a meet and confer at noon or 3pm PT.

---

**From:** Charlene Koonce <charlene@brownfoxlaw.com>
**Sent:** Monday, July 15, 2024 9:32 AM
**To:** Hamilton, Kevin (OC) <Kevin.Hamilton@lw.com>; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>; Cort Thomas <cort@brownfoxlaw.com>; Ranae Ladieu <ranae@brownfoxlaw.com>
**Cc:** Ryan, Jake (SD) <Jake.Ryan@lw.com>; Gray, Andrew (OC) <Andrew.Gray@lw.com>; Long, Garrett (CH) <Garrett.Long@lw.com>; Troutman, David (OC) <David.Troutman@lw.com>; Ji, Josh (OC) <Josh.Ji@lw.com>; Jai, Kehaulani (OC) <Kehaulani.Jai@lw.com>
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

All- following up on the request sent Friday (below). Please let us know if you are available **for a call today**, to comply with the Court's Jt Report process regarding Defendant's motion for protective order with respect to the notice for

1

Defendant's deposition. Again, we intend to file our motion no later than the close of business on Thursday to comply with ¶ 4 of the Amended Scheduling Order. If you are not available for a call today, please let me know that as well and we will proceed with our motion as Dkt. 75 permits, unless Plaintiff agrees to voluntarily withdraw the deposition notice.

In this regard, we are not unilaterally staying discovery. We are asking the Court to stay this case based on Plaintiff and PHX's serial lawsuits and res judicata that will arise when a final judgment in the State Case is issued. We are also objecting to presenting Mr. Francis for a deposition (1) while our motion to stay is pending; (2) while Plaintiff has improperly designated a very high percentage of third-party documents "AEO" and refuses to remove those designations; (3) while Plaintiff continues to withhold all responsive documents; and (4)while the third-parties controlled by Mr. Ferrari (PHX, Lion of Judah, Alpha & Omega, and Gust) and represented by the same counsel as Plaintiff, withhold virtually all responsive documents.

Thanks,



**CHARLENE KOONCE**
📞 214.367.7503
**BROWNFOXLAW.COM**

**From:** Charlene Koonce
**Sent:** Friday, July 12, 2024 5:45 PM
**To:** Kevin.Hamilton@lw.com; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <Shannon@brownfoxlaw.com>; Cort Thomas <cort@brownfoxlaw.com>
**Cc:** Jake.Ryan@lw.com; Andrew.Gray@lw.com; Garrett.Long@lw.com; David.Troutman@lw.com; Josh.Ji@lw.com; Kehaulani.Jai@lw.com
**Subject:** RE: Adam Ferrari v. William Francis | 3:23-cv-455

All – please let us know your availability for a Jt Conference on Defendant's motion for protective order regarding this notice. Please be advised that we intend to file within 5 business days so as to comply with ¶ 4 of the Amended Scheduling Order.



**CHARLENE KOONCE**
📞 214.367.7503
**BROWNFOXLAW.COM**

**From:** Kevin.Hamilton@lw.com <Kevin.Hamilton@lw.com>
**Sent:** Friday, July 12, 2024 5:36 PM
**To:** Charlene Koonce <charlene@brownfoxlaw.com>; Andrew Debter <andrew@brownfoxlaw.com>; Paulette Miniter <paulette@brownfoxlaw.com>; Shannon Latham <shannon@brownfoxlaw.com>; Cort Thomas <cort@brownfoxlaw.com>
**Cc:** Jake.Ryan@lw.com; Andrew.Gray@lw.com; Garrett.Long@lw.com; David.Troutman@lw.com; Josh.Ji@lw.com; Kehaulani.Jai@lw.com
**Subject:** Adam Ferrari v. William Francis | 3:23-cv-455

[EXTERNAL EMAIL] Do not open links or attachments if you cannot verify the sender.

Counsel,

Attached please find a service copy of the following document:

APP0196

- Plaintiff's Amended Notice of Deposition of Defendant William Francis

**Kevin Hamilton**

**LATHAM & WATKINS LLP**
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Direct Dial: +1.714.755.8086
Email: kevin.hamilton@lw.com
https://www.lw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

APP0197

# EXHIBIT B-4

APP0198

Andrew R. Gray
Direct Dial: 714.755.8017
andrew.gray@lw.com

650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235  Fax: +1.714.755.8290
www.lw.com

## LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

June 28, 2024

## VIA EMAIL

Charlene Koonce
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, Texas 75225

Re:   *Adam Ferrari v. William Francis*, No. 3:23-cv-00455-S (N.D. Tex.)

Dear Ms. Koonce:

We write on behalf of Phoenix Capital Group ("Phoenix") to provide you with an update regarding the 48,000 documents that were initially produced by The Dalmore Group ("Dalmore") as a third party. After conducting an initial review, and consistent with what we and Phoenix's prior counsel have told you since you requested these documents, we determined that only 1,730 documents, or 3.6%, of the document set, are relevant to any of the claims or defenses of this action. Included among the nonresponsive documents are: (1) Phoenix marketing communications with investors; (2) documents containing investors' personal information; (3) email communications between representatives of Phoenix and representatives of Dalmore; (4) interim accounting spreadsheets and similar financial information related to Phoenix; and (5) publicly available corporate documents. None of these documents include Adam Ferrari or relate to his role at Phoenix in any way, nor do they relate to any other relevant issue in this case.

Despite the nonresponsive nature of the vast majority of these documents, you have been demanding Phoenix to reproduce them with AEO designations removed. *See* May 8, 2024 Email from C. Koonce. In an attempt to avoid burdening the Court with another discovery dispute, we agreed to re-review these documents while redacting sensitive, nonrelevant information so that they can be reproduced. *See* May 9, 2024 Email from J. Ji. To date, Phoenix has reproduced 5,283 Dalmore documents.

Having engaged a review team to address the specifics of each document, and given that many of these documents contain sensitive investor and financial information, we now better understand the extensive redactions that would be required to reproduce the entire set of documents. Indeed, based on the work done to date, we estimate that applying such redactions would require an additional 500-600 hours of attorney time to review these documents for redaction. Such a review would be unduly burdensome and unnecessarily expensive for our client on a cloned production from another litigation that was identified as irrelevant from the beginning.

LATHAM&WATKINS LLP

The vast majority of these documents are not responsive to the claims or defenses of this action and the burden of trying to redact sensitive information outweighs the cost.

Accordingly, Phoenix will not reproduce the entire Dalmore reproduction set but will produce only those documents from this data set that are relevant, plus attachments to responsive emails. Having reviewed the history and the documents at issue, we believe this to be a reasonable approach to resolving the matter. We would be happy to meet and confer if you have further questions.

Very truly yours,

Andrew R. Gray
of LATHAM & WATKINS LLP

APP0200