IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-455-S |
| | § | |
| WILLIAM FRANCIS, | § | |
| | § | |
| Defendant. | § | |

**REPLY IN SUPPORT OF FRANCIS'S MOTION TO DISMISS OR ABSTAIN,
ALTERNATIVE RENEWED MOTION TO STAY, AND BRIEF IN SUPPORT**

Respectfully submitted,

Cortney C. Thomas
  Texas Bar No. 24075153
  cort@brownfoxlaw.com
Charlene C. Koonce
  Texas Bar No. 11672850
  charlene@brownfoxlaw.com
Andrew C. Debter
  Texas Bar No. 24133954
  andrew@brownfoxlaw.com
 BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX  75225
Tel. 214.327.5000
Fax. 214.327.5001

*Attorneys for Defendant William Francis*

This case presents the rare instance in which abstention is appropriate. Here, an entity, Phoenix, filed suit in state court. Its acknowledged CEO and privy, Ferrari, filed this suit seven months later and asserted the same claim, premised on the same facts and assertions at issue in the State Case, to avoid the preclusive effect of an anticipated final judgment. In opposing the Motion [Dkt. 106], Ferrari ***disputes neither his role as a privy nor the forum shopping in which he has engaged***. He also ignores, largely, the res judicata that will arise from the final judgment in the State Case. Instead, Ferrari asserts *Colorado River* abstention is not justified and the Court cannot stay based on *Landis*. Plaintiff is incorrect in both assertions. Ferrari also fails to demonstrate any harm or prejudice arising from a stay. The cases *are* parallel and although Plaintiff wholly ignores the vexatious and reactive nature of this case in the analysis, this Court should not do the same.

## I.  ARGUMENT

**A.  The Court Should Dismiss or Stay Pursuant to *Colorado River*.**

These parallel cases epitomize piecemeal litigation and forum shopping, are subject to full resolution in the State Case. "[W]ise judicial administration," should accordingly displace the court's ordinary obligation to hear and decide the case. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 2 (1983).

**1.  The Cases are Parallel.**

Contrary to Plaintiff's assertion that the cases are not parallel because they have different parties and purportedly do not involve the same issues, "mincing insistence on precise identity of parties and issues" is unnecessary. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 798, 797 (5th Cir. 2014) (internal quotation mark omitted) (hereafter "*AME*"). Instead, cases are parallel when "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *MidTexas Intern. Ctr., Inc. v. Myronowicz*, No. CIV.A.3:05CV1957-R, 2006 WL 2285581, at *2 (N.D. Tex. Aug. 9, 2006). Indeed, in *AME*, the Court concluded: "[t]o be sure, those named as parties in the two actions are not precisely identical,

but the record is clear that there are only two sides in this dispute." 756 F.3d at 798; *see also Walker Centrifuge Servs., L.L.C. v. D & D Power, L.L.C.*, 550 F. Supp. 2d 620, 625 (N.D. Tex. 2008) ("Both lawsuits involve only persons or entities affiliated with [the same entities]").

So too here. Ferrari individually is not a plaintiff in the State Cas but is present as Phoenix's privy[1] (and through his plea in intervention) and because Phoenix seeks to vindicate Ferrari's rights as much as its own. Likewise, omission of Incline from this suit supports parallelism since the State Case is broader than this case. *See AME*, 756 F.3d at 800 (parallelism exists where State Case will fully resolve issues in federal case); *DePuy Synthes Sales, Inc. v. OrthoLA, Inc.*, 953 F.3d 469, 477–78 (7th Cir. 2020) (finding parallelism based on "substantial likelihood" state litigation would dispose of all claims in the federal case).[2]

Nor does Ferrari's reliance on the FINRA and 4 GRLZ statements eliminate parallelism. First, both statements could have been included in the State Case. More specifically, the FINRA statement was purportedly made in "mid-2022".[3] The 4 GRLZ statement was made on October 10, 2022.[4] In comparison, the State Case was filed (in mid-2022) on June 15, 2022. Discovery (but nothing else) was stayed by Defendant's TCPA motion[5] filed on August 16, 2022, with that limited stay lifted on November 9, 2022.[6] An appellate stay existed from November 23, 2022 onwards. In other words, through an amended petition filed in the State Case at any time before

---

[1] Ferrari fails to include a single word challenging his role as Phoenix's privy. *See* Motion pp. 12–13.

[2] Cases cited by Plaintiff do not hold otherwise but are instead distinguishable. *Compare Rowley v. Wilson*, 200 F. App'x 274, 275 (5th Cir. 2006) (no parallelism based on additional parties and claims *absent from the state case*); *Tempur-Pedic N. Am., LLC v. Mattress Firm, Inc.*, No. CV H-17-1068, 2017 WL 1437299, at *2 (S.D. Tex. Apr. 24, 2017) (no parallelism where two "substantially interested" parties were not present in the state case); *Carter v. H2R Rest. Holdings, LLC*, No. 3:16-CV-1554-N-BN, 2016 WL 5373487, at *4 (N.D. Tex. Sept. 2, 2016), *report and recommendation adopted*, No. 3:16-CV-1554-N-BN, 2016 WL 5341307 (N.D. Tex. Sept. 22, 2016) (the only defendant in the state case was no longer present in the federal case and four remaining defendants in the federal case were not present in the state case).

[3] FAC ¶ 37.

[4] FAC, Exh. H. Phoenix discussed the 4 GRLZ statement at a hearing on October 28, 2022. *See* Dkt. 97-1, p. 15; Dkt. 97-2, ¶ 14.

[5] *See* TEX. CIV. PRAC. & REM. CODE § 27.003(c) ("Except as provided by Section 27.006(b), on the filing of a motion under this section, all discovery in the legal action is suspended until the court has ruled on the motion to dismiss.").

[6] Plaintiff incorrectly references the date of the Order Partially Granting the TCPA Motion as November 29, 2022.

November 23, 2022, Phoenix and Ferrari could have added the 4 GRLZ statement and the FINRA statements.[7] Indeed, these two statements, like *every* statement at issue in both cases, make essentially the same assertion: that Ferrari is a felon who controls Phoenix. Thus, claims premised on the FINRA and 4 GRLZ statements, like the Dalmore Statement and the FIBT Statement, the only statements on which Ferrari's claim rests in this case,[8] will be barred by claim preclusion. *See Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007); *see also Hill v. Tx-An Anesthesia Mgmt., LLP*, 443 S.W.3d 416, 426 (Tex. App.—Dallas 2014, no pet.) (additional claims premised on the same subject matter involved in the first suit, which "through the exercise of due diligence, could have been litigated in that suit" are barred by claim preclusion).

### 2.    Extraordinary Circumstances Justify Abstention.

Giving only an inaccurate and passing reference to the res judicata effect a judgment in the State Court will have here, Plaintiff's skewed view of the relevant factors *wholly* ignores the one that speaks most loudly and which the Supreme Court declared could weigh heavily in favor of abstention: the "vexatious and reflexive nature" of a lawsuit. *See Moses Cone*, 460 U.S. at 17, n. 20 (appellate court's reasoning that "vexatious or reflexive" nature of either case "may influence" abstention decision had "considerable merit."); *see also Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 105 (5th Cir. 1988) (affirming abstention, premised in part, on vexatious nature of a federal case by which the plaintiff sought to avoid the effect of state administrative proceedings).

In failing to devote a single word to this factor, Plaintiff concedes his forum shopping and the improper motivation behind this lawsuit. And perhaps most importantly, as reflected in the chart below which summarizes cases cited by both the parties and which analyze factors relevant to *Colorado River* abstention, except in distinguishing cases in which abstention was appropriate,

---

[7] As discussed below, the scope of the mandate now precludes such an amendment.
[8] FAC ¶ 35 (identifying the *only* four statements on which Plaintiff's claim rests).

3

this factor was not present or discussed in *any* of the Fifth Circuit cases on which Plaintiff relies. Instead, *in each instance when "vexatious or reactive" litigation was present, district courts and the Fifth Circuit concluded that abstention was warranted*:

| | Both Cases Initiated by Same Party? | "Res" in Dispute? | "Vexatious" or "Reactive" facts? | Stay Granted? |
|---|---|---|---|---|
| *DePuy Synthes Sales, Inc. v. OrthoLA, Inc.*, 953 F.3d 469 (7th Cir. 2020) | No | No | **Yes** | **Yes.** |
| *Aptim Corp. v McCall.*, 888 F.3d 129 (5th Cir. 2018) | Yes[9] | No | No | No |
| *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788 (5th Cir. 2014) | No | Yes | No | Yes |
| *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1024 (7th Cir. 2014) | Yes | Yes | **Yes** | **Yes** |
| *Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458 (5th Cir. 2012) | No | Yes | No | No |
| *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844 (5th Cir. 2009) | No | No | No | No |
| *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488 (5th Cir. 2006) | No | No | No | No |
| *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647 (5th Cir. 2000) | No | No | No | No |
| *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999) | Yes | No | No | No |
| *Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir. 1988) | No | **No** | **Yes** | **Yes** |
| *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185 (5th Cir. 1988) | No | No | No | No |
| *Lumen Const., Inc. v. Brant Const. Co., Inc.*, 780 F.2d 691 (7th Cir. 1985) | No | No | No | Yes |
| *Lonestar Airport Holdings, LLC v. City of Austin*, 2022 WL 16859731, at *4 (W.D. Tex. Nov. 4, 2022), *ROR adopted*, 2023 WL 8242477 (W.D. Tex. Jan. 11, 2023) | No | Yes | No | No |
| *Brasseaux v. Moncla Marine Operations L.L.C.*, 2022 WL 1050895, at *3 (W.D. La. Mar. 22, 2022), *ROR adopted*, 2022 WL 1051780 (W.D. La. Apr. 7, 2022) | Yes | **No** | **Yes** | **Yes** |
| *G&G Closed Circuit Events, LLC v. 415 Trenton, L.L.C.*, 2022 WL 209280, at *3 (S.D. Tex. Jan. 24, 2022) | No | No | No[10] | No |
| *Stonewater Adolescent Recovery Ctr. v. Lafayette Cnty., Miss.*, 2020 WL 1817302, at *1 (N.D. Miss. Apr. 9, 2020) | Yes | Yes | No | Yes |
| *Cardenas v. Amato*, No. 1:19-CV-177, 2020 WL 12573065, at *2 (S.D. Tex. Jan. 14, 2020) | No | No | No | No |

---

[9] Although the federal plaintiffs had initiated both suits, they sought to dismiss the state case and compel arbitration while staying the second. They did not seek to continue litigation in both state and federal courts.

[10] In *G&G*, the Court concluded that the Defendant/abstention movant had apparently engaged in forum shopping. *G&G Closed Circuit Events, LLC v. 415 Trenton, L.L.C.*, No. 7:21-CV-00436, 2022 WL 209280, at *4 (S.D. Tex. Jan. 24, 2022) but did not discuss "reactive or vexatious" litigation as a relevant factor.

| | | | | |
|---|---|---|---|---|
| *Tempur-Pedic N. Am. V. Mattress Firm, Inc.*, 2017 WL 1437299, at *1 (S.D. Tex. Apr. 24, 2017) | No | No | No | No |
| *Fishman Jackson, PLLC v. Israely*, 180 F. Supp. 3d 476 (N.D. Tex. 2016) | No | No | No | Yes (based on *Landis*) |
| *Carter v. H2R Rest. Holdings, LLC*, 2016 WL 5373487, at *4 (N.D. Tex. Sept. 2, 2016), *ROR adopted*, 2016 WL 5341307 (N.D. Tex. Sept. 22, 2016)[11] | Yes | No | No | No |
| *Welding Techs. V. James Mach. Works, LLC*, No. 3:12-cv-336, 2013 WL 1123852, at *1 (S.D. Tex. Mar. 18, 2013) | No | No | No | No |
| *Walker Centrifuge Servs., L.L.C. v. D & D Power, L.L.C.*, 550 F. Supp. 2d 620 (N.D. Tex. 2008) | No | **No** | **Yes** | **Yes** |

Affording due consideration to Plaintiff's forum shopping and the vexatious, reactive nature of this suit, and providing the appropriate analysis of the remaining factors rather than treating them as a "mechanical checklist,"[12] demonstrates that abstention is appropriate here.

The parties agree that the first two factors[13] weigh against abstention and that the fifth factor is neutral. Plaintiff's argument that the third factor, the risk of piecemeal litigation, weighs against abstention rests on his contention that the factor has no application unless a *res* is in dispute and because Defendant's res judicata arguments are "premature."[14] First, even when no *res* is at issue, the piecemeal litigation factor may weigh in favor of abstention. *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006) (concluding that, despite absence of property in dispute, "potential" existed from "some piecemeal litigation" where additional claims against one party were present in the state case but not the federal one and weighing piecemeal factor in favor of abstention); *see also DePuy Synthes Sales, Inc.*, 953 F.3d at 478 ("the risk of splintering this

---

[11] *Carter* also denied abstention, in part, because "abstention is not a basis of dismissal for a action seeking damages," *Carter*, 2016 WL 5373487, at *6, but that is a general restriction on *Burford* abstention rather than *Colorado River* abstention and not a per se rule. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996).

[12] *Moses Cone*, 460 U.S. at 16; *see also Murphy*, 168 F.3d at 738 (six factors enunciated by Supreme Court are not "hard and fast" rule).

[13] Defendant did not misleadingly reference the second factor as Plaintiff complains but counted it as weighing against abstention. *Compare* Response, n.4, *with* Motion, p. 24 (two factors in favor of abstention, two neutral, and two against).

[14] Presumably, every case that considers whether to stay based on *the likelihood* of res judicata does so based on a similarly "premature" argument because such a *likelihood* presumes the absence of an existing final judgment.

5

litigation across several places was great: functionally identical suits in two places creates a high risk of inconsistent results and wasteful duplication").

Second, this case epitomizes the risk of piecemeal litigation. Phoenix's defamation claim will be dismissed, while, absent a stay, Ferrari will get a second bite at the apple on the same claim, by purporting to rely on two statements that could have been included in the State Case where Incline is also a defendant. *Compare St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994) (no risk of piecemeal litigation where, there is "no more than one plaintiff, one defendant, and one issue."); *see also Moses Cone.*, 460 U.S. at 3 ("[T]he dispute . . . in different forums *is not the result of any choice between federal and state courts*") (emphasis added); *see also Saucier*, 701 F.3d at 464 ("classic example arises where all of the potentially liable defendants are parties in one lawsuit, but in the other lawsuit, one defendant seeks a declaration of nonliability and the other potentially liable defendants are not parties.").[15]  In this case, Ferrari presents the "classic" example of piecemeal litigation. *Saucier*, 701 F.3d at 464; *see also Stonewater Adolescent Recovery Ctr.*, 2020 WL 1817302, at *4 ("If the state and federal court proceedings were to continue simultaneously, both courts will have to consider the same evidence and laws to determine [the same issue].")  The third factor, often considered the most important, weighs in favor of abstention.

Similarly, Plaintiff's assertion that this case has proceeded farther than the State Case, in which a judgment has been entered dismissing all but one claim based on one statement only, and which on remand will be limited *solely* to consideration of that one claim,[16] conflates "activity"

---

[15] Indeed, in finding no risk of piecemeal litigation, the *Saucier* court was faced with the inverse of the posture here: the federal case included defendants not present in the state case. *Saucier*, 701 F.3d at 464 ("If anything, piecemeal litigation is potentially avoided by proceeding in this action rather than the state action because *Aviva has been joined as a party.*") (emphasis added).

[16] On remand, the district court will lack authority to permit amendment of the scheduling order to permit Phoenix to seek to expand that case through an amended pleading. *Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013).

6

with "progress." *See G&G Closed Circuit Events, LLC*, 2022 WL 209280, at *2. The fourth factor, like the third, weighs in favor of abstention.

Finally, Plaintiff provides absolutely no reason why the State Case is inadequate to protect his rights (or even recover damages if he were entitled to any), particularly given his plea in intervention there. *See AME*, 756 F.3d at 801 (sixth factor neutral where federal plaintiff had "already appeared voluntarily" in the state case); *Brasseaux*, 2022 WL 1050895, at *5 (sixth factor was neutral where there was no indication state court "cannot adequately adjudicate the case."). The sixth factor is thus neutral rather than weighted against abstention. In sum, the first two factors weigh against abstention, while the fifth and sixth are neutral. The third and fourth, as well as the "vexatious and reactive" nature of this suit, however, weigh *heavily* in favor of abstention.

**B.      Alternatively, the Court May Stay Pursuant to Its Inherent Authority.**

   **1.      No Improper Motive Underlies the Motion.**

In exercising "wise judicial administration" as well as discretion to control its docket, the Court should "notice" the substantial evidence in the docket demonstrating the truth of the purportedly defamatory assertions underlying three lawsuits (to date). That evidence demonstrates that (1) Ferrari is a felon; (2) who controls and serves as Phoenix's CEO.[17] These true assertions are the basis for the 111 docket entries in this case, substantial briefing and argument in the State Case, and Phoenix's recent effort to assert *antitrust* claims in the North Dakota case.[18] Seeking to avoid the duplicity, expense, *and* piecemeal resolution inherent in this forum shopping does not render the Motion improper.

---

[17] *See* Dkt. 82-2, ¶¶ 4–19, 27, and App. pp. 14–40; 64–65; 69–70; 108–13; 124–30; 144–56.
[18] *See Phoenix Capital Group Holdings, LLC v. Incline Energy Partners, LP*, Case No. 1:23-CV00209, in the United States District Court for the District of North Dakota, Dkt. 30. As further evidence of the improper motive behind this case, Phoenix is using discovery obtained in this case to plead its improbable antitrust claim, which nonetheless depends on the true statements at issue in all three lawsuits as the basis of the alleged anti-competitive conduct.

7

Further, no nefarious delay infects the Motion's timing. When the court-ordered early mediation failed,[19] Defendant waited for a ruling from the Texas Supreme Court to inform whether the Dallas Court of Appeals' ruling would be upheld. The Texas Supreme Court's denial of review, on June 21, 2024, thus left intact the intermediate court's determination, that on remand, the trial court can consider only whether the defense of privilege[20] requires dismissal, in the TCPA posture, of the defamation per se claim which, following dismissal of all other grounds for that and every other claim, rests only on the "Taylor email."[21] Neither is the scope of the trial court's authority on remand a mystery, nor is finality an indistinct hope in the distance.[22]

2.  **Defendant Has Not Engaged in Any Improper or Untruthful Discovery.**

Plaintiff contends Defendant's request for a stay rests on an effort to avoid Plaintiff's discovery while aggressively seeking his own.[23] The contention, however, ignores the progression and posture of this case and the State Case. Indeed, with respect to these arguments, Plaintiff's present counsel—the sixth set of lawyers engaged by Ferrari and Phoenix in the three lawsuits they have filed—demonstrates a lack of familiarity with the prior proceedings or something less forthright. This Court *sua sponte* stayed discovery to consider Defendant's motion to dismiss the Amended Complaint.[24] Although both parties were stayed from engaging in discovery, Plaintiff,

---

[19] Dkt. 53.

[20] *See Butler v. Cent. Bank & Tr. Co.*, 458 S.W.2d 510, 514 (Tex. App.—Dallas 1970, writ dism'd) ("Qualified privilege comprehends all communications made in good faith on any subject matter in which the author has an interest, or with reference to which he has a duty to perform, to another person having a corresponding interest or duty.'") (quoting 36 Tex.Jur.2d, s 71, pp. 357–58).

[21] *See* App. pp. 54, 59.

[22] *See* Motion, pp 15–16, for a discussion regarding the proximity of finality. Notably, Incline and Francis filed their Renewed Motion for TCPA Dismissal, on August 5, immediately after the Mandate issued.

[23] This case does not present the typical instance in which one party files a suit in state court and the defendant in the state case files its own competing case in federal court becoming the plaintiff in the second case. Here, Francis is a defendant in both cases. He thus has not sought discovery in furtherance of a case in which he is the plaintiff; he has only sought to defend the *multiple* cases filed by Ferrari.

[24] Dkt. 29.

through Phoenix, violated that stay.[25] Similarly, Plaintiff's argument ignores his own bad faith use of an AEO designation of virtually all documents produced to date, his refusal to comply with his own agreement regarding the exchange of limited discovery in advance of an early mediation, and his obstruction of documents DocuSign had agreed to produce in response to Defendant's subpoena, which again were part of the parties' pre-mediation agreement.[26] When the mediation failed (but while the State Case remained stayed by Phoenix's appeal to the Texas Supreme Court) Plaintiff began serving the 35 subpoenas he has served to date, only three of which has Defendant objected to, despite the gross overbreadth of all.[27]

In contrast, Defendant has served written discovery on Plaintiff, served document subpoenas on Phoenix and on various affiliated entities through which Plaintiff capitalized and controls Phoenix, one former Phoenix employee,[28] one former Phoenix "founder," and each of the four entities to whom Defendant was alleged to have defamed Plaintiff: Dalmore, FINRA, 4 GRLZ, and FIBT. In other words, Defendant has sought discovery to prove his affirmative defenses because he had no choice but to defend this case.

Plaintiff's aspersions regarding the truth of Defendant's discovery responses are also incorrect.[29] Moreover, if the status of discovery has any relevance, the Court should consider Plaintiff's bad faith use of an AEO designation, efforts to withhold virtually all documents from Defendant, including those to be produced by third parties and seal references to his criminal

---

[25] *See* Motion, pp. 7–8 for discussion regarding the Illinois Discovery Proceeding and Plaintiff's violation of this Court's stay. **Plaintiff does not deny his use of the Illinois Discovery Proceeding in this manner**.

[26] For the collection of objections, rather than substantive answers or document production made by Plaintiff in response to Defendant's discovery requests, *see* Dkt. 109, pp. 4–7 and Dkt. 110, App. pp. 9–16; 28–148.

[27] Although third-parties have objected to various subpoenas served on them by Plaintiff (including two Incline employees), to date, Defendant has objected to Plaintiff's subpoenas directed to an Incline investor, an entity that purchased minerals from Incline, and Plaintiff's subpoena served on DocuSign, which was served solely to harass.

[28] *See* Dkt. 95, App. pp. 10–15 for deposition testimony of the former employee, Brendan Bernal.

[29] *See* Dkt. 94, pp. 5–6 for a discussion regarding the truth of Defendant's discovery responses. Plaintiff's detailed recitation of these complaints, while inaccurate, was sent on the eve of Plaintiff's Response as fodder for his opposition to the Motion. Defendant will accordingly respond to the letter and its false assertions in due course.

records while driving this case at full speed to race ahead of the near final judgment in the State Case.[30]

### 3. The Court Has Alternative Authority to Stay, Pursuant to *Landis*.

Plaintiff argues that the Court's inherent authority pursuant to *Landis* cannot control, while at the same time asserting that a judgment in the State Case will have no preclusive effect.[31] In this argument, Plaintiff seeks to create a catch-22 by contending *only* the *Colorado River* analysis can apply based on the preclusive effect of the state case, citing *Fishman Jackson, PLLC v. Isrealy*, 180 F. Supp. 3d 476, 486 (N.D. Tex. 2016), while denying that the predicate condition exists. Plaintiff cannot win on both arguments. If, as Plaintiff contends, res judicata has no role here (a proposition for which Plaintiff conspicuously provides no analysis and cannot prevail) or, if the Court concludes that the State Case will only narrow the issues rather than resolving them, it possesses ample discretion to stay the case pursuant to *Landis. See Fishman Jackson, PLLC,* 180 F. Supp. 3d at 490–91.[32]

---

[30] Cases cited by Plaintiff are not to the contrary. *Compare Boone Funeral Home, Inc. v. Lakeview Gardens, Inc.*, No. 4:16-cv-180-DMB-RP, 2017 WL 11309548, at *1 (N.D. Miss. Feb. 21, 2017) (denying motion to stay discovery filed four months after Rule 12(b)(6) motion was filed); *Chevallier v. Our Lady of the Lake Hosp., Inc.*, No. CV 18-0997-BAJ-EWD, 2019 WL 3381766, at *2 (M.D. La. July 26, 2019) (denying stay in favor of pending medical review panel proceeding because, federal claims concerned an "entirely distinct matter" and "[a] ruling from the medical review panel regarding Plaintiff's state law negligence claim would minimally, if at all, inform any potential defenses to Plaintiff's federal claims.")

[31] *Landis v. N. Am. Co.*, 299 U.S. 248 (1936); *Response*, p. 9, n.3; p. 12.

[32] As *Fishman Jackson* observes, many other courts do not find tension between *Colorado River* and *Landis* but instead view them as "equal alternative bases to grant a stay in deference to a state court deciding overlapping issues." 180 F. Supp. 3d at 485 (collecting cases concluding "that a district court has discretion to apply either the *Colorado River* or the *Landis* case in considering whether to grant a stay in deference to a parallel or related state proceeding"); *see also Melo v. Gardere Wynne Sewell*, No. 3-04-CV-2238-BD, 2005 WL 991600, at *3 (N.D. Tex. Apr. 21, 2005) ("Even if abstention is not warranted under the *Colorado River* doctrine, a federal court has the inherent power to stay proceedings . . . . The Fifth Circuit has specifically recognized that district courts have inherent power to stay a federal lawsuit in favor of a concurrent state court proceeding even when other standards for abstention are not strictly met."); *Karol v. Old Second Nat'l Bank*, No. 20 C 4344, 2020 WL 6343088, at *6 (N.D. Ill. Oct. 29, 2020) ("[E]ven if *Colorado River* abstention were not warranted, this Court would still exercise its inherent authority to issue a stay pending the . . . resolution of the state appeal."); *Freed v. Friedman*, 215 F. Supp. 3d 642, 659 (N.D. Ill. 2016) ("Even if *Colorado River* were not satisfied, a more limited stay . . . would be appropriate."). Although *Fishman Jackson* purports to disagree with that view based on "Supreme Court and Fifth Circuit precedent," its conclusion that federal courts' inherent *Landis* powers to stay are "limited by the *Colorado River* factors" principally derives its reasoning from the Eighth Circuit. *See Fishman Jackson*, 180 F. Supp. 3d at 486 (citing *Cottrell v. Duke*, 737 F.3d 1238, 1249 (8th Cir. 2013), a case in which *Landis* was not argued or analyzed). Moreover, *Fishman Jackson*'s reading of *Moses Cone*'s admonition that a court would abuse its discretion in granting the stay requested there if it failed to conclude

10

## II.   CONCLUSOIN

"Wise judicial administration" and preventing "vexatious and reflexive" litigation warrants staying this case until a final judgment is rendered in the State Case.  The Motion should be granted.

Respectfully submitted,

**BROWN FOX PLLC**

By: */s/ Charlene C. Koonce*
   Cortney C. Thomas
     Texas Bar No. 24075153
     cort@brownfoxlaw.com
   Charlene C. Koonce
     Texas Bar No. 11672850
     charlene@brownfoxlaw.com
   Andrew C. Debter
     Texas Bar No. 24133954
     andrew@brownfoxlaw.com
   BROWN FOX PLLC
   8111 Preston Road, Suite 300
   Dallas, TX  75225
   Tel. 214.327.5000
   Fax. 214.327.5001

*Attorneys for Defendant William Francis*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

*/s/ Charlene C. Koonce*
Charlene C. Koonce

---

that the state case would be an adequate resolution of the issues between the parties, 460 U.S. at 28, should be read as a limitation on *Colorado River* abstention, rather than as a prohibition against an alternative stay premised on *Landis*.

11