IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-455-S-BN |
| | § | |
| WILLIAM FRANCIS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Adam Ferrari filed a complaint, *see* Dkt. No. 1, and an amended complaint, *see* Dkt. No. 7, against Defendant William Francis alleging diversity jurisdiction, *see* Dkt. No. 1.

On further review, the undersigned United States magistrate judge raised a concern that that Ferrari's jurisdictional showing is lacking and allowed Ferrari an opportunity to file a response to address and attempt to cure the jurisdictional defect. *See* Dkt. No. 77.

Ferrari made the filing, *see* Dkt. Nos. 83 & 84, and Francis file a response, *see* Dkt. Nos. 92 & 93. (The Court will separately address the related motion to seal certain material in Frances's response. *See* Dkt. Nos. 90-91 & 93-94.)

For the reasons explained below, the Court should determinate that Ferrari has established that the amount of damages that he seeks or the value of his claims more likely than not exceeds $75,000 and that the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).

**General Background**

Plaintiff Adam Ferrari filed an original complaint and an amended complaint against Defendant William Francis, alleging defamation, libel, and slander and requesting an unspecified amount of damages, including exemplary damages, and a permanent injunction. *See* Dkt. No. 1; Dkt. No. 7.

Ferrari alleges that "this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because all parties are citizens of different states." *Id.* at 1.

Ferrari has alleged that he "has suffered actual damages as a result of Mr. Francis' ruthless business practices, including the defamatory statements published about Mr. Ferrari"; that Ferrari's "personal and business reputation has been harmed by Mr. Francis' defamatory statements"; and that Ferrari "has suffered mental anguish damages as a result of Mr. Francis' tortious conduct." Dkt. No. 1 at 8; Dkt. No. 7 at 12.

Ferrari has also alleged that Francis's "conduct complained of herein was intentional, with malice, with conscious indifference to Mr. Ferrari's rights, and with a specific intent to cause serious harm and substantial injury to Mr. Ferrari"; that Francis "was consciously indifferent to the harm he caused Mr. Ferrari"; and that, "[b]ased on the foregoing, [Ferrari] is entitled to and seeks to recover exemplary damages against [Francis] in an amount to be determined by the trier of fact." Dkt. No. 1 at 8; Dkt. No. 7 at 13.

Ferrari's original and amended complaints pray for "a. Actual damages; b. Consequential damages; c. Compensatory and/or special damages; d. Exemplary damages; e. All costs of court, and pre-judgment and post-judgment interest at the highest rate permitted by law; [and] f. Permanent injunctive relief." Dkt. No. 1 at 8; Dkt. No. 7 at 13.

## Legal Standards

"The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (cleaned up). And, so, the plaintiff filing a case in federal court and invoking 28 U.S.C. § 1332(a) diversity jurisdiction must establish that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

A district court has "the responsibility to consider the question of subject matter jurisdiction sua sponte if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985); *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A district court is therefore "entitled to consider sua sponte whether the jurisdictional amount in controversy requirement had been fulfilled." *Mitchell v. Metro. Life Ins. Co.*, 993 F.2d 1544, 1993 WL 185792, at *2 n.3 (5th Cir. 1993); *see also United States v. Lee*, 966 F.3d 310, 320 n.3 (5th Cir. 2020) ("Unpublished decisions issued before 1996 are binding precedent. 5TH CIR. R. 47.5.3.").

"The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012).

"The required demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (cleaned up). That is, "[t]he amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation. The amount is measured by the value of the object of the litigation." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (cleaned up).

"When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

More specifically, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Greenberg*, 134 F.3d at 1253 (cleaned up).

But, "[a]lthough a district court should generally accept a plaintiff's good faith statement regarding an amount in controversy, a plaintiff invoking jurisdiction still has 'the burden of alleging with sufficient particularity the facts creating jurisdiction and of supporting the allegation if challenged.'" *Fuller v. Hibernia Oil*, No. 21-20324,

2022 WL 17582275, at *1 (5th Cir. Dec. 12, 2022) (quoting *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982); cleaned up); *accord Celestine*, 467 F. App'x at 319-20 ("'While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury. This is especially so when, after jurisdiction has been challenged, a party has failed to specify the factual basis of his claims. Jurisdiction is not conferred by the stroke of a lawyer's pen. When challenged, it must be adequately founded in fact.'" (quoting *Diefenthal*, 681 F.2d at 1052)).

If a plaintiff pleads a specific or determinate amount of damages, "[t]o justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Greenberg*, 134 F.3d at 1253 (cleaned up). When the amount in controversy is challenged under these circumstances, the plaintiff "must show that it does not appear to a legal certainty that its claim is for less than the jurisdictional amount." *Bloom*, 1998 WL 44542, at *1 (cleaned up).

"In making that determination the district court may look, not only to the face of the complaint, but to the proofs offered by the parties." *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 283 (5th Cir. 2001); *see also Diefenthal*, 681 F.2d at 1053 ("In sum, the party invoking the court's jurisdiction has the burden of establishing the factual basis of his claim by pleading or affidavit. This allows the court to test its jurisdiction without requiring the expense and burden of a full trial on the merits."). And so, "[w]hen the defendant has challenged the amount in controversy in the proper

manner, the plaintiff must support his allegations of jurisdictional amount with competent proof." *Bloom v. Depository Tr. Co.*, 136 F.3d 1328, 1998 WL 44542, at *1 (5th Cir. Jan. 26, 1998) (per curiam; cleaned up).

But "this 'legal certainty' test … is inapplicable" – and a different analysis applies – if "the plaintiff has alleged an indeterminate amount of damages" or has provided only "bare allegations of jurisdictional facts" (that is, "merely stat[ing], without any elaboration, that 'the matter [or amount] in controversy exceeds" $75,000). *Greenberg*, 134 F.3d at 1253 & n.12 (cleaned up).

"[W]hen a complaint does not allege a specific amount of damages" and has alleged only "an indeterminate amount of damages" or "bare allegations of jurisdictional facts," the plaintiff "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount," and "[t]he test is whether it is more likely than not that the amount of the claim will exceed" $75,000. *Id.* at 1253 & n.13 (cleaned up).

Under this analysis, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *Id.* at 1253 (cleaned up); *accord Celestine*, 467 F. App'x at 319 ("Where, as here, the plaintiff's complaint makes only a conclusory statement concerning jurisdiction and the amount in controversy is indeterminate, we ask whether it is 'facially apparent' that the claims exceed the jurisdictional amount." (cleaned up)). To the make this determination, the district court looks to the facts that the plaintiff

pleaded in the complaint and determines whether it can "conclude that the amount in controversy will likely exceed" $75,000. *Greenberg*, 134 F.3d at 1254.

And, if it is not apparent from the face of the complaint that the amount of damages or value of the claims more likely than not exceeds $75,000 after "[a]pplying this test," "the court may rely on summary judgment-type evidence to ascertain the amount in controversy." *Id.* at 1253, 1254 (cleaned up). In doing so, the court looks "to other evidence relevant at the time [that the plaintiff] filed [the] complaint." *Id.* at 1254.

The relevant evidence must "set[] forth the facts in controversy … that support a finding of the requisite amount," and the evidence may include affidavits or declarations and deposition testimony, among other things. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *cf.* FED. R. CIV. P. 56(c)(1)(A) (providing that, in support of or opposition to a motion for summary judgment, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials").

And, for all of these purposes, ""the jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." *Greenberg*, 134 F.3d at 1253-54 (cleaned up).

So, in a nutshell:

- A plaintiff may, but is not necessarily required to, allege a specific or determinate amount of damages.
  - If the plaintiff does so, the district court accepts that alleged amount as the amount in controversy if the allegation is apparently made in good faith and unless it is challenged.
  - If the specific or determinate amount alleged is challenged, the plaintiff must show, through competent proof, that it does not appear to a legal certainty that the value of the object of the plaintiffs' claims is less than the jurisdictional amount.
- If the plaintiff has not alleged a specific or determinate amount of damages and has alleged only an indeterminate amount of damages or a conclusory statement of jurisdictional facts (that is, alleging – without more – that the amount in controversy exceeds $75,000), the plaintiff must prove by a preponderance of the evidence that the amount of damages or value of the claims more likely than not exceed $75,000.
  - To assess whether the plaintiff has met this burden, the district court first looks to the facts that the plaintiff pleaded in the complaint and determines whether it is apparent from the face of the complaint that the amount of damages or value of the claims more likely than not exceed $75,000.
  - If it is not facially apparent that the amount of damages or value of the claims exceeds the jurisdictional amount, the district court may then, to ascertain the amount in controversy, rely on summary judgment-type evidence that must be relevant at the time that the plaintiff filed the complaint and that must set forth the facts in controversy that support a finding that the amount of damages or the value of the claims more likely than not exceed $75,000.

## The Jurisdictional Notice of Deficiency

The undersigned explained in the Memorandum Opinion and Order and Notice of Deficiency on Subject Matter Jurisdiction that:

- "Ferrari has not met this standard. Ferrari's statement that 'the amount in controversy exceeds $75,000, exclusive of interest and costs,' alleges no more than a conclusory statement of jurisdictional facts. And, at best, when combined with other allegations in his original and amended complaints, Ferrari has alleged only an indeterminate amount of damages."
- "Ferrari has not proved by a preponderance of the evidence that the amount of damages that he seeks or the value of his claims more likely than not exceeds $75,000."
- "The Court cannot determine – at least not without more input from Ferrari – that

it is facially apparent from the original or amended complaints that the amount of damages that he seeks or the value of the claims in this suit for defamation, libel, and slander, as of the time of its filing, more likely than not exceeds $75,000."

- "And Ferrari has not submitted summary judgment-type evidence that supports a finding that the amount of damages that he seeks or the value of his claims more likely than not exceeds $75,000. *Compare Sam v. Tachie-Menson*, No. 4:22-CV-00953, 2023 WL 10423243, at *2 (S.D. Tex. Mar. 23, 2023)."

Dkt. No. 77 at 8.

And, so, the undersigned gave Ferrari "an opportunity to, by no later than **May 17, 2024,** file a response to this notice of deficiency to address and attempt to cure this jurisdictional defect, consistent with the governing law outlined above, and, if he deems it necessary to meet the governing standards, include as part of this response an appendix containing any supporting, summary judgment-type evidence that is relevant as of the time that he filed his original complaint and that sets forth the facts in controversy that support a finding that the amount of damages that he seeks or the value of his claims (as alleged in his original complaint) more likely than not exceed $75,000." Dkt. No. 77 at 9.

## Analysis

Ferrari came forward with a response, supported by declarations, that the value of his claims seeking damages for mental anguish and harm to reputation, along with exemplary damages, more likely than not exceeds $75,000. In support, Ferrari also cites other cases in which plaintiffs bringing defamation claims have recovered damages that can serve as reasonable guideposts here. *See* Dkt. No. 83 at 16-22 of 24.

Francis responds that Ferrari's reliance on "guidepost" cases to support the jurisdictional sufficiency of his purported damages is doubtful; that Ferrari cannot prevail on his defamation claim and, so, cannot recover punitive damages; and that any claim for punitive damages is barred as a matter of law by the Defamation Mitigation Act.

And Francis seeks to distinguish cases to which Ferrari points by asserting that "[i]n none of those cases were criminal allegations underlying the alleged defamatory statements true, and indeed subject to judicial notice"; noting that "[s]ubstantial truth, or truth in the 'gist,' defeats falsity"; and observing that "the DMA and its bar of punitive damages was not at issue in any of the cases." Dkt. No. 92 at 7 (cleaned up).

But, "when determining the amount in controversy for diversity purposes, a federal court need not pre-try the sufficiency of the plaintiff's complaint," because "[s]ubject matter jurisdiction is not defeated by the possibility that the complaint ultimately fails to state a claim on which [the plaintiff] could actually recover." *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002) (cleaned up). That is, subject matter jurisdiction "is not defeated ... by the possibility that the averments might fail to state a cause of action on which [the plaintiff] could actually recover." *Id.* (cleaned up); *see also Johnson v. Wattenbarger*, 361 F.3d 991, 993-94 (7th Cir. 2004) ("A legal shortcoming does not equate to a jurisdictional shortfall, else defendants would never win in diversity cases. They could at best achieve jurisdictional dismissals, followed by new suits in state court." (cleaned up)).

-10-

And, in any event, the Court should find that Ferrari has comfortably met his burden through these submissions when considering Ferrari's allegations, supported by declarations, of mental anguish and reputational harm, even ignoring Ferrari's seeking exemplary damages that (when considered) would only increase the amount that Ferrari has put at issue in the course of the litigation. *See* Dkt. No. 84 at 112-114, 117 of 117.

## Recommendation

For the reasons explained above, the Court should determinate that Ferrari has established that the amount of damages that he seeks or the value of his claims more likely than not exceeds $75,000 and that the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: October 16, 2024

 

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE