IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-455-S-BN |
| | § | |
| WILLIAM FRANCIS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 72.

Defendant William Francis has filed a Renewed Motion to Stay. *See* Dkt. No. 106. Alternatively, Francis requests that the Court dismiss proceedings or abstain under the abstention doctrine of *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 818 (1976). *See id.*

Plaintiff Adam Ferrari filed a response, *see* Dkt. No. 111, and Francis filed a reply, *see* Dkt. No. 113.

For the reasons explained below, the Court should deny Defendant's Motion [Dkt No. 106] in its entirety.

**Background**

This case involves four related parties: Ferrari, Francis, Phoenix Capital Holdings Group, LLC ("Phoenix"), and Incline Energy Partners, LP ("Incline").

Francis serves as Incline's managing partner, and Ferrari is employed by Phoenix, although his exact role is disputed by the parties. *See* Dkt. No. 106 at 9-10.

The present dispute is premised on allegations that Francis defamed Ferrari by stating that that Ferrari is a felon who served as Phoenix's CEO. *See id.* at 8-10.

And an ongoing Texas state court action overlaps with this lawsuit.

**<u>The State Court Action</u>**

Phoenix filed suit against Francis and Incline on June 15, 2022 in the 116th Judicial District of Dallas County, alleging: (1) defamation and defamation per se; (2) business disparagement; (3) tortious interference with contact; (4) tortious interference with prospective contract; (5) unfair competition; (and (6) civil conspiracy. *See Phoenix Capital Group Holdings, LLC v. William Francis and Incline Energy Partners, LP*, DC-22-6350.

Francis and Incline then filed a motion to dismiss under the Texas Citizen's Participation Act ("TCPA"), and discovery was automatically stayed. *See* Dkt. No. 106 at 11.

On November 9, 2022, the trial court entered an order partially granting and partially denying the TCPA motion to dismiss. *Id.* Francis and Incline appealed the trial court's partial denial, which stayed proceedings in the trial court, including discovery. *Id.* at 12.

In August 2023, the Dallas Court of Appeals issued a Memorandum Opinion and concluded that the trial court had erred in failing to dismiss all claims, except for defamation per se based on one statement. *See Francis v. Phoenix Capital Group*

*Holdings, LLC*, No. 05-22-01260-CV, 2023 WL 5542622 (Tex. App. – Dallas Aug. 29, 2023, pet. denied). The opinion stated that Francis and Incline had "provided evidence raising the affirmative defense of [qualified] privilege" and remanded the case to the trial court for further consideration of the issue. *See id.* at *9.

The Texas Supreme Court then denied review. *See* Dkt. No. 106 at 12.

The trial court has yet to decide on remand about the defamation per se claim and the applicability of the affirmative defense of qualified privilege.

**Federal Court Action**

On February 28, 2023, Ferrari filed an original complaint against Francis, alleging defamation, libel, and slander and requesting an unspecified amount of damages, including exemplary damages, and a permanent injunction. *See* Dkt. No. 1.

On April 23, 2023, Ferrari filed an amended complaint. *See* Dkt. No. 7.

Francis then moved to dismiss for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 9.

The Court denied Francis's motion to dismiss. *See* Dkt. No. 32.

The parties proceeded with discovery, and then Francis filed his first motion to stay pending the resolution of the state court action. *See* Dkt. No. 36; Dkt. No. 111 at 9. And the Court denied Francis's motion to stay without prejudice to refiling after mediation is completed. *See* Dkt. No. 53. But the parties agreed to a limited stay until that time. *See* Dkt. No. 49.

After an unsuccessful mediation on March 6, 2024, *see* Dkt. No. 107 at 11, both parties went "full speed ahead" with their respective discovery efforts, *see* Dkt. No.

111 at 10. During this time, both parties have participated in considerable motion practice and discovery. *See* Dkt. No. 111 at 9-10, 21-22.

In July 2024, Francis filed his Renewed Motion to Stay or alternatively, abstain from exercising jurisdiction under the *Colorado River* abstention doctrine. *See* Dkt. No. 106.

## Legal Standards & Analysis

**I.     Which Standard Applies: *Landis* or *Colorado River*?**

The parties first disagree about whether the Court should apply the *Colorado River* standard to Francis's stay request or whether the Court has discretion to grant the stay under its inherent powers recognized in *Landis v. North American Co.*, 299 U.S. 248 (1936). *See* Dkt. No. 106 at 16 ; Dkt. No. 111 at 15; *see also Fishman Jackson PLLC v. Israely*, 180 F. Supp. 3d 476, 481-82 (N.D. Tex. 2016).

In *Fishman Jackson*, the court concluded that "the correct view is that the *Colorado River* standard – and not a standard derived from *Landis* – applies when a court is considering a motion to stay in favor of a state court proceeding when the state court preceding will have a preclusive effect on any of the issues being considered by the federal court." *Fishman Jackson*, 180 F. Supp. 3d at 485.

The undersigned agrees with the court in *Fishman Jackson*.

Francis's arguments for the Court to stay or abstain center around the proposition that a final judgment in the state court action will preclude the claim asserted in the case here. *See, e.g.*, Dkt. No 106 at 17 ("Because, as discussed below, a final judgment in the State Case will foreclose the claim asserted here, this Court

should apply the same pragmatic approach and stay this case."). Francis's briefing provides a *res judicata* analysis and states that a "ruling [in the state court action] will have preclusive effect here." *Id.* at 18-23. Francis also asserts that a final judgment is "inevitable." *Id.* at 23.

Because Francis's motion to stay in favor of the state court action is premised on the state court case's potential preclusive effect on the issues being considered by this Court, the *Colorado River* standard applies.

Even if *Landis* applied, the undersigned is not persuaded by Francis's arguments that the Court should exercise its inherent authority to stay this action. *See* Dkt. No 113 at 11. Specifically, Francis asks the Court to "notice" the "substantial evidence in the docket demonstrating the truth of the purportedly defamatory assertions." *Id.* at 8. Such a request requires the Court to pre-judge the merits of disputed fact issues central to the claims here, such as the alleged truth of the assertions that "Ferrari is a felon" and "controls and serves as Phoenix's CEO." *Id.* And, so, the Court should not engage in that invited inquiry at this time.

And the Court should not relinquish jurisdiction to the state court absent the "exceptional circumstances" discussed in the *Colorado River* decision.

## II.   *Colorado River* Abstention

The Court should deny Francis's motion for the Court to stay or abstain under *Colorado River*.

While Francis cites Federal Rule of Civil Procedure 12(b)(1), in substance, his motion does not challenge the Court's subject matter jurisdiction but asserts that the

Court should refrain from exercising it, under *Colorado River*. *Cf. Weekly v. Morrow*, 204 F.3d 613, 614-15 (5th Cir. 2000) ("Federal courts do not abstain … because they lack jurisdiction; rather, [ ] abstention 'reflects a court's prudential decision not to exercise [equity] jurisdiction which it in fact possesses.'" (footnotes omitted)); *New Orleans Pub. Serv., Inc. v. City Council of New Orleans*, 491 U.S. 350, 359 (1989) (Federal courts possess "discretion in determining whether to grant certain types of relief – a discretion that was part of the common-law background against which the statutes conferring jurisdiction were enacted. Thus, there are some classes of cases in which the withholding of authorized equitable relief because of undue interference with state proceedings is the normal thing to do. We have carefully defined, however, the areas in which such abstention is permissible, and it remains the exception, not the rule." (cleaned up)).

> A *Colorado River* abstention analysis begins with a heavy thumb on the scale in favor of exercising federal jurisdiction, and that presumption is overcome only by "exceptional circumstances." *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006). Federal courts have a virtually unflagging obligation ... to exercise the jurisdiction given them. *Colo. River*, 424 U.S. at 817. Even so, a court may choose to abstain, awaiting the conclusion of state-court proceedings in a parallel case, based on principles of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. *Id.*

*Aptim Corp. v. McCall*, 888 F.3d 129, 135 (5th Cir. 2018) (cleaned up).

Under *Colorado River*, "[w]hether to abstain is not a question answered by the recitation of 'a mechanical checklist' but instead rests 'on a careful balancing of the important factors as they apply in a given case, favor of the exercise of jurisdiction.'"

Aptim, 888 F.3d at 135 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

> To determine whether exceptional circumstances are present, the court considers the following six factors:
>> (1) assumption by either court of jurisdiction over a res, (2) relative inconvenience of the forums, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Id.* at 135-36 (quoting *Stewart*, 438 F.3d at 491).

But, for *Colorado River* to apply at all, there must be "state-court proceedings in a parallel case." *Id.* at 135; *accord Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 395 n.7 (5th Cir. 2006) ("This doctrine only applies when there are parallel proceedings pending in federal and state court." (citing *RepublicBank Dall., Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987))).

"Suits are 'parallel' if they 'involve the same parties and the same issues.'" *Brown*, 462 F.3d at 395 n.7 (cleaned up; quoting *McIntosh*, 828 F.2d at 1121 (quoting, in turn, *PPG Indus., Inc. v. Cont'l Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973))).

And, "[a]lthough it is well-established that the *Colorado River* abstention doctrine cannot be invoked to avoid federal jurisdiction where suits are not parallel," the Fifth Circuit has "recognized that 'it may be that there need not be applied in every instance a mincing insistence on precise identity' of parties and issues." *Id.* (quoting *McIntosh*, 828 F.2d at 1121; citation omitted).

Francis contends that this suit is parallel to the state court action because Francis is a party in both proceedings. *See* Dkt. No. 106 at 25.

And, according to Francis, although Phoenix rather than Ferrari is the plaintiff in the state court action, Ferrari's "interests are equally at stake in both cases," and he is arguably in privity with Phoenix as its CEO. *See id.*

Francis asserts that the issues are also "substantially similar" because both cases involve defamation claims premised on "several of the same statements: that Ferrari is a felon who served as Phoenix de facto CEO." *See id.* at 25-26.

But, even assuming that the state and federal cases are sufficiently parallel, *Colorado River* abstention allows a court to abstain from a case only in "exceptional circumstances." *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 892 (5th Cir. 2013) (cleaned up).

And those exceptional circumstances are not present in this case.

### A. Res at Issue

There is no res at issue in this case. Francis admits that "the first factor weighs against abstention since no res is at issue." Dkt. No. 106 at 28.

And, so, the absence of this first factor weighs against abstention. *See Nat'l Cas. Co. v. Gonzalez*, 637 F. App'x 812, 815-16 (5th Cir. 2016).

### B. Inconvenience Between Forums

Francis concedes that the federal and state courts are equally convenient since "both cases are pending in Dallas." Dkt. No. 106 at 28; Dkt. No. 113 at 6.

And, so, the second factor also weighs against abstention. *See Gonzalez*, 637 F. App'x at 816.

### C. <u>Avoidance of Piecemeal Litigation</u>

The Court does not need to abstain to avoid piecemeal litigation.

Francis argues that, "[b]ecause the State Case will fully resolve this [case], the third factor weighs heavily in favor of abstention."

But "[p]iecemeal litigation is a different concern from the worry of obtaining conflicting judgments in parallel actions involving the same parties and the same questions. The remedy for conflicting judgments is not abstention, but the application of *res judicata*." *Aptim*, 888 F.3d at 135 (citing *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002)).

And "[t]he pendency of an action in state court does not bar a federal court from considering the same matter." *Stewart*, 438 F.3d at 492.

Because this case does not involve jurisdiction over property, there is no danger of inconsistent rulings affecting property ownership, which is the real concern at the heart of the third *Colorado River* factor. *See Gonzalez*, 637 F. App'x at 816.

And, so, the third factor favors the exercise of this Court's jurisdiction.

### D. <u>The Order in Which Jurisdiction Was Obtained</u>

The fourth factor does not support abstention.

In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp*, the Supreme Court explained that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in

-9-

the two actions." 460 U.S. at 21. The Court there confronted a "state-court suit in which no substantial proceedings … had taken place at the time of the decision" and a federal action where, "by contrast, the parties had taken most of the steps necessary to a resolution." *Id.* at 22. "In realistic terms, the federal suit was running well ahead of the state suit." *Id.*

The Fifth Circuit has "suggested that this factor only favors abstention when the federal case has not proceeded past the filing of the complaint." *Stewart*, 438 F.3d at 492-93 (citing *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999)).

Here, the federal action has advanced past the filing of the complaint and progressed further than the state court action, despite being filed about eight months later.

In this federal case, the Court has entered multiple scheduling orders and set a trial date. *See* Dkt. No. 29; Dkt. No. 41. And both parties have engaged in substantial discovery and motion practice. *See* Dkt. No. 111 at 9-10, 21-22.

Ferrari argues that, in comparison, the state court action "has not proceeded past the pleading stage." Dkt. No. 111 at 22.

In the state court action, the Dallas Court of Appeals's Memorandum Opinion concluded that the trial court had erred in failing to dismiss all claims, except for defamation per se based on one statement. *See Francis v. Phoenix Capital Group Holdings, LLC*, No. 05-22-01260-CV, 2023 WL 5542622 (Tex. App. – Dallas Aug. 29, 2023, pet. denied). The opinion stated that Francis and Incline had "provided evidence raising the affirmative defense of [qualified] privilege" and remanded the

case to the trial court for further consideration of the issue. *See id.* at *9. And the Texas Supreme Court denied review. *See* Dkt. No. 106 at 12.

And, so, Francis contends, "three courts have already ruled on the merits of five claims, leaving only one narrow claim premised on one statement" and that "only a hearing in the trial court to consider the last claim remains." Dkt. No. 106 at 30.

But the trial court has yet to make any determination on remand about the remaining defamation per se claim and the applicability of affirmative defenses, such as qualified privilege.

And, so, the undersigned cannot make premature assumptions about how the trial court will proceed on remand.

Because the federal action has progressed further than the state court action, this factor weighs against abstention.

### E. The Extent Federal Law Governs the Case

The fifth factor also does not favor abstention.

When analyzing this factor, federal courts must "ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Gonzalez*, 637 F. App'x at 816-17 (citing *Moses H. Cone*, 460 U.S. at 25-26).

This case does not involve any issues of federal law.

And, so, this factor is, at best for Francis, neutral as to abstention. *See id.* at 817.

## F. Adequacy of State Proceedings

The last factor can never support abstention. It only calls for the Court to assess whether the state court forum is so inadequate that it would be "a serious abuse of discretion" to abstain under *Colorado River*. *See Moses H. Cone*, 460 U.S. at 28.

And, so, this factor can only be a neutral factor or one that weighs against, not for, abstention. *See Gonzalez*, 637 Fed.Appx. at 817.

There is no basis here to find that the 116th Judicial District Court is inadequate. And, so, this factor is neutral.

## G. Other Factors

Francis contends that the Court should also consider the "vexatious and reactive nature" of the federal suit. *See* Dkt. No. 106 at 31. Francis argues that Ferrari "waited seven months after the state court action had been filed, after the trial court had dismissed Phoenix's highest dollar claim in that case ... and until Phoenix filed its appellee's brief in the State Case" to file this suit. *Id.*

According to the Fifth Circuit,

> [t]he Supreme Court has noted that the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*. We are mindful, however, that [a] party who could find adequate protection in state court is not thereby deprived of its right to the federal forum, and may still pursue the action there since there is no ban on parallel proceedings.

*Conseco Fin. Serv. Corp. v. Shinall*, 51 F. App'x 483 (5th Cir. 2002) (cleaned up).

While Ferrari's filing of this suit may be considered "reactive," this consideration alone does not tip the scale in favor of abstention.

And, so, because there are no exceptional circumstances that favor abstention, Francis's motion for the Court to stay or abstain under *Colorado River* should be denied.

## Recommendation

For the reasons explained above, the Court should deny Defendant's Motion [Dkt. No. 106] in its entirety.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

-14-

DATED: October 24, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE