Case 3:23-cv-00455-S-BN   Document 124   Filed 11/19/24   Page 1 of 5   PageID 2823

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Served 11/19/24
9:50 p

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | | |
|---|---|---|
| Adam Ferrari | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:23-cv-00455-S |
| | ) | |
| William Francis | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Amarillo National Bancorp, Inc. c/o Richard C. Ware, II, Registered Agent
410 S. Taylor, Amarillo, Texas 79101

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Malone Process Service, LLC<br>1119 South Avondale St.<br>Amarillo, Texas 79106 | Date and Time:<br><br>12/16/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/15/2024

                    *CLERK OF COURT*
                                                OR
                                                                        /s/Charlene C. Koonce
_____                        _____
    *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  William Francis
_____, who issues or requests this subpoena, are:

Charlene C. Koonce, Brown Fox PLLC, 8111 Preston Road, Suite 300, Dallas, Texas 75225,
charlene@brownfoxlaw.com; (214) 327-5000

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:23-cv-00455-S

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* Amarillo National Bancorp, INC c/o Richard C. Ware II - Reg. Agent
on *(date)* 11-15-24 5:11 pm

☒ I served the subpoena by delivering a copy to the named person as follows: Amarillo National Bancorp INC Richard C. Ware II - Registered Agent 410 S. Taylor, Amarillo, TX 79101 on *(date)* 11-18-24 9:50 pm; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ -0-

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: 11-18-24

Dean Downey
*Server's signature*

Dean Downey - Process Server
*Printed name and title*   PSC# 11399
Expires 3-31-2026

1302 S. Avondale, Amarillo, TX 79106
*Server's address*

Additional information regarding attempted service, etc.:

## EXHIBIT A

## DEFINITIONS

1. "Adam Ferrari" or "Mr. Ferrari" means Adam D. Ferrari, whose date of birth is December 31, 1982.

2. "Defendant" or "Francis" means William Francis.

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including, without limitation, written, oral, or electronic transmissions (including, but not limited to, electronic mail, texts, social media messaging, WhatsApp messaging, Signal Messaging, etc.).

4. "Document(s)" or "Information" means all materials within the scope of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information ("ESI"), that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "Document(s)" or "Information" includes but is not limited to emails and other types of messages (including but not limited to text, instant, and direct messages), social media or other online content, data generated and stored by devices connected to the Internet of Things ("IoT"), communications generated and stored in workplace collaboration tools or ephemeral messaging applications, and all associated data and metadata.

5. Phoenix" means Phoenix Capital Group Holdings, LLC.

6. "You" or "Your" means the person or entity to whom these Requests are directed **and includes any entity in which he/she/it holds any ownership interest directly or indirectly, as well as its agents, representatives, or anyone authorized or purportedly authorized to act on their behalf**.

7. The words "and" and "or" shall be construed disjunctively or conjunctively to bring within the scope of each interrogatory all responses which otherwise might be construed to be outside the scope of an interrogatory.

8. The word "any" shall be construed to include "all" and vice versa.

9. The word "each" shall be construed to include "every" and vice versa.

10. Any word in the singular form shall also be construed as plural and vice versa.

11. The masculine form shall also be construed to include the feminine and vice versa.

1

## INSTRUCTIONS

1. If any document which otherwise falls within the scope of this Request is not produced by you, list the document(s) not produced and, for each such document, state:
   a. the reasons for withholding each such document;
   b. the identity of the author(s) or preparer(s) of each such document;
   c. the identity of the sender(s) of each such document;
   d. the identity(ies) of the person(s) to whom the original and any copies of each such document were sent;
   e. a brief description of the nature and subject matter of each such document;
   f. the date of each such document; and
   g. the present location of each such document and the name, telephone number, and address of the current custodian.

2. Produce the documents described below as they are kept in the usual course of business or organized and labeled to correspond with the categories of this Request.

3. Whenever a requested document or group of documents is kept or found in a file, produce the document or documents along with the file in which they are contained. Whenever a requested document or file or group of documents or files are kept or are found in a file drawer, file box or other place, before the same is produced, attach thereto a copy of the label, number or title of the file drawer, file box or other place from which the document or file was found or removed.

4. No communication, document or file requested should be altered, changed or modified in any respect. No communication, document or file requested should be disposed of or destroyed. You should take appropriate steps to protect all communications, documents and files from being misplaced or destroyed pursuant to any record retention or destruction policy or otherwise.

5. Documents produced pursuant to these requests should be tendered in the manner that they are kept in the usual course of business or should be organized and labeled to correspond with the categories that follow in these requests.

6. If you do not have documents that are responsive to a certain Request, you are instructed to indicate this is the case in your response.

7. Unless stated otherwise, the time frame for all Requests is March 1, 2019 to the present.

8. **These Requests are not intended to seek documents subject to the attorney client privilege. To the extent privileged materials are included within the scope of any Request, please assert such privilege in your Response and produce all non-privileged documents. Unless otherwise requested, no privilege log is necessary at the time production is made**.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. All emails or other communications (without attachments) sent by Adam Ferrari to you regarding Phoenix's solicitation or application for loan, credit, or financing.

2. All emails and other communications (without attachments) sent by Phoenix to you or transmitted within you or among your employees, officers, or agents regarding Phoenix's solicitation or application for a loan, credit, or financing and that mention Adam Ferrari.

3. Copies of any signed agreements between you and Phoenix for any loan, credit, or financing. You may redact the financial terms of the specific loan.

4. All documents that evidence the basis or rationale for your termination of any loan, credit or financing, if any, including communications with Phoenix or Ferrari regarding such termination.

5. Any document you produced to Phoenix or Ferrari in response to any Subpoena or court order.