UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM FERRARI, | § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 3:23-cv-00455-S |
| WILLIAM FRANCIS, | § § § | |
| Defendant. | § § | |

## UNOPPOSED MOTION TO WITHDRAW

John T. Ryan, Andrew R. Gray, and Garrett S. Long of the law firm of Latham &Watkins LLP (collectively, "Movants"), counsel for Plaintiff Adam Ferrari ("Ferrari"), file this Motion to Withdraw ("Motion") and respectfully show the Court as follows:

## PRELIMINARY STATEMENT

Mr. Ferrari has retained Thomas Clare, David Y. Sillers, Joseph P. Oliveri, and Camilla J. Hundley of Clare Locke LLP to represent him in his lawsuit, and as a result, Movants respectfully request the Court to allow Movants to withdraw as counsel of record. Movants' withdrawal from this matter will not prejudice the parties and it will not disrupt the prosecution of this matter. Opposing counsel does not oppose this Motion.

## ARGUMENT AND AUTHORITIES

### I.   STANDARD FOR WITHDRAWAL

In order to withdraw from representation in the Northern District of Texas, attorneys must meet three requirements: 1) good cause for withdrawal exists and reasonable notice to the client has been provided; 2) the withdrawal will not disrupt the prosecution of the lawsuit; and 3) the motion to withdraw must comply with Local Rule 83.12. *Edwards v. Oliver*, 2022 WL 4820147,

at *1-2 (N.D. Tex. Sept. 30, 2022). The question of whether these requirements are satisfied is "entrusted to the sound discretion of the trial court." *Am. Res. Techs., Inc. v. Oden*, 2014 WL 6884243 *2 (N.D. Tex. Dec. 8, 2014) (quoting *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (internal quotations omitted)).

### A.     There is Good Cause for Movants to Withdraw and Mr. Ferrari Acknowledges and Approves of Movants' Withdrawal.

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (citing *Wynn*, 889 F.2d at 646). Whether an attorney has good cause to withdraw depends on the facts and circumstances of the case. *Edwards*, 2022 WL 4820147, at *1.

Here, good cause exists for Movants to withdraw from their representation of Mr. Ferrari. Mr. Ferrari has retained different counsel to represent him in this lawsuit. Mr. Ferrari's new counsel, Clare Locke LLP, has already appeared as counsel for Mr. Ferrari and is sponsored by local counsel, James Crewse. For this reason, good cause exists for Movants' withdrawal from this matter.

### B.     Movants' Withdrawal Will Not Disrupt the Prosecution of this Case.

In addition to good cause existing for Movants to withdraw, their withdrawal will not disrupt the prosecution of this case. Even if good cause exists, the court has the responsibility to assure the prosecution of the lawsuit is not disrupted by counsel's withdrawal. *Oden*, 2014 WL 6884243, at *1 (citing *Denton v. Suter*, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013)). As such, courts consider a number of other factors when deciding to a motion to withdraw. *Id.* (citing *White v. BAC Home Loans Servicing, LP*, 2010 WL 2473833, at *2–3). "Chief among these factors

2

are 'undue delay in the proceedings, prejudice to the client, and the interests of justice.'" *Id.* (citing *Dorsey v. Portfolio Equities, Inc.*, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008)).

Movants' withdrawal in this matter will not disrupt the prosecution of the case. Considering the "chief" factors discussed in *Oden*, there will be no undue delay in the proceedings as a result of Movants' withdrawal. *Id.* As discussed above, Mr. Ferrari has already retained new counsel who has appeared in this matter on his behalf. Thus, there will be no delay in Mr. Ferrari searching for and retaining new counsel, as he has already done so. Furthermore, Movants and Mr. Ferrari's new counsel have worked diligently to transition the management of this litigation. As such, the Court's granting of this Motion will not disrupt the prosecution of this case.

### C. Movants' Motion Complies with Local Rule 83.12.

In addition to the requirements above, the local rules for this District require that, when an attorney seeks to withdraw, the attorney must file a motion to withdraw specifying the reasons and providing the name and address of the succeeding attorney. N.D. Tex. L.R. 83.12(a). The reasons for withdrawing are specified above—Mr. Ferrari desired and retained new counsel to represent him in this action. Furthermore, the succeeding attorney is Thomas Clare of Clare Locke LLP, whose address is 10 Prince Street, Alexandria, VA 22314.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, John T. Ryan, Andrew R. Gray, and Garrett S. Long with Latham & Watkins LLP respectfully request that the Court enter an order discharging them as counsel of record in the above-referenced action.

Dated: December 16, 2024　　　　　　　　　Respectfully submitted,

*/s/ John T. Ryan*
John T. Ryan *(pro hac vice)*
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
jake.ryan@lw.com

Andrew R. Gray *(pro hac vice)*
LATHAM &WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
andrew.gray@lw.com

Garrett S. Long *(pro hac vice)*
LATHAM &WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
garrett.long@lw.com

*Attorneys for Plaintiff Adam Ferrari*

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on December 14, 2024, I conferred with counsel for Defendants regarding the contents of this Motion, who advised that this Motion to Withdraw is Unopposed.

*/s/ John T. Ryan*
John T. Ryan

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing has been served on counsel of record for Defendant via the Court's electronic filing system, on this the 16th day of December 2024.

*/s/ John T. Ryan*
John T. Ryan